## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,** | : | **Case No. 3:24-cv-01866-JKM** |
| | : | |
| | : | **(Judge Julia K. Munley)** |
| **Plaintiff(s),** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LINE 5, LLC; HEADSTART WARRANTY GROUP LLC; and JEA MANAGEMENT SERVICS d/b/a COVERED AUTO,** | : | |
| | : | |
| **Defendant(s).** | : | |

## DEFENDANT LINE 5, LLC'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Now comes Defendant Line 5, LLC ("Line5") by and through its undersigned counsel and hereby responds to Plaintiff's Class Action Complaint.

## Preliminary Statement

1.　Admitted in part, denied in part.　Line5 admits that Paragraph 1 of Plaintiff's Class Action Complaint quotes a portion of *Barr v. Am. Ass'n of Political Consultants*, 591 U.S. 610 (2020).　Line5 denies any remaining allegations in this Paragraph and further denies it violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

1

2.      Admitted in part, denied in part.  Line5 admits that the TCPA does not solely restrict "robocalls."  Line5 denies that it violated the TCPA or that it made any "robocalls" to Plaintiff.

3.      Admitted in part, denied in part.  Line5 admits that Paragraph 3 of Plaintiff's Class Action Complaint purports to quote from the TCPA.  Line5 denies that Plaintiff's quote is accurate or even from the TCPA and further denies that it violated the TCPA.

4.      Admitted in part, denied in part.  Line5 admits that Paragraph 4 of Plaintiff's Class Action Complaint purports to quote from out-of-circuit case law. Line5 denies that this Court is bound by the case law and further denies that it violated the TCPA.

5.      Admitted in part, denied in part.  Line5 admits that Plaintiff brings this Class Action Complaint for alleged violations of the TCPA by Defendants JEA Management Services d/b/a Covered Auto ("JEA"), Headstart Warranty Group, LLC ("Headstart"), and Line5.  Line5 denies that any alleged pre-recorded telemarketing calls were made on its behalf as Line5 has not authorized either JEA or Headstart to act on its behalf.  Line5 further denies that any agency relationship existed between it and either JEA or Headstart.  Line5 further denies it had or exercised any control or supervision of either JEA or Headstart's business practices,

including the sending of any alleged pre-recorded telemarketing calls or any other calling or marketing strategy. Line5 denies that "calls were on the National Do Not Call Registry" since calls cannot be placed on the National Do Not Call Registry. At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 5 of Plaintiff's Class Action Complaint, including any allegations directed against another defendant, and, therefore, denies the same.

6.      Admitted in part, denied in part. Line5 admits that Plaintiff has brought this action as a class. Line5 denies that class treatment is appropriate because, *inter alia*, Plaintiff is not a suitable class representative and there are not common questions of fact or law. Line5 further denies making, authorizing, permitting, controlling, or supervising any calls to Plaintiff. At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the type of technology used in the alleged call(s) to Plaintiff and, therefore, denies the same.

7.      Line5 denies Paragraph 7 of Plaintiff's Class Action Complaint. At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against another defendant and, therefore, denies the same.

**Parties**

8.      Line5 admits Paragraph 8 of Plaintiff's Class Action Complaint.

9.      Line5 denies JEA made calls on its behalf; to the contrary JEA had no authority to make any calls or otherwise act on Line5's behalf.  Line5 further denies that it had, maintained, or exercised any control or supervision of JEA or JEA's business practices.  Line5 further denies it made any calls to Plaintiff.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 9 of Plaintiff's Class Action Complaint or any allegations directed against another defendant and, therefore, denies the same.

**Jurisdiction & Venue**

10.      Line5 admits that, as of the filing of this Answer with Affirmative Defenses, this Court appears to have subject-matter jurisdiction under 28 U.S.C. § 1331.

11.      Line5 admits it has registered to do business in Pennsylvania and consented to general personal jurisdiction.  Line5 denies it was engaged in a "joint business enterprise" with either or both JEA or Headstart.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a

belief as to the truth of any allegations directed against another defendant and, therefore, denies the same.

12.     Line5 does not contest venue in this action.

## The Telephone Consumer Protection Act

13.     Admitted in part, denied in part.  Line5 admits that Paragraph 13 of Plaintiff's Class Action Complaint purports to quote a portion of the TCPA.  Line5 denies that it violated the TCPA.

## Factual Allegations

14.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Class Action Complaint and, therefore, denies the same.

15.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Class Action Complaint and, therefore, denies the same.

16.     Admitted in part, denied in part.  Line5 admits it provides financing for extended warranty contracts which necessarily includes processing payments due on those finance agreements.  Line5 denies all remaining allegations in Paragraph 16 of Plaintiff's Class Action Complaint.

17.     Line5 denies that any calls were placed on its behalf.  Line5 further denies that JEA had authority to place any calls on its behalf; to the contrary, Line5 did not nor has it in the past authorized JEA to act on its behalf.  Line5 further denies it had, maintained, or exercised any control or supervision of JEA's business practices, including the placement of any alleged pre-recorded telemarketing calls. At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

18.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Class Action Complaint and, therefore, denies the same.

19.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Class Action Complaint and, therefore, denies the same.

20.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Class Action Complaint and, therefore, denies the same.

21.     Line5 denies Paragraph 21 of Plaintiff's Class Action Complaint; to the contrary, Plaintiff signed a loan agreement with Line5 to finance an extended

warranty.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

22.    At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiff's Class Action Complaint and, therefore, denies the same.

23.    At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiff's Class Action Complaint and, therefore, denies the same.

24.    At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiff's Class Action Complaint and, therefore, denies the same.

25.    Line5 denies Paragraph 25 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

26.    At this time after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiff's Class Action Complaint and, therefore, denies the same.

27.    At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of Plaintiff's Class Action Complaint and, therefore, denies the same.

28.    At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Class Action Complaint and, therefore, denies the same.

29.    At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiff's Class Action Complaint and, therefore, denies the same.

30.    Line5 denies that it makes any "robocalls," pre-recorded messages or voices in violation of the TCPA.  Line5 further denies that it authorized any calls to be made on its behalf by either Headstart or JEA.  Line5 further denies that it had, maintained, or exercised any control or supervision of either JEA's or Headstart's business practices.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of (a) the allegations regarding the alleged phone number and any pre-recorded messages, and (b) any allegations directed against other defendants, and, therefore, denies the same.

31.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiff's Class Action Complaint and, therefore, denies the same.

32.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiff's Class Action Complaint and, therefore, denies the same.

33.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiff's Class Action Complaint and, therefore, denies the same.

34.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of Plaintiff's Class Action Complaint.

35.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiff's Class Action Complaint.

36.     Admitted in part, denied in part.  Line5 admits that because Plaintiff requested financing of his purchase and was qualified for such financing that it sent text messages and one (1) e-mail to Plaintiff advising Plaintiff that his financing documents were ready for his review and signature.  Those communications were

sent with Plaintiff's prior express consent because he requested and qualified for financing of the purchase he was making from another defendant.  Line5 denies that it violated the TCPA as Plaintiff consented to this communication from Line5.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

37.     Admitted in part, denied in part.  Line5 admits that the financing paperwork it sent to Plaintiff states that "Covered Auto-AP" is the seller, and that "Charles Burch" is the finance manager for "Covered Auto-AP."  Line5 denies that it was the seller of Covered Auto-AP's product; to the contrary the seller is clearly listed at "Covered Auto-AP."  Line5 further denies that Charles Burch is employed by Line5 or had any authority or permission from Line5 to act on Line5's behalf.  At this time after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of Plaintiff's Complaint and, therefore, denies the same.

38.     Line5 admits Paragraph 38 of Plaintiff's Class Action Complaint.

39.     Line5 admits Paragraph 39 of Plaintiff's Class Action Complaint.

40.    At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of Plaintiff's Class Action Complaint and, therefore, denies the same.

41.    Admitted in part, denied in part.  Line5 admits that Paragraph 41 of Plaintiff's Class Action Complaint purports to quote from the Federal Communications Commission's ("FCC") regulatory guidance regarding the TCPA.  Line5 denies that the FCC is entitled to any deference in its interpretation of the TCPA.  *See Loper Bright v. Raimondo*, 144 S. Ct. 2244 (2024).

42.    Admitted in part, denied in part.  Line5 admits that Paragraph 42 of Plaintiff's Class Action Complaint purports to rely on regulatory guidance and interpretation from the FCC regarding the TCPA.  Line5 denies that the FCC is entitled to any deference in its interpretation of the TCPA.  *See Loper Bright, supra.*

43.    Admitted in part, denied in part.  Line5 admits that Paragraph 43 of Plaintiff's Class Action Complaint purports to rely on a regulatory decision directed at non-parties.  Line5 denies that this regulatory decision is entitled to any guidance since it is not directed at Line5.  Line5 further denies that this regulatory decision is entitled to any deference in its interpretation of the TCPA.  *See Loper Bright*, *supra.* Line5 further denies that it was a seller, telemarketer, or sales operation.  Line5 further denies that it outsourced any of its business practices, or that it had,

maintained, or exercised any control or supervision of either JEA's or Headstart's business practices, including any sales calls. At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

44.    Admitted in part, denied in part. Line5 admits that Paragraph 44 of Plaintiff's Class Action Complaint purports to rely on a regulatory decision directed at non-parties. Line5 denies that this regulatory decision is entitled to any guidance since it is not directed at Line5. Line5 further denies that this regulatory decision is entitled to any deference in its interpretation of the TCPA. *See Loper Bright*, *supra.* Line5 further denies that it outsourced any of its business practices (including telephone marketing), or that it had, maintained, or exercised any control or supervision of either JEA's or Headstart's business practices, including any sales calls. At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

45.    Line5 denies Paragraph 45 of Plaintiff's Class Action Complaint. At this time and after reasonable investigation, Line5 lacks knowledge or information

sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

46.    Line5 denies Paragraph 46 of Plaintiff's Class Action Complaint because it did not exercise or maintain any control or supervision of Headstart's business operations nor was Headstart authorized or permitted to act on behalf of Line5.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

47.    Line5 denies there is any agency relationship between it and any of the other defendants.  Line5 denies that either JEA or Headstart were authorized or permitted to act on behalf of it.  Line5 further denies it had, exercised, or maintained any control or supervision of either JEA's or Headstart's business practices.  Line5 denies any remaining allegations in Paragraph 47 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

48.    Line5 denies that JEA entered into contracts binding Line5; to the contrary, JEA had no authority or permission to enter into any contract binding Line5.  At this time and after reasonable investigation, Line5 lacks knowledge or

information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

49.    Line5 denies Paragraph 49 of Plaintiff's Class Action Complaint.  By way of further response, Line5 had no knowledge, supervision, or control of JEA's business practices, nor was JEA authorized or permitted to act on Line5's behalf.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

50.    Line5 denies Paragraph 50 of Plaintiff's Class Action Complaint.  By way of further response, Line5 had no knowledge, supervision, or control of JEA's business practices, nor was JEA authorized or permitted to act on Line5's behalf.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

51.    Line5 denies Paragraph 51 of Plaintiff's Class Action Compliant; to the contrary, Line5 makes no sales calls, nor does it engage any agents to make sales calls on its behalf.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

52.     Line5 denies Paragraph 52 of Plaintiff's Class Action Complaint; to the contrary, Line5 makes no sales calls, nor does it engage any agents to make sales calls on its behalf.  By way of further response, Line5 had no knowledge, supervision, or control of other defendants' business practices, nor were other defendants authorized or permitted to act on Line5's behalf.   At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

53.     Line5 denies Paragraph 53 of Plaintiff's Class Action Complaint; to the contrary, Line5 did not hire, authorize, or permit JEA or Headstart to make any calls on its behalf.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

54.     Line5 denies Paragraph 54 of Plaintiff's Class Action Complaint; to the contrary, Line5 maintained no authority or control over any other defendant.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

55.    Line5 denies Paragraph 55 of Plaintiff's Class Action Complaint.  By way of further response, Plaintiff did signal an interest in a financing agreement from Line5 because he requested the financing documents and then signed the financing documents.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

56.    Line5 denies Paragraph 56 of Plaintiff's Class Action Complaint.  By way of further response, Line5 denies that any agency relationship existed between it and the other defendants.  Line5 further denies that it had, maintained, or exercised any control or supervision of the other defendants' business practices.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

57.    At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of Plaintiff's Class Action Complaint and, therefore, denies the same.

58.    Line5 denies Paragraph 58 of Plaintiff's Class Action Complaint.  By way of further response, Line5 further denies that it had, maintained, or exercised any control or supervision of the other defendants' business practices.  At this time

16

and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

59.    Line5 denies Paragraph 59 to the extent it implies an agency relationship between it and the other defendants.  By way of further response, Line5 further denies that it had, maintained, or exercised any control or supervision of the other defendants' business practices.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of Plaintiff's Class Action Complaint.

60.    Line5 denies Paragraph 60 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

61.    At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of Plaintiff's Class Action Complaint and, therefore, denies the same.

62.    Line5 denies Paragraph 62 of Plaintiff's Class Action Complaint.  By way of further response, Line5 further denies that it had, maintained, or exercised any control or supervision of the other defendants' business practices.  At this time

and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

63.    Line5 denies Paragraph 63 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

64.    Line5 denies Paragraph 64 of Plaintiff's Class Action Complaint.  By way of further response, Plaintiff willingly and of his own accord signed the financing documents.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

65.    Admitted in part, denied in part.  Line5 admits that Paragraph 65 of Plaintiff's Class Action Complaint recites a portion of a Federal Communications Commission declaratory ruling directed at non-parties.  Line5 denies that it is bound by the FCC's declaratory ruling.  Line5 further denies that this court should defer in any way to the FCC's declaratory ruling.  *See Loper-Bright*, *supra.*

66.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of Plaintiff's Class Action Complaint and, therefore, denies the same.

67.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of Plaintiff's Class Action Complaint and, therefore, denies the same.

68.     Line5 denies Paragraph 68 of Plaintiff's Class Action Complaint.

69.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of Plaintiff's Class Action Complaint and, therefore, denies the same.

70.     Line5 denies Paragraph 70 of Plaintiff's Class Action Complaint with respect to Plaintiff's "harm" since Plaintiff engaged willingly in at least one call and requested, received, and executed financing documents.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies the same.

71.     Line5 denies Paragraph 71 of Plaintiff's Class Action Complaint.

## **Class Action Statement**

72.    Line5 restates its responses to Paragraphs 1 – 72 of Plaintiff's Class Action Complaint as if fully stated herein.

73.    Admitted in part, denied in part.  Line5 admits Plaintiff purports to bring this action as a class action.  Line5 denies the class treatment is appropriate.

74.    Admitted in part, denied in part.  Line5 admits Paragraph 74 of Plaintiff's Class Action Complaint attempts to define two classes.  Line5 denies that class treatment is appropriate and further denies that class definitions are appropriate.

75.    Line5 denies Paragraph 75 of Plaintiff's Class Action Complaint; to the contrary, Plaintiff is not a suitable class representative because he fully engaged with at least one telephone call, including requesting, receiving, and executing financing documents.

76.    Admitted in part, denied in part.  Line5 admits that Paragraph 76 of Plaintiff's Class Action Complaint attempts to exclude certain people from the class definition.  Line5 denies that class treatment is appropriate.

77.    Line5 denies Paragraph 77 of Plaintiff's Class Action Complaint with respect to Plaintiff's "harm" since Plaintiff engaged willingly in at least one call and requested, received, and executed financing documents.  At this time and after

reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies the same.

78.     Admitted in part, denied in part.  Line5 admits that Plaintiff's Class Action Complaint seeks injunctive relief and money damages.  Line5 denies that Plaintiff is entitled to either type of relief from it since Line5 did not make nor authorize any of the alleged telephone calls.

79.     Line5 denies Paragraph 79 of Plaintiff's Class Action Complaint because it does not have any dialer, telephone records, or telephone number databases since it does not make or authorize any outbound sales calls on its behalf. At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

80.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of Plaintiff's Class Action Complaint.

81.     At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of Plaintiff's Class Action Complaint.

82.    At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of Plaintiff's Class Action Complaint.

83.    Line5 denies Paragraph 83 of Plaintiff's Class Action Complaint; to the contrary, Plaintiff will have separate questions of law and fact because of his behavior in engaging in at least one telephone conversation and requesting, receiving, and executing financing documents.

84.    Line5 denies Paragraph 84 of Plaintiff's Class Action Complaint, including all subparts; to the contrary, Plaintiff will have separate questions of law and fact because of his behavior in engaging in at least one telephone conversation and requesting, receiving, and executing financing documents.  By way of further response, Line5 denies it made or authorized any outgoing sales calls on its behalf. At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

85.    Line5 denies Paragraph 85 of Plaintiff's Class Action Complaint.

86.    Admitted in part, denied in part.  Line5 admits Plaintiff has retained counsel.  At this time and after reasonable investigation, Line5 lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 of Plaintiff's Class Action Complaint.

87.    Line5 denies Paragraph 87 of Plaintiff's Class Action Complaint.

88.    At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of Plaintiff's Class Action Complaint.

89.    At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of Plaintiff's Class Action Complaint.

## FIRST CAUSE OF ACTION
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 [U].S.C. § 227(b)) on behalf of the Robocall Class**

90.    Line5 restates its responses to Paragraphs 1 – 89 of Plaintiff's Class Action Complaint as if fully stated herein.

91.    Line5 denies Paragraph 91 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

92.    Line5 denies Paragraph 92 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line5 lacks knowledge or information

sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

93.    Line5 denies Paragraph 93 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

94.    Line5 denies Paragraph 94 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

## SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

95.    Line5 restates its responses to Paragraphs 1 – 94 of Plaintiff's Class Action Complaint as if fully stated herein.

96.    Line5 denies Paragraph 96 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

97.    Line5 denies Paragraph 97 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

98.    Line5 denies Paragraph 98 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

99.    Line5 denies Paragraph 99 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

## **Affirmative and Other Defenses**

1.    Line5 did not make or authorize any calls on its behalf.

2.    Upon information and belief, the alleged calls were not selling Line5's services, but rather the calls were made for the purpose of selling an extended car warranty provided by another of the defendants.

3.    Line5 asserts that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process. *See, e.g., State Farm*

*Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1999).

4.     Since Plaintiff has not suffered any actual damages, his individual recovery (to the extent that he is entitled to such recovery, which Line5 denies) is limited to statutory damages only.

5.     To the extent that Plaintiff sustained any actual damages (which Line5 denies), such damages were due to the acts or omissions of other parties over whom Line5 had no control, including but not limited to Plaintiff and the other defendants.

6.     This Court is not bound by, nor must it give any deference to any interpretation, regulation, or regulatory action taken by the FCC. *See Loper Bright*, *supra*.

7.     Neither Plaintiff nor any putative class member of the "Do Not Call" class may recover under 47 C.F.R. § 64.1200(c) because that regulation does not provide for a private right of action and this Court is not bound by, nor must it give any deference to this regulation. *See Loper Bright, supra.*

8.     Neither Plaintiff nor any putative class member of the "Do Not Call" class may recover under 47 C.F.R. § 64.1200(c) unless they registered their own telephone number on the National Do Not Call Registry for more than thirty-one (31) days prior to any alleged call. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c).

9.      Because it would require a distinct separate and individualized factual inquiry into each putative class member of the "Do Not Call" class to determine whether they registered their own telephone number on the National Do Not Call Registry more than thirty-one (31) days prior to any alleged call, class treatment is inappropriate.

10.     Line5 asserts that it cannot be vicariously liable for parties over whom it did not have or maintain supervision or control.

11.     Line5 asserts that it cannot be liable for the acts of any independent contractors over whom it had no supervision or control.

12.     Line5 asserts that the purpose of the alleged calls was to sell an extended warranty which is not a product or service provided by Line5.  Since the goods or service being sold in the calls was not provided by Line5, it cannot be held liable for said calls.

13.     Plaintiff is not entitled to any injunctive relief because he failed to offer any facts demonstrating a threat of continued irreparable harm.  *See Sampson v. Murray*, 415 U.S. 61, 88 (1974).

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**

By:     /s/ Brit J. Suttell
BRIT J. SUTTELL, ESQUIRE
PA Id. No. 204140
6100 219th St. SW, Suite 480
Mountlake Terrace, WA   98043
(484) 999-4232
britjsuttell@bn-lawyers.com
Counsel for Defendant Line 5, LLC

Dated:  December 13, 2024

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 13, 2024, a true copy of the foregoing document was served on all counsel of record via CM/ECF.

**BARRON & NEWBURGER, P.C.**

By:  _/s/ Brit J. Suttell_
BRIT J. SUTTELL, ESQUIRE
PA Id. No. 204140
6100 219th St. SW
Suite 480
Mountlake Terrace, WA  98043
(484) 999-4232
britjsuttell@bn-lawyers.com
Counsel for Defendant Line 5, LLC