## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH FRIEL,** individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>    v.<br><br>**LINE 5, LLC; HEADSTART WARRANTY GROUP LLC;** and **JEA MANAGEMENT SERVICES d/b/a COVERED AUTO**,<br><br>Defendants. | Case No.   3:24-cv-01866-JKM<br><br><br>**(Judge Julia K. Munley)** |

### ANSWER OF DEFENDANT HEADSTART WARRANTY GROUP, LLC, TO PLAINTIFF'S CLASS ACTION COMPLAINT, WITH AFFIRMATIVE DEFENSES

Defendant Headstart Warranty Group, LLC ("HWG") submits its Answer with Affirmative Defenses to Plaintiff Joseph Friel's class complaint in the above captioned matter, as follows:

### Answer to Preliminary Statement

1.     Denied.  HWG denies the allegations in this paragraph because they attempt to state a legal conclusion. To the extent that the allegations in this paragraph purport to provide excerpts from the Telephone Consumer Protection Act of 1991 ("TCPA"), the complete statute speaks for itself. To the extent a response is required, HWG denies that the quoted language is applicable to the conduct of HWG.

2.     Denied.  HWG denies the allegations in this paragraph because they attempt to state a legal conclusion. HWG refers all questions of law to the Court.

1

3.      Denied.  HWG denies the allegations in this paragraph because they attempt to state a legal conclusion. To the extent that the allegations in this paragraph purport to provide excerpts from the TCPA, the complete statute speaks for itself. To the extent a response is required, HWG denies that the quoted language is applicable to the conduct of HWG.

4.      Denied.  HWG denies the allegations in this paragraph to the extent that the allegations purport to provide excerpts from *Krakauer v. Dish Network, L.L. C.*, 925 F.3d 643, 649-50 (4th Cir. 2019), as the court's opinion speaks for itself. The remaining allegations in this paragraph express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, HWG denies that the quoted language is applicable to the conduct of HWG.

5.      Admitted in part and denied in part.  HWG admits that Plaintiff asserts claims under the TCPA against HWG, as well as co-defendants JEA Management Services d/b/a Covered Auto ("JEA"), and Line 5, LLC ("Line 5") concerning purported conduct on the part of these defendants, including the placement of calls to telephone numbers on the National Do Not Call Registry, contending that these calls were placed without the called party's prior express consent.  HWG denies these allegations and denies that it employed JEA or Line 5 to place any calls on its behalf to Plaintiff. To the extent the allegations in this paragraph are directed to JEA and Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore,

denies these allegations.  A factual basis for these allegations is demanded of Plaintiff.

7. Denied.  To the extent the allegations in this paragraph are directed to HWG, HWG denies these allegations and leaves Plaintiff to his burden of proof. To the extent the allegations in this paragraph are directed to JEA and Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

7. Denied. HWG denies that class treatment is warranted or appropriate premised on the facts in this lawsuit and denies that a class action is the best means of obtaining redress to the purported class.

**Answer to Parties**

8. Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, that Plaintiff was and remains a resident in this District at all times relevant to the allegations in his complaint, and, therefore, denies these allegations.

9. Denied.  HWG denies that JEA sent telemarketing calls to Plaintiff on behalf of HWG.  HWG denies the remaining allegations in this paragraph as they rely on a false premise.   To the extent the allegations in this paragraph are directed to JEA and Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

**Answer to Jurisdiction and Venue**

10.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

11.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court. By way of further response, HWG denies that JEA placed any calls to Plaintiff on behalf of or at the direction of HWG. To the extent the allegations in this paragraph are directed to JEA and Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

12.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

13.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

**Answer to Plaintiff's Factual Allegations**

14.    Denied.  HWG denies that JEA placed any calls to Plaintiff on behalf of HWG, and therefore denies the remaining allegations in this paragraph as they rely on a false premise. To the extent the allegations in this paragraph are directed to JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

15.    Admitted in part and denied in part.  HWG admits that it is a guarantor of vehicle service contracts and that, as warranted, HWG pays for covered repairs under contracts with consumers. Unless otherwise admitted, HWG denies the allegations in this paragraph.

16.    Denied.  The allegations in this paragraph are directed to a party other than HWG and are denied by HWG.

17.    Denied.  HWG denies the "joint enterprise" and denies that JEA placed any calls on behalf of HWG to Plaintiff, including pre-recorded calls.  A factual basis for these conclusory allegations is demanded of Plaintiff. To the extent the allegations in this paragraph are directed to JEA or the purported conduct of Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations

18.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

19.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

20.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.  However, investigations are on-going.

21.    Denied. HWG denies that Plaintiff was not a customer of HWG (or that he did not ask or inquire to be a customer of HWG), as he entered into an agreement with HWG, presumably under the direction of his counsel, and then, through his counsel, cancelled the agreement. To the extent the allegations in this paragraph are directed to JEA and Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations

22.    Denied.  HWG denies that Plaintiff received any calls from JEA on behalf of, or at the direction of, HWG.  Therefore, HWG denies the remaining allegations in this paragraph as they rely on the false premise that JEA placed calls to Plaintiff on behalf of HWG.  A factual basis for these allegations is demanded of Plaintiff.

23.    Denied.  HWG denies that Plaintiff received any calls from JEA on behalf of, or at the direction of, HWG.  Therefore, HWG denies the remaining allegations in this paragraph as they rely on the false premise that JEA placed calls to Plaintiff on behalf of HWG.  A factual basis for these allegations is demanded of Plaintiff.

24.    Denied.  HWG denies that Plaintiff received any calls from JEA on behalf of, or at the direction of, HWG.  Therefore, HWG denies the remaining allegations in this paragraph as they rely on the false premise that JEA placed calls to Plaintiff on behalf of HWG.  A factual basis for these allegations is demanded of Plaintiff.

25.    Denied.   To the extent that the allegations in this paragraph are directed to HWG, HWG denies these allegations. To the extent the allegations in this paragraph are directed to JEA and Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

26.    Denied.   HWG denies these allegations and leaves Plaintiff to his proofs.

27.    Admitted in part and denied in part. HWG admits that its records reflect that Plaintiff agreed to enter into a warranty agreement with HWG on or about September 27, 2024.   Unless otherwise admitted, HWG denies the allegations in this paragraph.

28.    Denied.   HWG denies these allegations and leaves Plaintiff to his proofs.

29.    Denied.   HWG denies these allegations and leaves Plaintiff to his proofs.

30.    Denied.   HWG denies these allegations and leaves Plaintiff to his proofs. [1]

31.    Admitted in part and denied in part. HWG admits that Plaintiff conferred with a live agent of HWG in the course of entering into a contract for extended warranty services through HWG.   Unless otherwise admitted, HWG denies the allegations in this paragraph.

---

[1] The telephone number set forth in paragraph 30 is a non-working telephone number. Therefore, injunctive relief is plainly not warranted.

32.     Admitted in part and denied in part. HWG admits that Plaintiff conferred with a live agent of HWG in the course of entering into a contract for extended warranty services through HWG.  Unless otherwise admitted, HWG denies the allegations in this paragraph.

33.     HWG admits that Plaintiff conferred with a live agent for HWG in the course of entering into a contract for extended warranty services through HWG and that the live agent discussed financing by Line 5 for the services offered through HWG.  Unless otherwise admitted, HWG denies the allegations in this paragraph.

34.     Admitted. HWG admits these allegations upon information and belief.

35.     Admitted. HWG admits these allegations upon information and belief.

36.     Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

37.     Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

38.     Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

39.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

40.    Denied.  HWG denies these allegations and leaves Plaintiff to his proofs.  To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

41.    Denied.  HWG denies the allegations in this paragraph because they attempt to state a legal conclusion. To the extent that the allegations in this paragraph purport to provide excerpts from *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397, a writing that speaks for itself.

42.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

43.    Denied.  As HWG did not place any calls to Plaintiff through JEA and did not direct any calls by JEA to Plaintiff, HWG denies the legal contentions in this paragraph as they rely on a false premise. Further, HWG denies the allegations in this paragraph to the extent that the allegations purport to provide excerpts from *In re DISH Network, LLC, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013)*, as this writing, in its entirety, that speaks for itself.

44.    Denied.  As HWG did not place any calls to Plaintiff through JEA and did not direct any calls by JEA to Plaintiff, HWG denies the legal contentions in this paragraph as they rely on a false premise. Further, HWG denies the

allegations in this paragraph to the extent that the allegations purport to provide excerpts from *In re DISH Network, LLC*, as this writing, in its entirety, that speaks for itself.

45.    Denied.  As JEA placed no calls to Plaintiff on behalf of, or at the behest of HWG, HWG denies vicarious liability premised on the non-conduct of JEA.  To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

46.    Denied.  As JEA placed no calls to Plaintiff on behalf of, or at the behest of HWG, HWG denies vicarious liability premised on the non-conduct of JEA.  To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

47.    Denied.  As JEA was not the "seller" of Plaintiff's contract with HWG, HWG denies the "hallmarks of agency" proclaimed by Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff. To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

48.    Denied.  As JEA was not the "seller" of Plaintiff's contract with HWG, HWG denies these allegations and leaves Plaintiff to his proofs.  To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient

knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

49.    Denied.  HWG had no knowledge of the conduct of JEA as JEA placed no calls to Plaintiff on behalf of HWG and was not the "seller" of Plaintiff's contract with HWG. HWG denies the remaining allegations in this paragraph, as to HWG, as they rely on a false premise. To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

50.    Denied.  HWG had no knowledge of the conduct of JEA as JEA placed no calls to Plaintiff on behalf of HWG and was not the "seller" of Plaintiff's contract with HWG. HWG denies the remaining allegations in this paragraph, as to HWG, as they rely on a false premise. To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

51.    Denied. HWG denies violating the TCPA with respect to Plaintiff as HWG did not employ, utilize, authorize or direct JEA to place calls to Plaintiff on behalf of HWG.  Therefore, HWG denies the allegations in this paragraph as they are based on the false premise that JEA undertook any acts on behalf of HWG concerning Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff. To the extent that these allegations are directed to co-defendant, Line

5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

52.    Denied. HWG denies these allegations and leaves Plaintiff to his proofs. To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

53.    Denied.  HWG denies that it authorized or hired JEA to contact Plaintiff or to organize a telemarketing campaign to sell an HWG contract to Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff. To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

54.    Denied.  HWG denies these allegations and leaves Plaintiff to his proofs.  To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

55.    Denied. HWG denies these allegations and leaves Plaintiff to his proof.  To the extent that these allegations are directed to co-defendants, JEA and Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

56.    Denied. Because HWG did not employ or utilize JEA to place any calls on behalf of HWG to Plaintiff, HWG denies these allegations as they rely on a false premise.  To the extent that these allegations are directed to co-defendant,

Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

57.    Admitted in part and denied in part.  HWG admits that JEA did not place any calls to Plaintiff and did not play any role in securing Plaintiff's contract for services provided by HWG, it did not terminate JEA.  To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

58.    Denied.    HWG denies that it employed, used, approved, or authorized JEA to place any calls to Plaintiff on its behalf and denies that JEA sold a contract to Plaintiff on behalf of HWG, HWG denies the allegations in this paragraph.  To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

59.    Admitted in part and denied in part. HWG admits that it strives to assure that its vendors abide by the requirements of the TCPA and that they observe the limitations imposed by the National Do Not Call Registry. HWG denies any knowledge that JEA placed any calls to Plaintiff on its behalf and denies the remaining allegations in this paragraph. To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

60.    Denied.  HWG denies the allegations in this paragraph and leaves Plaintiff to his proofs.  To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

61.    Denied.  HWG denies these allegations and leaves Plaintiff to his burden of proof.  To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

62.    Denied.  HWG denies hiring JEA to place calls to Plaintiff on its behalf.  Therefore, HWG denies the remaining allegations in this paragraph. To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

63.    Denied. HWG denies ratifying, knowingly or otherwise, any purported conduct of JEA.  A factual basis for these conclusory allegations is demanded of Plaintiff. To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

64.    Denied.  HWG denies these allegations and denies the purported conduct of JEA as to Plaintiff and leaves Plaintiff to his proofs thereof.  To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

14

65.    Denied.   HWG denies these allegations because they consist of conclusions of law.   Further, HWG denies the allegations in this paragraph to the extent that the allegations purport to provide excerpts from *In re DISH Network, LLC, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013)*, as this writing, in its entirety, that speaks for itself.

66.    Denied. HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

67.    Denied. HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

68.    Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

69.    Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

70.    Denied. HWG denies that Plaintiff incurred any harm in the course of manufacturing his claims against HWG and denies the remaining allegations in this paragraph.  HWG leaves Plaintiff to his burden of proof.  o the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

71.    Denied. HWG denies that Plaintiff incurred any injury as a result of the conduct of HWG and denies the remaining allegations in this paragraph. HWG leaves Plaintiff to his burden of proof as to each perceived harm claimed by Plaintiff, and as to his putative class, arising from the alleged conduct of HWG.

To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

**Answer to Class Action Allegations**

72.    No response is necessary to this paragraph as Plaintiff merely repeats and re-alleges the prior paragraphs of his complaint. To the extent a responses is required, HWG incorporates by reference its response to paragraphs 1-71.

73.    Admitted in part and denied in part.  HWG admits that Plaintiff asserts individual and class claims. HWG denies that Plaintiff has asserted viable individual or class claims against HWG.

74.    Admitted.  HWG admits that Plaintiff defines two class claims in this paragraph:

> **Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of JEA Management Services d/b/a Covered Auto, Headstart Warranty Group LLC, or Line 5, LLC, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

And

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

75.    Denied.    HWG denies that Plaintiff could fairly and adequately represent the interests of his two theoretical classes.  A factual basis for these allegations is demanded of Plaintiff.

76.    Admitted in part and denied in part.  HWG admits that Plaintiff excludes individuals from his putative classes in this paragraph.

77.    Denied.  HWG denies there are members of Plaintiff's theoretical classes or that Plaintiff can serve as a representative as to classes to which he is not a member.  HWG denies that it engaged in any conduct that could reasonably or rationally be construed as harming Plaintiff or any member of his alleged classes.  HWG denies the remaining allegations in this paragraph and leaves Plaintiff to his burden of proof.  To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

78.    Admitted in part and denied in part. HWG admits that Plaintiff seeks both injunctive relief and money damages against HWG, Line 5 and JEA.  HWG denies that either proposed class is entitled to injunctive relief or money damages against HWG. To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

79. Denied. HWG denies these allegations, as HWG did not place calls through JEA to Plaintiff and, therefore, would be unable to identify individuals that received calls concerning HWG from JEA via HWG phone records or databases to the extent that any such calls were placed by JEA. HWG leaves Plaintiff to his proofs. To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegation.

80. Denied. HWG denies sufficient numerosity with respect to either class and leaves Plaintiff to his proofs. To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

81. Denied. HWG denies that joinder is impracticable to the extent either class has any membership. HWG leaves Plaintiff to his proofs. To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

82. Denied. HWG denies any purported efficiencies in pursuing Plaintiff's claims as a class action. A factual basis for these conclusory allegations is demanded of Plaintiff. To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or

information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

83.    Denied.  HWG denies typicality and commonality, particularly where Plaintiff was not called by JEA at the behest of, or on behalf of, HWG. A factual basis for these conclusory allegations is demanded of Plaintiff.  To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

84.    Denied.  HWG denies commonality, particularly where Plaintiff was not called by JEA at the behest of, or on behalf of, HWG.  To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

85.    Denied.  HWG denies that Plaintiff can adequately or fairly represent and protect the interests of his theoretical classes where he is not a member of the class or classes he seeks to represent.

86.    Denied.  HWG lacks sufficient knowledge or belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

87.    Denied.  HWG denies that common questions of law and fact predominate over questions impacting individual class members.  HWG further denies that class treatment is superior to individual prosecution of the claims

and denies the remaining allegations in this paragraph, as Plaintiff was not called by JEA on behalf of HWG. [2]

88.    Admitted in part and denied in part.  HWG admits, in the absence of violative conduct, individual members of the classes, if any, will not prosecute claims against HWG.  To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

89.    Denied.  HWG denies the allegations in this paragraph.

## Answer to Count I

## Alleged Violation of 47 U.S.C. § 227(b)

90.    No response is necessary to this paragraph as Plaintiff merely repeats and re-alleges the prior paragraphs of his complaint. To the extent a response is required, HWG incorporates by reference its response to paragraphs 1-89.

91.    Denied. HWG denies violating 47 U.S.C. § 227(b), in any way. HWG leaves Plaintiff to his proofs. To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

---

[2] Further, the fact that the TCPA does not provide for fee-shifting demonstrates that Congress anticipated simple claims brought on an individual basis, and not the establishment of a cottage industry for attorneys in the class arena. Compare with the FDCPA and the FCRA, which specifically provide for attorneys' fees.  15 U.S.C. § 1692k(a)(3) and 15 U.S.C. §§ 1681n(a)(3) & 1681o(a)(2).

92.    Denied. HWG denies that it violated 47 U.S.C. § 227(b) and denies all liability to Plaintiff or his theoretical Robocall class. To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

93.    Denied.  HWG denies that Plaintiff or his Robocall class members, if any, are entitled to an award under 47 U.S.C. § 227(b)(3)(B), let alone an award of treble damages.  To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

94.    Denied.  HWG denies that Plaintiff or his purported Robocall class members are entitled to any recovery or relief, including injunctive relief against HWG. To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

**Answer to Count II**

**Alleged Violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. §64.1200(c)**

95.    No response is necessary to this paragraph as Plaintiff merely repeats and re-alleges the prior paragraphs of his complaint. To the extent a response is required, HWG incorporates by reference its response to paragraphs 1-94.

96.    Denied.  HWG denies violating 47 U.S.C. § 227(c) and denies liability to Plaintiff or his putative DNC class.  HWG denies that the alleged DNC class is entitled to statutory relief, let alone treble recovery against HWG.  A factual basis for these conclusory allegations is demanded of Plaintiff.  To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

97.    Denied. HWG denies violating the TCPA, negligently or otherwise and leaves Plaintiff to his burden of proof.  To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

98.    Denied.  HWG denies that Plaintiff or his DNC class members, if any, are entitled to an award under 47 U.S.C. § 227, let alone an award of treble damages. To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

99.    Denied.  HWG denies that Plaintiff or his purported DNC class members are entitled to any recovery or relief, including injunctive relief against HWG. To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

### Answer to Prayer for Relief

Admitted in part and denied in part. HWG admits that Plaintiff prays for unwarranted injunctive relief, statutory recovery against HWG, class certification and unspecified relief. Additionally, HWG admits that Plaintiff seeks to be designated as class representative for a class to which he is not a member, for Plaintiff's counsel to be appointed as class counsel, but denies that Plaintiff or his putative classes are entitled to any such relief in the absence of any violations of the TCPA. To the extent that these allegations are directed to co-defendants, Line 5 and JEA, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

### Answer to Demand for Jury Trial

HWG admits that Plaintiff demands a jury trial but denies that any such trial is available in the absence of any violation of the law.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which HWG denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of HWG or damages attributable to HWG.

23

## FOURTH AFFIRMATIVE DEFENSE

Class treatment is not only grossly inferior to individual treatment in this case, class treatment is inappropriate based on the over-inclusive, fail-safe class definitions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate class representative.

## SIXTH AFFIRMATIVE DEFENSE

Common questions of law or fact do not exist and do not outweigh the individual issues and preclude class treatment in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are atypical of the putative classes. The claims of Plaintiff are not typical of the classes that he seeks to represent.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains.  Accordingly, Plaintiff is barred from pursuing claims alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

HWG did not make or authorize any of the calls alleged to be at issue, as HWG did not employ JEA to place calls to Plaintiff.  Therefore, Plaintiff's individual and class claims fail at the outset.

### TENTH AFFIRMATIVE DEFENSE

The damages Plaintiff seeks against HWG violate the Due Process Clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against HWG are barred because the calls about which he complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on HWG for such calls would violate its First Amendment rights.

### TWELFTH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages sustained by Plaintiff are the result of conduct of a person or persons over whom HWG exercised no control.

### THIRTEENTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor any putative DNC class member may recover on a claim pursuant to 47 U.S.C. § 227(c)(5) unless they registered their own telephone number on the National Do Not Call Registry for more than 31 days prior to the alleged call.  *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c).

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of putative class members are barred, in whole or in part, by the terms and conditions and/or limitations of liability contained in any applicable agreements.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims on behalf of the putative classes are barred because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23 because the proposed classes do not satisfy the requirements described therein, including, but not limited to, class definition, ascertainability, numerosity, commonality, typicality, predominance, adequacy of representation, superiority, and manageability.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to offer any facts evincing a demonstrated threat of continuing irreparable harm by HWG.  Therefore, Plaintiff's Prayer for Relief, to the extent that it seeks injunctive relief should be stricken or withdrawn.  See *Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1974).

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

This Court is not bound by, nor must it give any deference to, any interpretation, regulation, or regulatory determinations taken by the FCC. *See Loper Bright v. Raimondo*, 144 S. Ct. 2244 (2024).

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

Because it would require a distinct separate and individualized factual inquiry into each putative class member of the "Do Not Call" class to determine whether they registered their own telephone number on the National Do Not Call Registry more than thirty-one (31) days prior to any alleged call, class treatment is inappropriate.

## **RESERVATION OF RIGHTS**

HWG reserves the right to raise any other affirmative defenses not previously asserted in this Answer as they may arise through further investigation and discovery.

**WHEREFORE**, Defendant Headstart Warranty Group, LLC requests that this answer be deemed sufficient; that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court may deem just and equitable.

**MESSER STRICKLER BURNETTE, LTD.**

By:    /s/ Andrew M. Schwartz
        Andrew M. Schwartz,
        935 E. Lancaster Ave., #1003
        Downingtown, PA 19335
        ☎ : (320) 434-9664
        🖷 : (312) 334-3474
        🖃 : aschwartz@messerstrickler.com

        Barry S. Guaglardi
        Admitted Pro Hac Vice
        Guaglardi & Meliti, LLP
        365 West Passaic Street, Suite 130
        Rochelle Park, New Jersey 07662
        Tel: (201) 947-4100
        Fax: (201) 947-1010
        www.adgmlaw.com

        *Counsel for Defendant*
        *Headstart Warranty Group, LLC*