## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH FRIEL**, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**LINE 5, LLC, HEADSTART WARRANTY GROUP LLC** and **JEA MANAGEMENT SERVICES d/b/a COVERED AUTO**,<br><br>Defendants. | **CASE NO. 3:24-cv-01866-JKM**<br><br>**Judge: Hon. Julia K. Munley** |

## DEFENDANT JEA MANAGEMENT SERVICES BRIEF IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS

Defendant JEA Management Services d/b/a Covered Auto ("JEA") respectfully submits this Motion to Strike Class Allegations.

## **TABLE OF CONTENTS**

**I.    INTRODUCTION** ................................................................6

**II.   PROCEDURAL HISTORY AND PLAINTIFF'S FACTUAL ALLEGATIONS.** ....................................................7

**III.  QUESTIONS INVOLVED** ................................................8

    **A.    Whether Plaintiff's Robocall Class should be stricken.** .................8

    **B.    Whether Plaintiff's NDNCR Class should be stricken.** ..................8

**IV.   LEGAL STANDARD** ......................................................8

**V.    ARGUMENT—PLAINTIFF'S CLASS DEFINITIONS MUST BE STRICKEN BECAUSE THEY ARE FACIALLY UNCERTIFIABLE AS A MATTER OF LAW.** .....................................10

    **A.    Plaintiff's Robocall and NDNCR Classes Must Be Stricken Because They Are Overly Broad.** ..................................10

        **1.    The Classes are Overly Broad Because They Fail to Exclude Calls Made with Consent and to Individuals with an EBR.** ................................................13

        **2.    The Classes are Overly Broad Because They Include All Calls Made By or On Behalf of Every Defendant.** ..........15

        **3.    The NDNCR Class is Overly Broad Because it is Not Limited to Individuals who Personally Placed their Number on the DNC Registry.** ................................16

    **B.    Plaintiff's Robocall and NDNCR Classes Must Be Stricken Because They Lack Commonality.** ..................................17

    **C.    Plaintiff's Robocall Class Must Be Stricken Because the Phrase "Same, or Substantially Similar" is Vague.** ......................19

**VI.   CONCLUSION** ............................................................21

## TABLE OF AUTHORITIES

**Cases**[1]

*Brown v. Nano Hearing Tech Opco, LLC,*
    2024 WL 3367536 (S.D. Cal. July 9, 2024) ..................................................... 13

*Buonomo v. Optimum Outcomes, Inc.*,
    301 F.R.D. 292 (N.D. Ill. 2014) ........................................................ 15

*Connectors Realty Grp. Corp. v. State Farm Fire & Cas. Co., No. 19 C 743,*
    2021 WL 1143513 (N.D. Ill. Mar. 25, 2021) ..................................................... 11

*Ebert v. Gen. Mills, Inc.*,
    823 F.3d 472 (8th Cir. 2016) ........................................................ 17-18

*Hill v. Wells Fargo Bank, N.A.*,
    946 F.Supp.2d 817 (N.D. Ill. 2013) ........................................................ 10

*Holmes v. Pension Plan of Bethlehem Steel Corp.*,
    213 F.3d 124 (3d Cir. 2000) ........................................................ 10

*In re Fosamax Prod. Liab. Litig.*,
    248 F.R.D. 389 (S.D.N.Y. 2008) ........................................................ 19-20

*In re Paulsboro Derailment Cases*,
    No. 12-7586, 2014 WL 1371712 (D.N.J. Apr. 8, 2014) ..................................................... 9

*Jackson v. Caribbean Cruise Line, Inc.*,
    88 F. Supp. 3d 129 (E.D.N.Y. 2015) ........................................................ 15

*Jackson v. Direct Bldg. Supplies LLC, No. 4:23-CV-01569,*
    2024 WL 184449 (M.D. Pa. Jan. 17, 2024) ..................................................... 8-9

*Klassen v. Solid Quote LLC, No. 23-CV-00318-GPG-NRN,*
    2023 WL 7544185 (D. Colo. Nov. 14, 2023) ..................................................... 17

*Kohen v. Pac. Inv. Mgmt. Co. LLC & PIMCO Funds*,
    571 F.3d 672 (7th Cir. 2009) ........................................................ 12

*Lackawanna Chiropractic P.C. v. Tivity Health Support, LLC, No.*
    18-CV-00649-LJV-JJM, 2019 WL 7195309 (W.D.N.Y. Aug. 29, 2019) ........ 11

---

[1] True and correct copies of the referenced unpublished opinions are attached alphabetically as Exhibits A-N.

*Ligon v. City of New York*,
    288 F.R.D. 72 (S.D.N.Y. 2013) .......................................................... 20

*Manning v. Boston Med. Ctr. Corp.*,
    725 F.3d 34 (1st Cir. 2013) ................................................................. 9

*Martinez v. TD Bank USA, N.A., No. CV 15-7712*
    (JBS/AMD), 2017 WL 2829601 (D.N.J. June 30, 2017) ................................... 14

*McElhaney v. Eli Lilly & Co.*,
    93 F.R.D. 875 (D.S.D. 1982) ............................................................ 11

*McInerney v. Moyer Lumber & Hardware, Inc.*,
    244 F.Supp 2d 393, 402.................................................................. 7, 9

*Mueller v. CBS, Inc.*,
    200 F.R.D. 227 (W.D. Pa. 2001) ....................................................... 19

*Mullins v. Direct Digital, LLC*,
    795 F.3d 654 (7th Cir. 2015) ....................................................... 20, 21

*PFT of Am., Inc. v. Tradewell, Inc.*,
    1999 WL 179358 (S.D.N.Y. Mar. 31, 1999) ................................................ 11

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) ............................................................ 10

*Rivera v. Harvest Bakery Inc.*,
    312 F.R.D. 254 (E.D.N.Y. 2016) ...................................................... 12

*Rombough v. Robert D. Smith Ins. Agency, Inc., No. 22-CV-15-CJW-MAR*,
    2022 WL 2713278 (N.D. Iowa June 9, 2022) ................................................ 17

*Spine & Sports Chiropractic, Inc. v. ZirMed, Inc., No. 3:13-CV-00489-TBR*,
    2014 WL 2946421 (W.D. Ky. June 30, 2014) ................................................ 10

*Vann v. Dolly, Inc.*,
    2020 WL 902831 (N.D. Ill. Feb. 25, 2020) .................................................. 11

*Vega v. T-Mobile USA, Inc.*,
    564 F.3d 1256 (11th Cir. 2009) ...................................................... 17

*Viggiano v. Lakeshore Equip. Co., No.*
    17-CV-00707 (PGS), 2018 WL 11310868 (D.N.J. Jan. 11) ............................... 9

*W.R. ex rel. Joseph R. v. Connecticut Dep't of Child. & Fams.*, No. 3:02CV429 (RNC), 2004 WL 2377142 (D. Conn. Sept. 30, 2004) ..................................... 20

*Walewski v. Zenimax Media, Inc.*, 502 F. App'x 857 (11th Cir. 2012) .................................................... 11

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 ......................................................................... 9, 18-19

*Warnick v. Dish Network LLC*, 301 F.R.D. 551 (D. Colo. 2014) ...................................................... 14

*Wisdom v. Easton Diamond Sports, LLC*, No. CV 18-4078 DSF (SSX), 2019 WL 580670 (C.D. Cal. Feb. 11, 2019) ........................................ 20

*Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012) .......................................................... 21

## Statutes

47 U.S.C. § 227 ............................................................................. *passim*

47 C.F.R. 64.1200 ...................................................................... 13, 16

Fed. R. Civ. P. 23 ............................................................................ *passim*

Federal R. Civ. P. 12 ........................................................................... 8

## I.     **INTRODUCTION**

Plaintiff Joseph Friel ("Plaintiff") seeks to represent two classes against JEA, both of which are fatally flawed and cannot be remedied through discovery.

First, the proposed Robocall Class is overbroad because it fails to exclude individuals who gave JEA prior express written consent to call. As a result, many putative members are not actually harmed and therefore have no valid claims, which destroys the commonality required by Rule 23(a). Moreover, the class definition includes every call made by Headstart Warranty Group LLC ("Headstart") or Line 5, LLC ("Line 5"), rather than limiting itself to calls made by or on behalf of JEA. Consequently, a large subset of putative class members received calls having nothing to do with JEA at all. In addition, the class definition's reliance on the phrase "same, or substantially similar, pre-recorded message" creates ambiguity that prevents the class from being clearly defined or certified.

Second, the proposed National Do-Not-Call Registry ("NDNCR") Class suffers from similar defects. It is overbroad and lacks Rule 23(a) commonality because it: (1) fails to exclude calls made with consent or pursuant to an established business relationship ("EBR") with JEA; (2) encompasses every call made by Headstart or Line 5, rather than only those made by or on behalf of JEA; (3) does not require that each member personally placed their number on the National DNCR. Thus, many class members again have no connection to JEA's alleged

conduct.

Because these flaws cannot be corrected through discovery, both class definitions should be stricken at the outset.

## II.    PROCEDURAL    HISTORY    AND    PLAINTIFF'S    FACTUAL ALLEGATIONS.

On October 29, 2024, Plaintiff filed this putative class action alleging violations of the TCPA 47 U.S.C. § 227. *See* ECF 1. JEA received service of the Complaint on November 21, 2024. *See* ECF 17. On December 20, 2024, JEA filed a consent motion for an extension of time to respond to the Complaint. *See* ECF 24. The Court granted this Motion on December 23, 2024. *See* ECF 25.

Plaintiff alleges that despite his cell phone being on the Do Not Call Registry since 2011, he received at least fourteen telemarketing calls utilizing prerecorded voice messages between August 8, 2024, and September 27, 2024. Complaint ("Compl.") at ¶¶ 20, 22, 24-25.

Based upon those allegations, Plaintiff seeks to represent two nationwide classes:

> (1) **Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of JEA Management Services d/b/a Covered Auto, Headstart Warranty Group LLC, or Line 5, LLC, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

(2) **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

*Id.* at ¶ 74.

## III.   STATEMENT OF QUESTIONS INVOLVED

1.     Should Plaintiff's Robocall Class be stricken?

2.     Should Plaintiff's NDNCR Class be stricken?

Suggested Answer to Both Questions:  Yes.

## IV.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

"The narrow purpose of a motion to strike is to 'clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" *Jackson v. Direct Bldg. Supplies LLC*, No. 4:23-CV-01569, 2024 WL 184449, at *8 (M.D. Pa. Jan. 17, 2024) (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp 2d 393, 402 (E.D. Pa. 2002). Courts have recognized the dangers of allowing a facially uncertifiable class to proceed to discovery. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor

8

"careful scrutiny of [the] evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs). While motions to strike are not favored, they will be granted where "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *McInerney*, 244 F. Supp. 2d at 402.

A class action complaint must plead "the existence of a group of putative class members whose claims are susceptible of resolution on a classwide basis." *Manning v. Boston Med. Ctr. Corp.,* 725 F.3d 34, 59 (1st Cir. 2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). "[A] Defendant may move to strike class action allegations prior to discovery in rare cases 'where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.'" *Viggiano v. Lakeshore Equip. Co.*, No. 17-CV-00707 (PGS), 2018 WL 11310868, at *6 (D.N.J. Jan. 11, 2018) (quoting *Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72, 93 n.30 (3d Cir. 2011).

"A court should grant a motion to strike class allegations only if the inappropriateness of class treatment is evident from the face of the complaint and from incontrovertible facts." *In re Paulsboro Derailment Cases*, No. 12-7586, 2014 WL 1371712, at *3 (D.N.J. Apr. 8, 2014) (citing *Landsman*, 640 F.3d at 93 n.30). "[C]lass allegations may be struck where 'no amount of discovery or time will allow

for plaintiffs to resolve deficiencies in class definitions under Rule 23.'" *Jackson*, 2024 WL 184449, at *9.

Decisions on class certification should be made "[a]t an early practicable time after a person sues." Fed. R. Civ. P. 23(c)(1)(A); see also *Pilgrim v. Universal Health Card*, LLC, 660 F.3d 943, 949 (6th Cir. 2011) ("[E]ither plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)."); *Hill v. Wells Fargo Bank, N.A.*, 946 F.Supp.2d 817, 829 (N.D. Ill. 2013) ("The rule's text plainly indicates that the court may decide to reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23.")

## V.    ARGUMENT—PLAINTIFF'S CLASS DEFINITIONS MUST BE STRICKEN BECAUSE THEY ARE FACIALLY UNCERTIFIABLE AS A MATTER OF LAW.

### 1.    Plaintiff's Robocall and NDNCR Classes Must Be Stricken Because They Are Overly Broad.

Courts regularly decline to certify overbroad classes. *See Holmes v. Pension Plan of Bethlehem Steel Corp.,* 213 F.3d 124, 138 (3d Cir. 2000) (affirming denial of class certification because the proposed class was overly broad). Particularly, overly broad classes should be stricken where a large number of members have no viable claim against the defendant. *See Spine & Sports Chiropractic, Inc. v. ZirMed, Inc.*, No. 3:13-CV-00489-TBR, 2014 WL 2946421, at 10 (W.D. Ky. June 30, 2014) (holding the class definition is overbroad in that it includes persons who have no

claim under the TCPA.); *McElhaney v. Eli Lilly & Co.*, 93 F.R.D. 875, 878 (D.S.D.
1982) ("The definition of a class cannot be so broad as to include individuals who
are without standing to maintain the action on their own behalf."). And where
overbreadth is apparent at the pleadings stage, a class is properly stricken. *Vann v.
Dolly, Inc.*, 2020 WL 902831, at *5 (N.D. Ill. Feb. 25, 2020); accord *Connectors
Realty Grp. Corp. v. State Farm Fire & Cas. Co.*, No. 19 C 743, 2021 WL 1143513,
at *6 (N.D. Ill. Mar. 25, 2021); *PFT of Am., Inc. v. Tradewell, Inc.*, No. 98 Civ. 6413,
1999 WL 179358, at *1 (S.D.N.Y. Mar. 31, 1999) (striking class claims where the
class was not sufficiently defined); *Walewski v. Zenimax Media, Inc.,* 502 F. App'x
857, 861 (11th Cir. 2012) (affirming denial of class certification where proposed
class definition "impermissibly include[d] members who have no cause of action");
*Lackawanna Chiropractic P.C. v. Tivity Health Support, LLC*, No. 18-CV-00649-
LJV-JJM, 2019 WL 7195309, at 3 (W.D.N.Y. Aug. 29, 2019), report and
recommendation adopted, No. 18-CV-649, 2019 WL 7194525 (W.D.N.Y. Dec. 26,
2019) (citing *Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc.*, 274 F.R.D.
229, 235 (S.D. Ill. 2011) ("[The plaintiff's] proposed class includes a substantial
number of people who voluntarily gave their telephone numbers to the [defendant]
knowing the [defendant] would call those numbers to present special commercial
offers. They have no grievance with the [defendant], and ... their inclusion in the
proposed class definition renders it overbroad and the class unfit for certification"));

*Rivera v. Harvest Bakery Inc.*, 312 F.R.D. 254, 268 (E.D.N.Y. 2016) (holding that the proposed class definition was overbroad).

Allowing an overbroad class to proceed past the pleadings stage creates an inherent unfairness to the defendant in view of the "in terrorem character of a class action." *Kohen v. Pac. Inv. Mgmt. Co. LLC & PIMCO Funds*, 571 F.3d 672, 677-78 (7th Cir. 2009) ("[A] class should not be certified if it contains a great many of persons who have suffered no injury."). This is particularly true in TCPA actions where the statute provides for a minimum of $500 in statutory damages per violation. 47 U.S.C. § 227(b)(3); *see also Kohen*, 571 F.3d at 678 ("When the potential liability created by a lawsuit is very great, even though the probability that the plaintiff will succeed in establishing liability is slight, the defendant will be under pressure to settle rather than to bet the company, even if the betting odds are good.").

Here, Plaintiff's Robocall Class is overbroad because it fails to exclude individuals who gave JEA prior express written consent and includes calls that are wholly unrelated to JEA's alleged TCPA violations. Likewise, the NDNCR Class is similarly overbroad and lacks commonality because it fails to exclude calls made with consent or pursuant to an EBR, includes every call made by Headstart or Line 5 (rather than only those involving JEA), and does not require that each member personally placed their number on the National DNCR. As a result, many proposed class members have no valid claims against JEA, and these defects cannot be

corrected through discovery.

Both class definitions must therefore be stricken at the outset.

1.  **The Classes are Overly Broad Because They Fail to Exclude Calls Made with Consent and to Individuals with an EBR.**

The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes *or made with the prior express consent of the called party*) using any automatic telephone dialing system or an artificial prerecorded voice…to any telephone number assigned to a…cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

Section 64.1200(c)(2)(ii) provides, in relevant part, "[n]o person or entity shall initiate any telephone solicitation to: (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry… Any person or entity making telephone solicitations…will not be liable…if: (ii) It has obtained the subscriber's prior express invitation or permission." 47 C.F.R. 64.1200(c)(2)(ii).

Importantly, the FCC defines "telephone solicitation" to exclude a call or message to any person for whom the caller had express written consent or with whom the caller has an EBR. *Id.* Section 64.1200(f)(14). Thus, an absence of consent or an EBR is an affirmative allegation that must be included in a complaint to state a claim for violation of the TCPA's DNC rules.

Courts have properly rejected class definitions as impermissibly overbroad where the proposed class includes individuals who consented to receive calls and thus have no grievance under the TCPA. *Brown v. Nano Hearing Tech Opco, LLC*, No. 3:24-CV-00221-BTM-JLB, 2024 WL 3367536, at *8-9 (S.D. Cal. July 9, 2024) (finding that the plaintiff's class was flawed because it included individuals who may have consented to receiving calls from the defendant, thereby lacking standing under the TCPA); *see also Martinez v. TD Bank USA*, N.A., No. CV 15-7712(JBS/AMD), 2017 WL 2829601, at *12 (D.N.J. June 30, 2017) (holding that a TCPA class was not ascertainable because it would require mini trials to identify individuals who did not provide prior express consent); *Warnick v. Dish Network LLC*, 301 F.R.D. 551, 559 (D. Colo. 2014) (denying class certification in a TCPA case and finding that the class was overbroad and not sufficiently ascertainable where, among other problems, one sub-class included persons called with consent). Likewise, because the class definitions include individuals who have consented to receive calls, they should be stricken.

Additionally, Plaintiff's proposed NDNCR Class is overly broad because it includes members who lack valid claims against JEA because those members have an EBR with JEA (i.e. those who completed a transaction within 18 months of receiving a call or text, or who made an inquiry within 90 days prior to receiving a call or text). The class as defined does not carve out these individuals, making it

14

impermissibly broad. Moreover, the complaint lacks any allegations or mechanisms to identify and exclude individuals with an EBR from the Class. Consequently, the NDNCR Class should be stricken for including members who do not have valid claims against JEA due to their EBR.

Thus, because Plaintiff's Robocall and NDNCR Classes are inherently overbroad and cannot be remedied through discovery, they are facially uncertifiable. Accordingly, the Court should strike the class allegations at the pleadings stage. *See Buonomo v. Optimum Outcomes, Inc*., 301 F.R.D. 292, 295-97 (N.D. Ill. 2014) (granting a partial motion to strike class allegations based on an overly broad TCPA class definition at the pleadings stage because the "class allegations [were] facially and inherently deficient").

**2.    The Classes are Overly Broad Because They Include All Calls Made By or On Behalf of Every Defendant.**

A court may only hold a party vicariously liable for TCPA violations of third-party callers "where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Jackson v. Caribbean Cruise Line, Inc*., 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) (citing *Gomez v. Campbell–Ewald Co*., 768 F.3d 871, 877 (9th Cir. 2014), *aff'd but criticized*, 577 U.S. 153, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016), as revised (Feb. 9, 2016)).

Here, however, Plaintiff's proposed classes lump every call made by every

named defendant into one sweeping definition, regardless of whether any agency relationship existed between JEA and the third party placing the calls. In other words, the classes include calls for which JEA could never be held vicariously liable—such as calls placed by other defendants entirely for their own benefit, with no connection to JEA. As a result, countless individuals who received calls unrelated to JEA would be swept into the class, despite having no viable claim against JEA.

As such, the proposed classes must be stricken.

**3.      The NDNCR Class is Overly Broad Because it is Not Limited to Individuals who Personally Placed their Number on the DNC Registry.**

Under 47 C.F.R. § 64.1200(c), "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government" (emphasis added). The plain language of Section 64.1200(c) indicates that the private right of action under Section 227(c)(5) is available only to a residential telephone subscriber who has personally registered their number on the national DNC Registry.

Here, Plaintiff's NDNCR class is overly broad because it includes individuals who did not personally register their telephone number on the DNC

Registry, and those individuals who did not personally register their telephone number on the DNC Registry lack a valid claim. *See Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *5 (N.D. Iowa June 9, 2022) (dismissing a case with prejudice where Plaintiff failed to allege that she registered her telephone on the DNC registry).

Allowing the NDNCR Class definition to stand as proposed would unfairly burden JEA by forcing it to defend against a putative class that includes members with no standing and no valid claim. *See Klassen v. Solid Quote LLC*, No. 23-CV-00318-GPG-NRN, 2023 WL 7544185, at *4 (D. Colo. Nov. 14, 2023) (where the court modified the proposed class definition to include only individuals who personally registered their telephone number on the National Do-Not-Call Registry).

As such, the NDNCR Class must be stricken.

## 2. Plaintiff's Robocall and NDNCR Classes Must Be Stricken Because They Lack Commonality.

The commonality requirement [of Federal Rule of Civil Procedure 23] demands only that there be "questions of law or fact common to the class." *Vega v. T-Mobile USA, Inc*., 564 F.3d 1256, 1268 (11th Cir. 2009). A class that lacks commonality is also not certifiable. *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 477-478 (8th Cir. 2016) ("Under Rule 23(a), a district court may certify a class only if it 'is satisfied, after a rigorous analysis,' that the four threshold requirements are met"

17

which includes "commonality of legal or factual questions.") (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–15 (1997)). Commonality requires more than simply whether class members have suffered a violation of the same provision of law. *Controllable On-Site Prot. Sec. Sys., Inc. v. Telular Corp.*, No. 4:14CV00487 JM, 2016 WL 11778133, at *2 (E.D. Ark. Apr. 12, 2016) (quoting *Dukes*, 131 S. Ct. at 2551 ("Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,' [internal citation omitted]. This does not mean merely that they have all suffered a violation of the same provision of law."); *see also* 2 Herbert Newberg & Alba Conte, Newberg on Class Actions § 6.20, at 6–82 (3d ed.1992) (noting that "[t]he plaintiff's allegations must indicate sufficiently that the adjudication of his or her claim will necessarily involve one or more common questions concerning persons similarly situated," and that class action pleadings "should not be merely conclusory"). "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." *Messner v. Northshore Univ. Health Sys.*, 699 F.3d 802, 815 (7th Cir. 2012) (quoting *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir.2005)). In other words, there must be at least one "common contention" that "is central to the

validity" of the claims and that can be resolved "in one stroke." *Dukes, supra*, 564 U.S. 338 at 349.

Here, the proposed Robocall and NDNCR Classes fail to satisfy the commonality requirement because they encompass individuals with widely varying factual and legal circumstances. Some putative class members may have given JEA consent to call or had an established business relationship with JEA, while others never dealt with JEA at all. Certain individuals personally enrolled their numbers on the National Do-Not-Call Registry, and others did not. Determining whether each class member's situation actually violates the TCPA thus demands individualized inquiries. These individualized determinations cannot be resolved with a single, classwide answer, thereby defeating the "common contention" necessary for certification. *Dukes*, 564 U.S. at 350.

Accordingly, because the Robocall and NDNCR Classes lack a unifying legal or factual question that could be resolved "in one stroke" for every member, they fail the commonality requirement of Rule 23(a) and must be stricken. *Id*.

**3.    Plaintiff's Robocall Class Must Be Stricken Because the Phrase "Same, or Substantially Similar" is Vague.**

"The proposed class may not be 'amorphous, vague, or indeterminate' and it must be 'administratively feasible to determine whether a given individual is a member of the class.' *Mueller v. CBS, Inc*., 200 F.R.D. 227, 233 (W.D. Pa. 2001) (quoting *In re Tetracycline Cases,* 107 F.R.D. 719, 728 (W.D.Mo.1985)); *In re*

*Fosamax Prod. Liab. Litig.*, 248 F.R.D. 389 (S.D.N.Y. 2008) (citing *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D.Fla.2003)); *Ligon v. City of New York*, 288 F.R.D. 72, 83 (S.D.N.Y. 2013) (amending a class definition because it was "too vague to enable a proper determination of who is a class member"); *W.R. ex rel. Joseph R. v. Connecticut Dep't of Child. & Fams.*, No. 3:02CV429 (RNC), 2004 WL 2377142 (D. Conn. Sept. 30, 2004) (denying class certification partly because the class definition was vague); *Wisdom v. Easton Diamond Sports, LLC*, No. CV 18-4078 DSF (SSX), 2019 WL 580670, at *6 (C.D. Cal. Feb. 11, 2019), *vacated and remanded*, 824 F. App'x 537 (9th Cir. 2020) (granting motion to strike class allegations where the putative class definition was "vague and overbroad"); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015) ("Class definitions have failed [the ascertainability] requirement when they were too vague…"). "Vagueness is a problem because a court needs to be able to identify who will receive notice, who will share in any recovery, and who will be bound by a judgment." *Mullins*, 795 F.3d at 660 (citing *Kent v. SunAmerica Life Ins. Co.,* 190 F.R.D. 271, 278 (D.Mass.2000)).

Here, the class definition is impermissibly vague due to the use of the phrase "same, or substantially similar." ECF 1 at ¶ 74. In the first place, the definition is pleaded with the disjunctive. So it is unclear whether class members include those who received *only* the exact same prerecorded messages, on the one hand, or *only*

substantially similar messages, on the other. Since the definition lacks the word "and," it must be one or the other, not both. Yet, there is no way to determine which it is. Hence, the definition is inherently flawed. *Mullins*, 795 F.3d at 659 ("[C]lasses that are defined too vaguely fail to satisfy the 'clear definition' component.").

Further, the definition simply lacks requisite clarity for the Court to determine accurately who is a member of the proposed class because the phrase "substantially similar" is meaningless and turns on subjective criteria. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012) ("Before a court may certify a class pursuant to Rule 23, 'the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class.'") (citing and quoting *5 James W. Moore et al., Moore's Federal Practice* § 23.21[1] (Matthew Bender 3d ed. 1997) ("Although the text of Rule 23(a) is silent on the matter, a class must not only exist, a class must be susceptible of precise definition. There can be no class action if the proposed class is 'amorphous' or 'imprecise.'")) (citation omitted). The Court would need to determine which messages are "substantially similar" to the one received by plaintiff. However, without knowing what constitutes a "substantially similar" message, this is not feasible.

As such, the class should be stricken.

## VI.    **CONCLUSION**

For the foregoing reasons, JEA respectfully requests that the Court strike Plaintiff's class allegations from his Complaint.

Dated: January 21, 2025                    Respectfully submitted,

                                           **NELSON MULLINS RILEY & SCARBOROUGH, LLP**

                                           */s/ Elyse N. Cohen*
                                           Elyse N. Cohen, Esq.
                                           PA Attorney Id. No.  320787
                                           1000 Westlakes Drive, Suite 275
                                           Berwyn, PA 19312
                                           (p): 610-943-5354
                                           Elyse.Cohen@nelsonmullins.com

                                           **TROUTMAN AMIN, LLP**
                                           Eric J. Troutman, Esq.
                                           CA Bar Id. No.  229263
                                           *(pro hac vice application pending-1/17/2025)*

                                           Puja Amin, Esq.
                                           CA Bar Id. No.  299547
                                           *(pro hac vice application pending-1/17/2025)*

                                           Tori L. Guidry, Esq.
                                           LA Bar Id. No. 37704
                                           *(pro hac vice application pending-1/17/2025)*

                                           400 Spectrum Center Drive, Suite 1550
                                           Irvine, CA 92618
                                           (p): 949-350-3663

                                           *Attorneys for Defendant, JEA Management Services d/b/a Covered Auto*

## <u>CERTIFICATE OF CONCURRENCE</u>

This Motion is made following the conference of counsel pursuant to L.R. 7-1, which took place on January 17, 2024, via telephone call where concurrence was denied by Plaintiff's counsel.

Dated: January 21, 2025                */s/ Elyse N. Cohen*
                                                      Elyse N. Cohen

## <u>CERTIFICATE OF WORD COUNT COMPLIANCE</u>

This Motion complies with Local Rule 7.8(b), it contains 4,848 words total including the caption, table of contents, table of authorities, footnotes, signatures and certificates herein.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 21, 2025, a copy of the foregoing was served by ECF to counsel of record.

                                                      */s/ Elyse N. Cohen*
                                                      Elyse N. Cohen