# **<u>EXHIBIT E</u>**

702 F.Supp.3d 1052
United States District Court, D. Colorado.

Ronda KLASSEN, individually, and on behalf of all others similarly situated, Plaintiff,
v.
SOLID QUOTE LLC and Digital Media Solutions f/k/a Underground Elephant, Defendants.

Civil Action No. 23-cv-00318-GPG-NRN
|
Signed November 14, 2023

**Synopsis**
**Background:** Cell phone owner whose phone was registered on federal do not call registry brought purported class action against car insurance seller and telemarketer, alleging telemarketer's phone calls on behalf of seller to her and other cell phone numbers on registry violated Telephone Consumer Protection Act (TCPA). Seller moved to dismiss for failure to state a claim and to strike proposed class definition.

**Holdings:** The District Court, Gordon P. Gallagher, J., held that:

[1] as matter of first impression, cellular phone can be considered a "residential telephone line," within meaning of TCPA;

[2] phone owner plausibly alleged residential use of her cell phone under TCPA;

[3] Federal Communications Commission's interpretation of TCPA to allow vicarious liability was entitled to *Chevron* deference;

[4] phone owner plausibly alleged seller's vicarious liability for telemarketer's calls; and

[5] district court would slightly modify phone owner's proposed class definition, rather than strike complaint and require amendment.

Motion granted in part and denied in part.

**Procedural Posture(s):** Motion to Dismiss for Failure to State a Claim; Motion to Strike All or Part of a Pleading.

West Headnotes (15)

[1]  **Federal Civil Procedure** ⟶ Insufficiency in general

To survive a motion to dismiss for failure to state a claim, a complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. Fed. R. Civ. P. 12(b)(6).

[2]  **Federal Civil Procedure** ⟶ Insufficiency in general

Claim is not plausible on its face, as required to survive a motion to dismiss for failure to state a claim, if the allegations are so general that they encompass a wide swath of conduct, much of it innocent, and the plaintiff has failed to nudge the claims across the line from conceivable to plausible. Fed. R. Civ. P. 12(b)(6).

[3]  **Federal Civil Procedure** ⟶ Matters deemed admitted; acceptance as true of allegations in complaint

In assessing a claim's plausibility, for purposes of a motion to dismiss for failure to state a claim, legal conclusions contained in the complaint are not entitled to the assumption of truth. Fed. R. Civ. P. 12(b)(6).

[4]  **Federal Civil Procedure** ⟶ Insufficiency in general

Standard for determining whether a complaint states a claim for relief that is plausible on its face, as required to survive a motion to dismiss for failure to state a claim, remains a liberal pleading standard, and a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that

a recovery is very remote and unlikely. Fed. R. Civ. P. 12(b)(6).

### [5] Administrative Law and Procedure ⚖ Competence, expertise, and knowledge of agency

Agency interpretations and opinions regarding statutes, while not controlling upon courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.

### [6] Telecommunications ⚖ Advertising, Canvassing, and Soliciting; Telemarketing

Cellular phone, provided adequate facts are established, can and should be considered a "residential telephone line," within the meaning of the Telephone Consumer Protection Act (TCPA). Communications Act of 1934 § 227, 47 U.S.C.A. § 277(b)(1)(B).

2 Cases that cite this headnote

### [7] Telecommunications ⚖ Advertising, canvassing, and soliciting; telemarketing

Cell phone owner plausibly alleged residential use of her cell phone, as required to state a claim against car insurance seller and telemarketer for violating Telephone Consumer Protection Act's (TCPA) prohibition of solicitation calls to residential phone lines listed on federal do not call registry, even though seller claimed phone owner's allegation of residential use was conclusory, where phone owner alleged she used phone "primarily for residential purposes, such as talking with friends and family." Communications Act of 1934 § 227, 47 U.S.C.A. §§ 227(c)(5), 277(b)(1)(B); 47 C.F.R. § 64.1200(c).

### [8] Administrative Law and Procedure ⚖ Telecommunications

### Telecommunications ⚖ Telecommunications services

Federal Communications Commission's (FCC) interpretation of Telephone Consumer Protection Act (TCPA), so that TCPA allowed vicarious liability for violations of its restrictions regarding automated telephone equipment and unwanted solicitation calls to residential phone subscribers, was entitled to *Chevron* deference; Congress had not directly addressed issue, and FCC's interpretation was included in a fully adjudicated declaratory ruling. Communications Act of 1934 § 227, 47 U.S.C.A. §§ 227(b), 227(c).

2 Cases that cite this headnote

### [9] Principal and Agent ⚖ Express Authority
### Principal and Agent ⚖ Implied and Apparent Authority

To properly plead vicarious liability, a plaintiff must allege an agency relationship, of which there are two types: first, an agent can have "actual authority," which exists if an agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act, and second, an agent may act with "apparent authority," which is the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations.

1 Case that cites this headnote

### [10] Principal and Agent ⚖ Nature and Grounds in General

Vicarious liability can be based on a "ratification" theory, which involves the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority from the party vicariously liable.

### [11] Telecommunications ⚖ Advertising, canvassing, and soliciting; telemarketing

Cell phone owner plausibly alleged telemarketer acted as agent of car insurance seller, whether based on actual or apparent authority or ratification, in making solicitation calls to phone owner's residential line, which was on federal do not call registry, as required for seller's vicarious liability for telemarketer's calls under Telephone Consumer Protection Act (TCPA); phone owner alleged that, in several calls from telemarketer, she was told the "party on the line" was seller, that, while telemarketer made the actual calls, the calls were "at the direction and on behalf of" seller, that seller "had the ability to direct and control" telemarketer, and that seller "hired, encouraged, permitted, and enjoyed the benefits of mass telemarketing by" telemarketer. Communications Act of 1934 § 227, [47 U.S.C.A. §§ 227(c)(5)](), 277(b)(1)(B); [47 C.F.R. § 64.1200(c)]().

[12]  **Principal and Agent**  [Questions for jury]()
      **Principal and Agent**  [Complaint]()

Agency is typically a factual issue, with the plaintiff at the pleading stage only required to allege a factual basis that gives rise to an inference of an agency relationship through the use of generalized as opposed to evidentiary facts.

[1 Case that cites this headnote]()

[13]  **Federal Civil Procedure**  [Discretion of court]()

Class certification decisions are necessarily case-specific and district courts possess significant latitude in deciding whether or not to certify a class.

[14]  **Federal Civil Procedure**  [Identification of class; subclasses]()

District court may strike a proposed class for a class action lawsuit if the class would be overbroad.

[15]  **Federal Civil Procedure**  [Consumers, purchasers, borrowers, and debtors]()

District court would modify cell phone owner's proposed class definition, rather than strike complaint and require amendment, so that it was limited to residential phone subscribers whose "telephone number was registered by the person on the National Do-Not-Call Registry," to address objection of car insurance seller that present definition expanded scope of liability under Telephone Consumer Protection Act's (TCPA) to include solicitation calls made to subscribers who did not, as required under TCPA, themselves register their phone number; court's slight amendment was far more efficient and in keeping with spirit of rule of procedure recommending just, speedy, and inexpensive determination of actions than another round of briefing on issue, which would result in same amendment. Communications Act of 1934 § 227, [47 U.S.C.A. § 227(c)(5)](); [47 C.F.R. § 64.1200(c)(2)](); [Fed. R. Civ. P. 1]().

[2 Cases that cite this headnote]()
[More cases on this issue]()

**Attorneys and Law Firms**

**\*1054**  [Jacob U. Ginsburg](), Kimmel & Silverman P.C., Ambler, PA, Ryan Lee McBride, Kazerouni Law Group APC, Phoenix, AZ, for Plaintiff.

[John Chrisman Hawk, IV](), Womble Bond Dickinson (US) LLP, Charleston, SC, [Kyle Russell Hosmer](), Faegre Drinker Biddle & Reath LLP, Denver, CO, [Paul A. Rosenthal](), Faegre Drinker Biddle & Reath LLP, Florham Park, NJ, for Defendant Solid Quote LLC.

[Neil E. Asnen](), Klein Moynihan Turco LLP, New York, NY, [Robert Harlan Scott, Jr.](), Akerman LLP, Salt Lake City, UT, for Defendant Digital Media Solutions LLC.

**ORDER**

[Gordon P. Gallagher](), United States District Judge

**\*1055** Before the Court is Defendants' Motion to Dismiss (D. 26). The Court DENIES the motion in part and GRANTS the motion in miniscule part in that the proposed class definition is slightly modified.

## I. FACTS

The Court draws the operative facts from Plaintiff's First Amended Class Action Complaint (D. 8). Plaintiff Ronda Klassen owned a cell phone with a number ending in -7970 (D. 8 at 5). She used that phone "primarily for residential purposes, such as talking with friends and family" (*id.*). Plaintiff registered her phone on the Federal Do Not Call Registry in 2007 (*id.*). From February 2020 to May 2020 Plaintiff documented nine (9) calls from Digital Media Solutions (DMS) and/or SolidQuote, [1] but received more (*id.* at 6–7).

The calling party "identified the company as 'US Auto Care' and attempted to sell car insurance policies to [Plaintiff]" (*id.* at 6). On multiple occasions, Plaintiff stayed on the line and was told the calling party was actually SolidQuote and that she should visit their website (*id.*).

Defendant Digital Medial Solutions f/k/a Underground Elephant (DMS) allegedly facilitated the calling campaign. The calls were "placed by DMS [but] made at the direction and on behalf of SolidQuote" (*id.*). Plaintiff states that SolidQuote: (1) "hired, encouraged, permitted, and enjoyed the benefits of mass telemarketing by DMS"; (2) DMS had authority to act on behalf of SolidQuote; (3) SolidQuote controlled the business activities of DMS as it related to the calls transferred to SolidQuote; (4) SolidQuote ratified Telephone Consumer Protection Act (TCPA) violations DMS committed by accepting the leads that DMS provided; and (5) SolidQuote was principal to DMS, which was SolidQuote's agent (*id.* at 8).

Plaintiff also seeks to represent a class, which she defines as follows:

> **Do-Not-Call Registry Class:** All persons in the United States where: (1) the person's telephone number was registered on the National Do-Not-Call-Registry 30 or more days; (2) the person's number was registered to an individual rather than a business; (3) the person received two or more calls from DMS on behalf of SolidQuote within twelve months; and (4) those calls were for the purpose of soliciting SolidQuote's products and/or services, from four years prior to the filing of the Complaint through the date a class is certified.

(*Id.* at 9).

Plaintiff raises a single claim for relief for violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) (*id.* at 12–13). SolidQuote moves to dismiss on the grounds that: (1) Plaintiff fails to allege that she is a residential telephone subscriber; (2) Plaintiff fails to allege vicarious liability; and (3) the class definition should be struck.

## II. LEGAL STANDARD

[1] [2] [3] [4] Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a **\*1056** claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). In assessing a claim's plausibility, legal conclusions contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains

a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III. ANALYSIS

#### A. Residential Subscriber

The TCPA prohibits solicitation to a "residential telephone line." 47 U.S.C. § 277(b)(1)(B). SolidQuote challenges both whether a cellular telephone can be considered a residential telephone line and the sufficiency of Plaintiff's factual allegations as to her telephone usage.

*1. A cellular phone may qualify as a residential line.*

[5]  Neither the Tenth Circuit Court of Appeals nor any court within this District has addressed whether a cellular telephone may be considered a residential telephone line for purposes of the TCPA. But the Federal Communications Commission (FCC) has determined that cellular numbers placed on the national do-not-call list are presumed to be residential subscribers and that the final determination on that issue is fact-intensive. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003). Agency interpretations and opinions, "while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Skidmore v. Swift and Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944); *see also Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (noting that "considerable weight should be accorded" to an agency's "construction of a statutory scheme it is entitled to administer" and discussing the general principles of deference to administrative interpretations).

[6]  For some twenty years, the FCC has recognized exactly what SolidQuote opposes, i.e., that "wireless subscribers often use their wireless phones in the same manner in which they use their residential wireline phones." *In re Rules*, 18 F.C.C. Rcd. at 14038–39. It is time to permanently cut the cord on SolidQuote's tired and long-debunked argument. As of 2016, forty-nine **\*1057** percent of U.S. households had fixed telephone service (meaning an internet- or line-based home telephone) while ninety percent of households had at least one mobile phone. CRAIG A. BOND & HOWARD J. SHATZ, RAND CORPORATION, U.S. CONSUMER PREFERENCES FOR TELEPHONE AND INTERNET SERVICES, at ix (2016). The estimated percentage of wireless-only households rapidly increased between 2016 and 2022, such that by the end of 2022, over seventy percent of adults are estimated to reside in wireless-only households. STEPHEN J. BLUMBERG AND JULIAN V. LAKE, NATIONAL CENTER FOR HEALTH STATISTICS, WIRELESS SUBSTITUTION: EARLY RELEASE OF ESTIMATES FROM THE NATIONAL HEALTH INTERVIEW SURVEY, JANUARY-JUNE 2022, at 1 (2022). If I determined that residentially utilized cellular phones did not merit TCPA protection, that would place consumer protection laws on hold for a significant majority of Americans and lead to a result that is at odds with logic, the decisions of most district courts that have addressed this issue,[2] the stated position of the FCC, and the intent of Congress. SolidQuote's co-defendant was willing to concede this matter (*see* D. 27), but SolidQuote insisted on litigating this issue. The Court firmly disagrees with SolidQuote and holds that a cellular phone, provided adequate facts are established, can and should be considered residential.

*2. Plaintiff sufficiently alleges residential use.*

[7]  SolidQuote also argues that Plaintiff fails to state a claim because her assertion **\*1058** that she uses her cellular telephone for primarily residential purposes is conclusory. But I find that Plaintiff's statement that she "used the aforementioned cell phone primarily for residential purposes, such as talking with friends and family" (D. 8 at 5) contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). At this juncture in the litigation, Plaintiff has done enough. To the extent that SolidQuote wishes to further challenge the factual underpinning of this allegation, that is more appropriately addressed in a motion for summary judgment or at trial.

#### B. Agency/Vicarious Liability

[8]  SolidQuote's argument that the claim against it should be dismissed because SolidQuote made no call(s) and Plaintiff failed to adequately establish agency or vicarious liability is also unavailing. The FCC has repeatedly acknowledged

that vicarious liability is viable under the TCPA. The FCC is expressly afforded authority to "prescribe regulations to implement the requirements" of the TCPA. 47 U.S.C. § 227(b)(2). In 1995, the FCC stated that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call." *In re Rules and Regulations Implementing the TCPA of 1991,* 10 FCC Rcd. 12391, 12397 (1995). Consistent with this statement, the FCC later explained that vicarious liability may be imposed "under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In re Joint Petition Filed by Dish Network, LLC,* 28 FCC Rcd. 6574, 6574 (2013). As Congress has not directly addressed this issue and because the FCC's interpretation was included in a fully adjudicated declaratory ruling, its interpretation must be afforded *Chevron* deference. *Metrophones Telecomms., Inc. v. Global Crossing Telecomms., Inc.,* 423 F.3d 1056, 1065 (9th Cir. 2005) (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.,* 545 U.S. 967, 980–85, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005)).

[9] [10] To properly plead vicarious liability, Plaintiff must allege an agency relationship—of which there are two types. First, an agent can have actual authority, which exists if an agent "reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *1-800 Contacts, Inc. v. Lens.com, Inc.,* 722 F.3d 1229, 1251 (10th Cir. 2013) (quoting Restatement (Third) of Agency § 2.01). Second, an agent may act with apparent authority, which is "the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement (Third) Of Agency § 2.03. Alternatively, it is also possible to invoke a ratification theory of vicarious liability. "Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Id.* § 4.01. An act is ratifiable "if the actor acted or purported to act as an agent on the person's behalf." *Id.* § 4.03. Therefore, "[w]hen an actor is not an agent and does not purport to be one," the doctrine of ratification does not apply. *Id.* § 4.03 cmt. b.

[11] [12] Plaintiff has alleged facts implicating actual authority, apparent authority, and ratification. Among other assertions in this regard, Plaintiff states that **\*1059** she stayed on the line on several calls and was told "the party on the line was SolidQuotes" (D. 8 at 6). Plaintiff asserts that while DMS made the actual calls, the calls were "made at the direction and on behalf of SolidQuote" (*id.*). Plaintiff further asserts that "SolidQuote had the ability to direct and control DMS" (*id.* at 9) and that SolidQuote "hired, encouraged, permitted, and enjoyed the benefits of mass telemarketing by DMS" (*id.*). Agency is "typically a factual issue, with the plaintiff at the pleading stage only required to allege a factual basis that gives rise to an inference of an agency relationship through the use of generalized as opposed to evidentiary facts." *Mauer v. Am. Intercontinental Univ., Inc.*, No. 16 C 1473, 2016 WL 4651395, at * 2 (N.D. Ill. Sept. 7, 2016); *see also Nat'l Football Scouting Inc. v. Cont'l Assur. Co.*, 931 F.2d 646, 649 (10th Cir. 1991) ("The question of agency, be it on the basis of actual authority or apparent authority, is ordinarily a question of fact."). At this early stage of the proceedings, given the information asymmetry inherent in this type of action, I find that Plaintiff has adequately pleaded agency and that it is unnecessary for Plaintiff to settle on an exact agency theory as, until discovery is complete, it would be almost impossible for her to know this information.

### C. Class Definition

[13] [14] SolidQuote's final challenge to Plaintiff's claim is that the class definition is overbroad and should be struck. Class certification decisions are "necessarily case-specific [and] district courts possess significant latitude in deciding whether or not to certify a class." *In re Samsung Top-Load Washing Mach. Mktg. Litig.*, 997 F.3d 1077, 1086–87 (10th Cir. 2021). SolidQuote focuses its overbreadth argument on the language "**the person's telephone number was registered** on the National Do-Not-Call-Registry" (D. 8 at 9) (**emphasis** mine). A district court may strike a proposed class if the class would be overbroad. *See Edwards v. Zenimax Media Inc.*, No. 12-CV-00411-WYD-KLM, 2012 WL 4378219, at *5 (D. Colo. Sept. 25, 2012) (indicating that a district court may exercise its discretion to deny certification if the proposed class would be unmanageable or cumbersome).

[15] But that is not quite the twist that SolidQuote places on this issue. SolidQuote's concern is that the proposed "class definition asks this Court to improperly expand this case beyond the statutory scope" (D. 26 at 14) as a statutory violation requires a residential subscriber "[to have] registered his or her number on the national do-not-call registry," 47 C.F.R. § 64.1200(c)(2). In contrast, Plaintiff's proposed class would include any person whose number "was registered," without regard to who did the registering (D. 8 at 9). This issue is easily remedied. The Court modifies

subdivision (1) of the proposed class definition to instead state "the person's telephone number was registered by the person on the National Do-Not-Call Registry 30 or more days." Rather than strike the offending pleading and require amendment, I exercise my discretion to slightly amend the proposed definition—which is far more efficient and in keeping with the spirit of Federal Rule of Procedure 1 than another round of briefing on this issue (which would ultimately result in the same slight amendment). To be clear, this alteration will not prohibit dissemination of the proposed class information to all such qualifying numbers registered on the do-not-call list, but will require opt-in plaintiffs to certify they registered their own number(s).

## IV. CONCLUSION

Accordingly, the motion to dismiss is DENIED in part and GRANTED in miniscule **\*1060** part in that the proposed class definition is slightly modified.

**All Citations**

702 F.Supp.3d 1052

---

## Footnotes

1     The parties refer to "SolidQuote" alternatively as "Solidquotes" at various points in their pleadings and briefing. For purposes of consistency, the Court will refer to this Defendant as "SolidQuote."

2     *See, e.g.*, *Mestas v. CHW Grp. Inc.*, 508 F. Supp. 3d 1011, 1028 (D.N.M. 2020); *Escano v. RCI LLC*, No. CV 22-360 DHU/GJF, 2022 WL 17251273, at \*14 (D.N.M. Nov. 28, 2022), *report and recommendation adopted*, 2023 WL 34525 (D.N.M. Jan. 4, 2023); *Cunningham v. Technologic USA, Inc.*, No. 19-CV-00231-F, 2020 WL 10356245, at \*5 (D. Wyo. June 17, 2020); *Tyner v. Hi.Q, Inc.*, No. CIV-21-608-F, 2022 WL 17490500 (W.D. Okla. Dec. 7, 2022); *Braver v. NorthStar Alarm Servs., LLC*, No. CIV-17-0383-F, 2019 WL 3208651 (W.D. Okla. July 16, 2019); *Atkinson v. Choice Home Warranty*, No. CV 22-04464, 2023 WL 166168, at \*4 (D.N.J. Jan. 11, 2023); *Champion v. Credit Pros Int'l Corp.*, No. 21-10814 (JXN) (JBC), 2023 WL 3452354, at \*3 n.4 (D.N.J. May 15, 2023); *Blalack v. RentBeforeOwning.com*, No. CV21-09048-JAK, 2022 WL 7320045, at \*2–4 (C.D. Cal. Oct. 11, 2022); *Ewing v. CSOLAR*, No. 22-CV-0720-WQH, 2022 WL 4449326, at \*3–4 (S.D. Cal. Sept. 22, 2022); *Noviello v. Holloway Funding Grp.*, No. 3:22-CV-52-BN, 2023 WL 128395, at \*6 (N.D. Tex. Jan. 9, 2023); *Spurlark v. Dimension Serv. Corp.*, No. 2:21-CV-3803, 2022 WL 2528098, at \*4 (S.D. Ohio July 7, 2022); *Gill v. Align Tech. Inc.*, No. 21-CV-631-JPS-JPS, 2022 WL 1540016, at \*3 (E.D. Wis. May 16, 2022); *Miholich v. Senior Life Ins. Co.*, No. 21-CV-1123-WQH-AGS, 2022 WL 1505865, at \*3–4 (S.D. Cal. May 12, 2022); *Rose v. New TSI Holdings, Inc.*, No. 21-CV-5519 (JPO), 2022 WL 912967, at \*2 (S.D.N.Y. Mar. 28, 2022); *Mantha v. QuoteWizard.com, LLC*, No. CV 19-12235-LTS, 2022 WL 325722, at \*4 (D. Mass. Feb. 3, 2022); *McDermet v. DirecTV, LLC*, No. CV 19-11322-FDS, 2021 WL 217336, at \*12 (D. Mass. Jan. 21, 2021); *Strange v. ABC Co.*, No. CV 19-1361, 2021 WL 798870, at \*4 (W.D. La. Mar. 1, 2021); *Valdes v. Century 21 Real Est., LLC*, No. CV 2:19-05411, 2019 WL 5388162, at \*3 (D.N.J. Oct. 22, 2019); *Hodgin v. Parker Waichman LLP*, No. 3:14-CV-733-DJH, 2015 WL 13022289, at \*3 (W.D. Ky. Sept. 30, 2015); *Clemons v. Bradford O'Neil Agency, LLC*, No. 4:21-CV-00678-SRC, 2021 WL 6062491, at \*3 (E.D. Mo. Dec. 22, 2021). At least one circuit court has also concluded that TCPA's no-call protections can extend to cell-phone users. *See, e.g.*, *Chennette v. Porch.com, Inc.*, 50 F. 4th 1217, 1223–26 (9th Cir. 2022) (holding that, at the motion to dismiss stage, plaintiffs' cell phones were presumptively residential for TCPA purposes); *accord Murray v. Grocery Delivery E-Servs. USA Inc.*, 55 F.4th 340, 348 (1st Cir. 2022) (concluding that it would not be "an abuse of discretion to find that cell phone users and landline users could be adequately represented by the same representatives and counsel" because the defendant's "argument that cell phone users are not 'residential telephone subscribers' runs headlong into the FCC's express statements to the contrary").

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.