# **EXHIBIT H**

1999 WL 179358
United States District Court, S.D. New York.

PFT OF AMERICA, INC., on behalf of itself
and all others similarly situated, Plaintiffs,
v.
TRADEWELL, INC., Defendant.

No. 98 CIV. 6413(RPP).
|
March 31, 1999.

**Attorneys and Law Firms**

Ateshoglou, Kavourias & Chrysanthem, P.C., New York, By [Nicholas P. Chrysanthem, Esq.](), Counsel for Plaintiff.

Blank Rome Comisky & McCauley LLP, Philadelphia, PA, By James T. Smith, Esq., Counsel for Defendant.

OPINION AND ORDER

[PATTERSON](), D.J.

*1 Defendant Tradewell, Inc. ("Tradewell") moves to strike plaintiff the class action allegations of PFT of America ("PFT") as insufficient under [Rule 23 of the Federal Rules of Civil Procedure](), and to dismiss each of the four causes of action in PFT's complaint pursuant to [Rule 12(b)(6) of the Federal Rules of Civil Procedure]() for failure to state a claim upon which relief can be granted. For the reasons that follow, the Court grants defendant's motion to strike the class action allegations and to dismiss the claims alleging common law fraud and violation of the Arizona RICO statute. The Court denies, however, defendant's motion to dismiss the breach of contract and conversion claims.

BACKGROUND

Tradewell is a New York corporation engaged in the business of providing barter services that permit companies to exchange their excess inventories for trade credits that reduce the cash cost of certain business expenditures, including radio, television and print advertising and travel accommodations obtained through Tradewell.

On or about April 30, 1997, Tradewell and PFT, an Arizona corporation, entered into a written agreement pursuant to which Tradewell purchased certain construction equipment from PFT and, in exchange, Tradewell provided PFT with $253,921.75 in trade credits (Compl.Ex. 5). PFT alleges it was induced to enter into the agreement by defendant's representations about cash savings available through Tradewell in advertisements (Compl.Exs.1–2), a letter (Compl.Ex. 3), and oral representations (Compl.¶ 3).

After signing the agreement, PFT sought to use its trade credits for hotels (*id.* ¶¶ 16–17), computer equipment (*id.* ¶¶ 18–19), the printing of company brochures (*id.* ¶¶ 20–21), T-shirts (*id.* ¶ 22) and trade magazine advertising (*id.* ¶¶ 23–24), but was unable to use Tradewell's trade credits at any cost savings.

Rather than simply suing for recission or breach of contract, plaintiff brings this action as a class action pursuant to [Rule 23(b)(3)]() on behalf of itself and "all other persons and entities similarly situated and wherever located with whom defendant entered into an agreement to purchase inventory or equipment in exchange for Tradewell's trade credits (the 'Damages Class')" (*id.* ¶ 26). The exact size of the Damages Class is unknown but is estimated to have not fewer than 2,000 members, and plaintiff claims this class is so numerous that the joinder of individual numbers is impracticable (*id.* ¶ 27).

The complaint sets forth four causes of action: breach of contract, violation of the Arizona RICO statute, common law fraud, and conversion/unjust enrichment.

DISCUSSION

I. *Motion to Strike the Class Action Allegations*
In its motion papers, plaintiff does not contradict defendant's assertions that plaintiff's complaint fails to identify a single member of the purported class other than itself and that plaintiff has failed to conduct an investigation to determine if there are other class members before filing this action (Defendant's Memorandum of Points and Authorities ("Def.'s Mem. in Supp.") at 23). Although Exhibit 2 to the complaint identifies a number of major companies with whom Tradewell has engaged in barter arrangements, plaintiff cites no facts from which it can be determined that there is any basis other than speculation as to whether there are other members of the class.

Case 3:24-cv-01866-JKM    Document 30-8    Filed 01/21/25    Page 3 of 4
PFT of America, Inc. v. Tradewell, Inc., Not Reported in F.Supp.2d (1999)
RICO Bus.Disp.Guide 9687

**\*2** The only conclusion to be drawn is that the class action representations in the complaint are speculation and were not "formed after an inquiry reasonable under the circumstances," in violation of Rule 11(b) of the Federal Rules of Civil Procedure. If pleadings can be based on speculation and presented without reasonable inquiry, every complaint sounding in contract or commercial fraud could include Rule 23 class action allegations. Accordingly, defendant's motion to strike the class action allegations is granted. 2 Herbert Newberg & Alba Conte, Newberg on Class Actions § 6.20, at 6–82 (3d ed.1992) (noting that "[t]he plaintiff's allegations must indicate sufficiently that the adjudication of his or her claim will necessarily involve one or more common questions concerning persons similarly situated," and that class action pleadings "should not be merely conclusory").

II. *Motions to Dismiss for Failure to State a Claim*
Defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) is granted in part and dismissed in part. Motions to dismiss may only be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claims which would entitle [it] to relief." *See Conley v. Gibson,* 355 U.S. 41, 45–46 (1957); *see also Branham v. Meachum,* 77 F.3d 626, 628 (2d Cir.1996). When passing on a motion to dismiss, the court must accept the allegations in the complaint as true and construe them in favor of the pleader. *See Cruz v. Beto,* 405 U.S. 319, 322 (1972) (per curiam); *Branham,* 77 F.3d at 628.

Plaintiff's first claim, based on the Arizona RICO statute, is dismissed. The complaint's allegations relating to PFT constitute a single predicate act of fraud alleged with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure (Compl.¶¶ 39–44). Those allegations relate to a single loss by plaintiff, namely, the loss of the value of the construction equipment transferred to defendant pursuant to the agreement between the parties. The complaint's allegations as to other predicate acts merely state:

> Upon information and belief, Defendant engaged in a pattern of unlawful activity by unlawfully purchasing inventory and equipment in exchange for worthless trade credits, hundreds, if not thousands of times over the past several years. These acts were related to each other and were continuous.

(Compl.¶ 45).

This allegation does not plead fraud with the particularity required by Rule 9(b), and thus does not constitute the pleading of other predicate acts. Accordingly, the complaint does not sufficiently plead two predicate acts which satisfy the definition of a "pattern of racketeering activity" or which pose a threat of continuing criminal activity. Ariz.Rev.Stat. § 13–2314.04(S)(3); [1] *see also GICC Capital Corp. v. Technology Fin. Group, Inc.,* 67 F.3d 463, 465 (2d Cir.1995) (construing federal RICO statute), *cert. denied,* 518 U.S. 1017 (1996). The Arizona RICO claim is dismissed.

**\*3** Rule 9(b) of the Federal Rules of Civil Procedure also applies to plaintiff's second cause of action, which sounds under common law fraud. Under both New York and Arizona law, one of the elements of fraud is plaintiff's reasonable reliance or plaintiff's right to rely on defendant's misrepresentation. *See Marcus v. AT & T Corp.,* 138 F.3d 46, 63 (2d Cir.1998); *Nielson v. Flashberg,* 419 P.2d 514, 518 (Ariz.1966). When the parties enter into a written agreement, generally neither party has a right to claim fraud based on representations about the terms of the agreement made prior to the agreement. *See Chase v. Columbia Nat'l Corp.,* 832 F.Supp. 654, 660 (S.D.N.Y.1993); *Lininger v. Sonenblick,* 532 P.2d 538, 540 (Ariz.Ct.App.1975); *Apolito v. Johnson,* 414 P.2d 442, 443 (Ariz.Ct.App.1966). The parties are expected, instead, to rely on the terms of the agreement itself. As summarized by the Second Circuit in *Bridgestone of Firestone, Inc. v. Recovery Credit Services, Inc.,* a fraud action is not sufficiently distinct from a breach of contract action unless it arises from "a legal duty separate from the duty to perform under the contract," or from "a misrepresentation collateral or extraneous to the contract." 98 F.3d 13, 20 (2d Cir.1996). A similar rule pertains in Arizona: "In order to form a basis for rescission, the misrepresentations must be as to some collateral matter and not mere contradictions of the provisions of the contract expressed in clear, unambiguous language." *Apolito,* 414 P.2d at 443.

PFT, in its responsive brief, states that its claim for fraud is based upon the following representations by Tradewell:

1. That Tradewell would arrange advertising for PFT in magazines *of PFT's choice.*

2. That Tradewell *would match* the prices obtained by PFT on media, printing, hotels and other products and services.

3. That Tradewell *would beat* PFT's current pricing on printing.

(PFT's Response to Tradewell's Motions ("PFT's Resp.") at 32.)

The agreement between the parties pertains to Tradewell's performance in each of these three areas and sets forth its obligations in these areas (Compl. Ex. 5 ¶ 5(a)-(d) and Ex. B at pp. 1–2 attached thereto).

The allegedly fraudulent representations of defendant are related to the services plaintiff expected under the contract and therefore do not relate to a legal duty separate from the duty to perform under the contract and are not representations extraneous or collateral to the contract. Accordingly, the common law fraud claim is dismissed.

Defendant's motion to dismiss plaintiff's breach of contract claims and conversion claims is denied. However, to the extent that plaintiff seeks to state a separate claim of unjust enrichment, distinct from the conversion claim, such claim is dismissed. *See Sutter Home Winery, Inc. v. Vintage Selections, Ltd.,* 971 F.2d 401, 408–09 (9th Cir.1992) (under Arizona law, a plaintiff cannot recover on its claim of unjust enrichment when relationship between plaintiff and defendant was governed by valid express contract); *Allard v. Arthur Anderson & Co. (USA),* 924 F.Supp. 488, 495–96 (S.D.N.Y.1996) (same).

**\*4** Plaintiff may move to file an amended complaint within 30 days of the filing of this opinion and order.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 1999 WL 179358, RICO Bus.Disp.Guide 9687

---

**Footnotes**

| | |
|---|---|
| 1 | The Arizona RICO statute provides that a "pattern of racketeering activity" can also be demonstrated by a single act of racketeering if it is an act of a particular type, but no such acts are alleged in this action. Ariz.Rev.Stat. § 13–2314.04(S)(3). |