# **EXHIBIT M**

# **EXHIBIT M**

2004 WL 2377142
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.

W.R., individually and on behalf of her minor son, Joseph R.; Susan K.; M.O., individually and on behalf of her son, Omar S., Plaintiffs,
v.
CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES, and Christine Regalia, in her official capacity as Commissioner of the Connecticut Department of Children and Families, Defendants.

No. 3:02CV429 (RNC).
|
Sept. 30, 2004.

**Attorneys and Law Firms**

Bet Gailor, Anne Louise Blanchard, Douglas M. Crockett, Connecticut Legal Services, Willimantic, CT, Lori Welch–Rubin, Engelman & Welch–Rubin, New Haven, CT, for Plaintiffs.

Susan T. Pearlman, Hartford, CT, for Defendants.

Victoria L. Veltri, Greater Hartford Legal Aid, Hartford, CT, for Movant.

*RULING AND ORDER ON MOTION FOR CLASS CERTIFICATION*

CHATIGNY, J.

**\*1** Plaintiffs bring this action against the Connecticut Department of Children and Families ("DCF") under the Americans with Disabilities Act, 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and state law, challenging DCF's failure to provide to children and young adults in its care or custody who have mental illness, access to a community-based residential placement, in other words, a small group home under the 24–hour care and supervision of competent professionals. Plaintiffs have moved for class certification. Defendants have objected on numerous grounds. For the reasons stated below, the motion is denied without prejudice.

To obtain class certification, plaintiffs must show that the class satisfies the four requirements of Rule 23(a) and one of the requirements of Rule 23(b). Rule 23(a) provides that a class may be certified "only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Plaintiffs seek to maintain a class action pursuant to Rule 23(b)(2), which requires an additional showing that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

Class certification may prove to be appropriate in this case, but I am not persuaded that the present motion should be granted. In their memorandum in support of class certification, plaintiffs initially defined the class as "severely mentally-ill children whose needs cannot be met in foster homes or institutions and who are in desperate need of community-based placements from DCF." At oral argument, however, they requested certification of a seemingly much broader, less well-defined class consisting of "children and young adults in the care or custody of DCF who have mental illness and who require out of home placement in order to meet their treatment needs." Defendants have objected with some force that this new definition is vague and would lead to confusion.

Plaintiffs may be able to clarify their new definition and show that it is workable. Or they may wish to propose a better alternative. Until they do one or the other, I cannot reliably determine whether the prerequisites to class certification are or are not satisfied.

Accordingly, the motion is hereby denied without prejudices. ordered.

**All Citations**

Not Reported in F.Supp.2d, 2004 WL 2377142