# **EXHIBIT N**

**Wisdom v. Easton Diamond Sports, LLC, Not Reported in Fed. Supp. (2019)**

Case 3:24-cv-01866-JKM    Document 30-14    Filed 01/21/25    Page 2 of 7

🚩 KeyCite Red Flag - Severe Negative Treatment
Vacated and Remanded by [Wisdom v. Easton Diamond Sports, LLC,](about:blank) 9th Cir.(Cal.), October 8, 2020

2019 WL 580670
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Ricky WISDOM, Plaintiff,
v.
EASTON DIAMOND SPORTS, LLC, Defendant.

CV 18-4078 DSF (SSx)
|
Signed 02/11/2019

**Attorneys and Law Firms**

[Bradley K. King](about:blank), [Robert Ahdoot](about:blank), [Theodore W. Maya](about:blank), Ahdoot and Wolfson APC, Los Angeles, CA, [Jad Sheikali](about:blank), [Paul T. Geske](about:blank), Pro Hac Vice, McGuire Law PC, Chicago, IL, for Plaintiff.

[Thomas Borncamp](about:blank), [Catherine L. Carlisle](about:blank), Yukevich Cavanaugh, Los Angeles, CA, for Defendant.

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Plaintiff's Second Amended Class Action Complaint (Dkt. 43)

[Dale S. Fischer](about:blank), United States District Judge

**\*1** Defendant Easton Diamond Sports, LLC (Defendant or EDS), moves to dismiss Plaintiff Ricky Wisdom's Second Amended Class Action Complaint (SAC) pursuant to [Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7)](about:blank). Dkt. 43 (Mot.). The Court deems this matter appropriate for decision without oral argument. See [Fed. R. Civ. P. 78](about:blank); Local Rule 7-15.

**I. BACKGROUND**

EDS, a Delaware limited liability company headquartered in Thousand Oaks, California, is one of the leading manufacturers, sellers, and distributors of baseball and softball equipment and accessories, including the bats at issue in this suit. Dkt. 41 (SAC), ¶¶ 10-12.

Defendant's two predecessor entities, Easton Baseball / Softball, Inc. (EBSI) and Easton Baseball / Softball Corp. (EBSC) filed U.S. and Canadian insolvency proceedings, respectively, in October 2016. Dkt. 43-4 (Gasowski Decl.) ¶ 7. Defendant acquired the assets of EBSI, EBSC, and other affiliates through a sale approved by each of the insolvency courts (the EBS Asset Sale). Id. The orders approving the EBS Asset Sale provided that Defendant acquired the assets free and clear of all claims and liabilities arising before or after the commencement of the insolvency proceedings. Id. ¶ 8, Exs. B-C.

Plaintiff purchased a new Easton S750C bat for his son, who plays youth baseball. SAC ¶ 37. Plaintiff is an Alabama resident. Id. ¶ 9. Plaintiff purchased the bat from a sporting goods store in Florence, Alabama. Id. ¶ 37. Before the purchase, Plaintiff reviewed the bat's label and relied on EDS's representations concerning the weight of the bat. Id. ¶ 40.

When Plaintiff purchased the bat, it featured a label stating the bat's weight was 22 ounces, and that its length was 32 inches. Id. ¶ 39.[1] The bat actually weighs more than 23 ounces. Id. ¶ 40. Because the bat is too heavy, Plaintiff's son cannot use the bat in training or to play in certain baseball leagues or tournaments as intended. Id. ¶ 42. Plaintiff would like to purchase Easton bats for his son in the future if in fact the bats were accurately labeled, and he regularly shops in sporting goods stores to browse and purchase the latest bats, including Easton bats. Id. ¶¶ 45-46. But Plaintiff is currently unable to do so because of Defendant's inaccurate labeling. Id.

**II. DISCUSSION**

**A. Article III Standing**
Defendant moves to dismiss the complaint for lack of Article III standing under Federal [Rule 12(b)(1)](about:blank). See [Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011)](about:blank). The Court granted Defendant's previous facial challenge to Plaintiff's Article III standing on Plaintiff's claims for injunctive relief, and denied Defendant's motion on Plaintiff's remaining claims. Dkt. 40 at 3-5.

Defendant now brings a factual challenge under [Rule 12(b)(1)](about:blank). "In support of a motion to dismiss under [Rule 12(b)(1)](about:blank), the moving party may submit 'affidavits or any other evidence properly before the court .... It then becomes necessary for

the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.' " Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009) (alteration in original) (quoting St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) ).

### 1. Article III Standing: Monetary Damages

**\*2** For Plaintiff to have Article III standing, he must demonstrate an (i) injury-in-fact, (ii) that is causally connected to the Defendant, and (iii) likely to be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Each of these elements "must be supported in the same way as any other matter on which plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." Id. at 561.

To qualify as an injury-in-fact, an alleged harm must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Maya, 658 F.3d at 1069 (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 180 (2000) ). A consumer's economic injuries sustained from purchasing a product with inaccurate labeling can be a sufficient injury-in-fact. Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 965-66 (9th Cir. 2018), cert. denied, ––– S. Ct. ––––, 2018 WL 4350853.

In the Court's previous order, it found Plaintiff's allegations that the bat he purchased was incorrectly labeled and that Plaintiff purchased the bat in reasonable reliance on the bat's labeled weight, were sufficient to confer Article III standing. See Dkt. 40 at 4.

Defendant now challenges Plaintiff's standing by offering testimony from Plaintiff's deposition, which it argues demonstrates Plaintiff has not suffered a sufficiently concrete injury. Defendant first points to Plaintiff's testimony that he is unsure of the bat's exact weight. Mot. at 14 (citing Dkt. 43-3, Carlisle Decl., Ex. A (Wisdom Decl.), 35:25-39:15). Plaintiff's testimony describes his attempts to weigh the bat with a postal scale, and his findings that the bat was between 1.7 and 4 ounces overweight. Id. Despite the variance in Plaintiff's measurements, this testimony does not demonstrate that the bat's label was accurate.

As to Plaintiff's reliance on the label, Defendant points to Plaintiff's testimony that there were multiple criteria on which he chose the bat, as well as to Plaintiff's testimony that he relies on the "drop" when purchasing a bat. Mot. at 14; Carlisle Decl., Ex. A (Wisdom Decl.), 69:20-72:13. Because the "drop" is the length of the bat in inches minus its weight in ounces, Plaintiff's statement that he relied on the drop is equivalent to saying he relied on the bat's labeled length and weight. And evidence that Plaintiff relied on other factors does not negate the fact that Plaintiff did rely on the labeled weight. Defendant has not presented evidence demonstrating that Plaintiff did not rely on the labeled weight.

Defendant's proffered evidence does not demonstrate either that the bat was correctly labeled or that Plaintiff did not reasonably rely on the bat's labeled weight in purchasing the bat. The Court therefore finds no reason to alter its previous conclusion. Plaintiff alleges a sufficiently concrete economic injury to confer Article III standing.

As the Court found in its previous order, there is a sufficient causal connection between Plaintiff's injury and Defendant's conduct, and Plaintiff's alleged injuries are redressable by a decision in his favor. Dkt. 40, at 4. Plaintiff has established Article III standing to bring claims for monetary damages.

### 2. Article III Standing: Injunctive Relief

Defendant also argues Plaintiff lacks Article III standing to seek injunctive relief. As in its previous order, the Court looks to guidance from Davidson. Davidson, 889 F.3d at 966; Dkt. 40 at 4-5. There, plaintiff claimed defendant's "flushable" wipes were not "flushable"; she "regularly visits stores ... where [defendants'] 'flushable' wipes are sold"; but she had "no way of determining whether the representation 'flushable' is in fact true." Davidson, 889 F.3d at 970-71. Noting it was a "close question," the Ninth Circuit held Davidson had adequately alleged an "imminent or actual threat of future harm" from defendant's alleged misrepresentations, establishing Article III standing for injunctive relief. Id. at 971-72.

**\*3** Plaintiff alleges that he "regularly visits sporting goods stores where Easton bats are sold in order to browse and purchase the latest bat models ...." SAC ¶ 45. Further, Plaintiff alleges he "has and often does purchase new bats ... in anticipation of the start of an upcoming baseball season." Id. More specifically, he alleges: "Despite being misled by Defendant's labeling, Plaintiff wishes to purchase Easton bats in the future if the bats were accurately labeled." Id. ¶ 46.

Plaintiff's allegations are sufficient to confer Article III standing for injunctive relief under Davidson. See Davidson,

Case 3:24-cv-01866-JKM   Document 30-14   Filed 01/21/25   Page 4 of 7

**Wisdom v. Easton Diamond Sports, LLC, Not Reported in Fed. Supp. (2019)**

889 F.3d at 969-70 ("In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's ... labeling in the future, and so will not purchase the product although she would like to.").

Defendant also argues extrinsic evidence demonstrates Plaintiff lacks standing for injunctive relief. In an unpublished opinion decided after Davidson, the Ninth Circuit found a plaintiff lacked standing where she had indicated in her deposition that she would not purchase the product in question again, even if the misleading labels were removed. Lanovaz v. Twinings N. Am., Inc., 726 Fed. App'x 590, 591 (9th Cir. 2018).

Defendant fails to offer evidence that challenges Plaintiff's allegation that he has and often does purchase new bats (including Easton bats) in anticipation of the start of an upcoming baseball season. Plaintiff has established Article III standing to bring claims for injunctive relief.

### B. Whether EBSI and EBSC are Indispensable Parties

Defendant next moves to dismiss the SAC pursuant to Federal Rule 12(b)(7) because its predecessor entities—EBSI and EBSC—are indispensable parties. In its previous order, the Court denied Defendant's Rule 12(b)(7) motion to join the same two parties, as well as Defendant's request to stay the proceedings. Dkt. 40 at 7.

Defendant raises the same arguments here. As with the FAC, all six causes of action in the SAC concern conduct occurring after the EBS Asset Sale, and the SAC strictly limits its claims to alleged tortious behavior by Defendant. The Court finds no reason to reconsider its previous ruling.

Defendant's Rule 12(b)(7) motion is DENIED. Defendant's request to stay the proceedings is DENIED.

### C. Adequacy of Pleadings

#### 1. Legal Standard

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (quoting Twombly, 550 U.S. at 557) (alteration in original) (citation omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively ... and factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

\*4 Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2) ).

#### 2. Plaintiff's Breach of Express and Implied Warranty Claims (Third and Fourth Causes of Action)

The parties continue to disagree as to whether California or Alabama law applies to Plaintiff's Third and Fourth Causes of Action. Defendant argues that Alabama law should apply under California's choice-of-law provision. Mot. at 24 n.8. Plaintiff asserts that California law applies. Opp'n at 17.

The Court has diversity jurisdiction, so it must apply federal procedural law and the substantive law of the forum state, including the choice-of-law rules of that state. See Patton v. Cox, 276 F.3d 493, 495 (9th Cir. 2002) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941) ). Where, as here, California's "governmental interest analysis" applies, courts must initially analyze whether there is a "material difference" between the laws of the competing states on the basis of the facts presented." Pokorny v. Quixtar, Inc., 601 F.3d 987, 995 (9th Cir. 2010). The Court need not resolve this dispute as the result is the same no matter which state's law is applied.

Case 3:24-cv-01866-JKM   Document 30-14   Filed 01/21/25   Page 5 of 7

Wisdom v. Easton Diamond Sports, LLC, Not Reported in Fed. Supp. (2019)

### a. Breach of Express Warranty

Plaintiff fails to state a claim for breach of express warranty whether the Court applies California or Alabama law.

Alabama law on breach of express warranty requires that pre-suit notice be given to the seller of goods regarding the allegedly defective item. [2] Plaintiff has still not pleaded that he provided such notice and has failed to state a claim under Alabama law.

Plaintiff has also not sufficiently pleaded that Defendant's label constitutes an "express warranty" under California law. An "express warranty" is: "(1) a written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in utility or performance; or (2) in the event of any sample or model, that the whole of the goods conforms to such sample or model." Cal. Civ. Code. § 1791.2; see also Tipton v. Zimmer, No. CV 15-4171, 2016 WL 3452744, at *6 (C.D. Cal. June 23, 2016) ("A breach of express warranty requires that a plaintiff identify a specific and unequivocal written statement from the manufacturer that demonstrates a guarantee that the manufacture[r] failed to uphold.").

Plaintiff argues that the bat's size and weight labeling constitutes an express warranty as to the bat's performance; *i.e.*, the bat's label was an express warranty that a drop 10 bat would perform like a drop 10 bat. But such a promise does not constitute a specific and unequivocal promise to *preserve or maintain* the utility or performance of the bat. It is not an express warranty under California law.

**\*5** Defendant's motion to dismiss Plaintiff's Third Cause of Action is GRANTED. Because Plaintiff has already had three attempts to state a claim, the Court declines to grant leave to amend.

### b. Breach of Implied Warranty

Plaintiff fails to state a claim for breach of implied warranty whether the Court applies California or Alabama law.

Alabama law on breach of implied warranty requires that a plaintiff take reasonable steps to notify the defendant within a reasonable time that the product did not have the expected quality. See Jewell v. Seaboard Indus., Inc., 667 So. 2d 653, 660 (Ala. 1995) (holding that to properly plead a breach of implied warranty, a plaintiff must allege that he properly notified the seller of any breach within a reasonable time and the seller did not cure the defect). The SAC does not allege that Plaintiff took such steps.

Under California law, the warranty of merchantability provides "a minimum level of quality" and breach occurs only if the product "lacks 'even the most basic degree of fitness for ordinary use.' " Birdsong v. Apple, Inc., 590 F.3d 955, 958 (9th Cir. 2009) (quoting Mocek v. Alfa Leisure, Inc., 114 Cal. App. 4th 402, 406 (2003) ). Plaintiff's conclusory allegations and allegations about the particular intended use of this particular bat by his son do not create a plausible inference that the bats lacked fitness for ordinary use, or that the bats were fundamentally flawed. [3] And allegations that the bat's weight was mislabeled are, by themselves, not sufficient under California law.

Defendant's motion to dismiss Plaintiff's Fourth Cause of Action is GRANTED. Because Plaintiff has already had three attempts to state a claim, the Court declines to grant leave to amend.

### 3. Plaintiff's Magnuson-Moss Claims (Sixth Cause of Action)

Because Plaintiff has failed to sufficiently plead a claim for relief for its warranty claims under state law, its corresponding Magnuson-Moss claims also fail. Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 & n.3 (9th Cir. 2008) (holding that where Magnuson-Moss claims hinge on state-law implied and express warranty claims, the claims stand or fall with the state-law claims).

Plaintiff also failed to plead a sufficient independent claim for relief under the Act. Plaintiff concedes the representation as to the weight of the bat does not qualify as an express warranty under the Act. Opp'n at 22 n.6. Absent a valid pleading of state-law warranty claims, Plaintiff has not plausibly stated a claim to relief under the Magnuson-Moss Act.

Defendant's motion to dismiss Plaintiff's Sixth Cause of Action is GRANTED. Because Plaintiff has already had three attempts to state a claim and has asserted it only to preserve the issue on appeal, the Court declines to grant leave to amend.

Wisdom v. Easton Diamond Sports, LLC, Not Reported in Fed. Supp. (2019)

Case 3:24-cv-01866-JKM    Document 30-14    Filed 01/21/25    Page 6 of 7

#### 4. Plaintiff's Remaining Claims

The Court finds no reason to reconsider its previous ruling as to Plaintiff's remaining claims. Defendant's motion is DENIED as to the remaining claims.

### D. Plaintiff's Class Claims

A complaint must plead "the existence of a group of putative class members whose claims are susceptible of resolution on a classwide basis." Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 59 (1st Cir. 2013) (citing Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011) ). Such claims must depend on a common contention of fact that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Dukes, 564 U.S. at 350. If it is obvious that the proceeding cannot move forward on a classwide basis, then a district court may strike class allegations under Federal Rule of Civil Procedure 12(f). See, e.g., Manning, 725 F.3d at 59 (citing Pilgrim v. Universal Health Card, LLC, 660 F.3d 943, 949 (6th Cir. 2011) ).

**\*6** Plaintiff proposes a class consisting of:

> [A]ll persons in the United States who, between February 28, 2017 and the present, purchased any model(s) of Easton baseball bat(s) from Easton or a retailer, where such bats were purchased in new condition and were labeled as being a lighter weight than they actually were.

SAC ¶ 50. With only Counts One, Two, and Five remaining, it is apparent this proposed class definition is vague and overbroad.[4] Although Plaintiff purchased only one drop 10 Easton S750C bat, he nevertheless seeks to certify a class of purchasers of *all* Easton bats that were incorrectly labeled to understate their actual weight.[5]

In his Second Amended Complaint, Plaintiff lists various common questions that he argues predominate over the questions affecting individual members of the class. Id. ¶ 55. But his proposed common questions are simply whether Defendant is liable for each Cause of Action. To determine whether Defendant is liable to the entire proposed class, the trier of fact will be required to determine many factual questions not susceptible to common answers, for example, whether each model of bat (and each specific bat) purchased by each class member was overweight, whether each class member relied on the bat's label or weight when purchasing the bat, and whether each class member was injured by the alleged mislabeling.

For these reasons, it is obvious at this stage of the proceedings that classwide relief is not available. Accordingly, the Court STRIKES Plaintiff's class allegations under Rule 12(f).

### III. CONCLUSION

Defendant's motion to dismiss is GRANTED in PART and DENIED in PART. Defendant's motion to strike Plaintiff's class claims is GRANTED.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 580670

---

### Footnotes

1   Such a bat can be referred to as a "drop 10" bat, meaning that its length in inches (32) exceeded its weight in ounces (22) by 10. SAC ¶ 40.

2   The Supreme Court of Alabama holds that "to establish a breach of an express warranty, ... the plaintiff must show that 'the warranty failed of its essential purpose'; that either the dealer refused to repair or replace the

Wisdom v. Easton Diamond Sports, LLC, Not Reported in Fed. Supp. (2019)

Case 3:24-cv-01866-JKM    Document 30-14    Filed 01/21/25    Page 7 of 7

|   |   |
|---|---|
|   | malfunctioning component, or failed to do so 'within a reasonable time.' " Lipham v. Gen. Motors Corp., 665 So. 2d 190, 192 (Ala. 1995) (quoting Ag-Chem Equip. Co. v. Limestone Farmers Co-op., Inc., 567 So. 2d 250, 252 (Ala. 1990) ). |
| 3 | Although the Court does not consider Plaintiff's deposition testimony in connection with this ruling, at the very least the testimony appears to contradict this claim. |
| 4 | In addition, it appears Plaintiff may not be typical or adequate to represent the class, particularly given that he purchased only one Easton bat in a retail store, and purports to represent a class who purchased *any* Easton bat, of any model, online or in retail stores. It is premature, however to make that determination at this time. |
| 5 | In addition, there is no indication from this class definition that there must be some material or minimum difference in the labeled and actual weight for the difference to be material, and for a purchaser to be included in the class. |

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.