# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH FRIEL**, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>**LINE 5, LLC, HEADSTART WARRANTY GROUP LLC** and **JEA MANAGEMENT SERVICES d/b/a COVERED AUTO**,<br><br>    Defendants. | **CASE NO. 3:24-cv-01866-JKM**<br><br>**Judge: Hon. Julia K. Munley** |

## DEFENDANT JEA MANAGEMENT SERVICES BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant JEA Management Services d/b/a Covered Auto ("JEA") respectfully moves this Court to dismiss Plaintiff Joseph Friel's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure based upon the following:

## I.    <u>INTRODUCTION</u>

JEA respectfully requests dismissal of Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6). Plaintiff's putative class action, which alleges violations of the Telephone Consumer Protection Act ("TCPA"), fails because it relies solely on conclusory assertions lacking factual support. The Complaint's core deficiency is its failure to plead any factual basis for holding JEA responsible for the calls, whether directly or vicariously liable. Second, Plaintiff's Do Not Call Registry claim independently fails because he does not allege that he personally registered his telephone number on the Registry, a fundamental requirement for bringing such a claim.

Simply put, Plaintiff's Complaint offers nothing more than labels, conclusions, and a formulaic recitation of the TCPA's elements. Because Plaintiff has failed to allege facts establishing either direct or vicarious liability, this Court should dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.    <u>PROCEDURAL HISTORY</u>

On October 29, 2024, Plaintiff filed this putative class action alleging violations of the TCPA. *See* ECF 1. JEA received service of the Complaint on November 21, 2024. *See* ECF 17. On December 20, 2024, JEA filed a consent motion for an extension of time to respond to the Complaint. *See* ECF 24. The Court

granted this motion on December 23, 2024. *See* ECF 25.

## III.   STATEMENT OF QUESTIONS INVOLVED

1.  Has Plaintiff has adequately alleged JEA's responsibility for the calls at issue?

Suggested Answer:  No.

2.   Did Plaintiff fail to state a claim because he failed to allege that he personally registered his phone number on the national Do Not Call list?

Suggested Answer:  Yes.

## IV.   STATEMENT OF FACTS

Plaintiff alleges that despite his cell phone being on the Do Not Call Registry since 2011, he received at least fourteen telemarketing calls between August 8, 2024, and September 27, 2024. Complaint ("Compl.") at ¶¶ 20, 22.

These calls originated from various caller IDs, including numbers with area codes 610, 267, and 272. *Id.* at ¶ 22.

Each call allegedly began with a prerecorded message featuring "fake typing and office background noise." *Id.* at  ¶ 23.

The prerecorded voice identified itself as "Adam" calling from "Vehicle Service Department"—which Plaintiff characterizes as "a fake name used to obfuscate their identities." *Id.* at ¶¶ 24-25.

Plaintiff claims he would typically hang up these calls due to lack of interest.

*Id.* at ¶ 26. However, on September 27, 2024, Plaintiff alleges he stayed on the line "to identify the identity of the individuals calling him illegally, and for no other reason." *Id.* at ¶ 27.

During this call, after the prerecorded portion ended, Plaintiff claims he spoke with a live agent named Charles Burch who "explained the protection plan benefits and Line 5's financing program." *Id.* at ¶¶ 31-33. Following this call, Plaintiff alleges he received emails and texts from Line 5 about coverage documents. *Id.* at ¶ 36.

These emails allegedly listed "Charles Burch" as Finance Manager, "Covered Auto-AP" as Dealer, and Headstart as the Obligor. *Id.* at ¶¶ 37-39.

Based on these allegations, Plaintiff seeks to represent two classes: 1) a "Robocall Class" and 2) a "National Do Not Call Registry Class." *Id.* at ¶¶ 74.

## V.    LEGAL STANDARD

A Complaint that "fail[s] to state a claim upon which relief can be granted" is subject to dismissal under Rule 12(b)(6). Under this rule, a complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Allegations that support only the "sheer possibility" that the defendant is liable under the TCPA "will not do." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## VI.   <u>ARGUMENT—PLAINTIFF'S COMPLAINT FAILS TO PLAUSIBLY PLEAD ESSENTIAL ELEMENTS OF HIS CLAIMS UNDER THE TCPA AND SHOULD THEREFORE BE DISMISSED.</u>

Both the robocall and the DNCR provisions of the TCPA require the defendant "to make" or "initiate" the calls at issue. *See* 47 U.S.C. § 227(b)(1)(A) (declaring it "unlawful for any person ... to make" a violative call); 47 C.F.R. § 64.1200(c) (stating that "[n]o person or entity shall initiate" a violative telephone solicitation). As established, "a seller is not directly liable for a violation of the TCPA unless it initiates a call, but may be held vicariously liable under federal common law agency principles for a TCPA violation by a third-party telemarketer." *In re DISH Network, L.L.C.*, 28 FCC Rcd. 6574, 6582 (2013); *See Smith v. State Farm Mut. Auto. Ins. Co.,* No. 13 C 2018, 2013 U.S. Dist. LEXIS 135230*8-9 (N.D. Ill. Sept. 23, 2013) (dismissing TCPA complaint for failure to plead vicarious liability sufficiently)[1]. Here, Plaintiff's Complaint fails to allege either theory of liability adequately.

---

[1] A copy of this unpublished opinion is attached as Exhibit A.

**A.      Plaintiff Fails To Allege That JEA Directly Made The Calls At Issue.**

Direct liability under the TCPA requires plausible allegations establishing that JEA "directly made" the calls at issue. *See Clemons v. State Farm Mut. Auto. Ins. Co.*, No. 1:20-cv-1050, 2020 U.S. Dist. LEXIS 128155, at *10-11 (C.D. Ill. July 21, 2020)[2]. The Third Circuit has consistently held that to survive a motion to dismiss on a direct liability theory, plaintiff must provide specific factual allegations showing the defendant's direct involvement in placing the calls. *See Smith v. Direct Bldg. Supplies, L.L.C.*, No. 20-3583, 2021 U.S. Dist. LEXIS 193657, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) (holding there was no direct liability where the plaintiff alleged that the defendant made the prerecorded calls without any supporting facts)[3]; *Desimone v. U.S. Claims Servs.*, CIVIL ACTION NO. 19-6150, 2020 WL 2556949, at *3 (E.D. Pa. May 20, 2020), *aff'd*, 858 F. App'x 492 (3d Cir. 2021)[4].

Indeed, courts routinely reject bare allegations that "merely recite[d] naked facts mimicking the elements of a cause of action under the TCPA" as insufficient to establish direct liability. *See Hanley v. Green Tree Servicing, L.L.C.*, 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013).

Here, Plaintiff's allegations regarding direct liability consist solely of

---

[2] A copy of this unpublished opinion is attached as Exhibit B
[3] A copy of this unpublished opinion is attached as Exhibit C.
[4] A copy of this unpublished opinion is attached as Exhibit D.

conclusory statements entirely devoid of factual enhancement. The Complaint merely asserts Plaintiff "received at least fourteen telemarketing calls from JEA from August 8, 2024 to September 27, 2024, from various caller IDs." Compl. ¶ 22. Plaintiff provides no factual basis for connecting these numbers to JEA or suggesting that JEA owned or operated them.

Moreover, Plaintiff's attempt to establish direct liability through the content of the calls fails for multiple reasons. First, the Complaint alleges the calls began with prerecorded messages from "Adam" calling from "Vehicle Service Department"—which Plaintiff himself characterizes as "a fake name used to obfuscate their identities." Compl. ¶¶ 24-25. As Courts have held, receiving calls from someone claiming to represent a company is insufficient to establish that the company made the call. *See Childress v. Liberty Mut. Ins. Co.*, No. 17-CV-1051 MV/KBM, 2018 U.S. Dist. LEXIS 167281, at *8 (D.N.M. Sept. 28, 2018)[5] (no direct liability under TCPA where a call was allegedly made by "Jason" from "Cheap Insurance Experts" and complaint contained "no factual allegations that Defendant actually made the telephone call at issue").

Second, Plaintiff's allegation that he eventually spoke with "Charles Burch," who discussed protection plans and Line 5's financing, does nothing to establish JEA's direct involvement in placing the calls. Compl. ¶¶ 31-33. *See Smith v. Vision*

---

[5] A copy of this unpublished opinion is attached as Exhibit E.

*Solar L.L.C.*, CIVIL ACTION NO. 20-2185, 2020 U.S. Dist. LEXIS 172224, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020)[6] (plaintiffs failed to plead that defendant made the calls by merely alleging calls came from numbers "confirmed to belong to Defendant"); *Scruggs v. CHW Grp., Inc.*, No. 2:20cv48, 2020 U.S. Dist. LEXIS 253431, 2020 WL 9348208, at *10 (E.D. Va. Nov. 12, 2020)[7] (allegation that the caller identified as "associated with [Defendant]" held insufficient under Iqbal); *Aaronson v. CHW Grp., Inc.*, No. 1:18-cv-1533, 2019 U.S. Dist. LEXIS 231433, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019)[8] (claim that calls came from a number allegedly "owned by Defendant" was conclusory without supporting facts). Here, the fact that an agent eventually discussed various companies' services (JEA, Headstart, and Line 5) undermines any inference that JEA itself placed these calls. *See Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009) (holding that mere allegations of affiliation or association with a defendant were insufficient to establish liability without concrete, supporting facts that directly link the defendant to the alleged wrongful acts).

**B.     Plaintiff Fails To Plead Facts Establishing That JEA Is Vicariously Liable Through Actual Authority.**

Having failed to allege JEA directly placed the calls, Plaintiff attempts to

---

[6] A copy of this unpublished opinion is attached as Exhibit F.
[7] A copy of this unpublished opinion is attached as Exhibit G.
[8] A copy of this unpublished opinion is attached as Exhibit H.

establish vicarious liability through agency principles. A court may hold a party vicariously liable for the TCPA violations of third-party callers "where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and [the] third-party caller." *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1072 (9th Cir. 2019). At the pleadings stage, a plaintiff must offer more than "conclusory statements" to support an agency theory of liability. *Miller v. TJX Cos.*, No. 19-252, 2019 WL 1168120, at *2 (E.D. Pa. Mar. 12, 2019)[9]. "Such broad, conclusory allegations are insufficient to establish an agency relationship." *Health Robotics*, *LLC v. Bennett,* No. CIV.A. 09-CV-0627, 2009 WL 5033966, at 4 (E.D. Pa. Dec. 22 2009)[10].

As such, the Complaint's attempt to establish actual authority falters on multiple levels. First, Plaintiff merely alleges in conclusory fashion that JEA "sent pre-recorded telemarketing calls on behalf of Headstart Warranty Group LLC and Line 5, LLC." Compl. ¶ 9. Courts have consistently held that at the pleadings stage, a plaintiff must offer more than "conclusory statements" to support an agency theory of liability. *Miller*, 2019 WL 1168120, at *2. Plaintiff provides no factual allegations showing how JEA acted as an agent of either Headstart or Line 5.

Second, Plaintiff attempts to establish agency through his September 27

---

[9] A copy of this unpublished opinion is attached as Exhibit I.
[10] A copy of this unpublished opinion is attached as Exhibit J.

conversation with "Charles Burch," who allegedly discussed protection plans and financing. Compl. ¶¶ 31-33. However, courts regularly dismiss TCPA claims where—as here—"Plaintiffs have not alleged sufficient facts demonstrating Defendant's control over the calls at issue, such as affirmative requests, commands, or instructions." *Clemons*, 2020 U.S. Dist. LEXIS 128155, at *10-11. Burch's discussion of multiple companies' products does not show control over the calls.

Indeed, the deficiencies in Plaintiff's agency allegations become even clearer when compared to cases where courts have found adequate pleading of TCPA agency relationships. For example, in *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 13 C 2018, 2013 U.S. Dist. LEXIS 135230, at *8-9 (N.D. Ill. Sept. 23, 2013), the Court required specific factual allegations showing how the defendant controlled the third-party's conduct. Here, Plaintiff offers no allegations about JEA's control over calling practices, scripts, hours of operation, or any other indicia of actual authority.

The complete absence of such allegations here undermines Plaintiff's actual authority theory. Rather than pleading specific facts demonstrating JEA's control over the alleged telemarketers, Plaintiff relies entirely on conclusory assertions about the relationship between various business entities and post-call documentation of business dealings. Such allegations fall far short of the factual enhancement required to establish actual authority under the TCPA. *See Desimone*,

2020 WL 2556949, at *4 (requiring specific allegations of control rather than conclusory statements about business relationships).

## C. Plaintiff Fails To Plead Facts Establishing That JEA Is Vicariously Liable Through Apparent Authority.

Having failed to establish actual authority, Plaintiff's allegations fare no better under an apparent authority theory. For a person to be held vicariously liable under the TCPA, the principal must give the agent actual (express) or apparent authority. *See Ruby v. Dish Network, L.L.C.*, CIVIL ACTION NO. 18-0400, 2019 WL 1466746, at *1 (E.D. Pa. Apr. 4, 2019)[11]. At the pleading stage, a plaintiff must offer more than mere "conclusory statements" to support an agency theory of liability. *See Miller*, 2019 WL 1168120, at *2. Here, Plaintiff's attempt to establish apparent authority fails because he relies entirely on statements and conduct by the purported agent rather than any manifestations by the alleged principals.

Specifically, Plaintiff points to the September 27 conversation where "Charles Burch" discussed vehicle service contracts and Line 5's financing program. Compl. at ¶¶ 31-33. But Courts consistently reject TCPA claims whereas here the only allegations are that a telemarketer mentioned or discussed a company's products. *See Clemons*, 2020 U.S. Dist. LEXIS 128155, at *13 (finding that "the mere existence of a relationship between the telemarketers and/or the

---

[11] A copy of this unpublished opinion is attached as Exhibit K.

Agents and Defendant does not automatically give rise to apparent authority to perform a specific act").

The FCC has provided specific guidance on what evidence may support apparent authority in the TCPA context. Such evidence includes showing that the seller allowed the telemarketer access to information and systems within the seller's exclusive control, such as detailed information about the nature and pricing of the seller's products, access to customer information, the ability to enter consumer information into the seller's systems, or authority to use the seller's trade name and marks. *In re DISH Network, L.L.C.*, 28 FCC Rcd. 6574, 6592 (2013). The deficiency of Plaintiff's apparent authority theory becomes particularly clear compared to cases where courts have found adequate pleading of such claims. Courts "have not hesitated to dismiss TCPA claims under analogous circumstances" where, as here, the plaintiff relies solely on post-hoc business relationships rather than evidence of prior authorization or control. *See Winters v. Grand Caribbean Cruises Inc.*, No. CV-20-00168-PHX-DWL, 2021 U.S. Dist. LEXIS 158176, at *16 & n.2 (D. Ariz. Aug. 20, 2021)[12].

The Complaint here contains none of these critical allegations. Instead, Plaintiff relies only on the fact that he received follow-up emails listing "Charles Burch" as Finance Manager and identifying "Covered Auto-AP" as Dealer. Compl.

---

[12] A copy of this unpublished opinion is attached as Exhibit L.

at ¶¶ 37-39. This type of post-call documentation does not demonstrate the type of advance authorization or control that courts require. *See Desimone*, 2020 WL 2556949, at *3 (requiring specific allegations showing defendant "controlled or had the right to control the manner and means" of the telemarketing).

Furthermore, courts have held that "ratification is unavailable where neither actual nor apparent authority exist." *Warciak v. Subway Rests., Inc.*, No. 1:16-cv-08694, 2019 U.S. Dist. LEXIS 32357, at *7 (N.D. Ill. Feb. 28, 2019)[13]. Because Plaintiff has failed to plead facts establishing either actual or apparent authority, any claim of ratification must also fail.

**D.     Plaintiff's DNCR Claim Also Fails Because He Does Not Allege That He Personally Registered His Phone Number Or That The Calls Were Telephone Solicitations.**

Even if Plaintiff could establish JEA's liability for the calls—which he cannot for the above reasons—his DNCR claim independently fails for two additional reasons. First, Plaintiff fails to allege that he personally registered his phone number on the National Do Not Call Registry. Second, he fails to plead facts showing the calls at issue were "telephone solicitations" as defined by the TCPA.

To state a claim under the TCPA's DNCR provisions, Plaintiff must establish that he personally registered his phone number on the national registry. *See* 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5). Courts consistently hold that merely

---

[13] A copy of this unpublished opinion is attached as Exhibit M.

alleging a number appears on the registry without specifying who registered it is insufficient. *See Caitlin Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *2-3 (N.D. Iowa June 9, 2022)[14] (dismissing DNCR claim where plaintiff failed to allege personal registration). The Complaint here contains only the bare assertion that Plaintiff's "telephone number has been listed on the National Do Not Call Registry since 2011." Compl. at ¶ 20. Notably absent is any allegation that Plaintiff himself registered the number. This omission is significant given that courts have emphasized the importance of personal registration in establishing standing under the TCPA's private right of action. *See Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 323 (3d Cir. 2015) (analyzing standing based on personal registration of number).

The DNCR provisions specifically prohibit "telephone solicitation[s]" to registered numbers. 47 C.F.R. § 64.1200(c)(2). A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(15). Crucial to this definition is that the primary purpose of the call must be to encourage a purchase. *See Rotberg v. Jos. A. Bank Clothiers, Inc.*, 345 F. Supp. 3d 466, 479-80 (S.D.N.Y. 2018).

The Complaint fails to plead facts showing the calls Plaintiff received were

---

[14] A copy of this unpublished opinion is attached as Exhibit N.

"telephone solicitations" rather than informational calls. While Plaintiff alleges the calls "asked the same questions regarding tax abatement" and that Charles Burch eventually "explained the protection plan benefits and Line 5's financing program," Compl. at ¶¶ 24, 31-33, these allegations do not establish that the primary purpose of the calls was to encourage a purchase.

Plaintiff's allegations are inadequate, merely reciting TCPA elements without specific facts about the solicitations. Courts routinely dismiss complaints that "merely recite naked facts mimicking the elements of a cause of action under the TCPA." *See Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013).

As such, Plaintiff's failure to provide the necessary facts is detrimental to his DNCR claim and the Complaint should be dismissed for failure to state a claim.

## VII.   <u>CONCLUSION</u>

For the foregoing reasons, JEA respectfully requests that the Court dismiss Plaintiff's Complaint for its failure to state a claim upon which relief can be granted.

Dated: January 21, 2025                    Respectfully submitted,

                                          **NELSON MULLINS RILEY &**
                                          **SCARBOROUGH, LLP**

                                          */s/ Elyse N. Cohen*
                                          Elyse N. Cohen, Esq.
                                          PA Attorney Id. No.  320787
                                          1000 Westlakes Drive, Suite 275
                                          Berwyn, PA 19312

(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

**TROUTMAN AMIN, LLP**
Eric J. Troutman, Esq.
CA Bar Id. No.  229263
*(pro hac vice application pending-1/17/2025)*

Puja Amin, Esq.
CA Bar Id. No.  299547
*(pro hac vice application pending-1/17/2025)*

Tori L. Guidry, Esq.
LA Bar Id. No. 37704
*(pro hac vice application pending-1/17/2025)*

400 Spectrum Center Drive, Suite 1550
Irvine, CA 92618
(p): 949-350-3663

*Attorneys for Defendant, JEA Management Services d/b/a Covered Auto*

## CERTIFICATE OF CONCURRENCE

This Motion is made following the conference of counsel pursuant to L.R. 7-1, which took place on January 17, 2024, via telephone call where concurrence was denied by Plaintiff's counsel.

Dated:  January 21, 2025                    */s/ Elyse N. Cohen*_____
                                           Elyse N. Cohen


## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, a copy of the foregoing was served by ECF to counsel of record.

Dated:  January 21, 2025                    */s/ Elyse N. Cohen*_____
                                           Elyse N. Cohen