# **<u>EXHIBIT D</u>**

Case 3:24-cv-01866-JKM   Document 32-4   Filed 01/21/25   Page 2 of 6

DeSimone v. U.S. Claims Services, Inc., Not Reported in Fed. Supp. (2020)

2020 WL 2556949
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

Dominick DESIMONE, Plaintiff,
v.
U.S. CLAIMS SERVICES, INC., et al., Defendants.

CIVIL ACTION NO. 19-6150
|
Filed 05/20/2020

**Attorneys and Law Firms**

Andrew B. Austin, Stackhouse Group, Philadelphia, PA, for Plaintiff.

John Patrick Quinn, Marshall Dennehey Warner Coleman & Goggin, Philadelphia, PA, Karen Grethlein, Marshall Dennehey, King of Prussia, PA, William W. Palmer, Palmer Law Group PLC, Sacramento, CA, for Defendants.

### MEMORANDUM

PAPPERT, J.

*\*1* U.S. Claims Services told Dominick DeSimone that he had unclaimed property, specifically $469.10 in wages, in Pennsylvania. He then entered into a contract with the company, pursuant to which U.S. Claims Services charged a fifteen percent fee for recovering DeSimone's money. DeSimone now claims that he did not know that he could get his money back on his own by contacting the Pennsylvania Treasury. He contends that he never would have contracted with the company and agreed to pay a fee for something he could have done himself for free.

DeSimone brings this putative class action against U.S. Claims Services and its employee Paul Hashim.[1] The Court dismissed DeSimone's original Complaint for failing to state a plausible claim for relief, but granted leave to amend. (Order, ECF No. 18.) DeSimone has filed an Amended Complaint, in which he realleges violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law and brings a new claim for fraudulent inducement. (Am. Compl., ECF No. 19.) Defendants filed a Motion to Dismiss. (ECF No. 20.) The Court grants the Motion in its entirety for the reasons that follow.

### I

To survive dismissal under Federal Rule of Civil Procedure Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." Schuchardt v. President of the U.S., 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." Id.

### II

Counts I and II of the Amended Complaint allege violations of the UTPCPL based on U.S. Claims Services' "fail[ure] to disclose that the services they provide are unnecessary and freely available from the state that is holding the property." (Am. Compl. ¶¶ 69, 86.) In Counts III and IV, DeSimone alleges that Defendants engaged in fraudulent inducement and violated the UTPCPL when they "fraudulently misrepresented that Defendant Hashim was acting as a Finder for their unclaimed property but instead delegated those responsibilities in violation of Pennsylvania state law." (Id. ¶ 100; see id. ¶ 114.) The Court addresses the claims in turn.

### A

Case 3:24-cv-01866-JKM   Document 32-4   Filed 01/21/25   Page 3 of 6

DeSimone v. U.S. Claims Services, Inc., Not Reported in Fed. Supp. (2020)

1

**\*2** Counts I and II of the Amended Complaint allege that Defendants engaged in deceptive conduct (Count I) and knowing misrepresentation (Count II) in violation of the UTPCPL. The UTPCPL is "a remedial statute intended to protect consumers from unfair or deceptive practices or acts" in the course of trade or commerce. *Bordoni v. Chase Home Fin. LLC*, 374 F. Supp. 3d 378, 385 (E.D. Pa. 2019) (quoting *Balderston v. Medtronic Sofamor Danek, Inc.*, 152 F. Supp. 2d 772, 776 (E.D. Pa. 2001)). To state a claim for deceptive conduct under the UTPCPL's catch-all provision, a plaintiff must allege that (1) the defendant engaged in deceptive conduct; (2) the plaintiff justifiably relied on defendant's misrepresentation or deceptive conduct; and (3) the plaintiff was damaged by his justifiable reliance on the defendant's alleged conduct. *Clark v. Allstate Ins. Co.*, 2013 WL 1905147, at \*6 (E.D. Pa. May 7, 2013); *see* 73 P.S. § 201-2(4)(xxi). To state a claim for knowing misrepresentation under the UTPCPL, the plaintiff must allege: (1) a material misrepresentation of an existing fact; (2) scienter; (3) justifiable reliance; and (4) damages. *Baker v. Family Credit Counseling Corp.*, 440 F. Supp. 2d 392, 413 (E.D. Pa. 2006); *see* 73 P.S. § 201-2(4)(xv).

When allegations underlying a UTPCPL claim involve a defendant's nondisclosure, the omission is actionable only if there is a duty to disclose. In other words, for silence to be actionable there must be a duty to speak. *Smith v. Renaut*, 564 A.2d 188, 192 (Pa. Super. Ct. 1989). In Pennsylvania, the presence of a fiduciary or other confidential relationship exists "as [a] prerequisite to liability for omissions." *Silverstein v. Percudani*, 2005 WL 1252199, at \*8, \*13 (M.D. Pa. May 26, 2005) (dismissing UTPCPL claim where defendant had no duty to disclose) (quoting *Antinoph v. Laverell Reynolds Sec., Inc.*, 703 F. Supp. 1185, 1187–88 n.1 (E.D. Pa. 1989)). *See also* Restatement (Second) of Torts § 551(2)(a) (explaining the duty to disclose arises when there is a fiduciary or confidential relationship between the parties).

The Court previously dismissed Counts I and II of DeSimone's original Complaint because he failed to allege plausible facts establishing the existence of a fiduciary or confidential relationship that would give rise to Defendants having a duty to disclose information. (Mem. Op. 10, ECF No. 17.) DeSimone now argues that his Amended Complaint sufficiently alleges the presence of a principal-agent relationship because the agreement he signed with U.S. Claims Services identified the company as his "Agent." (Am. Compl. ¶¶ 23–24; Ex. A.) DeSimone also alleges that the agreement gave Defendants "the legal power to authorize disbursement of [his money] from the state and bind [him] to that disbursement." (*Id.* ¶ 26.) Defendants, however, argue that these alleged facts are nonetheless insufficient to establish a confidential or fiduciary relationship. (Defs.' Mot. to Dismiss 15–16, ECF No. 20.) Because DeSimone's Amended Complaint still fails to plead sufficient facts establishing a confidential or fiduciary relationship—which would in turn give rise to a duty to disclose—the Court dismisses Counts I and II with prejudice.

2

Pennsylvania courts recognize three categories of relationships between contracting parties: ordinary, arm's-length relationships; agency relationships; and confidential relationships. *Wisniski v. Brown & Brown Ins. Co.*, 906 A.2d 571, 577 (Pa. Super. Ct. 2006) (citing *Basile v. H & R Block, Inc.*, 761 A.2d 115, 1120 (Pa. 2000)). In some types of relationships, including agency relationships, a fiduciary duty exists as a matter of law. *Yenchi v. Ameriprise Fin., Inc.*, 161 A.3d 811, 820 (Pa. 2017) (listing "principal and agent, trustee and cestui que trust, attorney and client, guardian and ward, and partners" as examples). When a fiduciary duty does not exist as a matter of law, Pennsylvania courts nevertheless recognize the duty in the presence of confidential relationships where "the relative position of the parties is such that one has the power and means to take advantage of, or exercise undue influence over, the other." *Id.*

**\*3** DeSimone argues that the contract he signed established an agency relationship because the document referred to U.S. Claims Services as the "Agent." (Am. Compl. ¶¶ 23, 24.) The labels used on paper to classify a relationship, however, are not dispositive. *See Klein v. Commerce Energy, Inc.*, 256 F. Supp. 3d 563 (W.D. Pa. 2017) (citing Restatement (Third) of Agency § 1.02). Instead, Pennsylvania law requires the following three elements to establish an agency relationship: (1) the manifestation by a principal that the agent shall act for him; (2) the agent's acceptance of the undertaking; and (3) the mutual understanding that the principal is to be in control of the undertaking. *Basile*, 761 A.2d at 1120 (citing *Scott v. Purcell*, 415 A.2d 56, 60 (Pa. 1980)). "[A]gency results only if there is an agreement for the creation of a fiduciary relationship with control by the beneficiary." *Id.* (quoting

*Smalich v. Westfall*, 269 A.2d 476, 480 (Pa. 1971)). The "distinctive feature of an agency relationship is the agent's power to affect the legal relationship of the principal with third parties." *Wisniski*, 906 A.2d at 577 (citing *Basile*, 761 A.2d at 1120). DeSimone fails to adequately allege that the parties were in an agency relationship. He asserts no facts indicating that he, as the purported principal, retained any control over U.S. Claims Services or Hashim in the recovery of his unclaimed funds. By failing to plead facts indicating that DeSimone was "in control of the undertaking," he cannot sufficiently allege an agency relationship. [2]

Despite DeSimone's failure to adequately plead an agency relationship, the third category of relationships—confidential relationships—also gives rise to fiduciary duties. "In the business context, a confidential relationship is formed 'only if one party surrenders substantial control over some portion of his affairs to another.' " *Siematic Mobelwerke GmbH & Co. KG v. Siematic Corp.*, 2009 WL 2526436, at *4 (E.D. Pa. Aug. 12, 2009) (quoting *In re Scott's Estate*, 316 A.2d 883, 886 (Pa. 1974)). Because most "commercial contracts for professional services involve one party relying on the other party's superior skill or expertise," a fiduciary duty does not arise "merely because one party relies on and pays for the specialized skill or expertise." *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 23 (Pa. Super. Ct. 2002). Instead, the critical question is whether circumstances exist such that the "parties do not deal on equal terms, but, on the one side there is an overmastering influence, or, on the other, weakness, dependence or trust, justifiably reposed." *Yenchi*, 161 A.3d at 820 (internal quotation marks and citation omitted.) The Pennsylvania Supreme Court has recognized that confidential relationships often arise in situations involving close personal or family relationships, or where one party's advanced age or disease limits his capacity to understand the transaction in question. *Id.* at 821.

DeSimone alleges that "Defendants profess[ed] their specialized expertise" and created the "impression that their services [were] essential and valuable" by holding themselves out as licensed professionals with ten years of experience. (Am. Compl. ¶ 22.) These factual allegations, however, are insufficient to plead the existence of a confidential relationship. Indeed, "[t]he superior knowledge or expertise of a party does not impose a fiduciary duty ... or otherwise convert an arm's-length transaction into a confidential relationship." *Yenchi*, 161 A.3d at 823. DeSimone has alleged nothing more than Defendants' expertise; he fails to allege any facts showing he was overpowered or unduly dominated or influenced.

B

In Counts III and IV of Amended Complaint, DeSimone alleges for the first time a common law claim for "fraud/fraudulent inducement" [3] and additional violations of the UTPCPL. In doing so, he alleges that Defendants fraudulently misrepresented that "Defendant Hashim was acting as Finder for [the] unclaimed property but instead delegated those responsibilities in violation of Pennsylvania state law." (Am. Compl. ¶ 100; *see id.* ¶¶ 113–14.) According to DeSimone, had he known that Hashim was delegating responsibilities to other employees in violation of Pennsylvania's Unclaimed Property Act, he would not entered into the contract. *See* (Am. Compl. ¶¶ 107, 118).

**\*4** The crux of both of these claims involves DeSimone's theory that Defendants violated the UPA by delegating tasks to employees who were not registered finders in Pennsylvania. Under the UPA, a person may not, on behalf of another (1) "engage in any activity for the purpose of locating, delivering, recovering or assisting in the recovery of abandoned or unclaimed property," and (2) "receive a fee, compensation, commission or other remuneration for the activity" without first obtaining a certificate of registration from the Pennsylvania Treasury. 72 P.S. § 1301.11a(a). [4] According to DeSimone, Defendants unlawfully delegated tasks to two unregistered employees of U.S. Claims Services —Maria Muralles and Shirley Wynsinger. *See* (Am. Compl. ¶¶ 36–38). DeSimone first alleges that Muralles acted as an unregistered finder when, in 2015, she emailed staff at the Pennsylvania Treasury to inquire about an unidentified individual's claim. *See* (*id.* ¶ 36, Ex. G). [5] The Muralles email exchange, which DeSimone attached to his Amended Complaint, occurred three years prior to him ever entering into an agreement with U.S. Claims Services. *See* (*id.*) DeSimone does not allege (nor could he) that she acted as an unregistered finder for either of his two unclaimed property agreements in 2018 and 2019. *See* (*id.*; Exs. A, B).

DeSimone next alleges that Wynsinger "actually perform[ed] the responsibilities of a Pennsylvania 'finder' " for DeSimone's claims because the invoices he received included on them an email address for shirleyw@usclaimsservices.com. (Am. Compl. ¶ 37, Exs.

Case 3:24-cv-01866-JKM   Document 32-4   Filed 01/21/25   Page 5 of 6

DeSimone v. U.S. Claims Services, Inc., Not Reported in Fed. Supp. (2020)

C, D.) DeSimone fails to plausibly allege, however, any actions on Wynsinger's part in which she located, delivered, recovered or assisted in recovering DeSimone's unclaimed property, or that she received a fee for her activities. *See* 72 P.S. § 1301.11a(a). There mere inclusion of an email address on an invoice is insufficient to plausibly allege that any individual other than Hashim acted as DeSimone's unclaimed property finder. Indeed, the only individual that DeSimone alleges solicited him to assist in the recovery of his unclaimed wages was Hashim, who DeSimone acknowledges is a registered finder in Pennsylvania. (Am. Compl. ¶¶ 43, 48.)

DeSimone's inability to plead sufficient facts alleging that Defendants "illegally and impermissibly" delegated the responsibilities of a finder to unregistered individuals dooms both his fraudulent inducement and UTPCPL claims. With respect to his fraudulent inducement claim, DeSimone fails to allege that Defendants misrepresented Hashim's role as the finder for his unclaimed property. *See Bortz*, 729 A.2d at 560 (explaining that to state a claim for fraudulent inducement, plaintiff must allege a representation that was made falsely). Without this misrepresentation, DeSimone's allegation that he would not have entered into the agreement "absent these false representations" cannot withstand a motion to dismiss. *See* (Am. Compl. ¶ 107.) It is for this same reason that his UTPCPL claim in Count IV also fails.[6]

III

*5 A court should grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has instructed district courts to "offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Because the Court has already granted DeSimone leave to amend his complaint once, any additional amendments would be futile.

An appropriate Order follows.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 2556949

---

**Footnotes**

1   The Court detailed the case's factual background in a prior Memorandum. *See* (Mem. Op., ECF No. 17).

2   DeSimone also argues that the contract he signed necessarily established an agency relationship because Pennsylvania's Unclaimed Property Act requires that "a signed writing evidence some kind of agency relationship." (Am. Compl. 27.) The text of the UPA requires that "all agreements or powers of attorney" to recover unclaimed property comply with certain requirements, but nowhere in the Act does it specify that such an agreement between the property owner and finder constitutes a *per se* agency relationship. *See* 72 P.S. § 1301.11(g).

3   To state a claim for fraudulent inducement, a plaintiff must allege: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999) (citation omitted); *Mellon Bank Corp. v. First Union Real Estate Equity & Mortg. Invs.*, 951 F.2d 1399, 1411 (3d Cir. 1991) (explaining fraudulent misrepresentation claims and fraudulent inducement claims involve the same elements).

   Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see Petruska v. Gannan Univ.*, 462 F.3d 294, 310 (3d Cir. 2006) (explaining that a state law fraudulent misrepresentation claim must be pled with particularity under Rule 9(b)). To satisfy Rule 9(b)'s pleading requirements, the plaintiff must "plead or allege

Case 3:24-cv-01866-JKM   Document 32-4   Filed 01/21/25   Page 6 of 6

**DeSimone v. U.S. Claims Services, Inc., Not Reported in Fed. Supp. (2020)**

| | |
|---|---|
| | the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). |
| 4 | To date, no Pennsylvania or federal court has interpreted or applied this section of the UPA. |
| 5 | In deciding a motion to dismiss, a court may consider documents attached to or submitted with the complaint without converting the motion into one for summary judgment. *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). |
| 6 | Although neither party raised the issue, Counts III and IV are also subject to dismissal under the economic loss doctrine. The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995)). Under this doctrine, "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damages." *Excavation Techs. Inc. v. Columbia Gas Co. of Pa.*, 985 A.2d 840, 841 n.3 (Pa. 2009) (internal quotation marks and citation omitted). Because the core of DeSimone's allegations in Counts III and IV is that Hashim did not fulfill his obligation of performance under the contract when he allegedly delegated responsibilities to unregistered finders, the economic loss doctrine bars these claims. |

**End of Document**                                                                                                           © 2025 Thomson Reuters. No claim to original U.S. Government Works.