# **EXHIBIT F**



**User Name:** Elyse Cohen

**Date and Time:** Tuesday, January 21, 2025 2:52:00□PM EST

**Job Number:** 243272305

## Document (1)

1. *Smith v. Vision Solar LLC*

    **Client/Matter:** 0FIRM0/000PD-

    **Search Terms:**

    **Search Type:** Natural Language

    **Narrowed by:**

    | Content Type | Narrowed by |
    |---|---|
    | | -None- |

⚠️ Caution
As of: January 21, 2025 7:52 PM Z

# *Smith v. Vision Solar LLC*

United States District Court for the Eastern District of Pennsylvania

September 21, 2020, Decided; September 21, 2020, Filed

CIVIL ACTION NO. 20-2185

**Reporter**

2020 U.S. Dist. LEXIS 172224 *; 2020 WL 5632653

STEWART SMITH; FRED HEIDARPOUR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, v. VISION SOLAR LLC, and DOES 1-10

**Subsequent History:** Motion denied by *Smith v. Vision Solar LLC, 2020 U.S. Dist. LEXIS 229989, 2020 WL 7230975 (E.D. Pa., Dec. 8, 2020)*

Motion denied by *Heidarpour v. Vision Solar LLC, 2022 U.S. Dist. LEXIS 72607, 2022 WL 1172985 (E.D. Pa., Apr. 20, 2022)*

Later proceeding at *Smith v. Vision Solar LLC, 2023 U.S. Dist. LEXIS 44180 (E.D. Pa., Mar. 16, 2023)*

## Core Terms

Solar, telephone, amended complaint, motion to dismiss, allegations, amend, pleaded, Counts, phone number, definitions, phone

**Counsel:** [*1] For STEWART SMITH, FRED HEIDARPOUR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Plaintiffs: CYNTHIA Z. LEVIN, LAW OFFICES OF TODD M. FRIEDMAN PC, KING OF PRUSSIA, PA.

For VISION SOLAR LLC, Defendant: COLIN DAVID DOUGHERTY, LEAD ATTORNEY, FOX ROTHSCHILD LLP, BLUE BELL, PA; BRETT ADAM BERMAN, FOX ROTHSCHILD LLP, PHILADELPHIA, PA; SAMUEL A. HAAZ,

HAGGERTY GOLDBERG SCHLEIFER & KUPERSMITH, PHILADELPHIA, PA.

**Judges:** MICHAEL M. BAYLSON, United States District Judge.

**Opinion by:** MICHAEL M. BAYLSON

## Opinion

### MEMORANDUM

**Baylson, J.**

## I. Introduction

Plaintiffs are suing over alleged violations of the *Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227*. In their Amended Complaint, ECF 2, Plaintiffs allege Vision Solar LLC and its unidentified agents Does 1-10 (collectively "Vision Solar") violated the TCPA's prohibitions on use of automatic telephone dialing systems ("ATDS") and/or contacting phone numbers on the National Do Not Call Registry ("DNC List").

Before the Court now is Vision Solar's motion to dismiss. ECF 7. Vision Solar asks the Court to dismiss Plaintiffs' claims and to strike Plaintiffs' class action allegations. In response to Vision Solar's motion, Plaintiffs requested leave to amend their complaint a second [*2] time to address several of Vision Solar's

2020 U.S. Dist. LEXIS 172224, *2

arguments. For the reasons given below, the Court will **GRANT** Vision Solar's motion, will dismiss Plaintiffs' Amended Complaint without prejudice, and will **GRANT** leave for Plaintiffs to file a second amended complaint within 14 days from the date of this Memorandum and Order.

## II. Factual and Procedural History

Assuming as true Plaintiffs' allegations, Vision Solar LLC is a solar and renewable energy company. Am. Compl. ¶ 6. Beginning in or around September 2019, Vision Solar attempted to contact named plaintiffs Stewart Smith, a resident of Montgomery County, Pennsylvania, and Fred Heidarpour, a resident of Maricopa County, Arizona, by telephone. Id. ¶¶ 4, 5, 9, 10.

Vision Solar called each of the named plaintiffs repeatedly, from at least four different telephone numbers that belong to Vision Solar. Id. ¶¶ 12, 13. Smith received these calls on his cell phone; Heidarpour received these calls on his landline. Id. ¶¶ 9, 10. Vision Solar made these calls for the purpose of soliciting its business. Id. ¶¶ 19, 20. Neither Smith nor Heidarpour had given prior express consent to receive calls from ATDS or using artificial or prerecorded voices. Id. ¶¶ **[*3]** 15, 16.

These calls utilized an ATDS. Id. ¶ 11. Both Smith and Heidarpour's phone numbers were on the DNC List at the relevant time for each phone call. Id. ¶¶ 17, 18.

Plaintiffs further allege that Smith and Heidarpour represent two different classes: the ATDS Class and the DNC Class. Id. ¶ 25.

The **ATDS Class** consists of:
> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through

the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

> Id. ¶ 26.

The **DNC Class** consists of:
> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

> Id. ¶ 27.

Plaintiffs filed suit against Vision Solar on **[*4]** May 6, 2020. ECF 1; Plaintiffs then filed the Amended Complaint on May 8, 2020. ECF 2. Vision Solar LLC moved to dismiss Plaintiffs' claims on July 17, 2020. ECF 7. Plaintiffs responded on July 31, 2020. ECF 8. Vision Solar LLC then replied on August 7, 2020. ECF 9.

Plaintiffs assert four causes of action against Vision Solar in the Amended Complaint on behalf of the named plaintiffs and the members of the respective classes:

> I. Negligent violation of the TCPA under *§ 227(b)*

> II. Knowing and/or willful violation of the TCPA under *§227(b)*

> III. Negligent violation of the TCPA under *§ 227(c)*

> IV. Knowing and/or willful violation of the

TCPA under *§227(c)*

Counts I and II allege unlawful use of an ATDS to contact Plaintiffs. Counts II and IV allege unlawful violation of the DNC List's protections. Vision Solar's contentions against these claims, as well as the proposed class definitions, are discussed in more detail below.

## III. Legal Standard

In considering a motion to dismiss under *Rule 12(b)(6)*, the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)* (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient **[*5]** factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))*.

Although a court must accept all factual allegations contained in a complaint as true, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Iqbal, 556 U.S. at 678, 684*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id. at 678* (citing *Twombly, 550 U.S. at 555*); see also *Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008)* (citing *Twombly, 550 U.S. at 556 n.3*) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, 556 U.S. at 678* (citing *Twombly, 550 U.S. at 556*).

## IV. Discussion

a. Class Definitions under *Rule 12(f)*

Vision Solar argues that "Plaintiffs' TCPA class allegations fail because, if granted as requested, [they] would create impermissible fail-safe classes." MtD at 7. Plaintiffs "do not dispute, at this point, that the Classes as proposed are likely fail-safe." **[*6]** Opp. to MtD at 3.

Instead, Plaintiffs request leave to amend the class definitions. Pursuant to the Federal Rules of Civil Procedure, "a party may amend its pleading once as a matter of course," and a court "should freely give leave [for subsequent amendments] when justice so requires." *Fed. R. Civ. Pro. 15(a)*. "The district court may deny leave to amend only if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." *Adams v. Gould Inc., 739 F.2d 858, 864 (3d Cir. 1984)*. Therefore, the Court will dismiss the class definitions without prejudice and, seeing no reason to deny Plaintiffs' request, will permit Plaintiffs to amend their class definitions.[1]

b. Counts I and II: Violation of TCPA *§ 227(b)* ("ATDS Claims")

The Amended Complaint raises two related

---

[1] Vision Solar argues that the Court should not grant leave to amend without a formal motion, but the Court may grant leave to amend sua sponte where it is "conceivable that plaintiffs possess additional facts sufficient to cure those deficiencies" identified in a motion to dismiss. *Magnesita Refractories Co. v. Tianjin New Centuries Refractories Co., Ltd., Civil Action No. 1:17-cv-1587, 2019 U.S. Dist. LEXIS 32559, 2019 WL 1003623, at *11 (M.D. Pa. Feb. 28, 2019)*.

counts under *47 U.S.C. § 227(b)*; by using an ATDS to call the ATDS Class, Vision Solar either (Count I) negligently or (Count II) knowingly and/or willfully violated the TCPA by calling Plaintiffs with an ATDS, Am. Compl. at ¶¶ 43, 47. "To state a cause of action under *[§ 227(b)* of] the TCPA, a plaintiff must allege: '(1) the defendant called a cellular telephone number; (2) using an [ATDS]; (3) without the recipient's prior **[\*7]** express consent.'" *Zemel v. CSC Holdings LLC, Civil Action No. 18-2340-BRM-DEA, 2018 U.S. Dist. LEXIS 201917, 2018 WL 6242484, at \*3 (D.N.J. Nov. 29, 2018)* (citing *Martinez v. TD Bank USA, No. 15-7712, 2017 U.S. Dist. LEXIS 101979, 2017 WL 2829601, at \*4 (D.N.J. June 30, 2017))*.

Vision Solar argues that Plaintiffs failed to plead sufficient facts to satisfy the second prong — use of an ATDS calling system. MtD at 11. "The entirety of Plaintiffs' allegations in support of Defendant's alleged use of an ATDS consists of a single sentence: 'Defendant used an automatic telephone dialing system...to place its call to Plaintiffs.'" Id. But Plaintiffs respond that they provided further facts of the alleged abuse of an ATDS: Vision Solar "called Smith multiple times from five different phone numbers [and t]he calls were to solicit Smith to purchase Defendant's services," despite "no prior business relationship" with Vision Solar. Opp. to MtD at 7.

A "bare allegation that defendants used an ATDS is not enough." *Zemel, 2018 U.S. Dist. LEXIS 201917, 2018 WL 6242484, at \*3* (citing cases). "A plaintiff must provide 'at least some detail regarding the content of the messages or calls, thereby rending the claim that an ATDS was used more plausible.'" Id. (brackets omitted).

Plaintiffs' Second Amended Complaint must contain sufficient facts for the Court to

conclude that Plaintiffs' claims are "plausible."

### c. Counts III and IV: Violation of TCPA *§ 227(c)* ("DNC Claims")

The remaining two counts claim that **[\*8]** Vision Solar repeatedly called Plaintiffs who had registered their phone numbers to the DNC List, constituting (Count III) negligent or (Count IV) knowing and/or willful violations of *47 U.S.C. § 227(c)*. To sustain the DNC Claims, Plaintiffs must plead that (1) they receive multiple calls within twelve months, (2) by or on behalf of the same entity, (3) on a residential phone registered on the DNC List. *Huber v. Pro Custom Solar, LLC, No. 3:19-cv-01090, 2020 U.S. Dist. LEXIS 87025, 2020 WL 2525971, at \*2 (M.D. Pa. May 18, 2020)* (citing *47 C.F.R. § 64.1200(c)(2)*).

### i. Plaintiff Smith's DNC Claims

As a preliminary issue, Vision Solar notes that Plaintiffs never pleaded that Smith's cell phone line in question is his residential phone, as required for a claim under *§ 227(c)*. MtD at 17. Plaintiffs concede that they have not pleaded sufficient facts for Smith's DNC Claims but request leave to amend the complaint to cure the defect. The Court will dismiss Smith's DNC Claims without prejudice and permit Plaintiffs to amend the pleadings anew to address this deficiency.

### ii. Plaintiff Heidarpour's DNC Claims

Vision Solar also contends that Plaintiffs' Amended Complaint "is devoid of factual content necessary to form a nexus between Defendant and the allegedly offending calls." MtD at 9. In the Amended Complaint, Plaintiffs state that "Defendant **[\*9]** contacted or attempted to contact Heidarpour from multiple telephone numbers confirmed to belong to Defendant." Am. Compl. at ¶ 13. Plaintiffs' Opposition does not point to any further information in the pleadings to justify this conclusion.

In a TCPA case, the plaintiff must plead facts to justify that a call came from the defendant. *Aaronson v. CHW Group, Inc., Case No. 1:18-cv-1533, 2019 U.S. Dist. LEXIS 231433, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019)* ("[W]ithout any facts to explain why plaintiff believes the identified phone number is owned by defendant, . . . plaintiff has failed to plead facts sufficient to support a theory of direct liability under the TCPA because plaintiff's allegations do not show plausibly that defendant actually, physically initiated the telephone calls at issue."). In Aaronson, the plaintiff's "lone fact marshalled . . . supporting plaintiff's conclusion that defendant was the party that called his cellular telephone" was that incoming telephone number was "one of the Defendant's many telephone numbers." Id. The court found this to be insufficient. Id. In light of *Aaronson*, the Court agrees with Vision Solar that Plaintiffs have not sufficiently pleaded that the calls in question came from Vision Solar. The Court will dismiss **[*10]** the DNC Claims for Heidarpour without prejudice but will permit Plaintiffs to amend the complaint to provide further relevant information.

## V. Conclusion

For the reasons set forth above, Vision Solar's Motion to Dismiss is GRANTED, without prejudice and with leave to amend.

An appropriate Order follows.

## ORDER

**AND NOW**, this 21st day of September, 2020, upon consideration of Defendant Vision Solar LLC's Motion to Dismiss for Failure to State a Claim (ECF 7), as well as the Response (ECF 8) and Reply (ECF 9) thereto, and for the reasons given in the accompanying Memorandum, it is hereby ORDERED that (1) the Motion to Dismiss is GRANTED and Plaintiffs' claims are dismissed in their entirety without prejudice and (2) Plaintiffs' request for leave to file a second amended complaint is GRANTED, within 14 days.

**BY THIS COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON**

**United States District Court Judge**

---

**End of Document**