# **EXHIBIT G**



**User Name:** Elyse Cohen
**Date and Time:** Tuesday, January 21, 2025 2:53:00 PM EST
**Job Number:** 243272460

## Document (1)

1. *Scruggs v. CHW Grp., Inc.*
   **Client/Matter:** 0FIRM0/000PD-
   **Search Terms:**
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | | -None- |

LexisNexis | About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2025 LexisNexis
Elyse Cohen

⚠ Caution
As of: January 21, 2025 7:53 PM Z

# Scruggs v. CHW Grp., Inc.

United States District Court for the Eastern District of Virginia, Norfolk Division

November 12, 2020, Decided; November 12, 2020, Filed

Action No. 2:20cv48

**Reporter**
2020 U.S. Dist. LEXIS 253431 *; 2020 WL 9348208

JIM SCRUGGS, Plaintiff, v. CHW GROUP, INC., and HOME WARRANTY ADMINISTRATORS, INC., Defendants.

## Core Terms

caller, traceable, allegations, phone call, contested, motion to dismiss, RECOMMENDS, telemarketing, do-not-call, courts, telephone, unwanted, alleged facts, phone number, third party, initiated, argues, pled, telephone solicitation, amended complaint, non-conclusory, redressable, warranty, entity, first amended complaint, vicarious liability, regulations, vicariously, contacting, discovery

**Counsel:** [*1] For Jim Scruggs, Plaintiff: Craig Carley Marchiando, LEAD ATTORNEY, Consumer Litigation Associates, Newport News, VA; Kevin Anthony Dillon, Consumer Litigation Associates (Richmond), Richmond, VA.

For CHW Group, Inc., Defendant: Andrew Zimmitti, LEAD ATTORNEY, Manatt Phelps & Phillips, LLP (DC), Washington, DC; Aaron Heeringa, PRO HAC VICE, Manatt, Phelps & Phillips LLP, Chicago, IL; John William McGuinness, PRO HAC VICE, Manatt Phelps & Phillips, LLP (DC), Washington, DC.

**Judges:** Robert J. Krask, United States Magistrate Judge.

**Opinion by:** Robert J. Krask

## Opinion

### UNITED STATE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On July 14, 2020, the defendant, CHW Group, Inc. ("CHW"), filed a motion to dismiss the first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 27. The motion was referred to the undersigned United States Magistrate Judge on September 2, 2020, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). ECF No. 34. For the reasons discussed below, the undersigned **RECOMMENDS** that the motion to dismiss be **GRANTED**.

### I. PROCEDURAL HISTORY

On June 30, 2020, plaintiff, Jim Scruggs ("Scruggs"), filed a two-count amended complaint against defendant, CHW.[1] Pl.'s First Am. Compl., ECF. No. 22. In count one, Scruggs alleges that CHW made repeated unwanted telemarketing [*2] calls in violation

---

[1] Home Warranty Administrators, Inc., is no longer a party in this matter. On May 8, 2020, Scruggs filed a notice of dismissal of claims against Home Warranty Administrators, Inc., ECF No. 11, and Scruggs did not bring claims against Home Warranty Administrators, Inc., in his first amended complaint, ECF No. 22.

of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c). *Id.* ¶¶ 32-40. In count two, Scruggs alleges that CHW made repeated unwanted telephone solicitation calls in violation of the Virginia Telephone Privacy Protection Act ("VTPPA"), Va. Code Ann. § 59.1-514. *Id.* ¶¶ 41-47.

On July 14, 2020, CHW filed a motion to dismiss both counts in the first amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state claims pursuant to Rule 12(b)(6). ECF No. 27. On August 11, 2020, Scruggs filed a response in opposition to CHW's motion to dismiss. ECF No. 32. CHW filed a reply to Scruggs' opposition on August 31, 2020. ECF No. 33. After review of the parties' submissions, the Court concludes that a hearing is unnecessary, and this matter is ready for a decision. *See* Local Civil Rule 7(J).

## II. FACTUAL BACKGROUND[2]

On or around August 19, 2004, Scruggs registered his cellphone number ending in 3953 ("the phone number") on the national do-not-call registry. Pl.'s First Am. Compl. ¶ 12. He has continuously owned the phone number, and he has never changed the number, nor removed his number from the registry list. *Id.* Scruggs does not own a landline telephone and uses his cellphone for residential purposes. **[*3]** *Id.* ¶ 13.

On January 24, 2019, Scruggs received three unwanted phone calls on his cellphone. *Id.* ¶¶ 14-17. During each call, "the caller identified himself as associated with CHW and attempted to sell Mr. Scruggs a home warranty" and "Scruggs informed CHW that he did not want CHW to contact him further." *Id.*

Scruggs also received three unwanted calls on his cellphone the next day, January 25, 2019; an additional call on January 30, 2019; and another on January 31, 2019. *Id.* ¶¶ 18-22. Each time "the caller identified himself as associated with CHW and again attempted to sell a home warranty to Mr. Scruggs." *Id.* And, each time "Mr. Scruggs answered and again told the caller to stop contacting him." *Id.*

Scruggs asserts that "[d]iscovery will confirm that CHW, or someone acting on CHW's behalf, initiated the above calls to Mr. Scruggs." *Id.* ¶ 23.

As a result of the eight calls, Scruggs experienced "anxiety and emotional distress." *Id.* ¶ 24. He "expended considerable time and energy to try to get CHW to stop calling him," and the calls "interrupted [his] life, harassed him, and caused him to unnecessarily expend time dealing with calls he reasonably expected would stop when he repeatedly instructed **[*4]** CHW's representatives to stop calling him." *Id.* ¶¶ 25-26.

CHW acted willfully in committing these acts in violation of the TCPA and the VTPPA. *Id.* ¶¶ 27-31. Specifically, CHW has had three decades, as well as the means and resources, to come into compliance with the TCPA, which was enacted in 1991. *Id.* ¶¶ 28-30.

## III. LEGAL STANDARDS

### A. Standards applicable to a motion to dismiss for failure to state a claim.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[2] The facts detailed below are set forth in the first amended complaint. *See* Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (observing that when addressing a Rule 12(b)(6) motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint").

8(a)(2). A motion to dismiss under Rule 12(b)(6) should be granted if a complaint fails to allege "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Accordingly, when reviewing a motion to dismiss, a court must "assume all [well-pled facts] to be true" and "draw all reasonable inferences in favor of the plaintiff," but it need not "accept the legal conclusions drawn from the facts, and [] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citations and internal quotation **[*5]** marks omitted). In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly, 550 U.S. at 555*).

**B. Standards applicable to a motion to dismiss for lack of subject matter jurisdiction.**

Rule 12(b)(1) permits a defendant to move for dismissal of a claim based on a court's lack of subject-matter jurisdiction. *A.W. ex rel. Wilson v. Fairfax Cty. Sch. Bd.*, 548 F. Supp. 2d 219, 221 (E.D. Va. 2008). Specifically, "[a] defendant may challenge the court's subject matter jurisdiction in one of two ways: (1) the defendant may raise a 'facial challenge' by arguing that the facts alleged in a complaint are not sufficient to confer subject matter jurisdiction on the court or (2) the defendant may raise a 'factual challenge' by arguing that the jurisdictional allegations made in the complaint are not true." *Brunelle v. Norfolk S. Ry. Co.*, No. 2:18cv290, 2018 U.S. Dist. LEXIS 168461, 2018 WL 4690904, at *2 (E.D. Va. Sept. 28, 2018) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). "In a facial challenge, the court evaluates the facts in a complaint using the same standard used for a Rule 12(b)(6) motion to dismiss,"— namely, "all alleged facts are taken as true and the motion must be denied if the complaint alleges facts that, **[*6]** if proven, would be sufficient to sustain jurisdiction." *Id.* (citing *Kerns*, 485 F.3d at 192). As noted above, however, such allegations are not taken as true with respect to legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal, 556 U.S. at 678*.

In this case, the Court concludes that CHW has raised a facial challenge to subject matter jurisdiction. CHW raises its challenge to Scruggs' complaint pursuant to Rule 12(b)(l) by relying only on the allegations noted on the face of the complaint. *See* ECF No. 27 at 29 ("The Court should also dismiss the [first amended complaint] pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff still *fails to plead sufficient facts* demonstrating the essential Article III standing elements of causation or redressability . . . ." (emphasis added)). Accordingly, aside from "mere conclusory statements" supporting a cause of action's elements or legal conclusions, *Iqbal, 556 U.S. at 678*, the Court "will accept as true all facts alleged in [Scruggs' first amended complaint] for the purposes of determining whether the court has subject matter jurisdiction over this claim," *Brunelle, 2018 U.S. Dist. LEXIS 168461, 2018*

WL 4690904, at *2.

## IV. DISCUSSION

### A. Count one warrants dismissal pursuant to Rule 12(b)(1) for lack of subject [*7] matter jurisdiction and, in the alternative, Rule 12(b)(6) for failure to state a claim.

In count one, Scruggs alleges that CHW violated the TCPA, 47 U.S.C. § 227(c)(5). Pl.'s First Am. Compl. ¶¶ 32-40. Specifically, Scruggs alleges that CHW "made repeated telemarketing calls to Mr. Scruggs' residential phone despite Mr. Scruggs having registered the number on the National Do Not Call List"; continued to make such calls "after he informed CHW . . . to stop contacting him"; "made these repeated calls without instituting procedures to maintain a do not call list in violation of 47 C.F.R. § 64.1200(d)"; "made [the calls] without Mr. Scruggs['] authorization[;] and disregarded Mr. Scruggs' designation of the Phone Number on the National Do Not Call List . . . [in] violation of 47 C.F.R. § 64.1200(c)(2)." Id. ¶¶ 33-36. Scruggs asserts that violation of these regulations "constitute[s] violations of the TCPA." Id ¶ 37 (citing 47 U.S.C. § 227(c)(5)). Further, he alleges that CHW acted "willfully and/or knowingly [in] violat[ing] these regulations," id. ¶ 38, which merits treble damages, id. ¶ 40 (citing 47 U.S.C. § 227(c)(5) (providing a right to receive up to $500.00 in damages for each violation and up to three times that amount "[i]f the court finds [in its discretion] that the defendant willfully or knowingly [*8] violated the regulations")).

Defendant seeks to dismiss the claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. ECF No. 27 at 9. To support the former, defendant argues that Scruggs lacks standing to bring this suit, because the at-issue calls are not "fairly traceable" to CHW and cannot be redressed by CHW. Id. at 29-30. To support the latter, defendant advances three main arguments: (1) Scruggs has not pled facts supporting direct TCPA liability, (2) Scruggs has not pled facts supporting vicarious TCPA liability, and (3) the facts, as pled, do not amount to a violation of TCPA's do-not-call rules. Id. at 15-26.

Because standing is a "threshold question in every federal case," the Court begins its review of defendant's arguments there. Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

### 1. This Court lacks subject matter jurisdiction over count one, because plaintiff lacks Article III standing.

Rule 12(b)(1) permits a defendant to move for dismissal of a claim based on a court's lack of subject-matter jurisdiction. Fairfax Cty. Sch. Bd., 548 F. Supp. 2d at 221. As provided by Article III of the Constitution, federal courts have subject-matter jurisdiction over justiciable cases or controversies. Lujan v. Defs. of Wildlife, 504 U.S. 555, 559-60, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The doctrine of standing is one component of justiciability, "serv[ing] to identify those disputes which are appropriately [*9] resolved through the judicial process." Id. at 560 (citing Whitmore v. Arkansas, 495 U.S. 149, 155, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990)). The standing issue—that is, "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf," Warth, 422 U.S. at 498-99 (quoting Baker v. Carr, 369 U.S. 186, 204 (1962))—presents "a threshold question in every federal case," id. at 498.

In order to satisfy the standing

requirements of Article III of the Constitution, a plaintiff must demonstrate that: (1) [he] has suffered an injury in fact; (2) the asserted injury in fact is fairly traceable to, or caused by, the challenged action of the defendant; and (3) it is likely rather than just conjectural that the asserted injury in fact will be redressed by a decision in the plaintiff's favor.

*Taubman Realty Grp. Ltd. P'ship v. Mineta, 320 F.3d 475, 480 (4th Cir. 2003)* (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610(2000))*.

CHW does not contest that Scruggs adequately pled the first requirement, that is, that he "suffered an injury in fact" related to harms from eight unwanted phone calls, but instead argues that Scruggs has failed to adequately plead the second and third requirements. *See* ECF No. 27 at 39-30.

**a. The plaintiff's injury is not fairly traceable to the defendant's conduct**.

The purpose of "[t]he 'fairly traceable' requirement [is to] ensure[] that there **[*10]** is a genuine nexus between a plaintiff's injury and a defendant's alleged illegal conduct." *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 204 F.3d 149, 161 (4th Cir. 2000)* (citing *Lujan, 504 U.S. at 560*). This "standard is 'not equivalent to a requirement of tort causation.'" *Id.* (quoting *Pub. Int. Rsch. Grp. v. Powell Duffryn Terminals, Inc., 913 F.2d 64, 72 (3rd Cir. 1990))*. Nor do plaintiffs need to demonstrate causation with "scientific certainty." *Id.* (quoting *Nat. Res. Del Council, Inc. v. Watkins, 954 F.2d 974, 980 n.7 (4th Cir. 1992))*. On the other hand, "[i]f 'the line of causation . . . is too attenuated' or 'highly indirect,' the plaintiff's injury is not 'fairly traceable' to the defendant and the plaintiff will not have standing." *Mayor & City Council of Baltimore v. Wells Fargo Bank, N.A., No. JFM-08-62, 2011 U.S. Dist. LEXIS 44013, 2011 WL 1557759, at *2 (D. Md. April 22, 2011)* (quoting *Allen v. Wright, 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)*, *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014))*. In addition, this "element of standing does not require the challenged action to be the sole or even immediate cause of the injury." *Sierra Club v. U.S. Dep't of the Interior, 899 F.3d 260, 284 (4th Cir. 2018)*. The alleged conduct, however, cannot be wholly "the result of the independent action of some third party not before the court." *Bennett v. Spear, 520 U.S. 154, 167, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997)*.

Consistent with the *Iqbal* pleading standards, courts have found that unwanted calls in the TCPA context were "fairly traceable" to defendants where the plaintiff alleged some factual context surrounding the contested calls that supported an inference that the defendant or its agent had made the call. For instance, in *Cordoba v.* **[*11]** *DIRECTV, LLC*, the complaint alleged that DIRECTV hired Telecel to make marketing calls; that Telecel placed numerous calls on behalf of DIRECTV to the named plaintiff Cordoba, who was listed on the national do-not-call registry; that Cordoba "repeatedly told Telecel that he did not want to be called," that "Telecel admitted that the company did not maintain an internal do-not-call list"; that Cordoba "wr[ote] to DIRECTV and request[ed] that they cease calling him"; that "DIRECTV responded and promised that they would no longer contact him"; and that "the calls continued." *942 F.3d 1259, 1265-66 (11th Cir. 2019)*. The Eleventh Circuit observed, "Cordoba, as the named plaintiff, has no problem meeting the traceability requirement: the complaint squarely alleges that he repeatedly asked Telecel and

DIRECTV to stop calling him, Telecel didn't keep a list of all those who asked not to receive calls, and he later suffered the injury of receiving many phone calls, which would not have happened if Telecel had maintained an internal do-not-call list and abided by it." *Id. at 1271*. Therefore, pleading not only that defendant hired an agent who called the plaintiff, but also facts suggesting the defendant acknowledged making the call— here, by **[*12]** DIRECTV in writing—are contextual factors that might support a finding that a call was fairly traceable to the defendant.

Similarly, in *Hurley v. Messer*, the plaintiff identified the specific phone numbers used to make the contested calls in the complaint and alleged that the phone numbers belonged to two defendant service providers. *No. 3:16-9949, 2018 U.S. Dist. LEXIS 171588, 2018 WL 4854082, at \*4 (S.D.W. Va. Oct. 4, 2018)*. The court found that the contested calls were fairly traceable to the voice-over-internet service providers who were alleged to have "kn[own] about the illegal conduct, had a right to control the conduct but, nevertheless, permitted the robocalls to be broadcast through their assigned telephone numbers." *Id.* Therefore, allegations of control over the calls, knowledge of the calls, and ownership of the assigned telephone numbers are additional contextual factors that might contribute to a finding that the conduct is fairly traceable to the defendant.

On the other hand, courts have found that contested phone calls were not fairly traceable to a defendant where plaintiffs have failed to allege non-conclusory facts that support an inference linking the defendant to the calls. For example, in *Barker v. Sunrun Inc.*, the plaintiff alleged that **[*13]** the defendant "had an agency relationship with the individuals or entities who actually made the offending phone calls." No. CV 18-855 KG/LF, 2019 WL 1983291, at *3 (D.N.M. April 29, 2019). The court was unpersuaded. *Id.* It observed, "this allegation constitutes a legal conclusion, and so it is not entitled to a presumption of truth." *Id.* (citing *Iqbal, 556 U.S. at 678*). In addition, the plaintiff "state[d] he ha[d] sworn statements that connect the actions to [the defendant]," but this was insufficient as well, as those statements were not included in or attached to the complaint. *Id.* Ultimately, the court found standing lacking, noting that aside from these conclusory statements, "Plaintiff did not make factual allegations . . . connecting the actions to [the defendant]." *Id.*

CHW argues that Scruggs's alleged injury is not fairly traceable to CHW. CHW states, "Plaintiff fails to allege sufficient non-conclusory facts by which one could trace his purported injury to CHW." ECF No. 27 at 29. Specifically, CHW observes that "Plaintiff . . . provides virtually no detail about the calls at issue, let alone the identity of the caller(s), the duration, the number(s) from which they originated, the substance of the calls, or more importantly who *physically* placed any **[*14]** of the calls—i.e., CHW or some third party who merely stated they were 'associated with' CHW somehow." *Id.* at 17. Further, CHW notes that Scruggs concedes this point in his first amended complaint by requiring discovery on the issue. *Id.* (citing Pl.'s First Am. Compl. ¶ 23 ("Discovery will confirm that CHW, or someone acting on CHW's behalf, initiated the [contested] calls to Mr. Scruggs.")).

Scruggs asserts that he has pled sufficient facts to show the unwanted calls are fairly traceable to CHW. ECF No. 32 at 7. He argues, "Mr. Scruggs has clearly pleaded that he received a series of phone calls from Defendant, and the callers identified themselves with Defendant and tried to sell Mr. Scruggs[] Defendant's product." *Id.* In short, he notes that "Mr. Scruggs has demonstrated that the offending conduct in his complaint is traceable to Defendant by alleging that

Defendant is the one who called him. Nothing more is needed." *Id.* The Court disagrees.

Viewed in the light most favorable to Scruggs, the alleged facts are insufficient to show that the contested calls are "fairly traceable" to CHW for two principal reasons: (1) the conclusory statements in the first amended complaint do not provide a factual **[*15]** basis to trace the contested phone calls to CHW; and (2) the alleged conduct could be attributed to an unrelated third party not before the Court.

As a preliminary matter, Scruggs mischaracterizes the factual allegations set forth in the first amended complaint. First, Scruggs now argues in his opposition to the motion to dismiss "that he received a series of phone calls from Defendant," and that "Defendant is the one who called him." *Id.* But the amended complaint does not reflect that. Instead, the facts section of the amended complaint notes that on eight occasions, "Scruggs received a phone call in which *the caller* identified himself *as associated with* CHW," and that "[d]iscovery will confirm that CHW, or someone acting on CHW's behalf, initiated the [eight contested] calls to Mr. Scruggs." Pl.'s First Am. Compl. ¶¶ 14, 16-23 (emphasis added). Although Scruggs indicates later in the "counts" section of the complaint that "CHW made repeated telemarketing calls to Mr. Scruggs' residential phone," *e.g., id.* ¶ 33, this type of threadbare recitation of an element of a cause of action is not an alleged fact that the court need accept as true, *see Iqbal, 556 U.S. at 678*, and, indeed, it is inconsistent with **[*16]** his factual assertion that he needs discovery to confirm who called him and how that person is related to CHW, Pl's First Am. Compl. ¶ 23. Contrary to his opposition memorandum, Scruggs did not plead that "Defendant is the one who called him," but rather suggested he does not know who called him and that he needs discovery on the issue. ECF No. 32 at 7. Second, Scruggs now argues that "the callers . . . tried to sell Mr. Scruggs[] Defendant's product." *Id.* But nowhere in the amended complaint does Scruggs state that the alleged product being sold—"a home warranty"—is defendant's product. *See* Pl.'s First Am. Compl. ¶¶ 14, 16-23.

Instead, the allegations in the complaint are largely conclusory and the descriptions of the contested calls are devoid of context. With respect to the content of the calls, Scruggs states, "the caller identified himself as associated with CHW and attempted to sell Mr. Scruggs a home warranty," and Scruggs told the caller that "he did not want CHW to contact him further." *E.g., id.* ¶¶ 14-15. The solitary fact proffered to connect the call to CHW is that "the caller identified himself as associated with CHW." *E.g., id.* ¶ 14. But Scruggs was a party to the phone **[*17]** calls and should be able to provide greater detail. For instance, he might include the name of the caller or details of the sales pitch for the home warranty being sold. Or as in *Hurley*, he could have identified the phone numbers used to call him and allege those phone numbers belong to CHW. See *2018 U.S. Dist. LEXIS 171588, 2018 WL 4854082, at *4*. Scruggs states that "he repeatedly instructed CHW's representatives to stop calling him," and notes in his description of each call that he "told the caller to stop contacting him," but he does not describe how CHW responded to his requests. Pl.'s First Am. Compl. ¶¶ 15-22, 26. For instance, unlike in *Cordoba*, Scruggs did not allege that CHW has acknowledged making the calls. *942 F.3d at 1266*.

These sample contextual factors-the defendant's acknowledgement of a call, the defendant's ownership of the phone number used to make the call, details of the specific content of calls-are not required in every case to support a finding that the alleged conduct is

fairly traceable to the defendant, but they are illustrative of the types of factual allegations courts have found sufficient under the *Iqbal* pleading standards when conducting a standing analysis. See *Cordoba*, 942 F.3d at 1271; Hurley, 2018 U.S. Dist. LEXIS 171588, 2018 WL 4854082, at *4; see also Drake v. Firstkey Homes, LLC, 439 F. Supp. 3d 1313, 1315-16, 1323-24 (N.D. Ga. 2020) (finding that an injury related to unwanted [*18] phone call was fairly traceable to a defendant where the defendant *admitted making the call* even though a third party gave the defendant consent to contact the plaintiff). Here, Scruggs' allegations remain conclusory and lack the necessary factual context to support an inference linking the calls to CHW. In short, more is needed to render the calls "fairly traceable" to CHW.

Further, as pled, the injury here could be wholly "the result of the independent action of some third party not before the court," which is fatal to satisfying the traceability prong of a standing analysis. Bennett, 520 U.S. at 167; *see also* Doe v. Va. Dep't of State Police, 713 F.3d 745, 755-56 (4th Cir. 2013). Again, Scruggs states, "the caller identified himself as associated with CHW and attempted to sell Mr. Scruggs a home warranty." Pl.'s First Am. Compl. ¶¶ 14, 16-22. Taken as true, as the Court must, this statement does not foreclose the possibility that a third party wholly unrelated to CHW made the call. The statement does not expressly state that CHW made the call and the complaint otherwise does not allege facts that would support an agency relationship between CHW and the caller. *See id.* ¶¶ 12-31.

Rather than plead non-conclusory facts supporting an inference that CHW was responsible for the [*19] contested phone calls, Scruggs requests discovery on the matter. He states, "Discovery will confirm that CHW, or someone acting on CHW's behalf, initiated the [eight contested phone] calls to Mr. Scruggs." *Id.* 1123. The caller said they were "associated with CHW," so Scruggs' logic is that CHW or its agent made the call. *See id.* ¶¶ 14, 23. Absent additional non-conclusory facts that link CHW to the call, however, "this assertion is speculative, and discovery to support it would amount to no more than a 'fishing expedition in hopes of discovering some basis of jurisdiction.'" Gillison v. Lead Express, Inc., No. 3:16cv41, 2017 U.S. Dist. LEXIS 48557, 2017 WL 1197821, at *15 (E.D. Va. Mar. 30, 2017) (quoting Base Metal Trading, Ltd. v. Ojsc Novokuznetsky Aluminum Factory, 283 F.3d 208, 216 n.3 (4th Cir. 2002)).

Because Scruggs failed to plead non-conclusory facts linking CHW to his purported injury and because a third party not before the court could be responsible for such conduct, the Court finds that the plaintiff's injury is not "fairly traceable" to the defendant, as is required for Article III standing.

**b. The plaintiff's injury is not redressable**.

The purpose of the redressability prong of a standing inquiry is to determine whether "a plaintiff 'personally would benefit in a tangible way from the court's intervention.'" Friends of the Earth, Inc., 204 F.3d at 162 (quoting Warth, 422 U.S. at 508). This question is linked to the traceability [*20] inquiry, because for the Court to be able to redress the injury, that injury "must result from the actions of the [defendant], not from the actions of a third party beyond the Court's control." Mirant Potomac River, LLC v. EPA, 577 F.3d 223, 226 (4th Cir. 2009).

Having found that Scruggs failed to adequately allege facts that fairly trace his injury to CHW, the Court also finds that his injury is not redressable, because the conduct could have been caused by a third party not before the

Court.

Because Scruggs' injury is not fairly traceable to CHW or redressable, the Court finds that Scruggs does not have Article III standing to bring this claim. Therefore, this Court lacks subject matter jurisdiction over this matter, and, accordingly, the Court **RECOMMENDS** that defendant's motion to dismiss count one be **GRANTED**.

**2. Dismissal of count one is also appropriate, because plaintiff fails to state a claim upon which relief can be granted**.[3]

CHW also moves to dismiss count one under Rule 12(b)(6) for failure to state a claim by arguing that Scruggs has not pled facts supporting direct or vicarious TCPA liability.[4] ECF No. 27 at 16-22. To the extent Scruggs asserts that CHW is directly liable under the TCPA, CHW argues that "federal courts have routinely dismissed conclusory **[*21]** direct TCPA liability claims that, like Plaintiff's, lack sufficient factual allegations demonstrating that the defendant actually 'initiated' the phone calls at issue in the sense of 'tak[ing] the steps necessary to physically place' a call." *Id.* at 16 (quoting Sheski v. Shopify (USA) Inc., 2020 U.S. Dist. LEXIS 84433, 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020)). To the extent Scruggs asserts that CHW is vicariously liable under the TCPA, CHW argues that Scruggs has not pled sufficient facts to support the finding of an agency relationship between CHW and the caller at issue or to support a finding that CHW exercised control over the caller, which is required for a finding of vicarious liability. *Id.* at 19-22.

Scruggs counters that "[r]egardless of whether CHW is directly or vicariously liable, Mr. Scruggs has sufficiently pleaded liability." ECF No. 32 at 13. He argues that "it is nearly impossible for Mr. Scruggs to at this point know precisely what entity actually initiated the calls to him," and that "it is enough for Plaintiff to allege that either the Defendant or someone acting on its behalf placed the calls to Plaintiff to survive Defendant['s] Motion [to Dismiss]." *Id.* at 13-14. Specifically, he notes that "Mr. Scruggs need only allege facts which, when taken as true, indicate that it[']s plausible that Defendant **[*22]** made the unlawful calls," which he asserts is the *case* here. *Id.* at 15-16.

Having found that the contested calls are not fairly traceable to CHW in the context of standing, the Court also finds that Scruggs has not adequately pled facts under the *Iqbal* pleading standards supporting direct or vicarious liability under the TCPA.

The telemarketing regulations under the TCPA are fairly straightforward. "If a person wishes to no longer receive telephone solicitations, he can add his number to the [do-not-call registry]," and "[t]he TCPA then restricts the telephone solicitations that can be made to that number." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649 (4th Cir. 2019) (citing *47 C.F.R. § 64.1200(c)(2)*). Specifically, the statute provides a private right of action for those who suffer telemarketing calls in violation of regulations promulgated under subsection (c) of the act, namely:

---

[3] Should the District Judge find that standing is lacking in this matter, then the Court would lack jurisdiction to analyze the merits of defendant's Rule 12(b)(6) arguments. *See* S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("[A] court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). For the purposes of this report and recommendation, however, the undersigned addresses defendant's Rule 12(b)(6) motion to aid the District Judge should she find that standing is present.

[4] Because the Court agrees with defendant that plaintiff has not pled direct or vicarious TCPA liability, the Court finds it unnecessary to address the defendant's third argument contending that "Plaintiff... fails to plead sufficient facts indicating a violation of the TCPA's [do-not-call] rules." ECF No. 27 at 22.

A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may ... bring ... an action to recover for actual monetary loss from such a violation, or to receive up to $ 500 in damages for each such violation.

47 U.S.C. § 227(c)(5). In addition, a defendant to such a claim may be liable under "theories of direct or vicarious **[*23]** liability." *Aaronson v. CHW Grp., Inc., No. 1:18cv1533, 2019 U.S. Dist. LEXIS 231433, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019)*.

Scruggs alleges that CHW violated two provisions that may provide him relief, each of which requires CHW or its agent to have *made* or *initiated* phone calls to Scruggs. First, Scruggs alleges that CHW violated 47 C.F.R. § 64.1200(c)(2), which generally forbids a telemarketer from contacting persons who have registered on the national do-not-call registry. Pl.'s First Am. Compl. ¶ 36. That regulation provides that

> (c) No person or entity shall *initiate* any telephone solicitation to:
> ...
> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 C.F.R. § 64.1200(c)(2) (emphasis added). Second, Scruggs alleges that CHW violated 47 C.F.R. § 64.1200(d), which in general terms, requires persons making telemarketing calls to maintain an internal do-not-call list and honor requests to be placed on such a list. Pl.'s First Am. Compl. ¶ 35. The provision states:

> If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls **[*24]** from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities *making* calls for telemarketing purposes (or on whose behalf such calls are *made*) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

47 C.F.R. § 64.1200(d) (emphasis added).[5] Therefore, as a threshold matter and consistent with the *Iqbal* pleading standards, Scruggs must plead non-conclusory facts that indicate that CHW or its agent "initiate[d]" or "made" calls to Scruggs. 47 C.F.R. §§ 64.1200(c)(2), 64.1200(d).

---

[5] The parties dispute whether the private cause of action created by 47 U.S.C. § 227(c)(5) extends to the provisions of **47 C.F.R. § 64.1200(d)**. *See* ECF No. 27 at 23 (discussing cases that have recognized violations of **§ 64.1200(d)** do not give rise to a private cause of action); ECF No. 32 at 20-22 (discussing cases that have recognized a private cause of action for violations of **47 C.F.R. § 64.1200(d)**); ECF No. 33 at 20-22. Recently, courts in the Fourth Circuit have found that the TCPA does not provide a private right of action for violations of **47 C.F.R. § 64.1200(d)**. *See Wilson v. PL Phase One Operations L.P., 422 F. Supp. 3d 971, 981-82 (D. Md. 2019)* (observing that "the Fourth Circuit has not addressed whether **47 C.F.R. § 64.1200(d)** provides a private right of *action*," but concluding that the section "appears to fall within subsection d's scope, which does not provide a private right of action"); *Worsham v. Travel Options, Inc., No. JKB-14-2749, 2016 U.S. Dist. LEXIS 118774, 2016 WL 4592373, at *4 (D. Md. Sept. 2, 2016)*, aff'd, *678 F. App'x 165 (4th Cir. 2017)* (observing that **47 C.F.R. § 64.1200(d)** "appear[s] to fall under the aegis of subsection *d* of the TCPA" rather than under subsections *b* and *c*, which create private rights of action). The Court need not decide the issue, however, because Scruggs has not pled sufficient facts to allege that CHW is liable for the calls in question.

Accordingly, to establish direct liability under the TCPA, "courts have concluded that the plaintiff must show that the defendant actually, physically initiated the telephone call at issue." Aaronson, 2019 U.S. Dist. LEXIS 231433, 2019 WL 8953349, at *2. Therefore, "at the pleadings stage, plaintiff must allege facts to support his conclusion or belief that defendant is the party that made the calls to plaintiff['s] cellular phone." Id. For instance, in Aaronson v. CHW Grp., Inc., the court found [*25] that the "plaintiff fail[ed] to support his conclusory allegation that defendant called plaintiff['s] cellular phone." Id. Specifically, "[t]he lone fact marshalled in the Complaint that even c[ame] close to supporting plaintiff['s] conclusion that defendant was the party that called his cellular telephone is the allegation that one of the calls made to plaintiff was from a telephone number that, according to the Complaint, 'is one of the Defendant's many telephone numbers.'" Id. (citation omitted). Accordingly, the court found that the allegations there lacked sufficient factual context to support an inference that the defendant made the contested phone calls. Id.

To establish vicarious liability under the TCPA, "courts have held that a plaintiff must show that the defendant would be vicariously liable under common law principles of agency." 2019 U.S. Dist. LEXIS 231433, [WL] at *3. Those principles provide that an agency relationship "arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01 (Am. L. Inst. 2006). Therefore, "at the pleadings [*26] stage, plaintiff 'must allege some facts regarding the relationship between an alleged principal and agent' that show defendant had the right to control the party making the calls; plaintiff 'cannot simply allege general control in a vacuum.'" Aaronson, 2019 U.S. Dist. LEXIS 231433, 2019 WL 8953349, at *3 (quoting Melito v. Am. Eagle Outfitters, Inc., 2015 U.S. Dist. LEXIS 160349, 2015 WL 7736547, at *7 (S.D.N.Y. Nov. 30, 2015)). For instance, the court in Aaronson found that a "conclusory, boilerplate allegation" that "defendant 'acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers,'" was insufficient to show defendant was vicariously liable for contested calls. Id. The court there suggested that additional facts, such as "how the caller identified itself (e.g., as defendant's employee), the substance of the call (e.g. a statement by the caller that he or she was marketing defendant's goods or services), or any other details from the telephone calls that would tend to demonstrate an agreement between the caller and defendant that the caller would act on the principal's behalf and subject to the principal's control" might change the calculus. Id.

This case is similar to Aaronson, as the alleged facts surrounding the contested calls are sparse. [*27] As noted earlier, Scruggs described each of the eight calls at issue in the following manner: "the caller identified himself as associated with CHW and attempted to sell a home warranty to Mr. Scruggs," and Scruggs "told the caller to stop contacting him." Pl.'s First Am. Compl. ¶¶ 14-22. That is the extent of the description of the content of the calls.

Scruggs is correct that he need not know for certain whether CHW or its agent placed the call, but there must still be sufficient, non-conclusory factual allegations linking the calls to CHW to render it liable under the TCPA. For instance, in Desai v. ADT Sec. Servs., Inc., the court held that the "alleg[ation] that at-issue calls were made 'by or on behalf of ADT, and/or with ADT's knowledge, consent, approval and/or acquiescence,'" was sufficient at the pleadings stage. No. 11-c-1925, 2011

U.S. Dist. LEXIS 77457, 2011 WL 2837435, at *1 (N.D. Ill. July 18, 2011). Importantly, however, the allegations there provided sufficient factual context to allow for an inference linking the defendant to the call. For instance, the plaintiffs described the content of the calls, "alleging that they received unsolicited pre-recorded telephone calls promoting ADT's products." *Id.* In other words, although a plaintiff need not **[*28]** always allege specifically whether they seek to hold the defendant accountable under a direct or vicarious liability theory at the pleadings stage, he must allege sufficient non-conclusory facts surrounding the context of the calls that support an inference of direct or vicarious liability.

The amended complaint fails to provide such a factual context. For instance, although he was a party to the eight contested phone calls, Scruggs did not allege facts indicating which phone numbers the caller used, details of the marketing pitch the caller made regarding the home warranty, or how CHW representatives reacted to Scruggs' request to not be contacted. *See* Pl.'s First Am. Compl. ¶¶ 12-31. The sole factual allegation linking CHW to the calls is that the caller identified himself as "associated with CHW." *Id.* ¶¶ 14, 16-22. That lone link to the defendant is insufficient under the *Iqbal* pleading standards. *See Aaronson, 2019 U.S. Dist. LEXIS 231433, 2019 WL 8953349, at \*2*; see also *Johnson v. Am. Towers, LLC, 781 F.3d 693, 709 (4th Cir. 2015)* ("[A] complaint must include 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal, 556 U.S. at 678*)). Allowing the TCPA claim to proceed beyond this stage would constitute an impermissible fishing expedition to determine if a factual basis exists to assert **[*29]** the claim against CHW. For these reasons and for the same reasons that the amended complaint failed to satisfy the traceability requirements explored in Part IV(A)(1)(a), the allegations of CHW's direct or vicarious liability under the TCPA are insufficient.

Because the amended complaint does not adequately allege direct or vicarious liability for CHW under the TCPA, the Court also finds that Scruggs has failed to state a claim upon which relief may be granted. Therefore, the Court **RECOMMENDS** that CHW's motion to dismiss count one be **GRANTED** on this alternative basis.

**B. Scruggs' state-law claim in count two should be dismissed without prejudice**.

In count two, Scruggs alleges that the same eight, telemarketing phone calls discussed above also violated the VTPPA—specifically, *Va. Code Ann. § 59.1-514(A)*, and *(B)*. Pl.'s First Am. Compl. ¶¶ 41-44. Further, he alleges that "[a]s a result of these unwanted telephone solicitation calls, Mr. Scruggs suffered actual damages including frustration, anger, stress, and other emotional and mental distress," and "[h]e was also forced to spend time and resources to try to stop CHW from contacting him." *Id.* ¶ 46. Scruggs asserts that "[he] is entitled to recover for $ 1,500 in statutory **[*30]** damages for each call in violation of the VTPPA, as well as reasonable attorney's fees and costs." *Id.* ¶ 47 (citing § 59.1-515).

CHW moves to dismiss Scruggs' VTPPA claim on three grounds: (1) "Plaintiff's VTPPA claim is based on the very same threadbare and conclusory allegations lacking in supporting facts as his TCPA claim, [and] ... should also be dismissed under *Rule 12(b)(6)* for not meeting federal pleading standards"; (2) plaintiff may not obtain double recovery for the same injury under different legal theories; and (3) CHW has an affirmative defense to the claim by virtue of its "reasonable practices and procedures to effectively prevent telephone solicitation calls," pursuant to *Va. Code Ann. §*

Case 3:24-cv-01866-JKM   Document 32-7   Filed 01/21/25   Page 15 of 16

Page 13 of 14
2020 U.S. Dist. LEXIS 253431, *30

59.1-514(C). ECF No. 27 at 26-28.

"Because the Court has dismissed [Scrugg's TCPA claim] for lack of standing—the only claim within this Court's original jurisdiction—the Court declines to address [his] state law claim at this time ...." *Judson v. Bd. of Supervisors of Mathews Cty., No. 4:18cv121, 2019 U.S. Dist. LEXIS 104381, 2019 WL 2558243, at \*11 (E.D. Va. June 20, 2019)*. At the time of the filing of Scruggs' amended complaint, this Court had original, federal question jurisdiction over Scruggs' claim under 47 U.S.C. § 227(c)(5) (count one) as a "civil action[] arising under the Constitution, laws, or treaties of the United States." **[\*31]** 28 U.S.C. § 1331 (2018). This Court also had supplemental jurisdiction over plaintiff's state-law claim for repeated unwanted telephone solicitation calls under Va. Code Ann. § 59.1-514 (count two), because the claim was "so related" to the federal question claim "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2018). Indeed, both counts involved allegations related to the same eight telemarketing phone calls to the plaintiff. Pl.'s First Am. Compl. ¶¶ 32-47.

Notably, "[t]his supplemental jurisdiction [is] not lost when the federal-law claims [are] dismissed." *Johansson v. Prince George's Cnty. Pub. Schs., No. CBD-13-2171, 2014 U.S. Dist. LEXIS 170625, 2014 WL 7014430, at \*2 (D. Md. Dec. 10, 2014)*. Instead, "this Court 'may' decline to exercise supplemental jurisdiction now that it 'has dismissed all claims over which it has original jurisdiction,' but it is not required to do so." *Id.* (citing 28 U.S.C. § 1367(c)); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009)* ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is *purely discretionary*." (emphasis added)). Because this case was originally brought in federal court, the Court does not have the option of remanding the remaining claims to state court, leaving it only two options: hear the claims **[\*32]** or dismiss the claims. *See* 14C Charles Alan Wright et al., Federal Practice and Procedure § 3739 (Rev. 4th ed. 2020) ("[F]ederal courts cannot remand an action that was originally filed in federal court." (citing *Witmer v. Banner Health, 720 F.3d 770 (10th Cir. 2013)))*.

Dismissal of the claims without prejudice is appropriate in this case. As the Supreme Court has observed, "district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172-73, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997)*. Here, "[i]t is early in the pre-trial period, therefore, the court is less concerned with fairness and judicial economy." *Village Builders on the Bay, Inc., v. Cowling, 321 F. Supp. 3d 624, 630 (E.D. Va. 2018)*. In addition, "[t]he parties and the court have yet to expend significant resources on this case," mitigating any inconvenience caused by dismissal of the state-law claims without prejudice to refile in state court. *Id.* With respect to comity, "Virginia courts are better positioned to evaluate causes of action based upon Virginia law.... [as] 'the primary responsibility for developing and applying state law rests with state courts.'" *Id.* (citing *Dunlevy v. Coughlin, No. 2:15cv347, 2016 U.S. Dist. LEXIS 17851, 2016 WL 595300, at \*4 (E.D. Va. Feb. 10, 2016))*.

Accordingly, the Court **RECOMMENDS** that defendant's motion to dismiss **[\*33]** count two be **GRANTED** without prejudice to proceeding in state court.

## V. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that defendant's motion to dismiss, ECF No. 27, be **GRANTED** as follows:

(1) Defendant's motion to dismiss plaintiff's TCPA claim in count one should be **GRANTED** and count one should be **DISMISSED WITHOUT PREJUDICE**; and

(2) Defendant's motion to dismiss plaintiff's VTPPA claim in count two should be **GRANTED** and count two should be **DISMISSED WITHOUT PREJUDICE** pursuant to the Court's discretion under 28 U.S.C. § 1367(c).[6]

## VI. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of **[*34]** those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Am, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Robert J. Krask

Robert J. Krask

United States Magistrate Judge

Norfolk, Virginia

November 12, 2020

**End of Document**

---

[6] The Court declines to consider Scruggs' request for leave to amend his complaint should the Court grant the defendant's motion to dismiss. ECF No. 32 at 29. In general, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). In order "to determine whether 'justice so requires,'" however, "the court must have before it the substance of the proposed amendment." Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc., 288 F.3d 895, 906 (6th Cir. 2002). Because Scruggs has not yet provided the Court with his proposed amendment(s), deciding his request at this stage would be premature. In order for the Court to consider such a request, Scruggs must file a motion seeking leave to amend the complaint with the proposed amendments attached.