# **<u>EXHIBIT H</u>**



**User Name:** Elyse Cohen
**Date and Time:** Tuesday, January 21, 2025 2:54:00 PM EST
**Job Number:** 243272531

## Document (1)

1. *Aaronson v. CHW Grp., Inc.*
   **Client/Matter:** 0FIRM0/000PD-
   **Search Terms:**
   **Search Type:** Natural Language
   **Narrowed by:**
   | Content Type | Narrowed by |
   | --- | --- |
   | | -None- |

About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2025 LexisNexis

Elyse Cohen

Positive
As of: January 21, 2025 7:54 PM Z

# Aaronson v. CHW Grp., Inc.

United States District Court for the Eastern District of Virginia, Alexandria Division

April 15, 2019, Decided; April 15, 2019, Filed

Case No. 1:18-cv-1533

**Reporter**
2019 U.S. Dist. LEXIS 231433 *

ADAM AARONSON, Plaintiff, v. CHW GROUP, INC., d/b/a CHOICE HOME WARRANTY, Defendant.

## Core Terms

allegations, pleadings, telephone, cellular phone, telephone call, prerecorded, artificial, conclusory, vicarious, caller, courts, cellular telephone, defense motion, dead air, dialing, fails

**Counsel:** [*1] For Adam Aaronson, Plaintiff: Richard William Ferris, FerrisWinder PLLC, Richmond, VA USA.

For Chw Group, Inc. D/B/A Choice Home Warranty, Defendant: Kyle Reese Elliott, LEAD ATTORNEY, Ogletree Deakins Nash Smoak & Stewart PC (Richmond), Richmond, VA USA.

**Judges:** T. S. Ellis, III, United States District Judge.

**Opinion by:** T. S. Ellis, III

## Opinion

### ORDER

Before the Court in this "robocall" case, brought under the Telephone Consumer Protection Act[1] ("TCPA"), is defendant's motion for judgment on the pleadings filed pursuant to *Rule 12(c), Fed. R. Civ. P.* The question presented by the motion is whether plaintiff's Complaint alleges facts sufficient to show plausibly that defendant made calls to plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice, in violation of *47 U.S.C. § 227(b)(1)(A)(iii)*. Because the Complaint alleges almost no facts concerning the substance or details of the calls at issue, and thus does not raise the probability above a speculative level that defendant made the calls or that defendant did so using automated telephone equipment, defendant is entitled to judgment on the pleadings.

I.

*Rule 12(c)* provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." The standard [*2] of review for *Rule 12(c)* motions is the same as the "plausibility standard" governing *Rule 12(b)(6)* motions. *Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014)*; *Travelers Indem. Co. of Connecticut v. Lessard Design, Inc., 321 F. Supp. 3d 631, 635 (E.D. Va. 2018)*.[2] Thus, "a

---

[1] *47 U.S.C. § 227*.

[2] As the Supreme Court famously held in *Bell AtL Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*, to state a claim under *Fed. R. Civ. P. 12(b)(6)*,

motion for judgment on the pleadings should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiffs favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Id.*

## II.

Plaintiff claims in the Complaint that defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), the provision of the TCPA that prohibits the use of automated telephone equipment to make calls to a cellular telephone. In pertinent part, § 227(b)(1)(A)(iii) states:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . .

The TCPA also provides a private right of action to recover statutory damages for violations of this provision. *Id.* § 227(b)(3)(B). Accordingly, to state a claim under the TCPA, a plaintiff must **[*3]** allege (i) defendant made one or more calls (ii) to plaintiff's cellular phone (iii) using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice. The parties do not dispute that the calls at issue were made to plaintiff's cellular phone. Analysis thus proceeds to examine whether the Complaint alleges sufficient facts to show that defendant made the calls and that defendant did so using one of the statutorily prohibited automated devices.

## III.

Defendant first argues that plaintiff failed to allege facts that show defendant made the telephone calls at issue. A TCPA plaintiff can establish that the defendant "made" a call through theories of direct or vicarious liability. *See Childress v. Liberty Mut. Ins. Co., 2018 U.S. Dist. LEXIS 167281, 2018 WL 4684209, at \*3 (D.N.M. Sept. 28, 2018)*.

In order to establish that a defendant is directly liable under the TCPA, courts have concluded that the plaintiff must show that the defendant actually, physically initiated the telephone call at issue. *Id.* (collecting cases).[3] Accordingly, at the pleadings stage, plaintiff must allege facts to support his conclusion or belief that defendant is the party that made the calls to plaintiffs cellular phone. *See id.; Gulden v. Consol. World Travel Inc., No. CV-16-01113-PHX-DJH, 2017 U.S. Dist. LEXIS 23350, 2017 WL 3841491, at \*3 (D. Ariz. Feb. 15, 2017)*; *Sepehry-Fard v. Dep't Stores Nat'l Bank, 15 F. Supp. 3d 984, 987 (N.D. Cal. 2014)*, aff'd in part, **[*4]** *670 F. App'x 573 (9th Cir. 2016)*; *Wallack v. Mercantile Adjustments Bureau, Inc., No. 14-10387, 2014 U.S. Dist. LEXIS 53833, 2014 WL 1515852, at \*3 (E.D. Mich. Apr. 18, 2014)*.

---

the allegations of the Complaint "must be enough to raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face."

[3] *See also, e.g. Hurley v. Messer, No. CV 3:16-9949, 2018 U.S. Dist. LEXIS 171588, 2018 WL 4854082, at \*3 (S.D.W. Va. Oct. 4, 2018)*; *Vessal v. Alarm.com, No. 17 C 2188, 2017 U.S. Dist. LEXIS 172648, 2017 WL 4682736, at \*2 (N.D. Ill. Oct. 18, 2017)*; *In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig., 223 F. Supp. 3d 514, 519 (N.D.W. Va. 2016)*, aff'd sub nom. *Hodgin v. UTC Fire & Sec. Americas Corp., 885 F.3d 243 (4th Cir. 2018)*; *Cunningham v. Kondaur Capital, No. 3:14-1574, 2014 U.S. Dist. LEXIS 183095, 2014 WL 8335868, at \*5 (M.D. Tenn. Nov. 19, 2014)*, report and recommendation approved, *No. 3:14-CV-01574, 2015 U.S. Dist. LEXIS 38604, 2015 WL 1412737 (M.D. Tenn. Mar. 26, 2015)*; *Golan v. Veritas Entm't, LLC, 2014 U.S. Dist. LEXIS 68910, 2014 WL 2095310, at \*4 (E.D. Mo. May 20, 2014)*.

In this respect, plaintiff fails to plead facts to support his conclusory allegation that defendant called plaintiffs cellular phone. The Complaint is devoid of facts such as how the caller identified itself, the substance of the calls, or any other details from the telephone calls that would tend to identify defendant as the party that actually, physically took the steps to place the calls to plaintiffs phone. The lone *fact* marshalled in the Complaint that even comes close to supporting plaintiffs conclusion that defendant was the party that called his cellular telephone is the allegation that one of the calls made to plaintiff was from a telephone number that, according to the Complaint, "is one of the Defendant's many telephone numbers." Compl. ¶ 11. But without any facts to explain why plaintiff believes the identified phone number is owned by defendant,[4] this allegation amounts to nothing more than another conclusory allegation that defendant made the calls to plaintiff's cellular phone. Therefore, plaintiff has failed to plead facts sufficient to support a theory of **[*5]** direct liability under the TCPA because plaintiff's allegations do not show plausibly that defendant actually, physically initiated the telephone calls at issue.

On the other hand, to demonstrate that a defendant is vicariously liabile under the TCPA for calls made by an agent or other third party, courts have held that a plaintiff must show that the defendant would be vicariously liable under common law principles of agency. *See, e.g.,* *Jones v. Royal Admin. Servs., Inc., 887 F.3d 443, 450 (9th Cir. 2018)*; *Childress, 2018 U.S. Dist. LEXIS 167281, 2018 WL 4684209, at \*3*; *In re: Monitronics Intl, Inc., 223 F. Supp. 3d at 520*. It is well-established under such common law principles that an agency relationship "arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Melito v. Am. Eagle Outfitters, Inc., 2015 U.S. Dist. LEXIS 160349, 2015 WL 7736547, at \*6 (S.D.N.Y. Nov. 30, 2015)* (quoting *Restatement (Third) of Agency, § 1.01* (2006)). Thus, at the pleadings stage, plaintiff "must allege *some* facts regarding the relationship between an alleged principal and agent" that show defendant had the right to control the party making the calls; plaintiff "cannot simply allege general control in a vacuum." *2015 U.S. Dist. LEXIS 160349, [WL] at \*7* (emphasis in original).

These principles, applied here, confirm that plaintiff has failed to allege facts to show defendant was vicariously **[*6]** liable for the calls at issue. After repeatedly alleging that defendant itself made the calls to plaintiff's cellular telephone, the Complaint further alleges that, in placing the calls, defendant "acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers." Compl. ¶ 9. This conclusory, boilerplate allegation plainly fails to provide any *facts* to demonstrate an agency relationship between defendant and the party who physically initiated the call. *See Melito, 2015 U.S. Dist. LEXIS 160349, 2015 WL 7736547, at \*7* (stating that "mere conclusory allegations that [the caller] was [the defendant's] agent . . . fails to plead an agency relationship . . . sufficient to allege vicarious liability under *section 227(b)(1)(A)(iii)* of the TCPA"). Indeed, the Complaint fails to allege any facts that reflect how the caller identified itself *(e.g.,* as defendant's employee), the substance of the call *(e.g.* a statement by the caller that he or she was marketing defendant's goods or services), or any other details from the

---

[4] Plaintiff does not allege, for example, that the caller identification feature on his telephone informed him that the phone number belonged to defendant. *Cf* **Chesbro v. Best Buy Stores, L.P., 705 F.3d 913, 916 (9th Cir. 2012)**.

telephone calls that would tend to demonstrate an agreement between the caller and defendant that the caller would act on the principal's behalf and subject **[*7]** to the principal's control. Accordingly, it is clear that plaintiff has failed to plead facts sufficient to support a theory of vicarious liability under the TCPA because plaintiff's allegations do not show plausibly that the party who actually, physically initiated the telephone calls at issue was subject to defendant's control in an agency relationship.

**IV**.

Defendant next argues that even assuming *arguendo* that the Complaint alleges facts sufficient to show that defendant made the calls at issue, plaintiff has nonetheless failed to plead facts to show plausibly that defendant did so using an ATDS or an artificial or prerecorded voice.

As an initial matter, it is clear that there is no basis in the Complaint on which to conclude that the calls at issue used an artificial or prerecorded voice. In fact, the Complaint alleges that after plaintiff answered the calls, he was greeted by a live, human representative. Compl. ¶¶ 24, 32. Thus, because plaintiff has not pled "factual allegations suggesting that the voice on the other end of the line was prerecorded" or artificial, plaintiff must instead demonstrate that the calls were made using ATDS. *See Trumper v. GE Capital Retail Bank, 79 F. Supp. 3d 511, 513 (D.N.J. 2014)*.

The TCPA defines an AIDS as "equipment **[*8]** which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." *47 U.S.C. § 227(a)(1)*. As courts have explained, the defining characteristic of an ATDS is the ability to "dial numbers without human intervention." *ACA Int'l v. FCC, 885 F.3d 687, 695, 703, 435 U.S. App. D.C. 1 (D.C. Cir. 2018)*; *Herrick v. GoDaddy. com LLC, 312 F. Supp. 3d 792, 801 (D. Ariz. 2018)*.

At the pleadings stage, to demonstrate that a call was made using an ATDS, plaintiff must allege facts to show "why they believe[] that an ATDS was used." *Reo v. Caribbean Cruise Line, Inc., 2016 U.S. Dist. LEXIS 35596, 2016 WL 1109042, at \*4 (N.D. Ohio Mar. 18, 2016)*.[5] In this respect, given "the difficulty a plaintiff faces in knowing the type of calling system used . . . courts can rely on details about the call to infer the use of an ATDS." *Hickey v. Voxernet LLC, 887 F. Supp. 2d 1125, 1129-30 (W.D. Wash. 2012)*. But without more, merely alleging, in a conclusory fashion, that defendant used an ATDS or parroting the statutory definition of an ATDS to describe the equipment used is insufficient to show plausibly that the telephone calls were made to plaintiff's cellular phone via an AIDS. *Baranski v. NCO Fin. Sys., Inc., 2014 U.S. Dist. LEXIS 37880, 2014 WL 1155304, at \*6 (E.D.N.Y. Mar. 21, 2014)* (holding that "[p]laintiffs must do more than simply parrot the statutory language" defining ATDS and noting that the "vast majority of courts to have considered the issue have found that "a bare allegation that defendants used an ATDS is not enough").

In this respect, plaintiff fails to plead facts to support his conclusory allegation that defendant called plaintiff's cellular phone using an ATDS. Indeed, the majority of the allegations in the complaint amount to nothing

---

[5] *See also, e.g., Sprye* **[*9]** *v. Ace Motor Acceptance Corp., No. CV PX 16-3064, 2017 U.S. Dist. LEXIS 67840, 2017 WL 1684619, at \*5 (D. Md. May 3, 2017)*; *Aikens v. Synchrony Financial, 2015 U.S. Dist. LEXIS 115467, 2015 WL 5818911, \*3 (E.D. Mich. 2015)* report and recommendation adopted, *15 CV 10058, 2015 U.S. Dist. LEXIS 115023, 2015 WL 5818860 (E.D Mich. 2015)*; *Johansen v. Vivant, Inc., 2012 U.S. Dist. LEXIS 178558, 2012 WL 6590551, \*3 (N-D. Ill. Dec. 18, 2012)*.

more than a formulaic recitation of the statutory definition of an ATDS. *See* Compl. ¶¶ 25-31. The only factual detail alleged by plaintiff with respect to the content or nature of the calls at issue that could support plaintiff's belief that the call had been made using ATDS is that plaintiff was *"sometimes* greeted with 'dead air' whereby no person was on the other end of the line"; then after "several seconds, an agent was connected" to the call. *Id.* ¶ 24 (emphasis added). Plaintiff also alleges that "the dead air that the Plaintiff *may have experienced* on the calls that he received is indicative of the use of an ATDS." *Id.* ¶ 32 (emphasis added). Putting aside the equivocal nature of these factual allegations, courts have routinely held that a plaintiff cannot support a belief that an ATDS was being used by alleging only that plaintiff experienced "dead air" during the calls at issue. *See, e.g.,* Norman v. AllianceOne Receivables Mgmt., Inc., 637 Fed. Appx. 214, 215 (7th Cir. 2015) (finding that "dead air" was insufficient **[*10]** to create an issue of material fact even though auto dialers frequently result in "dead air"); Martin v. Allied Interstate, LLC, 192 F. Supp. 3d 1296, 1308 (S.D. Fla. 2016); Estrella v. Ltd Fin. Servs., LP, No. 14—cv-2624, 2015 U.S. Dist. LEXIS 148249, 2015 WL 6742062, at *3 (M.D. Fla. Nov. 2, 2015). Therefore, plaintiff has failed to plead facts sufficient to support his conclusion that defendant made the calls at issue using an ATDS, as is required in order to state a claim under the TCPA.

**V.**

Seeking to avoid dismissal, plaintiff advances two arguments that attempt to show defendant's motion for judgment on the pleadings is inappropriate on procedural grounds.

First, plaintiff argues that defendant's motion was filed in bad faith and that the motion unreasonably increases the proceedings. In this regard, plaintiff emphasizes that in a joint motion to vacate the entry of default against defendant in this matter, defendant "agreed to file its answer and affirmative defenses to the Complaint, rather than a *Rule 12(b)* motion, as its responsive pleading on or before February 15, 2019." Joint Mot. to Vacate, Dkt. 12, ¶ 12. But it appears that defendant did in fact file its Answer on February 15, 2019, as required by this agreement. *See* Answer, Dkt. 13. Moreover, the joint motion to vacate makes clear that neither side "waivi[es] any rights, defenses, **[*11]** objections, or arguments that may be raised later during the course of this litigation," *see* Joint Mot. to Vacate, Dkt. 12, ¶ 12, and specifically recognized that defendant intended to raise the defense of "failure to state a claim under the TCPA," *see id.* ¶ 11. Thus, it does not appear that defendant violated any agreement between the parties or otherwise acted in bad faith by filing its answer, as required, and then later bringing the instant *Rule 12(c)* motion.

Second, plaintiff argues that defendant's motion for judgment on the pleadings is inappropriate because defendant, in its Answer, has denied the central allegations of the Complaint. This argument fails because the fact that a defendant, in its answer, has denied allegations in the plaintiffs complaint does not bar the defendant from seeking judgment on the pleadings. *See, e.g.,* Chalif v. Spitzer, No. 9:05-CV-1355, 2008 U.S. Dist. LEXIS 33437, 2008 WL 1848650, at *3, *14 (N.D.N.Y. Apr. 23, 2008) (granting the defendants' motion for judgment on the pleadings, notwithstanding the fact that the defendants, in their answer had "generally denied the material allegations of plaintiffs complaint and asserted various affirmative defenses"). This is so because "when a party moves for judgment on the pleadings pursuant to *Rule 12(c)*, the well-pled **[*12]** factual allegations in the complaint are taken as true,

whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint." *Shelton v. Safeway, Inc., No. CIV. PJM 10-2358, 2011 U.S. Dist. LEXIS 52370, 2011 WL 1869827, at *3 (D. Md. May 16, 2011)*. Accordingly, because resolution of a motion for judgment on the pleadings turns on whether the factual allegations in the Complaint state a claim to relief that is plausible on its face, it is immaterial whether the defendant has admitted or denied certain allegations in the Complaint. *Meyer Nat. Foods, LLC v. Liberty Mut. Fire Ins. Co., 218 F. Supp. 3d 1034, 1037 (D. Neb. 2016)*.

**VI**.

Accordingly, for the reasons stated above,

It is hereby **ORDERED** that defendant's motion for judgment on the pleadings (Doc. 21) is **GRANTED**.

The Clerk is directed to send a copy of this Order to all counsel of record and to place this matter among the ended cases.

Alexandria, Virginia

April 15, 2019

/s/ T. S. Ellis, III

T. S. Ellis, III

United States District Judge

**End of Document**