## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH FRIEL**, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**LINE 5, LLC, HEADSTART WARRANTY GROUP LLC** and **JEA MANAGEMENT SERVICES d/b/a COVERED AUTO**,<br><br>Defendants. | **CASE NO. 3:24-cv-01866-JKM**<br><br>**Judge: Hon. Julia K. Munley** |

## DEFENDANT JEA MANAGEMENT SERVICES BRIEF IN SUPPORT OF
## MOTION TO BIFURCATE DISCOVERY

Defendant JEA Management Services d/b/a Covered Auto ("JEA") moves, pursuant to Federal Rule of Civil Procedure 16(b)(4), for entry of an order phasing discovery.

In order to effectively manage this litigation, conserve party and judicial resources, and resolve factual disputes as to the merits of Plaintiff Joseph Friel's ("Plaintiff") individual claims as alleged in the Complaint, discovery should be conducted in three separate phases: (1) discovery into Plaintiff's individual claims; (2) discovery into the appropriateness of class certification if Plaintiff's claims proceed; and (3) if any class is ultimately certified, merits discovery for the class(es).

## I. __INTRODUCTION__

Plaintiff's Complaint cannot survive the pleadings stage because he has failed to adequately allege that JEA violated the Telephone Consumer Protection Act ("TCPA") in any manner. As such, the entire Complaint must be dismissed. Additionally, Plaintiff's proposed classes are fatally flawed in a manner that discovery cannot remedy, as they fail to exclude individuals who consented, improperly include calls unrelated to JEA, and rely on vague definitions.

Nevertheless, in the event the Court does not dismiss the case in its entirety or declines to strike the class allegations, the Court should bifurcate discovery in the interests of conserving judicial and party resources and facilitating the expeditious resolution of this matter.

JEA respectfully requests that discovery in this matter be thoughtfully phased to account for the unusual setting of this lawsuit. In its first phase, discovery will be limited to the narrow issue of whether Plaintiff has any valid individual claim against JEA. If necessary, the second phase of discovery would be focused on broader issues of commonality ahead of a potential certification effort. A final phase–again, should it be necessary–would permit the individual merits of each member of a certified class to be explored.

Good cause exists to phase discovery in this manner because doing so would allow the Court to first resolve the merits of Plaintiff's individual claims and avoid

burdensome class discovery if Plaintiff's claims prove meritless. Additionally, phasing class certification discovery from class merits discovery is critically important in TCPA cases where plaintiffs commonly (and improperly and needlessly) seek massive swaths of private consumer information on individuals who are not class members precertification.

Such productions impose a huge expense on TCPA defendants and also pose a clear and present danger to consumers who unknowingly have their private data released without notice. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs).

These concerns are especially significant here, as Plaintiff's Complaint lacks sufficient factual allegations to plausibly state any claim. Accordingly, it is likely that this case will not progress beyond the first phase, as Plaintiff cannot state or prove any meritorious claim against JEA. Allowing the case to proceed to non-phased class merits discovery would intrude on the privacy of potentially thousands of consumers who have not asserted claims against JEA and have never received an illegal call. Due process also requires JEA to conduct discovery on the claims actually asserted by members of any final certified class. Indeed, Federal

Rules of Civil Procedure governing class certification aim for certification to occur as early as practicable to ensure that due process principles are satisfied. *See generally* Fed. R. Civ. P. 23.

Accordingly, JEA submits that good cause exists to phase discovery, which will avoid burdensome class discovery if Plaintiff's claims prove meritless and expedite the decision on class certification in accord with Fed. R. Civ. P. 23.

## II.    PROCEDURAL HISTORY

On October 29, 2024, Plaintiff filed this putative class action alleging violations of the TCPA. *See* ECF 1. JEA received service of the Complaint on November 21, 2024. *See* ECF 17. On December 20, 2024, JEA filed a consent motion for an extension of time to respond to the Complaint. *See* ECF 24. The Court granted this motion on December 23, 2024. *See* ECF 25.

## III.    STATEMENT OF QUESTIONS INVOLVED

1.    Should discovery be phased to first address Plaintiff's individual claims before proceeding with class-wide discovery?

2.    Would addressing the merits of Plaintiff's individual TCPA claims through focused initial discovery would promote judicial economy and potentially avoid unnecessary and burdensome class discovery?

3.    If Plaintiff's individual claims proceed, should class certification discovery be separated from class merits discovery to expedite the certification

decision and protect consumer privacy?

       Suggested Answer to All Questions:  Yes.

## IV.   <u>STATEMENT OF FACTS</u>

       Plaintiff alleges that despite his cell phone being on the Do Not Call Registry since 2011, he received at least fourteen telemarketing calls from JEA between August 8, 2024, and September 27, 2024. Complaint ("Compl.") at ¶¶ 20, 22. These calls originated from various caller IDs, including numbers with area codes 610, 267, and 272. *Id.* at ¶ 22. Each call allegedly began with a prerecorded message featuring "fake typing and office background noise." *Id.* at ¶ 23. Plaintiff claims he would typically hang up on these calls due to lack of interest. *Id.* at ¶ 26. However, on September 27, 2024, Plaintiff alleges he stayed on the line "to identify the identity of the individuals calling him illegally, and for no other reason." *Id.* at ¶ 27. During this call, after the prerecorded portion ended, Plaintiff claims he spoke with a live agent named Charles Burch who "explained the protection plan benefits and Line 5's financing program." *Id.* at ¶¶ 31-33. Following this call, Plaintiff alleges he received emails and texts from Line 5 about coverage documents. *Id.* at ¶ 36. These communications allegedly listed "Charles Burch" as Finance Manager, "Covered Auto-AP" as Dealer, and Headstart as the Obligor. *Id.* at ¶¶ 37-39. Based on these allegations, Plaintiff seeks to represent two nationwide classes: 1) a "Robocall Class" and 2) a "National Do Not Call Registry Class". *Id.* ¶ 74.

## V.    LEGAL STANDARD

Federal Rule of Civil Procedure 42(b), which governs bifurcation, provides that a court may order a separate trial of one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Under Rule 42(b), "a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co.*, 03-5550 (MLC), Civil Action No. 04-1686 (MLC), Civil Action No. 04-1686 (MLC), 2007 U.S. Dist. LEXIS 4652, at *12-13 (D.N.J. Jan. 22, 2007)[1] (internal quotation marks and citation omitted). Further, the broad discretion afforded courts in handling discovery disputes extends to decisions over bifurcating discovery. *See Weiss v. First Unum Life Ins. Co.*, Civil Action No. 02-4249 (GEB), 2008 WL 755958, at *1 (D.N.J. Mar. 19, 2008)[2]; *see also Bandai Am. Inc. v. Bally Midway Mfg. Co.*, 775 F.2d 70, 74 (3d Cir. 1985) (holding that bifurcation orders and orders controlling order of discovery are reviewed for abuse of discretion).

## VI.    ARGUMENT

**A.    Phasing Individual Merits Discovery Will Serve the Interests of Judicial Economy Because If Plaintiff's Claims Fail, Then Far More Resource-Intensive Discovery on the Merits of the Proposed Class Claims Can Be Avoided.**

---

[1] A copy of this unpublished opinion is attached as Exhibit A.

[2] A copy of this unpublished opinion is attached as Exhibit B.

Phasing individual merits discovery is in the best interests of the Court and the parties, as it serves the judicial economy in potentially resolving an unmeritorious class action at the individual stage. Thus, district courts properly exercise their discretion to phase discovery when a threshold issue might be dispositive of the plaintiff's claims such that limiting discovery to that issue would conserve the parties' and the court's resources. *See Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132 (FLW), 2014 WL 413534, at *4–6 (D.N.J. Feb. 4, 2014)[3] (granting defendant's bifurcation request and discussing the efficiencies of bifurcation in a putative class action); *Physicians Healthsource v. Anda, Inc.*, CASE NO. 12-60798-CIV-ROSENBAUM/SELTZER, 2012 WL 7856269, at *2 (S.D. Fla. Nov. 26, 2012)[4] (granting motion to bifurcate a Telephone Consumer Protection Act class action where minimal inconvenience was found to be "insufficient to outweigh the advantages potentially gained by resolving the individual claims at an early stage", and further noting that the "Plaintiff's arguments against bifurcation are unconvincing."); *Degutis v. Fin. Freedom LLC*, 2013 WL 10207621, at *1-2 (M.D. Fla. 2013)[5] (finding bifurcation of class and merits discovery to be "appropriate").

Moreover, if the initial phase of discovery demonstrates that Plaintiff's

---

[3] A copy of this unpublished opinion is attached as Exhibit C.
[4] A copy of this unpublished opinion is attached as Exhibit D
[5] A copy of this unpublished opinion is attached as Exhibit E.

claims fail or that Plaintiff is otherwise not an adequate class representative, then the far more resource-intensive discovery on the merits of the purported class claims can be avoided. In *Katz v. Liberty Power Corp.*, No. 18-cv-10506-ADB, 2019 WL 957129 (D. Mass. Feb. 27, 2019)[6], for example, the court bifurcated individual merits and class discovery because "the need for class discovery may be eliminated if [defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims." *Id.* at *2.

Additionally, "class discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims..." *Id.; see also, e.g., DeLeon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBx), 2009 U.S. Dist. LEXIS 135122, at *3 (C.D. Cal. Nov. 2, 2009)[7] ("The Court has authority to bifurcate this case so that discovery and dispositive motions on Plaintiff's individual claims take place before submerging the parties in an ocean of class discovery."); *Gottlieb v. Amica Mut. Ins. Co.*, No. 20-10509-DJC, 2021 WL 1839602, at *2 (D. Mass. May 7, 2021)[8] (granting the request to bifurcate and delay class discovery pending resolution of defendant's motion for summary judgment); *America's Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No.

---

[6] A copy of this unpublished opinion is attached as Exhibit F.
[7] A copy of this unpublished opinion is attached as Exhibit G.
[8] A copy of this unpublished opinion is attached as Exhibit H.

16 C 9281, 2018 WL 3474444, at *5, *6 (N.D. Ill. July 19, 2018)[9] (bifurcating discovery "where some limited, first- stage production could shave off substantial wasted efforts" on purported class claims and "perhaps…entirely forego class-wide discovery, saving resources and expense on all sides").

Courts in this Circuit have specifically recognized the value of bifurcation in cases like this one, where individual issues could dispose of the entire action. In *Loreaux v. ACB Receivables Mgmt.*, No. 14-710 (MAS), 2015 U.S. Dist. LEXIS 112250, at *11-12 (D.N.J. Aug. 25, 2015)[10], the Court found that bifurcating discovery was warranted where "a narrow, potentially dispositive issue exists" that could be resolved efficiently before undertaking broader discovery. As recognized in *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, courts must be particularly mindful that class actions involve the potential "for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims[.]" *Bais Yaakov of Spring Valley v. Peterson's Nelnet, L.L.C.*, Civil No. 11-00011, 2013 WL 663301, at *5 (D.N.J. Feb. 20, 2013)[11]. The Court specifically emphasized that such costs can be "particularly 'enormous' for defendants." *Id.*

As such, phasing discovery would allow for the initial resolution of threshold matters in this action, as alleged in the Complaint, which would impact

---

[9] A copy of this unpublished opinion is attached as Exhibit I.
[10] A copy of this unpublished opinion is attached as Exhibit J.
[11] A copy of this unpublished opinion is attached as Exhibit K.

his ability to maintain his present claims under the TCPA. *See* 47 U.S.C. § 227. If the Court denies this Motion, JEA will face undue prejudice by being forced into class-wide discovery before resolving Plaintiff's individual claims. Based on fourteen alleged calls over two months in 2024, JEA would need to produce sensitive data on thousands of consumers spanning four years, all before determining if JEA made the calls or if Plaintiff adequately alleged liability. Phasing discovery prevents unnecessary time and expense on a claim that cannot proceed as a class action.

As detailed in JEA's Motion to Dismiss, Plaintiff's claims suffer from critical deficiencies. The Complaint does not provide sufficient factual evidence to establish JEA's liability under common law theories. It also omits necessary details such as personal registration on the National Do-Not-Call Registry ("NDNCR") and fails to confirm that the calls qualify as "telephone solicitations" as defined by the TCPA. Furthermore, JEA's Motion to Strike highlights significant issues with Plaintiff's proposed classes. Specifically, the Robocall Class improperly includes individuals who provided prior express written consent, does not specifically target calls related to JEA, and employs the overly broad and vague criteria of "same, or substantially similar" to define class membership. *See* Compl. at ¶ 74. The NDNCR Class is equally overbroad; it does not exclude calls made with consent or those made under established business relationships. It

encompasses calls from all defendants rather than just those from JEA, and it neglects to mandate personal registration on the NDNCR by its members. These deep-seated flaws necessitate addressing individual claims first, which underscores the impracticality of proceeding with burdensome class-wide discovery without prior resolution.

As such, the resolution of the Motion to Strike may dispose of the putative class members' claims. Commencing class discovery before this facially uncertifiable class is narrowed (or even eliminated) would be unproductive and pointless.

Therefore, JEA requests phased discovery, prioritizing resolution of Plaintiff's individual claims.

**B.    If Plaintiff's Individual Claims Proceed, The Court Should Phase Class Certification Discovery from Class Merits Discovery Because It Will Expedite A Decision on Class Certification and Serve the Interests of Judicial Economy.**

Should Plaintiff's individual claims proceed, JEA requests that the Court phase discovery, limiting class merits discovery to occur only if a class is certified. Courts in this Circuit recognize that "courts generally postpone class-wide discovery on the merits of the claims when bifurcation serves the interests of fairness and efficiency." *Nazario v. Sharinn & Lipshie, P.C.*, No. 2:19-cv-04604-SDW-SCM,

2020 U.S. Dist. LEXIS 5950, at *3 (D.N.J. Jan. 14, 2020)[12]. Additionally, "proceeding with merits discovery, which may well involve the review of millions of documents not directly relevant to the issues of class certification, [...] would frustrate the court's effort to certify the action as a class action at an early practicable time, as is mandated by Rules." *Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012)[13] (internal quotations omitted).

When evaluating whether to phase class discovery, courts consider several key factors, including the overlap between individual and class discovery, whether bifurcation promotes early certification decisions under Rule 23, judicial economy, and potential prejudice. *See Akselrod v. Marketpro Homebuyers L.L.C.*, No. CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 11, 2021)[14]. Here, these factors strongly support bifurcation. Certification discovery would focus solely on Rule 23 requirements and would be "straightforward and distinguishable from merits discovery." *Horton v. Sw. Med. Consulting, L.L.C.*, No. 17-CV-0266-CVE-mjx, 2017 U.S. Dist. LEXIS 213982, at *2 (N.D. Okla. Aug. 14, 2017)[15].

As such, if this case proceeds, the Court should phase discovery into two well-defined phases. First, in the initial phase, this Court can address the individual

---

[12] A copy of this unpublished opinion is attached as Exhibit L.
[13] A copy of this unpublished opinion is attached as Exhibit M.
[14] A copy of this unpublished opinion is attached as Exhibit N.
[15] A copy of this unpublished opinion is attached as Exhibit O.

merits of Plaintiff's claims and class certification. This discovery can address Plaintiff's claims and class certification issues, saving expensive and expansive class merits discovery for a second phase, if necessary. The Third Circuit has approved this approach. *See Physicians Healthsource, Inc.*, 2014 WL 413534, at *5 (holding that bifurcating discovery into two phases will promote the efficient resolution of this matter with no significant prejudice to Plaintiff).

For example, while Plaintiff could inquire about JEA's do-not-call practices and policies during certification discovery, he would not be permitted to obtain lists of individuals who requested calls to cease or confidential contact information of potential class members. This distinction is critical because, prior to certification, these individuals are not yet parties to the case. The benefits of bifurcation are particularly apparent given the fundamental defects in Plaintiff's proposed classes, as detailed in JEA's Motion to Strike. These defects make early consideration of certification issues through phased discovery especially important for promoting judicial economy.

Furthermore, bifurcation promotes economic efficiency because individual TCPA claims typically involve limited statutory damages that rarely justify the expense of continued litigation absent class certification. If class certification is denied, the case will likely conclude without the parties incurring unnecessary merits discovery costs.

13

To clarify the scope of discovery under this phased approach: the certification phase would encompass evidence needed to establish Rule 23's requirements, but would exclude individual class member merits evidence. For example, discovery about JEA's calling systems and practices would be appropriate for certification purposes, while the production of individual call records and contact information for potential class members would be premature before certification.

Proceeding with merits discovery prematurely would frustrate efficient resolution by requiring review of documents not relevant to certification. *See Harris v. Option One Mortg. Corp.*, 261 F.R.D. 98, 111 (D.S.C. 2009) (finding bifurcation appropriate where first phase focuses on certification issues and if the court certifies the class, then permitting discovery on the merits in the second phase of discovery). Here, only if a class is certified—and the precise contours of the class definition are established—should the confidential records of individual class members be identified, produced, and analyzed. Indeed, this timing is logical because discovery into individual class members' claims—including their specific call records, consent documentation, and business relationships with JEA—only becomes relevant once the class boundaries are definitively established through certification. This phased approach ensures that expensive and expansive merits discovery is undertaken if necessary, a consideration particularly important here

14

given the likelihood that Plaintiff's proposed classes cannot be certified.

Accordingly, good cause exists to phase class certification discovery from merits discovery. This approach will promote efficient resolution by compelling Plaintiff to swiftly seek certification as Rule 23 contemplates, while limiting initial discovery to issues pertinent to the certification effort. Class merits discovery should be reserved until and only if a class is certified, thereby serving both judicial economy and privacy interests.

## VII.    <u>CONCLUSION</u>

For the foregoing reasons, JEA respectfully requests that the Court enter an Order phasing discovery in this matter pursuant to Fed. R. Civ. P. 16(b)(4).

Dated: January 21, 2025                    Respectfully submitted,

                                           **NELSON MULLINS RILEY &
                                           SCARBOROUGH, LLP**

                                           <u>*/s/ Elyse N. Cohen*</u>
                                           Elyse N. Cohen, Esq.
                                           PA Attorney Id. No.  320787
                                           1000 Westlakes Drive, Suite 275
                                           Berwyn, PA 19312
                                           (p): 610-943-5354
                                           Elyse.Cohen@nelsonmullins.com

                                           **TROUTMAN AMIN, LLP**
                                           Eric J. Troutman, Esq.
                                           CA Bar Id. No.  229263
                                           *(pro hac vice application pending-
                                           1/17/2025)*

                                           Puja Amin, Esq.

15

CA Bar Id. No.  299547
*(pro hac vice application pending-*
*1/17/2025)*

Tori L. Guidry, Esq.
LA Bar Id. No. 37704
*(pro hac vice application pending-*
*1/17/2025)*

400 Spectrum Center Drive, Suite 1550
Irvine, CA 92618
(p): 949-350-3663

*Attorneys for Defendant, JEA Management*
*Services d/b/a Covered Auto*

16

## <u>CERTIFICATE OF CONCURRENCE</u>

This Motion is made following the conference of counsel pursuant to L.R. 7-1, which took place on January 17, 2024, via telephone call where concurrence was denied by Plaintiff's counsel.

Dated: January 21, 2025            */s/ Elyse N. Cohen*
                                          Elyse N. Cohen

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 21, 2025, a copy of the foregoing was served by ECF to counsel of record.

Dated: January 21, 2025            */s/ Elyse N. Cohen*
                                          Elyse N. Cohen