# **EXHIBIT B**

2008 WL 755958
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.

Richard D. WEISS, Plaintiff,

v.

FIRST UNUM LIFE INSURANCE
COMPANY, et al., Defendants.

Civil Action No. 02–4249 (GEB).
|
March 19, 2008.

**Attorneys and Law Firms**

Avrom J. Gold, Mandelbaum Salsburg, West Orange, NJ, for
Plaintiff.

Steven P. Del Mauro, McElroy, Deutsch, Mulvaney &
Carpenter, LLP, Morristown, NJ, for Defendants.

**ORDER**

TONIANNE J. BONGIOVANNI, United States Magistrate
Judge.

 **\*1** This matter having been opened by the Court *sua
sponte* via its Order dated October 24, 2007 in which the
Court instructed the parties to submit informal briefing
regarding the threshold issue of whether discovery in this
matter should be bifurcated; and Plaintiff Richard D. Weiss
("Weiss") arguing against bifurcating discovery; and Weiss
arguing that there is nothing to bifurcate as the only claims
remaining in this matter are his federal, civil Racketeer
Influenced and Corrupt Organizations Act ("RICO") claims;
and Weiss further arguing that because only his RICO claims
remain, this Court's decision in *Hage v. Unumprovident
Corp.,* Civil Action No. 04–5933(MLC) (D.N.J. Oct. 22,
2007), is inapplicable because in *Hage* there were both
contractual and RICO claims; and Weiss further arguing
that his only remaining claims are RICO claims and that
he is entitled to discovery on those claims; and Weiss
further arguing that he should not have to prove any other
cause before obtaining the RICO discovery; and Weiss
further arguing that Defendants may argue as part of their
affirmative defenses, for which Defendants bear the burden
of proof, that their action in terminating Weiss' long-term
disability benefits was neither arbitrary or capricious, and/

or was made within their discretion under the disability
policy; and Weiss further arguing that he should not have
to disprove Defendants' affirmative defenses in advance of
obtaining discovery on his underlying RICO claims; and
Defendants First Unum Life Insurance Company, et al. ("First
Unum"), arguing that discovery in this matter should be
bifurcated in order to address the underlying dispositive
issue of the propriety of First Unum's claim determination;
and First Unum further arguing that Weiss cannot prove
injury to his business or property as required by RICO
unless he is able to establish as a threshold matter, and
before proximate causation is considered, that his claim
for long-term disability benefits was meritorious and that
First Unum's final claim determination of May 2, 2002 was
arbitrary and capricious; and First Unum further arguing
that its decision to reinstate Weiss' benefit claim on October
23, 2002 in no way constituted an acknowledgment that the
administrative record evidenced a meritorious claim or
that First Unum's final determination of May 2, 2002 was
arbitrary or capricious; and First Unum further arguing that
it strongly believes that its final determination of May 2,
2002 is fully supported by the administrative record; and
First Unum further arguing that because Weiss cannot succeed
on his RICO claims without first proving that his claim for
benefits was meritorious and that First Unum's final claim
determination was arbitrary and capricious, this Court should
apply the same reasoning applied in *Hage* and exercise its
discretion to bifurcate discovery in this matter; and First
Unum further arguing that bifurcation of discovery could
save hundreds of thousands of dollars in discovery costs and
would preserve judicial resources; and First Unum further
arguing that this matter should be bifurcated to prevent Weiss
from engaging in an *in terrorem* use of the RICO statute
to force a settlement of this matter; and the Court having
fully reviewed and considered the parties' submissions; and
the Court finding that it has "broad discretion when deciding
discovery motions" (*Richards v. Johnson & Johnson, Inc.,*
Civ. Action No. 05–3663(KSH), 2007 WL 2123697, at \*1
(D.N.J. July 20, 2007)*); and the Court further finding that the
decision to bifurcate similarly rests in the Courts discretion
(*see Bandai America Inc. v. Bally Midway Mfg. Co.,* 775
F.2d 70, 74 (3d Cir.1985); *Lis v. Robert Packer Hosp.,*
579 F.2d 819, 824 (3d Cir.1978) (*cert. denied, 439 U.S.
955, 99 S.Ct. 354, 58 L.Ed.2d 346 (1978)*); and the Court
further finding that pursuant to FED. R. CIV. P. 42(b), "[t]he
court, in furtherance of convenience or to avoid prejudice,
or when separate trials will be conducive to expedition and
economy, may order a separate trial of any claim, cross-claim,
counterclaim, or third-party claim, or of any separate issue or

of any number of claims, cross-claims, counterclaims, third-party claims, or issues"; and the Court further finding that while this matter differs from *Hage* in that only RICO claims are present and there are no contractual claims, bifurcation of discovery is nonetheless appropriate because it appears that Weiss cannot succeed on his RICO claims unless First Unum's final claim determination of May 2, 2002 is found to have been arbitrary and capricious; and the Court further finding that bifurcating discovery to focus first solely on the issue of whether First Unum's final claim determination of May 2, 2002 was arbitrary and capricious (an issue which could prove to be dispositive) will promote judicial economy and may limit potentially unnecessary and exorbitant discovery costs; and the Court having considered this matter pursuant to FED. R. CIV. P. 78, and for good cause shown,

**\*2** IT IS on this 19th day of March, 2008,

ORDERED that discovery in this matter is hereby bifurcated; and it is further

ORDERED that the parties shall immediately commence fact discovery regarding solely the issue of whether Weiss' claim for long-term disability benefits was meritorious and whether First Unum's final claim determination of May 2, 2002 was arbitrary and capricious; and it is further

ORDERED that the parties shall have until ***June 20, 2008*** to conclude fact discovery on this threshold issue; and it is further

ORDERED that all other discovery in this matter is hereby stayed until further Order of this Court; and it is further

ORDERED that counsel shall confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of a motion and that no discovery motion will be entertained absent counsel's full compliance with *L. Civ. R.* 37.1(a)(1); *see also L. Civ. R.* 16.1(f); and it is further

ORDERED that the parties shall file any summary judgment motion regarding whether Weiss' claim for long-term disability benefits was meritorious and whether First Unum's final claim determination of May 2, 2002 was arbitrary and capricious no later than ***July 11, 2008*** and that any such Motion shall be made returnable on ***August 4, 2008.***

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 755958

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.