# **<u>EXHIBIT D</u>**

KeyCite Yellow Flag - Negative Treatment
Distinguished by Kerswill v. Modern Brokers of America, LLC, M.D.Fla., June 9, 2023

2012 WL 7856269
Only the Westlaw citation is currently available.
United States District Court,
S.D. Florida.

PHYSICIANS HEALTHSOURCE, INC., Plaintiff,
v.
ANDA, INC., Defendant.

No. 12–60798–CIV.
|
Nov. 27, 2012.

**Attorneys and Law Firms**

Brian J. Wanca, Ryan Michael Kelly, Anderson & Wanca Rolling Meadows, IL, Daniel Allen Thomas, Leopold Law, P.A., Palm Beach Gardens, FL, Max G. Margulis, Margulis Law Group, Chesterfield, MO, Phillip A. Bock, Bock & Hatch, LLC, Chicago, IL, for Plaintiff.

Albert Bower, Eric L. Samore, Yesha Sutaria, SmithAmundsen, LLC, Chicago, IL, Ellen Marcie Leibovitch, Assouline & Berlow, P.A., Boca Raton, FL, for Defendant.

### ORDER ON BIFURCATION OF DISCOVERY AND SCHEDULING

ROBIN S. ROSENBAUM, District Judge.

*1 This matter is before the Court on Defendant's Motion for Bifurcation of Discovery Pursuant to Federal Rules of Civil Procedure 1 and 26 [D.E. 33]. The Court has reviewed Defendant's Motion, the briefs, and the record and is otherwise fully advised in the premises. For the reasons stated below, the Court grants Defendant's Motion to conduct discovery as to Plaintiff's individual claims before resolving the class-certification issue.

Plaintiff Physicians Healthsource, Inc., filed its purported class-action Complaint against Defendant Anda, Inc., on May 1, 2012, alleging violations of the Telephone Consumer Protection Act ("TCPA"). At the same time, Plaintiff filed a "bare bones" placeholder Motion for Class Certification [D.E. 4] asking this Court to certify this case as a class action. As acknowledged by both parties, however, the class-certification motion is premature and requires discovery before it can be fully briefed and resolved by this Court. D.E. 35; D.E. 36; D.E. 37.

Although the parties agree that discovery is required before resolving the class-certification issue, they disagree on how best to organize the process. Defendant seeks first to conduct discovery on and file a dispositive motion as to Plaintiff's individual claims. According to Defendant, Plaintiff's individual claims are time-barred. If Plaintiff's individual claims are barred, Defendant argues, Plaintiff would not qualify as an adequate class representative, and the class action would be dismissed. D.E. 33 at 2. If Plaintiff's claims survived, discovery would proceed to class certification and the merits. Id. Plaintiff, on the other hand, seeks to conduct discovery limited to its class-certification motion, and once that motion is resolved, to proceed to discovery and briefing on the merits. D.E. 36 at 1–2.

In addition to proposing its own discovery plan, Plaintiff objects to Defendant's plan by denying the merit of Defendant's dispositive arguments, by asserting that any delay to resolve the individual claims "runs a substantial risk of loss of evidence or memory loss of witnesses," and by opining that witnesses will have to be deposed twice, first regarding the individual claims and later on the class-certification and merits issues. D.E. 36 at 4–7.

### DISCUSSION

Courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir.2001). In the class-action context, the Court may, in the interests of fairness and efficiency, order discovery on issues of class certification while postponing class-wide discovery on the merits. See Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570–71 (11th Cir.1992). The drafters of the Federal Rules of Civil Procedure similarly recognized that certification of a class may be delayed in order to conduct discovery on and dispose of a purported class representative's individual claims. Fed.R.Civ.P. 23 advisory committee's note (2003) ("The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding

the class that might have been certified."). In this case, Defendant has made a plausible argument that it may be able to prevail on the merits against Plaintiff's individual claims. To be clear, the Court is not making any decision at this point as to the merits of Defendant's dispositive arguments. But if the Court resolves the individual claims in Defendant's favor, that ruling would likely significantly impact the Court's decision on class certification.

 *2  Plaintiff's arguments against bifurcation are unconvincing. Although Plaintiff contests the merits of Defendant's arguments—and is free to do so more thoroughly in response to Defendant's anticipated dispositive motion—Plaintiff has not shown those arguments to be implausible on their face, and Defendant has demonstrated why discovery is necessary to support these arguments. *See* D.E. 39 at 6. Further, since Plaintiff itself points out that this case is "focused on the time frame of 2006 through 2009," D.E. 36 at 5, but did not file its Complaint until 2012, it seems unlikely that an additional few months to resolve the individual claims will prejudice the Plaintiff in any substantial way. Finally, although a handful of witness may need to be interviewed twice should this case proceed to class-wide discovery on the merits, that inconvenience is insufficient to outweigh the advantages potentially gained by resolving the individual claims at an early stage.

Accordingly, the Court agrees that in the interests of efficiency, Defendant should be allowed to conduct discovery on and submit a dispositive motion as to Plaintiff's individual claims. This discovery must be completed and any dispositive motion Defendant wishes to file must be filed within sixty (60) days of this Order. A schedule for class-certification briefing will be set after Defendant's dispositive motion is resolved.

Additionally, because both parties have agreed that Plaintiff's current class-certification motion is premature, the Court will deny the current certification motion without prejudice to renew. To the extent that Plaintiff is concerned that Defendant may attempt to "pick off" Plaintiff's claims with an offer of judgment, the Court acknowledges Defendant's stipulation "that it will not make a tender of relief or an offer under Fed.R.Civ.P. 68 or otherwise or argue or contend that Plaintiff's lawsuit is moot or that class certification should be denied prior to Plaintiff's filing a motion for class certification, on such grounds." D.E. 37, ¶ 3. Furthermore, the Court recognizes that Plaintiff has pursued class certification from the time it filed its Complaint, and the Court is postponing the certification issue so that issues necessary to resolving certification can be more fully developed by the parties. *See Bishop's Prop. & Invs., LLC v. Protective Life Ins. Co.,* 463 F.Supp.2d 1375, 1382 (M.D.Ga.2006) (finding that a plaintiff had standing to pursue class certification even after the defendant "picked off" plaintiff's individual claim).

## CONCLUSION

For the reasons discussed above, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion for Bifurcation of Discovery Pursuant to Federal Rules of Civil Procedure 1 and 26 [D.E. 33] is **GRANTED.** The parties may conduct discovery related to Plaintiff's individual claims against Defendant. By **no later than January 25, 2013,** the parties must complete this discovery and file any dispositive motion relating to Plaintiff's individual claims against Defendant.

 *3  2. Plaintiff's Motion for Class Certification [D.E. 4] is **DENIED without prejudice** and may be renewed at a later date. The Court will enter a briefing schedule for a renewed class certification motion after ruling on any dispositive motion regarding Plaintiff's individual claims, or if no dispositive motion is filed, after the time for filing such a dispositive motion has expired.

3. In light of the above, Defendant's Request for Suspension of Briefing on Motion for Class Certification [D.E. 25] is **DENIED AS MOOT.**

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 26th day of November 2012.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 7856269

---