# **EXHIBIT G**

Case 3:24-cv-01866-JKM    Document 34-7    Filed 01/21/25    Page 1 of 5



**User Name:** Elyse Cohen
**Date and Time:** Tuesday, January 21, 2025 3:21:00 PM EST
**Job Number:** 243276234

## Document (1)

1. *DeLeon v. Time Warner Cable LLC*
   **Client/Matter:** 0FIRM0/000PD-
   **Search Terms:**
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | | -None- |

LexisNexis | About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2025 LexisNexis

Elyse Cohen



Neutral
As of: January 21, 2025 8:21 PM Z

# DeLeon v. Time Warner Cable LLC

United States District Court for the Central District of California

November 2, 2009, Decided; November 2, 2009, Filed

CV 09-2438 AG (RNBx)

**Reporter**
2009 U.S. Dist. LEXIS 135122 *

SAUL DELEON v. TIME WARNER CABLE LLC, et al.

**Prior History:** Deleon v. Time Warner Cable LLC, 2009 U.S. Dist. LEXIS 74345 (C.D. Cal., July 17, 2009)

## Core Terms

discovery, bifurcation, rest break, meal, dispositive motion, individual claim, parties

**Counsel:** [*1] For Saul Deleon, individually, and on behalf of other members of the general public similarly situated, Plaintiff: Christian C H Counts, LEAD ATTORNEY, Wesierski and Zurek LLP, Irvine, CA; David L Cheng, LEAD ATTORNEY, Ford and Harrison LLP, Los Angeles, CA; Gene F Williams, LEAD ATTORNEY, Miller Barondess LLP, Los Angeles, CA; Monica Balderrama, LEAD ATTORNEY, Initiative Legal Group APC, Los Angeles, CA; Shawn C Westrick, LEAD ATTORNEY, Kawahito Westrick LLP, Los Angeles, CA.

For Time Warner Cable LLC, a Delaware limited liability company, Time Warner Cable, Inc., a Delaware corporation, Time Warner Cable Services LLC, a Delaware limited liability company, Time Warner Cable Shared Services, a business entity form unknown, Defendants: Joseph W Ozmer, II, Michael D Kabat, LEAD ATTORNEYS, PRO HAC VICE, Kabat Chapman & Ozmer LLP, Atlanta, GA; Megan Christeena Winter, LEAD ATTORNEY, Fisher & Phillips LLP, San Diego, CA; Michael S French, LEAD ATTORNEY, PRO HAC VICE, Wargo and French LLP, Atlanta, GA; Christopher C Hoffman, Fisher & Phillips LLP, San Diego, CA.

**Judges:** ANDREW J. GUILFORD.

**Opinion by:** ANDREW J. GUILFORD

## Opinion

**CIVIL MINUTES - GENERAL**

**Proceedings: [TENTATIVE] ORDER GRANTING MOTION TO BIFURCATE**

This is a class [*2] action asserting claims under California's Labor Code and Unfair Competition Law. Defendant Time Warner Cable LLC ("Defendant") has filed a Motion to Bifurcate ("Motion"). Defendant requests an order that, "until further order of the Court, the parties take discovery on Plaintiff's individual claims only and file dispositive motions in accordance with the following schedule:
    Close of discovery on Plaintiff's individual claims: January 14, 2010;
    Dispositive Motions Due: February 3, 2010;
    Opposition Briefs Due: February 23, 2010;
    Reply Briefs: March 5, 2010; and
    Hearing on Dispositive Motions: March 15, 2010."

(Reply 8:5-14.) The Court GRANTS the Motion.

## BACKGROUND

In this lawsuit, Plaintiff asserts claims for: (1) failure to pay overtime wages; (2) failure to provide meal breaks or pay compensation for missed meal breaks; (3) failure to provide rest breaks or pay compensation for missed rest breaks; (4) failure to timely pay wages due at termination; (5) failure to pay vested vacation wages due at termination; and (6) violation of California's Unfair Competition Law. Plaintiff brings these claims on behalf of a class of "[a]ll non-exempt or hourly paid employees of Defendants within four years prior **[*3]** to the filing of this complaint until the date of certification." (Second Amended Complaint ¶ 13.)

Plaintiff believes that this case requires extensive discovery concerning class-wide issues. (Joint Report of Meeting of Counsel Pursuant to *Rule 26(f)*, at 5, n.1.) Defendant believes class discovery will consume the resources of the parties, witnesses, and the Court. (Mot. 6:9-20.) Further, Defendant thinks that Plaintiff's individual claims will be dismissed on summary judgment, and resources can be saved by avoiding class issues and resolving the individual claims at the outset. Accordingly, Defendant moves to bifurcate this lawsuit by "testing the viability of Plaintiff's individual theories of recovery at the outset, and then proceeding to class issues if, and only if, any of Plaintiff's claims survive." (Mot. 5:8-12.)

## ANALYSIS

The Court has authority to bifurcate this case so that discovery and dispositive motions on Plaintiff's individual claims take place before submerging the parties in an ocean of class discovery. "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ." *Fed. R. Civ. P. 42(b)*. Under *Rule 42(b)*, courts have "power to **[*4]** limit discovery to the segregated issues. . . . One of the purposes of *Rule 42(b)* is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co. v. Great N. Ry. Co., 424 F.2d 497, 499 (9th Cir. 1970)*. *See also Fed. R. Civ. P. 1* (the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 803-04 (Fed. Cir. 1999)* ("A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation.").

Here, bifurcation is appropriate. If the case is bifurcated and Defendant moves for summary judgment, Plaintiff's individual claims will fail completely, fail in part, or survive completely. With bifurcation, if Plaintiff's claims fail completely, resources that would've been expended on class discovery will be saved. If Plaintiff's claims fail in part, the scope of discovery will be narrowed and resources will be saved. And if they survive completely, legal issues surrounding Plaintiff's theories will be clarified.

Plaintiff doesn't recognize the advantages of bifurcation. He claims "the action would merely **[*5]** be delayed by a series of futile motions, and Plaintiff would be prejudiced by an unwarranted stay of discovery." (Opp'n 1:17-19.) More specifically, Plaintiff fears that bifurcation will give Defendant "unfettered access to the documents and witnesses" and that Defendant will have "many months to

prepare while Plaintiff will have had access to only his documents." (Opp'n 10:6-10.) The Court finds that Plaintiff's concerns are unwarranted. Plaintiff will still have ample time to prepare and will be on a level playing field with Defendant. Further, to the extent Plaintiff is frightened that some misfortune might befall documents and witnesses while they are in Defendant's control, the Court finds that such a risk is minimal and clearly outweighed by the expenses that might be saved through bifurcation. A stay of class discovery until March 15, 2010 will not prejudice Plaintiff.

Plaintiff also claims that the Court lacks authority to bifurcate issues concerning the named Plaintiff as an individual from issues concerning the class he seeks to represent. (Opp'n 7:1-9:7.) But Plaintiff does not provide convincing authority to support his argument. Rather, he spends most of his argument attempting **[*6]** to distinguish cases cited by Defendant. His argument is unavailing. Under the Court's power to bifurcate issues, control discovery, and facilitate "the just, speedy, and inexpensive determination of every action," the Court has authority to bifurcate issues concerning Plaintiff as an individual from issues concerning the class. *Fed. R. Civ. P. 1*, *16(c)*, *26(b)*, *42(b)*.

Finally, Plaintiff asserts that "Defendant's purportedly dispositive motions would be based upon de-published authority," so "it is unlikely that Plaintiff's meal break and rest break claims could be disposed of through early motions . . . ." (Opp'n 5:21-28.) To support this argument, Plaintiff states that "much of the case law defining California employers' meal and rest break obligations is currently in abeyance, with the California Supreme Court having granted review and de-published . . . *Brinker Restaurant Corp. v. Superior Court, 165 Cal. App. 4th 25, 80 Cal. Rptr. 3d 781 (2008)*." (Opp'n 1:4-9.) According to Plaintiff, bifurcation is unwarranted without California authority on two of Plaintiff's claims.

This argument is flawed. First, even if Plaintiff's meal and rest break claims survived summary judgment, Plaintiff's other claims might suffer a different fate, and the scope of issues for class discovery would be narrowed accordingly. **[*7]** Second, though the parties do not yet have the California Supreme Court's guidance on the issues in *Brinker*, federal courts have held, like *Brinker* did, that the California Labor Code does not force employers to ensure that workers take meal and rest breaks as long as they provide those breaks. *See, e.g., White v. Starbucks Corp., 497 F. Supp. 2d 1080, 1085, 1087-89 (N.D. Cal. 2007)*. With this authority available, the Court may entertain dispositive motions concerning Plaintiff's meal and rest break claims.

The Court finds that there is good cause for bifurcation.

**DISPOSITION**

Defendant's Motion is GRANTED. The parties shall comply with the schedule reflected on page 1 of this Order.

End of Document