# **EXHIBIT K**

2013 WL 663301
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court,
D. New Jersey.

BAIS YAAKOV OF SPRING VALLEY, Plaintiff,
v.
PETERSON'S NELNET, LLC, Defendant.

Civ. No. 11–00011.
|
Feb. 21, 2013.

**Attorneys and Law Firms**

Aytan Yehoshua Bellin, Bellin & Associates LLC, White Plains, NY, for Plaintiff.

Damian V. Santomauro, Justin Taylor Quinn, Michael R. McDonald, Gibbons, PC, Allyn Zissel Lite, Lite Depalma Greenberg, LLC, Newark, NJ, for Defendant.

OPINION

THOMPSON, District Judge.

*1 Defendant Peterson's Nelnet, LLC ("Defendant") has moved for the Court to reconsider its October 17, 2012 Order ("October 17 Order"), or, in the alternative, to certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). [Docket # 69]. Plaintiff Bais Yaakov of Spring Valley ("Plaintiff") opposes. [73]. The Court has decided the motion upon the written submissions of both parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court will grant in part and deny in part Defendant's motion to reconsider and/or to certify the order for interlocutory appeal.

BACKGROUND

This case is a putative class action arising out of faxes allegedly sent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. That statute provides in relevant part that, "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" certain actions to enjoin such violation or to recover actual monetary loss. 47 U.S.C. § 227(b)(3). The Court presumes that both parties are well familiar with the procedural history and facts of this case and will therefore review only those facts relevant to the current motion.

In its Amended Complaint, Plaintiff, a New York corporation, alleged that on at least six different occasions Defendant, a New Jersey corporation, sent unsolicited fax advertisements to Plaintiff without proper opt out notices as required by 47 U.S.C. § 227(b)(2) (D). [3 at ¶¶ 9, 13–14]. Subsequently, Plaintiff filed this suit under the TCPA's private right of action provision, the aforementioned § 227(b)(3), on behalf of itself and other similarly situated parties. [1, 3]. In response, Defendant moved to dismiss the complaint in its entirety, or, in the alternative, to dismiss the class action portion of the complaint on the grounds that the unique wordage of the TCPA § 227(b)(3)—that is, the "may, if otherwise permitted by the laws or rules of court of a State" language—requires compliance with state law. [51–1]. The state law applicable in this instance, argued Defendant, would be New York law, which would prohibit the maintenance of a class action in this case.[1] [*Id.*]. Plaintiff opposed, arguing in the first instance that Federal Rule of Civil Procedure 23 governs whether or not a suit under § 227(b)(3) may proceed as a class action in federal court, and in the second instance that even if state law did control whether or not a class action could be brought under § 227(b)(3), New Jersey law would apply. [54].

Upon review of the motion, the Court heeded the Third Circuit's directive to consider the question of § 227(b)(3) and the application of state law in light of two potentially relevant Supreme Court decisions: (1) *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010); and (2) *Mims v. Arrow Fin. Servs., LLC,* ––– U.S. ––––, ––––, 132 S.Ct. 740, 744, 181 L.Ed.2d 881 (2012). *Landsman & Funk PC v. Skinder–Strauss Assocs.* Civ. No. 09–3105, 2012 WL 2052685, at *1 (3d Cir. Apr.17, 2012). While neither decision provided a definitive answer to the question at hand, the Court found that the two cases nevertheless counseled against the application of state law in federal suits under the TCPA, and thus, that Defendant's motion to dismiss should be denied. Other courts in this district have reached similar conclusions. *See e.g., Landsman & Funk, PC v. Skinder–Strauss Assoc.* Civ. Action No. 08–3610(KSH), 2012 WL 6622120 (D.N.J. Dec.19, 2012); *Goodrich v. Afgo Mech. Serv. Inc.,* 2012 WL 6554221 (D.N.J. Dec.14, 2012).

**\*2** In response to the October 17 Order, Defendant has timely filed this motion for reconsideration, or, in the alternative, to certify the order for interlocutory appeal under § 1292(b). [69]. Plaintiff opposes. [73].

ANALYSIS

A. *Motion for Reconsideration*

i. Standard of Review

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i) and are considered "extremely limited procedural vehicle(s)." *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino,* 830 F.Supp. 826, 831 (D.N.J.1992). As a result, "reconsideration is an extraordinary remedy, that is granted 'very sparingly[.]' " *Brackett v. Ashcroft,* Civ. No. 03–3988(WJM), 2003 WL 22303078, at \*2 (D.N.J. Oct.7, 2003) (quoting *Interfaith Community Org. v. Honeywell Int'l, Inc.,* 215 F.Supp.2d 482, 507 (D.N.J.2002)). To succeed on a motion for reconsideration, the moving party must demonstrate (1) an intervening change in controlling law; (2) the availability of new, previously unavailable evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. *North River Ins. Co. v. CIGNA Reins. Co.,* 52 F.3d 1194, 1218 (3d Cir.1995).

ii. Analysis

Upon review of the parties' submissions, the Court finds that it is not inclined to reconsider its October 17 Order. There has been no intervening change in controlling law since its issuance and Defendant has produced no new previously unavailable evidence. With regards to whether or not there has been a clear error of law or manifest injustice, Defendant argues that the Court ignored the plain language of § 227(b)(3), overlooked the well-settled principles of statutory construction, issued a decision unsupported by *Mims,* and misapplied and overlooked the Second Circuit's decision in *Holster.* [69–1]. Because the Court believes it has already sufficiently elaborated on its interpretations of *Mims* and *Holster* in light of Defendant's arguments, the Court will only briefly address here Defendant's contentions that the Court overlooked its arguments on statutory construction.

Upon review of § 227(b)(3), the Court agrees that with respect to the enforcement of a private action in state courts, state law, including state procedural law, controls. However, with respect to the statute's enforcement in federal courts, the Court is swayed to reach a different conclusion by (1) the preference for application of the Federal Rules of Procedure in federal court, and (2) the Supreme Court's discussion of § 227(b)(3) in *Mims*. When reading a statute, "[C]anons [of statutory construction] are not mandatory rules. They are guides that 'need not be conclusive.' They are designed to help judges determine the Legislature's intent as embodied in particular statutory language. [O]ther circumstances evidencing congressional intent can overcome their force." *Chickasaw Nation v. United States,* 534 U.S. 84, 94, 122 S.Ct. 528, 151 L.Ed.2d 474 (2001) (internal citations omitted).

**\*3** Upon review of the congressional intent behind the TCPA, the Supreme Court in *Mims,* taking into account the entire statutory scheme, interpreted the statutory language as "permissive language" by which Congress meant to extend to states the ability to entertain claims under the TCPA. *Mims,* 132 S.Ct. at 751. Otherwise, "the TCPA is a federal law that both creates the claim ... and supplies the substantive rules that will govern the case ." *Id.* at 745. Said the Supreme Court in *Mims:* "Congress' design would be less well served if consumers had to rely on 'the laws or rules of court of a State,' or the accident of diversity jurisdiction, to gain redress for TCPA violations." 132 S.Ct. at 751 (internal citations omitted).

In light of the *Mims* Court's focus on the importance of the federal interest at stake and Congress' likely desire to avoid subjecting that interest to the unpredictable enforcement of state court rules, *Mims,* 132 S.Ct. at 751, this Court finds that its October 17 interpretation of § 227(b), even if it fails to conform with certain canons of statutory construction, does not constitute a clear error of law or manifest injustice. The portion of Defendant's motion requesting reconsideration of the October 17 Order is therefore denied.

B. *Motion for Interlocutory Appeal*

i. Standard of Review

Under 18 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal only if the moving party establishes that the order "[1] involves a controlling question of law [2] as to which there is substantial ground for a difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 18 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d Cir.1974).

Even if these three requirements are met, the decision to grant certification remains wholly within the district court's discretion. *Bachowski v. Usery,* 545 F.2d 363, 368 (3d Cir.1976) (citing *Katz,* 496 F.2d at 754). Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978) (internal quotations omitted). Certification was not intended merely "to provide early review of difficult rulings in hard cases," *Jackson Hewitt, Inc. v. DJSG Utah Tax Serv., LLC,* 2011 WL 601585, *2 (D.N.J. Feb.17, 2011) (internal quotations omitted), and must be used sparingly.

  ii. Analysis

The Court will first review whether the October 17 Order meets the three § 1292(b) requirements listed above. The Court will then evaluate whether present circumstances justify a departure from the basic policy of postponing appellate review until after entry of a final judgment.

  1. *A Controlling Question of Law*

The Third Circuit has defined "a controlling question of law" as encompassing not only "every order which, if erroneous, would be reversible error on final appeal," but also those orders which are "serious to the conduct of the litigation, either practically or legally." See *Katz,* 496 F.2d at 755. The policies favoring interlocutory appeal include "the avoidance of harm to a party *pendente lite* from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expenses." *Id.* at 755–56.

**\*4** Defendant argues that the motion decided by the Court in its October 17 Order contained a controlling question of law "inasmuch as the grant of the motion would have resulted in the termination of the class litigation." [69–1]. Plaintiff contradicts this assertion, stating that even if the Court of Appeals were to find that 227(b)(3) requires the application of state law, the state law to be applied here would be that of New Jersey. [73]. Under New Jersey law, Plaintiff argues, its claims could still proceed as a class action regardless of any outcome on appeal. [*Id.*].

In this instance, the Court finds the scales tip in Defendant's favor given the potential costs related to preparing for and conducting class-action litigation. Without reaching a final determination on which state law would apply in the present case, the Court finds the possible termination of this litigation upon reversal of its October 17 Order sufficiently plausible to deem the issue at hand a controlling question of law.

  2. *Substantial Ground for a Difference of Opinion*

Substantial ground for a difference of opinion only arises out of a genuine doubt as to the correct legal standard to be applied. See *Kapossy v. McGraw–Hill, Inc.,* 942 F.Supp. 996, 1001 (D.N.J.1996). Such doubt can stem from conflicting precedent, the absence of controlling law on a particular issue, or novel and complex issues of statutory interpretation. See *New Jersey, Dept. of Treasury, Div. of Inv. v. Fuld,* Civ. No. 09–1629(AET), 2009 WL 2905432, at \*2 (D.N.J. Sept.8, 2009). However, a movant's mere disagreement with the district court's ruling is not a substantial ground for a difference of opinion. *In re Dwek,* Civ. No. 09–1629, 2011 WL 287582, at \*4 (D.N.J. June 18, 2010).

While the Court in this case is not inclined to reconsider its October 17 Order, the Court acknowledges that the unique language of the TCPA and the lack of clear, controlling precedent may give rise to a difference of opinion as to the applicability of state law to § 223(b)'s private right of action. Defendant cites to traditional canons of statutory construction, the Third Circuit's delegation of this issue to the district courts for further development in light of *Shady Grove* and *Mims,* and the Second Circuit's decision in *Holster* as evidence of a substantial ground for a difference of opinion. [69–1]. Although the *Holster* court's decision was pre-*Mims,* and has, therefore, lost some potency, the Court considers Defendant's arguments sufficiently persuasive so as to find that the requirement of substantial ground for a difference of opinion is here met.

  3. *Material Advancement of the Termination of Litigation*

A § 1292(b) certification materially advances the ultimate termination of the litigation where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome. See *Fuld,* 2009 WL 2905432, at \*2. Defendant argues that "[a]n immediate appeal would materially advance this litigation by potentially avoiding lengthy and costly class action discovery, lengthy class action briefing and hearings, and ultimately a class action trial." [69–1]. As a reversal by the Third Circuit of the October 17 Order has the strong potential to eliminate the class action aspect of this trial, the Court agrees that the material advancement of the termination of litigation requirement is met.

*4. Other Considerations*

**\*5** Given that the three § 1292(b) requirements appear to be fulfilled, the Court now turns to whether or not the present circumstances are sufficiently exceptional so as to justify certification for appeal. The Court recalls that interlocutory certification should be used sparingly and that the District Court should serve as a diligent gatekeeper to prevent premature and piecemeal appeals. But in addition to the above considerations and the potentially enormous costs to Defendant in proceeding as a class action, the Court recognizes that this same legal issue has appeared, and in some cases been decided, in several other courts in this District. *See, e.g., Landsman v. Skinder–Strauss Assoc.,* No. 08–3610, Dkt. Entry 63; *Goodrich Mgmt. Corp. v. Flierwire Inc.,* No. 08–5818, Dkt. Entry 35; *Goodrich Mgmt. Corp. v. Afgo Mechanical Services, Inc.,* No. 09–0043, Dkt. Entry 45; *Fitzgerald v. Banco Santander, S.A.,* No. 1102769, Dkt. Entry 45; *Fitzgerald v. Gann, et al.,* No. 11–4287, Dkt. Entry 46. Given the potential for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims, the Court finds that the present circumstances warrant immediate consideration of this issue by the Third Circuit.

The portion of Defendant's motion requesting certification of the October 17 Order for appeal is therefore granted.

CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion for reconsideration, but grants Defendant's motion for interlocutory appeal under 28 U.S.C. § 1292(b). An appropriate order accompanies this opinion.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 663301

---

**Footnotes**

| | |
|---|---|
| 1 | New York Civil Practice Law § 901(b) provides in pertinent part that "[u]nless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action." Because § 227(b)(3) contains a penalty-imposing provision but fails to specifically authorize the recovery thereof in a class action, Defendant argued that the application of New York law should prohibit maintenance of a class action in this case. [51–1]. |

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.