# **EXHIBIT N**

2021 WL 100666
Only the Westlaw citation is currently available.
United States District Court, D. Maryland.

Gustave AKSELROD
v.
MARKETPRO HOMEBUYERS LLC

Civil No. CCB-20-2966
|
Signed 01/11/2021
|
Filed 01/12/2021

**Attorneys and Law Firms**

John Thomas McGowan, Jr., Kinner & McGowan PLLC, Washington, DC, Anthony I. Paronich, Pro Hac Vice, Paronich Law PC, Hingham, MA, for Gustave Akselrod.

Eric M. Hurwitz, Stradley Ronon Stevens & Young LLP, Cherry Hill, NJ, Thomas Francis Lucchesi, III, Stradley Ronon, Washington, DC, for MarketPro Homebuyers LLC.

**MEMORANDUM & ORDER**

Catherine C. Blake, United States District Judge

*1 In this action, plaintiff Gustave Akselrod brings a class action complaint alleging two claims under the TCPA, 47 U.S.C. § 227, et seq., against defendant MarketPro Homebuyers ("MarketPro")—(1) a violation of the TCPA's prohibitions on autodialing the telephones of individuals without their consent, and (2) making telephone solicitations to individuals who are registered on the National Do-Not-Call Registry. Before the court is MarketPro's proposed modification (ECF 13) to the court's proposed scheduling order. MarketPro seeks to stay this case pending a decision from the United States Supreme Court in *Facebook v. Duguid*, No. 19-511, or, in the alternative, to bifurcate liability and class discovery and limit discovery at this time to potentially dispositive issues. Akselrod opposes both requests. (ECF 14). The court, having considered the parties' submissions and their arguments during a scheduling conference call on December 29, 2020, will deny the request to stay the case, but will grant the request to bifurcate discovery. Discovery may be taken as to (1) the capabilities of the system used to make the communications at issue in this case; and (2) whether the communications sent to the plaintiff were "telephone solicitations" under the TCPA.

A stay of the case is not warranted. In considering whether the court should exercise its inherent authority to stay a proceeding, three factors are relevant: (1) whether the stay will promote judicial economy, measured by whether a stay would simplify or complicate the issues in the case; (2) the hardship to the moving party if the case is not stayed; and (3) the potential prejudice to the non-moving party if the stay is granted. *See Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 730–31 (D. Md. 2018). As to prejudice, it appears that any hardship to MarketPro from denying a stay is evenly balanced with the possibility of prejudice to Akselrod if a stay is granted. As to the ability of a stay to simplify the issues in the case, the court agrees with Akselrod that a complete stay while *Facebook v. Duguid* remains pending is likely to delay and further complicate rather than simplify this litigation.

In order to succeed on its autodialing claim, Akselrod must prove that the communications he received were made using an automated telephone dialing system ("ATDS"). The issue in *Duguid* is whether an ATDS includes technology that simply has the capacity to store numbers to be dialed automatically, as the Ninth Circuit has held, *Duguid v. Facebook*, 926 F.3d 1146, 1151 (9th Cir. 2019), or whether the technology must also use a random or sequential number generator in order to fall within the definition, as the Third and Eleventh Circuits have held, *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 119 (3d Cir. 2018); *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306–08 (11th Cir. 2020). It appears to the court from Akselrod's complaint that the system MarketPro used to send messages to Akselrod could fall within either (or neither) of the contested definitions of an ATDS. This raises the possibility that if the case is stayed until the Supreme Court resolves the definition of an ATDS, discovery and briefing regarding whether MarketPro's system qualifies as an ATDS would still be necessary. But if the case proceeds now, the parties will be able to take targeted discovery so that when *Duguid* is decided, the case may be resolved more quickly based on the Court's definition of an ATDS and the parties' knowledge of the system's capabilities. Additionally, a stay would delay the resolution of Akselrod's Do-Not-Call Registry claim, which is distinct from the autodialing claim. Thus, the more efficient approach, as other courts have held in TCPA cases where discovery on the ATDS would be necessary regardless of the outcome of *Duguid* or where a stay would delay additional unrelated

claims, is to allow at least some discovery to proceed. *See, e.g.*, *Lacy v. Comcast Cable Commc'ns, LLC*, Case No. 3:19-cv-05007-RBL, 2020 WL 4698646, *2 (W.D. Wash. Aug. 13, 2020); *Pittenger v. First Nat'l Bank of Omaha*, No. 20-CV-10606, 2020 WL 5596162, at *3 (E.D. Mich. Sept. 18, 2020). [1]

***2** As to the bifurcation of liability and class discovery, the court considers (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at "an early practicable time," (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery. *See* 1 McLaughlin on Class Actions § 3:10 (11th ed. 2014). MarketPro argues that whether the system used in this case was an ATDS and whether the messages sent were telephone solicitations are potentially dispositive and that limited discovery on these issues would save the parties the time and expense of class discovery. Akselrod disagrees, arguing that class issues and liability issues substantially overlap, that bifurcation will lead to additional, time-consuming disputes regarding whether discovery relates to class issues or individual issues, and that a delay in class discovery poses a risk that the third-party MarketPro used to send the messages at issue will destroy relevant call records before Akselrod can obtain them. The court concludes that whether an ATDS was used and whether messages were telephone solicitations are issues of liability largely distinct from class certification issues (e.g., numerosity, commonality, typicality, and adequacy of representation). *See* Fed. R. Civ. P. 23. Limited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive, *see, e.g.*, *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, No. CIV.A. 12-2132 FLW, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (granting motion to bifurcate discovery in TCPA case where bifurcation would promote efficiency by permitting discovery on potentially dispositive issues that did not overlap with class issues), and at any rate, it may not be practicable to determine class certification until after *Duguid* is resolved. To prevent the possibility of evidence spoliation, Akselrod may subpoena the third party at issue or take some other action to ensure the preservation of records.

During the conference call with the court, the parties raised an additional question regarding the extent of discovery that should be permitted into whether the messages at issue are telephone solicitations. Akselrod contends that discovery into MarketPro's subjective purpose in sending the messages is relevant, and MarketPro argues that the issue turns on an objective analysis of the content of the messages to determine their purpose. *See* 47 U.S.C. § 227(a)(4) (defining "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, ..."). The court does not find it necessary at this time to determine how much discovery is needed as to the "purpose" of the messages. It appears that some courts have focused on the content of the message in determining their purpose, *see, e.g.*, *Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12-CV-1459-ORL, 2013 WL 6865772, at *10 (M.D. Fla. Dec. 31, 2013), *aff'd* on other grounds 797 F.3d 1302 (11th Cir. 2015), but this issue can be more fully briefed at a later time.

Accordingly, it is hereby ORDERED that:

1. MarketPro's request to stay the case is DENIED;

2. MarketPro's request to bifurcate liability and class discovery is GRANTED;

3. Limited discovery will be permitted into (1) the capabilities of the system used to make the communications at issue in this case; and (2) whether the communications sent to the plaintiff were "telephone solicitations" under the TCPA;

4. To prevent the possibility of evidence spoliation, Akselrod may subpoena the third party at issue or take some other action to ensure the preservation of records;

5. Initially the courts sets a deadline for the limited discovery to be complete by April 15, 2021, with a status report due the same day; and

6. Counsel shall notify the court when an opinion has been issued in *Facebook v. Duguid*.

**All Citations**

Not Reported in Fed. Supp., 2021 WL 100666

Akselrod v. MarketPro Homebuyers LLC, Not Reported in Fed. Supp. (2021)

Case 3:24-cv-01866-JKM   Document 34-14   Filed 01/21/25   Page 4 of 4

**Footnotes**

| | |
|---|---|
| 1 | Unpublished opinions are cited for the persuasiveness of their reasoning and not for any precedential value. |

End of Document © 2025 Thomson Reuters. No claim to original U.S. Government Works.