# **EXHIBIT O**



**User Name:** Elyse Cohen
**Date and Time:** Tuesday, January 21, 2025 3:30:00 PM EST
**Job Number:** 243277405

## Document (1)

1. *Horton v. Southwest Med. Consulting, LLC*
   **Client/Matter:** 0FIRM0/000PD-
   **Search Terms:** horton v. sw med. consulting, llc 2017 U.S> Dist. LEXIS 213982
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | | -None- |


Neutral
As of: January 21, 2025 8:30 PM Z

# Horton v. Southwest Med. Consulting, LLC

United States District Court for the Northern District of Oklahoma

August 14, 2017, Decided; August 14, 2017, Filed

Case No. 17-CV-0266-CVE-mjx

**Reporter**
2017 U.S. Dist. LEXIS 213982 *

DR. SAM LEBARRE HORTON, Plaintiff, v. SOUTHWEST MEDICAL CONSULTING, LLC, et al., Defendants.

**Prior History:** Horton v. Southwest Med. Consulting, LLC, 2017 U.S. Dist. LEXIS 105663 (N.D. Okla., July 10, 2017)

## Core Terms

discovery, class certification, bifurcation, fax, merits, transmission, unsolicited, cases, scheduling order, class action, Healthcare, facsimile, parties

**Counsel:** [*1] For Sam LeBarre Horton, Dr., on behalf of himself and all other entities and persons similarly situated, Plaintiff: James A Streett, LEAD ATTORNEY, Streett Law Firm, P.A., RUSSELLVILLE, AR; Jason Bjorn Aamodt, LEAD ATTORNEY, Indian and Environmental Law Group, PLLC, TULSA, OK; Joey Paul Leniski, Jr, LEAD ATTORNEY, Branstetter, Stranch & Jennings, PLLC, NASHVILLE, TN.

For Southwest Medical Consulting, LLC, Defendant: Bryan Joseph Wells, LEAD ATTORNEY, Conner & Winters LLP, OKLAHOMA CITY, OK.

For Molina Healthcare, Inc., Defendant: Jason Alan McVicker, Mary Quinn-Cooper, Michael Franklin Smith, LEAD ATTORNEYS, McAfee & Taft (Tulsa), TULSA, OK.

**Judges:** CLAIRE V. EAGAN, UNITED STATES DISTRICT JUDGE.

**Opinion by:** CLAIRE V. EAGAN

## Opinion

### ORDER

Now before the Court is the parties' Joint Status Report (Dkt. # 43). This case arises from an allegedly unsolicited facsimile (fax) transmission. Plaintiff filed a class action complaint alleging that defendants committed common law conversion and violated the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 (TCPA), by sending an unsolicited fax that failed to include an opt-out provision. Dkt. # 2, at 32-34. Plaintiff defines the purported [*2] class as follows:

> All persons, natural or otherwise, in the United States and its territories who were successfully sent one or more facsimile transmissions advertising the SoonerCare healthcare provider network being offered by Molina Healthcare, Inc. During the period from four years prior to the filing of this Complaint through the present.

Id. at 18. In the Joint Status Report, defendants ask the Court to bifurcate class certification and merits discovery. Dkt. # 43, at 6. Plaintiff objects, arguing that the two issues are "intermingled." Id.

Courts often bifurcate discovery in class action cases for the sake of efficiency. *See, e.g.*, Doe v. Unified Sch. Dist. No. 259, No. 05-1151-JTM, 2007 U.S. Dist. LEXIS 44784, 2007 WL 1796202, at *1 n.6 (D. Kan. June 19, 2007). However, discovery bifurcation is not always more efficient. For example, bifurcation may be less efficient in cases where the merits/class discovery distinction is muddled or "cases that are large and likely to continue even if not certified." Gonzalez v. PepsiCo, Inc., No. 06-2163-KHV, 2007 U.S. Dist. LEXIS 27279, 2007 WL 1100204, at *3 (D. Kan. Apr. 11, 2007).

In this case, the Court agrees with defendants that bifurcation will be more efficient because class certification discovery should be straightforward and distinguishable from merits discovery. The parties will first have a short period **[*3]** of discovery for issues related to class certification, during which plaintiff may inspect the fax machine(s) used to send the alleged unsolicited faxes and any transmission history. Additionally, the parties may conduct depositions of one Rule 30(b)(6) witness of each defendant on issues related to class certification only. After this phase of discovery, plaintiff may file a motion for class certification or a notice of intent not to proceed with class certification. If necessary, the Court will enter a scheduling order related to merits discovery after ruling on any class certification motion.

**IT IS THEREFORE ORDERED** that the following scheduling order is hereby entered:

Class Certification Discovery Cutoff: October 31, 2017

Motion for Class Certification: November 15, 2017

Response Briefs: November 29, 2017

Reply Brief: December 6, 2017

**DATED** this 14th day of August, 2017.

/s/ Claire V. Eagan

CLAIRE V. EAGAN

UNITED STATES DISTRICT JUDGE

---

**End of Document**