IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH FRIEL**, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>**LINE 5, LLC; HEADSTART WARRANTY GROUP LLC;** and **JEA MANAGEMENT SERVICES** d/b/a **COVERED AUTO**,<br><br>Defendant(s). | Case No. 3:24-cv-01866-JKM<br><br>(Judge Julia K. Munley) |

## DEFENDANT LINE 5, LLC'S JOINDER IN DEFENDANT JEA MANAGEMENT SERVICES D/B/A COVERED AUTO'S MOTION TO BIFURCATE DISCOVERY

Defendant Line 5, LLC ("Line 5") hereby joins in Defendant JEA Management Services d/b/a Covered Auto's ("JEA") Motion to Bifurcate Discovery, ECF 33, and respectfully requests that this Court grant JEA's Motion and extend its relief to Line 5.

"[B]efore a decision to bifurcate may be made, the trial court, in the exercise of its discretion, must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." *See Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984). In addition to the reasons stated in JEA

1

Brief in Support of its Motion to Bifurcate Discovery, ECF 34, there remain substantial questions about Line 5's liability for any of the alleged telephone calls made to Plaintiff. Specifically, Line 5 denies that it made, authorized, or had any control over any other party to make any telephone call to Plaintiff. By requiring discovery as to Plaintiff's individual claims first, Line 5 believes that Plaintiff's claims would fail and thus eliminate the need for extensive (and expensive) class discovery as well as conserve judicial resources.

The likelihood of prejudice to any party is very low. Plaintiff would still be able to conduct full class-wide discovery should the information obtained during the initial discovery phase allow the case to progress. However, if after the initial discovery phase, it is proven that Line 5 has no liability to Plaintiff for the alleged telephone calls, then the case could end swiftly resulting in a savings of judicial resources.

WHEREFORE, Defendant Line 5, LLC respectfully requests that this Court grant Defendant JEA Management Services d/b/a Covered Auto's Motion to Bifurcate Discovery and extend its relief to Defendant Line 5, LLC.

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**

By: */s/ Brit J. Suttell*
BRIT J. SUTTELL, ESQUIRE
PA Id. No. 204140
6100 219th St. SW
Suite 480
Mountlake Terrace, WA  98043
(484) 999-4232
britjsuttell@bn-lawyers.com
Counsel for Defendant Line 5, LLC

Dated:  February 27, 2025

3

## CERTIFICATE OF SERVICE

I certify that on February 27, 2025, a true copy of the foregoing document was served on all counsel of record via CM/ECF.

                      **BARRON & NEWBURGER, P.C.**

By:   */s/ Brit J. Suttell*
       BRIT J. SUTTELL, ESQUIRE
       PA Id. No. 204140
       6100 219th St. SW
       Suite 480
       Mountlake Terrace, WA  98043
       (484) 999-4232
       britjsuttell@bn-lawyers.com
       Counsel for Defendant Line 5, LLC