IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>LINE 5, LLC, HEADSTART WARRANTY GROUP LLC<br><br>        Defendants. | Case No. 3:24-cv-01866-JKM<br><br>Judge: Hon. Julia K. Munley |

**Plaintiff's Response in Opposition
To Line 5, LLC's Joinder to the Motion To Trifurcate Discovery[1]**

---

[1] This Court dismissed JEA from this action on March 25, 2025. See ECF No. 51. However, because Line 5, LLC had joined in the motion, the Court Ordered that briefing on JEA's non-dispositive motions continue. As such, the Plaintiff opposes.

#### I. INTRODUCTION

The Court should deny Defendant's motion to "bifurcate" discovery in all respects because staying, bifurcating, or trifurcating the discovery in this case will be inefficient and prejudicial.

#### II. QUESTIONS PRESENTED

1. Will the Defendant's proposed trifurcation of discovery lead to overlap and further discovery disputes when the Defendant is already protected against overbroad and burdensome discovery under Fed. R. Civ. P. 26, and as such, should the motion be denied?

Suggested Answer: Yes.

#### III. ARGUMENT

District courts have broad discretion to control discovery. *Crawford—El v. Britton*, 523 U.S. 574, 598-99 (1998). Requests to bifurcate discovery are controlled by Rule 42(b). *SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 568 (D. Del. 2013). The Third Circuit has "condemned the district court's practice of bifurcating [discovery] as a general rule." *Barr Lab., Inc. v. Abbott Lab.*, 978 F.2d 98, 115 (3d Cir. 1992). "Bifurcation is the exception and the moving party bears the burden of demonstrating that bifurcation is needed… As a practical matter, bifurcation of discovery…is extremely rare, since bifurcation often delays

cases and leads to serial motion practice." *Hanover 3201 Realty, LLC v. Vill. Supermarkets, Inc.*, 2016 WL 4541870, at *2 (D.N.J. Aug. 31, 2016)[2].

Bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here, especially because the Defendant seeks *three* phases of *trifurcated* discovery, including on bases which are moot here owing to the dismissal of JEA and its accompanying motion to dismiss. To begin, the proposed bifurcation guarantees that the parties will need to duplicate their work. First, the parties would undertake "individual merits" discovery and all that entails: written discovery requests, depositions, and then expert disclosures and expert depositions, all limited just to the individual claim of the Plaintiff. Then, Defendant would file a dispositive motion to Plaintiff's *individual claims*. And then, should the Court deny that motion, the parties have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time, but this time focusing on *class certification* issues, as well as the remaining issues on the Plaintiff's individual claim. And after that, there would be a second round of dispositive motions on the class claims. Then again, another discovery period on the *merits* of the class claims. All told, this means at least *three* rounds of written discovery relating, respectively, to individual liability, class certification, and class liability, *three* rounds of depositions (with the

---

[2] A copy of this unpublished decision is attached herein as Exhibit 1.

same witnesses being deposed three times), and then *three* rounds of summary judgment briefing. This is the opposite of judicial economy. Indeed, as this very same Court has observed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co.*, No. 3:CV-14-0282, 2014 WL 4630852, at *4 (M.D. Pa. Sept. 15, 2014)[3].

The Court should deny Defendant's motion to bifurcate for this reason *alone*. *See id.* (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, No. CV 14-1053, 2014 WL 12838677, at *1 (W.D. Pa. Oct. 22, 2014)[4] ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case.").

Apart from the triplication of discovery outlined above, Defendant's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class

---

[3] A copy of this unpublished decision is attached herein as Exhibit 2.
[4] A copy of this unpublished decision is attached herein as Exhibit 3.

certification. Indeed, "[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted); *Charvat v. Plymouth Rock Energy, LLC*, No. 15CV4106JMASIL, 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016)[5] (denying motion to bifurcate merits and class discovery in TCPA action and explaining that "bifurcation would have the opposite effect [of "promot[ing] judicial efficiency or a prompt resolution of the case"]."); Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'"). As another Court ruled when denying a motion to bifurcate in a TCPA case:

> The Court has reviewed the parties' joint status report. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in *Walmart v Dukes* has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

---

[5] A copy of this unpublished decision is attached herein as Exhibit 4.

*Katz v. Allied First Bank, SB*, No. 22-cv-5277, ECF No. 14 (N.D. Ill. Jan. 3, 2023)[6]. Other courts have agreed. *See, e.g.*, *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at *2 (C.D. Cal. Feb. 24, 2025)[7] (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023)[8]; *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018)[9] ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst.").

As another federal court held earlier this year while rejecting bifurcated discovery in yet another TCPA case, "Because individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs

---

[6] A copy of this unpublished decision is attached herein as Exhibit 5.
[7] A copy of this unpublished decision is attached herein as Exhibit 6.
[8] A copy of this unpublished decision is attached herein as Exhibit 7.
[9] A copy of this unpublished decision is attached herein as Exhibit 8.

against bifurcation." *Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025)[10].

Not only that, but Line 5 in its motion couches its motion to bifurcate on the contention that it is not liable for any of the alleged phone calls made to the Plaintiff. That simply does not follow. A defendant is not entitled to escape discovery in this or any other case simply because they deny liability. But *even if* it is the case that Line 5 cannot be liable for the conduct here, that denial of liability would be just as easily proven in discovery with respect to the class claims as the individual ones, particularly inasmuch as it pertains to class certification issues. In other words, if the distinction as to liability in general is clear and not murky, class discovery would impose no additional burden on the Defendant. However, if the Defendant is liable, bifurcation and trifurcation of discovery will lead to needless waste of judicial resources, discovery disputes, and needlessly duplicated effort.

Indeed, as another Court in Texas held on March 19, 2025 while rejecting a substantially similar bifurcation request from a TCPA defendant highlighting the signification overlap between merits and class certification discovery in a TCPA case while providing an overview of relevant case law:

> As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131

---

[10] A copy of this unpublished decision is attached herein as Exhibit 9.

S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).

And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).

Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).

In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.

Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).

> And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").
>
> And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025)[11].

Given this overlap, bifurcation would "belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *In re Plastics Additives Antitrust Litig.*, No. CIV.A. 03-2038, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004)[12]. Furthermore, as alluded to above, the Defendant has not highlighted any aspect of the Plaintiff's individual claim that is unique to support its position. For this reason *alone*, courts in TCPA cases have rejected bifurcation

---

[11] A copy of this unpublished decision is attached herein as Exhibit 10.
[12] A copy of this unpublished decision is attached herein as Exhibit 11.

8

requests, just as the court in *Simmons v. Author Reputation Press LLC*, No. CV 24-12330-BEM, 2025 WL 863601, at *2 (D. Mass. Mar. 18, 2025)[13] held last week:

> Defendant has provided the Court no specific basis on which to conclude that Plaintiff's individual claims are particularly vulnerable to early defeasance. Rather, Defendant has merely pointed out that individual claims are subject to individual defenses, but that is true for all putative class-action plaintiffs.

Moreover, in distinguishing other TCPA cases in which discovery was bifurcated, the *Simmons* court also noted that in those cases, "the court was presented with a clear, documented deficiency in the plaintiff's individual claim." *Id.* That is plainly not the case here, and this Court should follow the reasoning of the *Simmons* court, as the former defendant JEA cited its pending motion to dismiss to support the request, but that has clearly been mooted by their dismissal, and Line 5 has not pointed to any additional facts other than the conclusory statement that it is not liable for the misconduct alleged or any documentations as to why the Plaintiff's claim here is at all deficient.

Moreover, bifurcation would delay discovery necessary to demonstrate the class claims, it would prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. Indeed, in this sense the requested relief is akin to a motion to stay, since the Defendant is seeking to avoid all class discovery for an indefinite period of time. A stay-related delay would prejudice Plaintiff and

---

[13] A copy of this unpublished decision is attached herein as Exhibit 12.

9

other class members by amplifying the risk that evidence will be lost or destroyed. *Saleh v. Crunch, LLC*, No. 17-62416-CIV, 2018 WL 11264884, at *2 (S.D. Fla. Feb. 28, 2018)[14] ("a stay would prolong this matter on the Court's docket and could conceivably prejudice Plaintiff by the fading memory of any witnesses"); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016)[15] (holding that plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate").

The risk to the putative class members' interests is not merely hypothetical. Multiple decisions in TCPA class action cases have turned on the destruction of records necessary to identify class members. *E.g., Levitt v. Fax.com*, No. CIV. WMN-05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007)[16] (denying class certification in a TCPA case because "critical information regarding the identity of those who received the facsimile transmissions" was not available); *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011) (granting the defendant summary judgment for the substantially the same reason). As a result, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f)

---

[14] A copy of this unpublished decision is attached herein as Exhibit 13.
[15] A copy of this unpublished decision is attached herein as Exhibit 14.
[16] A copy of this unpublished decision is attached herein as Exhibit 15.

10

conference related to these issues implicating non-parties in TCPA cases. There are also other prejudices not associated with calling records that the Plaintiff will face from a stay. *See Sanaah v. Howell*, No. CIVA.08CV02117REBKLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009)[17] ("with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed."). Here, the Plaintiff is simply seeking to proceed in the ordinary course with discovery. In denying a motion to stay, another federal court considered this issue in a TCPA case:

> In addition, Orangetheory has not demonstrated irreparable injury; it notes only that it is potentially on the hook for substantial damages, given the putative nationwide class. Monetary damages, of course, do not by themselves constitute irreparable injury. Simon, on the other hand, persuasively argues that she would be injured by a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost. This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages.
>
> …
>
> In the meantime, it is clear that critical evidence, including records from any third parties that Orangetheory may have contracted with for its telephone marketing, may be lost or destroyed.

---

[17] A copy of this unpublished decision is attached herein as Exhibit 16.

*Simon v. Ultimate Fitness Grp., LLC*, No. 19 CIV. 890 (CM), 2019 WL 4382204, at *7 (S.D.N.Y. Aug. 19, 2019)[18]. By contrast, "[d]efendant has not demonstrated significant prejudice by its simple assertion that discovery costs money." *Grippo*, 2025 WL 596095, at *2. This is especially true for Line 5, who has not submitted any sort of specificity regarding what its specific burden will be by participating in discovery, instead relying on JEA's now moot position.

## CONCLUSION

Bifurcation is not warranted here. As such, the Plaintiff requests that the Defendant's motion be denied.

RESPECTFULLY SUBMITTED AND DATED this March 25, 2025.

       /s/ *Anthony I. Paronich*
Anthony I. Paronich,
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com
*Pro Hac Vice*
*Attorneys for Plaintiff*

---

[18] A copy of this unpublished decision is attached herein as Exhibit 17.

## **CERTIFICATE OF SERVICE**

I, Anthony I. Paronich, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

DATED this March 25, 2025.

*/s/ Anthony I. Paronich*
Anthony I. Paronich.