Case 3:24-cv-01866-JKM    Document 52-3    Filed 03/25/25    Page 1 of 2
EQT Production Company v. Terra Services, LLC, Not Reported in Fed. Supp. (2014)
2014 WL 12838677

2014 WL 12838677
Only the Westlaw citation is currently available.
United States District Court, W.D. Pennsylvania.

EQT PRODUCTION COMPANY, Plaintiff,

v.

TERRA SERVICES, LLC, Defendant.

Civil Action No. 14-1053
|
Signed 10/21/2014
|
Filed 10/22/2014

**Attorneys and Law Firms**

Patricia L. Dodge, Caleb M. Turner, Nicholas J. Bell, Chad I. Michaelson, Meyer, Unkovic & Scott LLP, Ryan James, Farneth Tomosovich, LLC, Pittsburgh, PA, for Plaintiff.

Daniel Carmeli, John K. Gisleson, Matthew H. Sepp, Morgan, Lewis & Bockius LLP, Pittsburgh, PA, Glen R. Stuart, Morgan, Lewis & Bockius LLP, Philadelphia, PA, Kenneth S. Komoroski, Morgan, Lewis & Bockius LLP, Canonsburg, PA, for Defendant.

## MEMORANDUM ORDER

Nora Barry Fischer, United States District Judge

 *1 Pursuant to the Court's rulings at the Initial Case Management Conference, held on September 30, 2014, and the Court's Order of October 1, 2014, (Docket No. 21), Defendant, Terra Services, LLC ("Terra"), filed a Motion to Bifurcate Discovery on October 10, 2014, (Docket No. 25). Plaintiff, EQT Production Co. ("EQT"), filed its Response in Opposition on October 17, 2014. (Docket No. 30). The Motion is now ripe.

"The decision to bifurcate, and the manner in which bifurcation should be ordered, is left to the trial court's informed discretion and must be decided on a case by case basis." *Hartley-Culp v. Credit Mgmt. Co.*, No. 14-282, 2014 WL 4630852, at *3 (citing *Idzojtic v. Pa. R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972) ). "Bifurcation "remains the exception rather than the rule." *Innovative Office Prods., Inc. v. Spaceco, Inc.*, No. 05-4037, 2006 WL 1340865, at *1 (E.D. Pa. May 15, 2006). "Courts ... do not routinely grant motions to bifurcate discovery, unless there is some showing on the part of the moving party as to why bifurcation is appropriate." *Cephalon, Inc. v. Sun Pharm., Ltd.*, No. 11-5474, 2013 WL 3417416, at *3 (D.N.J. July 8, 2013). "[T]he moving party bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties." *Cephalon, Inc.*, 2013 WL 3417416 at *3.

Though Terra argues that bifurcation would expedite proceedings in this case, its proposed schedule takes discovery in this case through the end of January, 2017. (Docket No. 25-1 at p. 2). EQT points out that this schedule "presumes an immediate decision from the Court on dispositive motions." (Docket No. 30 at p. 4). The Court agrees that this is unrealistic. Adding the several months it will no doubt take this Court to rule on said motions, under Terra's schedule, discovery in this case might remain open until 2018. Cognizant of the availability of witnesses and their diminishing ability to recall the events of 2012, the Court refuses to use its discretion to bifurcate discovery on this ground.

Additionally, as EQT argues, Terra's proposal would likely result in deposing the same witnesses twice–once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case.

Terra's objections are preserved as is the Court's right to bifurcate the trial of this action.

With the foregoing in mind, IT IS HEREBY ORDERED that Defendant's Motion to Bifurcate Discovery [25] is DENIED.

IT IS FURTHER ORDERED that the parties meet and confer and file a joint proposed case management order by **November 3, 2014**.

**All Citations**

Not Reported in Fed. Supp., 2014 WL 12838677

**EQT Production Company v. Terra Services, LLC, Not Reported in Fed. Supp. (2014)**
2014 WL 12838677

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.