Case 3:24-cv-01866-JKM   Document 52-4   Filed 03/25/25   Page 1 of 3

Charvat v. Plymouth Rock Energy, LLC, Not Reported in Fed. Supp. (2016)
2016 WL 207677

🚩 KeyCite Yellow Flag - Negative Treatment
Distinguished by Harris v. Shore Funding Solutions Inc., E.D.N.Y., April 21, 2023

2016 WL 207677
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

Philip J. CHARVAT, individually and on behalf of all others similarly situated, Plaintiff,
v.
PLYMOUTH ROCK ENERGY, LLC, Defendant.

15-CV-4106 (JMA) (SIL)
|
Signed January 12, 2016

**Attorneys and Law Firms**

Kim Richman, The Richman Law Group, Brooklyn, NY, Beth E. Terrell, Jennifer R. Murray, Mary B. Reiten, Terrell Marshall Law Group PLLC, Seattle, WA, Anthony Paronich, Boston, MA, for Plaintiff.

Simon Fleischmann, Locke Lord LLP, Chicago, IL, Samantha Anne Ingram, Locke Lord LLP, Casey Brian Howard, Locke Lord Bissell and Liddell LLP, New York, NY, for Defendant.

*ORDER*

LOCKE, United States Magistrate Judge

*1 Presently before the Court in this putative class action brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., is Defendant Plymouth Rock Energy, LLC's ("Defendant" or "Plymouth"), motion to bifurcate discovery. *See* Docket Entry ("DE") [25]. For the reasons set forth below, the motion is denied.

**I. Background**

Plaintiff Philip Charvat's ("Plaintiff" or "Charvat") Complaint sets forth the following allegations germane to Defendant's motion. *See* DE [1] ("Compl."). On September 12, 2011, Plaintiff registered for the "National Do–Not–Call Registry" under the TCPA. Compl. ¶ 16. As a result, he was entitled not to be called by entities such as Plymouth more than once every twelve months. *Id*. ¶ 8. Nevertheless, Charvat received calls from someone marketing Plymouth's services on April 15, 2015 and May 4, 2015. *See id*. ¶¶ 17–22. Moreover, Plaintiff's experience is not unique. According to the Complaint, it appears that at least two other individuals received multiple calls from Plymouth in violation of the TCPA, one receiving seven calls in two days and the other receiving six calls in two days. *See id*. ¶ 26.

Based on these allegations, Plaintiff brings this case for violation of the TCPA as a class action on behalf of:

> All persons in the United States to whom: (a) Defendant and/or any person or entity acting on Defendant's behalf initiated more than one telephone solicitation call; (b) promoting Defendant's goods or services; (c) in a 12–month period; (d) on their cellular telephone line or residential telephone line; (e) whose cellular or telephone line number(s) appear on the National Do–Not–Call registry; and (f) at any time in the period that begins four years before the date of filing of this Complaint to trial.

*Id*. ¶ 31. The class excludes certain entities and individuals not relevant to the present application.

By letter motion dated December 14, 2015, *see* DE [25], Defendant moves to bifurcate discovery so that it can attack Plaintiff's individual claim with a summary judgment motion seeking dismissal of the case prior to engaging in class discovery. According to Plymouth, bifurcation will promote "proportionality, economy and efficiency." Plaintiff opposes the motion. *See* DE [26].

**II. Discussion**

For the reasons set forth below, Defendant's motion to bifurcate is denied. The standards applicable to motions to bifurcate discovery appear to be the same as those addressed under Fed.R.Civ.P. 42(b) governing separate trials, namely, the motion may be granted "[f]or convenience, to avoid prejudice, or to expedite and economize." *See Koch v. Pechota,* No. 10 Civ. 9152, 2012 WL 2402577, at *6 (S.D.N.Y. June 26, 2012) (denying motion to bifurcate and noting that the inquiry is not actually governed by Rule 42(b)); *see also Hartley–Culp v. Credit Mgmt. Co.,* No. CV–14–0282, 2014 WL 4630852, at *2 (M.D.Pa. Sept. 15, 2014) (applying the TCPA) ("There is no question that the Court, in its discretion, can bifurcate discovery under Fed.R.Civ.P. 42."). This standard applies to the issue of whether class-and merits-based discovery should proceed together, including in the TCPA context. *See, e.g., True Health Chiropractic*

Case 3:24-cv-01866-JKM   Document 52-4   Filed 03/25/25   Page 2 of 3

Charvat v. Plymouth Rock Energy, LLC, Not Reported in Fed. Supp. (2016)
2016 WL 207677

*Inc. v. McKession Corp.,* No. 13–cv–2219–JST, [2015 WL 273188, at \*2–3 (N.D.Cal. Jan. 20, 2015)](#) (denying motion to bifurcate in a TCPA case where the court found: (1) a likelihood of overlap between class and individual discovery; (2) that bifurcation would result in a delay in filing motions for certification; and (3) the potential for complication of issues caused by disputes and subsequent motions as to what discovery relates to the class, as opposed to the named plaintiffs); *[Hines v. Overstock.com, Inc.,](#)* No. 09–CV–991, [2010 WL 2775921, at \*1 (E.D.N.Y. July 13, 2010)](#) ("[W]here discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes.").

 **\*2** Bifurcation may be appropriate however, where the "resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary." *Tabor v. New York City,* 11–CV–0195, [2012 WL 603561, at \*10 (E.D.N.Y. Feb. 23, 2012)](#) (Report and Recommendation), *adopted by,* [2012 WL 869424 (E.D.N.Y. Mar. 14, 2012)](#) (bifurcating discovery in the context of a *Monell* claim). This reasoning applies in the TCPA context as well. *See [Leschinsky v. Inter–Continental Hotels Corp.,](#)* No. 8:15–cv–1470–T–30MAP, [2015 WL 6150888, at \*1 (M.D.Fla. Oct. 15, 2015)](#) (granting motion to bifurcate and initially limiting discovery to whether the calls the named plaintiff received were dialed manually and how many calls she received); *[Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.,](#)* No. 12–2132, [2014 WL 413534, at \*2 (D.N.J. Feb. 4, 2014)](#) (granting motion to bifurcate where "a narrow, potentially dispositive issue exist[ed] concerning whether the faxes sent [were] informational and therefore not actionable under the TCPA," and this issue was "totally distinct from class issues"). The moving party bears the burden of establishing that bifurcation is appropriate, and the decision to bifurcate is left to the Court's discretion. *[Hartley–Culp,](#)* [2014 WL 4630852, at \*2–3](#).

Applying these standards, Plymouth has failed to carry its burden of establishing that bifurcation is appropriate. Much of the moving papers are devoted to arguments that Defendant's "potential exposure may be ruinous," and that Plymouth has "strong defenses." DE [25] at 1–2. Although Plymouth claims that the "class discovery contemplated by Mr. Charvat will not impact the Court's ability to fairly and expediently resolve the individual claim," Defendant identifies the discovery it characterizes as class-related only in general terms as including topics such as TCPA compliance, regulatory activity, computer systems and statistics, without referring in any way to Plaintiff's actual discovery requests, which it attaches. *Id*. at 3. Plymouth then complains about a subpoena to a third-party call center as seeking "extensive documentation and ESI" relating to Plymouth.

Defendant's argument fails for several reasons. Initially, the Court notes that Plaintiff served only 36 document requests and 18 interrogatories, neither of which can be characterized as voluminous. Further, Plymouth submits nothing to demonstrate that the information sought would be unduly burdensome to produce or disproportionate to the needs of the case. *See* [Fed.R.Civ.P. 26(a)(1)](#) (setting forth standard). There is also no indication as to which discovery requests Defendant believes would be objectionable as class-based and which requests it is willing to respond to. Accordingly, Defendant has left the Court to either parse its moving papers and attachments to determine the contours of discovery it would be deem permissible, or it simply seeks to leave that issue for future motion practice and resolution by the Court, neither of which promotes judicial efficiency or a prompt resolution of the case. *See True Health Chiropractic,* [2015 WL 273188, at \*2](#) (recognizing the "slew of issues" that would arise from bifurcation regarding what discovery concerns the class as opposed to the named plaintiff).

In fact, bifurcation would have the opposite effect. Much of the discovery sought appears relevant to both the class and individual claims, including documents concerning Plymouth's telemarketing scripts, policies, contracts, practices and procedures, complaints received, investigations of those complaints and audits of third-party providers, as this information is relevant to the issues of both vicarious liability for third-party conduct and willfulness. *Accord* DE [25] (Defendant arguing that it has a "strong defense" because it cannot be held "vicariously liable" for the conduct at issue as it relates to Plaintiff and recognizing the difference in recovery for a "willful" violation of the statute).

 **\*3** Moreover, even if the named Plaintiff's claim were defeated, there is no reason to think that this case would likely end. The Complaint identifies complaints by two other individuals involving Plymouth. Both claim to have received more harassing calls than Plaintiff, and either one could replace Plaintiff as a class representative. Accordingly, there is no indication from the motion papers that Defendant's success as to Plaintiff's individual claim would necessarily result in a prompt, efficient resolution of this litigation.

As to the third-party subpoena, regardless of how Plymouth characterizes the information it seeks, the Court notes that

**Charvat v. Plymouth Rock Energy, LLC, Not Reported in Fed. Supp. (2016)**
2016 WL 207677

Case 3:24-cv-01866-JKM   Document 52-4   Filed 03/25/25   Page 3 of 3

this third-party has not objected to the subpoena or moved to quash. In any event, it is unclear how such a motion would impact the Court's analysis.

Finally, the Court notes that absent bifurcation, Defendant is still free to seek discovery on the limited issues it believes will result in a prompt resolution of the case and make the appropriate motion at the earliest juncture it chooses.

Based on the foregoing, Defendant's motion to bifurcate discovery is denied.

**III. Conclusion**

For the reasons set forth above, Defendant's motion to bifurcate discovery, DE [25], is denied.

**SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2016 WL 207677

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.