2025 WL 596095
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Zoe GRIPPO
v.
SUGARED + BRONZED, LLC

Case No. SA CV 24-01792-AB (DFMx)
|
Filed February 24, 2025

**Attorneys and Law Firms**

Adrian Robert Bacon, Todd M. Friedman, Law Offices of Todd Friedman PC, Woodland Hills, CA, Max S. Morgan, Pro Hac Vice, The Weitz Firm LLC, Philadelphia, PA, for Zoe Grippo.

Joseph R. Ashby, Mark David Johnson, Offit Kurman P.C., Los Angeles, CA, Jerome P. Doctors, Cozen O'Conner, Los Angeles, CA, Harold M. Walter, Pro Hac Vice, Offit Kurman, Timonium, MD, Nafiz Cekirge, Offit Kurman, Hackensack, NJ, for Sugared + Bronzed, LLC.

**Proceedings: (IN CHAMBERS)** Order re: Defendant's Motion to Bifurcate Discovery (Dkt. 31)

Douglas F. McCormick, United States Magistrate Judge

*1 Before the Court is Defendant Sugared + Bronzed's Motion to Bifurcate Discovery. See Dkt. 31. ("Mot."). Plaintiff Zoe Grippo opposed. See Dkt. 38 ("Opp'n"). Defendant replied. See Dkt. 40 ("Reply"). The matter was referred to me. See Dkt. 31.

The Court finds this matter appropriate for resolution without a hearing and therefore VACATES the March 4, 2025 hearing. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons stated below, the Court DENIES Defendant's Motion.

**I. BACKGROUND**
Plaintiff asserts that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA") by sending telemarketing text messages to Plaintiff and the putative class members without consent. See Dkt. 1 ¶¶ 14, 50-55, 57.

Defendant argues that it did not send marketing text messages during the class period because it outsourced this function to two independent telemarketing companies, Mindbody, Inc. and Klaviyo, Inc. Defendant asks the Court to bifurcate discovery to resolve whether Mindbody and Klaviyo sent the marketing text messages, and if so, whether they did so as Defendant's agents within the meaning of the TCPA. See Mot. at 7. Defendant asserts that if discovery reveals that Mindbody and Klaviyo went rogue, Defendant "will have no direct or vicarious TCPA liability, and this entire case will go away." Id. Defendant represents that bifurcated discovery can be completed in sixty (60) days and that any summary judgment motions can be filed fourteen (14) days after the close of bifurcated discovery. See id. at 7 n.2.

**II. LEGAL STANDARD**
"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Under Rule 42(b), courts have the "power to limit discovery to the segregated issues" to "permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." Ellingson Timber Co. v. Great N. Ry. Co., 424 F.2d 497, 499 (9th Cir. 1970).

"The decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the trial court." True Health Chiropractic Inc. v. McKesson Corp., No. 13-02219, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015). The court considers four factors in deciding whether to bifurcate: "(1) the overlap between individual and class discovery; (2) whether bifurcation will promote Rule 23's requirement that certification be decided at 'an early practicable time'; (3) judicial economy; and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." Id. "The party seeking bifurcation bears the burden of proving that bifurcation is justified given the facts in the case." Kamrava v. Cenlar Capital Corp., No. 20-11465, 2021 WL 10373035, at *2 (C.D. Cal. Oct. 7, 2021) (citation omitted).

**III. DISCUSSION**
Defendant argues bifurcation of discovery is warranted to determine the viability of Plaintiff's claims "before dragging Sugared + Bronzed into disproportionately burdensome class discovery." Mot. at 8. Plaintiff responds that Defendant has

not met its burden to justify bifurcation, and that bifurcation will unnecessarily delay this case. See Opp'n at 6-7. The Court has considered the four factors and finds that bifurcation is unwarranted.

A. Overlap Between Individual and Class Discovery

**\*2** The first factor weighs against bifurcation. The Supreme Court has repeatedly emphasized that class certification requires a "rigorous analysis" of Rule 23, which will "frequently entail overlap with the merits of the plaintiff's underlying claim." Comcast Corp. v. Behrend, 569 U.S. 27, 33-34 (2013). "Thus, the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery." Blair v. Assurance IQ LLC, No. 23-16, 2023 WL 6622415, at \*6 (W.D. Wash. Oct. 11, 2023) (citation omitted); see also Ahmed v. HSBC Bank USA, Nat'l Ass'n, No. 15-2057, 2018 WL 501413, at \*3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst.").

Here, there is overlap between the class determination inquiry and the merits of Plaintiff's underlying claim. This overlap includes whether Defendant contacted Plaintiff and/ or putative class members that were on the National-Do-Not Call Registry or after Defendant received a request to stop. See Dkt. 1 ¶ 75.

Defendant argues there is no overlap between discovery regarding whether Sugared + Bronzed or any of its agents sent the text messages at issue and discovery on class certification issues. See Mot. at 12. "Considering whether questions of law or fact common to class members predominate begins, of course, with the elements of the underlying cause of action." Erica P. John Fund, Inc. v. Halliburton Co., 563 U.S. 804, 809 (2011). Whether Defendant sent the text messages at issue is a merits issue that will be relevant at the certification stage.

B. Promote Certification at "an Early Practicable Time"

The second factor weighs against bifurcation. Federal Rule of Civil Procedure 23 indicates that class certification should occur "[a]t an early practicable time after a person sues or is sued as a class representative ...." Fed. R. Civ. P. 23(c)(1)(A). Defendant's proposed case schedule without bifurcation would have motions on class certification to be heard by August 1, 2025. See Dkt. 29-2.

Defendant submits that bifurcated discovery can be completed in sixty (60) days and any summary judgment motions can be filed fourteen (14) days after the close of bifurcated discovery. If so, discovery will not be complete until mid or late April 2025 and any motion for summary judgment would not be heard until June 2025. The Court would then have to rule on the motion for summary judgment, and only then could class discovery even begin. And as Plaintiff notes, Defendant's estimate does not include the possibility of any discovery-related disputes or motions. The delay would not promote Rule 23's requirement that certification be decided at an early practicable time.

C. Judicial Economy

The third factor is either neutral or weighs slightly in favor of bifurcation. Defendant argues that the resolution of whether Sugared + Bronzed or its agents sent the text messages is a threshold issue, the resolution of which could resolve this case. See Mot. at 19.

The Court agrees with Defendant that bifurcating discovery could possibly prevent unnecessary discovery if it is correct regarding TPCA liability. However, bifurcation also "has the potential to complicate this litigation," as separating the merits and class discovery raises "a slew of issues as to what discovery relates to the class, as opposed to Plaintiff, thereby causing additional litigation regarding the distinction between the two." Kamrava, 2021 WL 10373035, at \*3 (citation omitted).

**\*3** Furthermore, the Court is concerned that Defendant's "dispositive question"—whether Sugared + Bronzed is vicariously liable under the TCPA for text messages that Mindbody and Klaviyo sent after Plaintiff opted out of receiving such messages—may be informed by class discovery.

A defendant may be held vicariously liable for the TPCA violations of third-party callers "where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and the third-party caller." Henderson v. U. Student Aid Funds, Inc., 918 F.3d 1068, 1072-73 (9th Cir. 2019). One way to establish an agency relationship is "ratification," which can be shown by the principal's "knowing acceptance of the benefit" or "willful ignorance." Id. at 1073-74. A plaintiff can establish willful ignorance if the defendant "knew facts that should led it to investigate [the third party's] work for TCPA violations."

McCurley v. Royal Seas Cruises, Inc., No. 21-55099, 2022 WL 1012471, at *3 (9th Cir. Apr. 5, 2022).

Here, class discovery will likely be useful, and perhaps critical, to resolve TCPA liability. Whether there are other individuals similarly situated to Plaintiff appears relevant to the question of whether Sugared + Bronzed ratified Mindbody and Klaviyo's acts. See id. at *2-3 (considering the number of calls the principal received and the percentage of customers with mismatched data, among other things).

Defendant cites several out-of-circuit cases in which courts have bifurcated discovery in TCPA class actions where dispositive issues could be decided at the outset. Defendant's cases concern discrete issues such as Article III standing or whether an auto dialer was used. In contrast, Defendant's "threshold question" in this case is a wider endeavor that will likely bleed into class discovery. Cf. Pavelka v. Paul Moss Ins. Agency, LLC, No. 22-2226, 2023 WL 3728199 (N.D. Ohio May 30, 2023) (bifurcating discovery to first address individual liability claims); Fania v. Kin Ins., Inc., No. 22-12354, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (bifurcating discovery to address the "case-dispositive questions" of whether plaintiff received a pre-recorded call and whether defendant was legally responsible for such calls); Newell v. Aliera Healthcare, Inc., No. 19-1489, 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (bifurcating discovery to determine whether plaintiff was called by an ATDS and consent).

D. Prejudice

The fourth factor is either neutral or weighs slightly against bifurcation. Defendant acknowledges that Plaintiff will be prejudiced, but that any prejudice will be outweighed by "expensive, exhaustive discovery." Mot. at 19-20 (citation omitted). Defendant has not demonstrated significant prejudice by its simple assertion that discovery costs money. See Kamrava, 2021 WL 10373035, at *3 ("[B]esides its simple assertions that having to engage in class-wide discovery is expensive and time consuming, Defendant did not provide any estimates of the expected costs and time to be incurred."). On the flip side, Plaintiff will be prejudiced by delay in this case.

The first two factors weigh against bifurcation. The last two factors are a toss-up. Bifurcation is not warranted here. Defendant's Motion is DENIED.

**All Citations**

Slip Copy, 2025 WL 596095

---

**End of Document**     © 2025 Thomson Reuters. No claim to original U.S. Government Works.