Case 3:24-cv-01866-JKM    Document 52-8    Filed 03/25/25    Page 1 of 5

Ahmed v. HSBC Bank USA, National Association, Not Reported in Fed. Supp. (2018)

2018 WL 501413

2018 WL 501413
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Saber AHMED, et al.

v.

HSBC BANK USA, NATIONAL
ASSOCIATION, et al.

Case No. ED CV 15–2057 FMO (SPx)
|
Filed 01/05/2018

**Attorneys and Law Firms**

Alexander H. Burke, Pro Hac Vice, Burke Law Offices LLC, Chicago, IL, Joshua B. Swigart, Hyde and Swigart APC, San Diego, CA, Meghan Elisabeth George, Thomas Edward Wheeler, Todd M. Friedman, Adrian Robert Bacon, Law Offices of Todd M. Friedman PC, Woodland Hills, CA, Seyed Abbas Kazerounian, Jason A. Ibey, Matthew M. Loker, Kazerouni Law Group APC, Costa Mesa, CA, Adrienne D. McEntee, Pro Hac Vice, Beth E. Terrell, Jennifer Rust Murray, Pro Hac Vice, Terrell Marshall Law Group PLLC, Seattle, WA, Suren N. Weerasuriya, Burkhalter Kessler Clement and George LLP, Irvine, CA, for Saber Ahmed, et al.

Julia B. Strickland, Shannon Elizabeth Dudic, Arjun P. Rao, Bryan J. Weintrop, Stroock and Stroock and Lavan LLP, Kay Fitz–Patrick, Scott M. Pearson, Taylor Steinbacher, Ballard Spahr LLP, Los Angeles, CA, Daniel J. T McKenna, Pro Hac Vice, Ballard Spahr LLP, Philadelphia, PA, Matthew A. Morr, Pro Hac Vice, Ballard Spahr LLP, Denver, CO, for HSBC Bank USA, National Association, et al.

**Proceedings: (In Chambers) Order Re: Motion for Reconsideration**

Fernando M. Olguin, United States District Judge

**\*1** Having reviewed and considered all the briefing filed with respect to defendants' Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 54(b) (Dkt. 121, "Motion"), the court concludes that oral argument is not necessary to resolve the motion. See Fed. R. Civ. P. 78; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## INTRODUCTION

On October 6, 2015, plaintiff Saber Ahmed ("Ahmed") filed a Complaint, individually and on behalf of all others similarly situated, against defendant HSBC Mortgage Corporation (USA) ("HSBC") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. (See Dkt. 1, Complaint at ¶¶ 23–30). On March 15, 2017, Ahmed and plaintiff John Monteleone (collectively, "plaintiffs") filed a First Amended Complaint ("FAC") against HSBC and defendant PHH Mortgage Corporation ("PHH" and collectively, "defendants"), for negligent and willful violations of the TCPA. (See Dkt. 27, FAC at ¶¶ 65–73).

Defendants filed a Motion to Strike Class Allegations. (See Dkt. 76). Plaintiffs subsequently filed Motions to Compel Responses to Discovery (Dkts. 85–86), which defendants opposed. On September 25, 2017, the Magistrate Judge granted the Motions to Compel in part and denied them in part. (See Dkt. 101, Magistrate Judge's Order of September 25, 2017, at 14–15). At the time the Magistrate Judge issued her ruling, the court had yet to rule on defendants' Motion to Strike Class Allegations. Following the Magistrate Judge's ruling, defendants filed an Ex Parte Application to Stay Rulings (Dkt. 104, "Ex Parte Application"), a Motion to Modify Scheduling Order (Dkt. 105), and a Motion for Reconsideration re: Order on Motion to Compel (Dkt. 106, "Motion for Review") (collectively, "Discovery Motions"). On November 6, 2017, the court denied defendants' Motion to Strike Class Allegations and denied the Discovery Motions as moot. (See Dkt. 118, Court's Order of November 6, 2017, at 4). On November 13, 2017, defendants filed the instant Motion seeking reconsideration of the court's denial of the Discovery Motions and alternatively, requesting "that the Court facilitate an application for interlocutory appeal" pursuant to 28 U.S.C. § 1292(b).[1] (See Dkt. 121, Motion at 3–5).

## DISCUSSION

"In this district, motions for reconsideration are governed by Local Rule 7–18," Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc., 568 F.Supp.2d 1152, 1162 (C.D. Cal. 2008), which provides that such a motion

may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

**\*2** Local Rule 7–18. The Local Rule also admonishes that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Id.

Defendants assert that the court erred in denying their Discovery Motions because the Motions were not mooted by the court's denial of defendants' Motion to Strike Class Allegations. (See Dkt. 121, Motion at 3). According to defendants, the Discovery Motions "were based on completely separate and independent grounds" and "had nothing to do with the Motion to Strike[.]" (Id.). Defendants' assertions are unpersuasive.

As the Magistrate Judge noted, "[t]he parties' discovery disputes largely stem from one overarching dispute regarding whether plaintiffs are entitled to class-wide discovery beyond what pertains to the named plaintiffs." (See Dkt. 101, Magistrate Judge's Order of September 25, 2017, at 4). With respect to the Discovery Motions, they, too, "largely stem" from defendant's contention that plaintiffs are not entitled to class-wide discovery.[2] (See Dkt. 104, Ex Parte Application at 5–6 (raising three arguments: (1) the magistrate judge's order should be reversed because defendants' Motion to Strike "is meritorious[;]" (2) plaintiffs lack standing; and (3) the magistrate judge's order was "clearly erroneous because it improperly compelled class-wide merits discovery before a class has been certified"); Dkt. 106, Motion for Review at 1–2 (raising same arguments as Ex Parte Application);[3] Dkt. 105, Motion to Modify Scheduling Order at 1–2 (arguing that modification of the Scheduling Order is warranted because class wide discovery is not appropriate as a matter of law and because "there are dispositive issues that can be determined now")). However, the court's Scheduling Order, filed on May 22, 2017, advised and cautioned the parties that the court would not "bifurcate discovery." (Dkt. 65, Court's Order of May 22, 2017, at 2). The parties were advised "that absent exceptional circumstances, discovery shall not be stayed

while any motion is pending, including any motion to dismiss or motion for protective order." (Id.).

Defendants' claim that discovery should be bifurcated in class actions is largely based on a case that is more than 40 years old and involved securities fraud and a parallel state proceeding that had already resulted in a settlement. (See Dkt. 105, Motion to Modify Scheduling Order, at 9–10, relying on Kamm v. California City Dev. Co., 509 F.2d 205 (9th Cir. 1975)); Kamm, 509 F.2d at 210–11; Schwartz v. Lights of Am., Inc., 2012 WL 12883222, \*10 (C.D. Cal. 2012) ("Unlike Kamm, in which remedies had 'already been instituted' and the purchasers obtained meaningful relief, here, remedies have not been determined .... Further unlike Kamm, no settlement has been reached .... Because the distribution of relief in Kamm was the primary factor in finding that the state action was superior, this case is fundamentally distinguishable.") (citing Cartwright v. Viking Indus., 2009 U.S. Dist. LEXIS 83286, \*47 (E.D. Cal. 2009) (finding that the most important distinction between that case and Kamm was that in the latter relief had been accorded and in the former it had not)); Moore v. Walter Coke, Inc., 294 F.R.D. 620, 629 (N.D. Ala. 2013) ("Kamm v. Cal. City Dev. Co., 509 F.2d 205 (9th Cir.1975), in which the court dismissed class claims 'without discovery where it was clear from the complaint and associated public records that the class could not satisfy Rule 23(b).' ... adds nothing new. It is distinguishable both as a securities fraud case and as a case in which well-underway parallel proceedings brought by state officials were clearly superior to the class action proposed.").[4] Defendants' argument ignores the realities of class action litigation today, which are governed by the Supreme Court's landmark decision in Wal–Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). In Dukes, the Supreme Court indicated that class certification requires a trial court to engage in a "rigorous analysis[ ] that the prerequisites of Rule 23(a) have been satisfied[.]" Id. at 351, 131 S.Ct. at 2551–52. This analysis usually frequently "entail[s] some overlap with the merits of the plaintiff's underlying claim" because the "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." Id.; see Gusman v. Comcast Corp., 298 F.R.D. 592, 595 (S.D. Cal. 2014) ("Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."); McEwan v. OSP Grp., L.P., 2016 WL 1241530, \*3 (S.D. Cal. 2016) ("In this regard, the Supreme Court had directed courts considering class certification motions to engage in a 'rigorous analysis' to determine whether Rule

23's prerequisites have been satisfied, an analysis that will frequently [ ]overlap with the merits of plaintiff's underlying claim.").

**\*3** In light of Dukes and the "rigorous analysis" requirement for class certification, many courts "are reluctant to bifurcate class-related discovery from discovery on the merits."[5] Chen–Oster v. Goldman, Sachs & Co., 285 F.R.D. 294, 299–300 (S.D.N.Y. 2012) (collecting cases). This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst. See Munoz v. PHH Corp., 2016 WL 10077139, \*4 (E.D. Cal. 2016) ("Courts have repeatedly acknowledged that there is no clear-cut division between discovery that relates to class certification and discovery that relates to the merits."); In re: Riddell Concussion Reduction Litig., 2016 WL 4119807, \*2 (D.N.J. 2016) (explaining that the court had previously declined to bifurcate discovery because "more often than not there is no 'bright line' between class certification and merits issues."); Lakeland Regional Medical Center, Inc. v. Astellas US, LLC, 2011 WL 486123, \*2 (M.D. Fla. 2011) ("Simply stated, if district courts as neutral arbiters of the law find the distinction between merits and class issues to be murky at best, and impossible to discern at worst, the Court cannot imagine how parties with an incentive to hold back damaging evidence, can properly draw the line between these categories of evidence during 'phased' discovery."). Separating merits and class discovery "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two." True Health Chiropractic Inc. v. McKesson Corp., 2015 WL 273188, \*3 (N.D. Cal. 2015); see Quinn v. Specialized Loan Servs., LLC, 321 F.R.D. 324, 327–28 (N.D. Ill. 2017) (observing that bifurcation "may give rise to disputes over whether a particular discovery request relates to the merits or to class certification); Burges v. BancorpSouth, Inc., 2015 WL 13628132, \*4 (M.D. Tenn. 2015) (same); City of Pontiac General Employees' Retirement System v. Wal–Mart Stores, Inc., 2015 WL 11120408, \*1–2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"). For example, bifurcation often creates unnecessary gaps in the evidence as a defendant has a strong incentive to withhold evidence even if such evidence "overlap[s] with the merits of the plaintiff's underlying claim" or "involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."[6] See Dukes, 564 U.S. at 351, 131 S.Ct. at 2551–52; see, e.g., Tyus v. Wendy's of Las Vegas, Inc., 2017 WL 3026403, \*5 (D. Nev. 2017)

("Plaintiffs do not have the benefit of discovery into the merits of a case at the class certification stage and defendants frequently have withheld exactly the information needed to prove plaintiffs' case because it is common in putative class actions for defendants to seek 'bifurcated discovery' between class certification and merits issues, and this bifurcation results in a limited record at the class certification stage."); Tait v. BSH Home Appliances Corp., 289 F.R.D. 466, 488 (C.D. Cal. 2012) ("Indeed, it is often easy for a defendant to paint a dismal picture of plaintiffs' prospects because, at the class certification stage, plaintiffs do not have the benefit of discovery into the merits of a case and defendants frequently have withheld exactly the information needed to prove plaintiffs' case.").

In addition to "rais[ing] a slew of issues," True Health Chiropractic Inc., 2015 WL 273188, at \*3, "[a]rbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." Mbazomo v. ETourandTravel, Inc., 2017 WL 2346981, \*1–2 (E.D. Cal. 2017). For example, even if the class is not certified, the case will still continue and the discovery produced during the course of the case will be relevant and useful for the remainder of the case. See, e.g., In re Semgroup Energy Partners, L.P., Sec. Litig., 2010 WL 5376262, \*2–3 (N.D. Okla. 2010) ("because of the number of investors and the enormity of losses they allege to have incurred, this case is likely to continue even if Lead Plaintiff is not found to be an adequate class representative or class certification is otherwise denied"); City of Pontiac, 2015 WL 11120408, at \*1 ("Contrary to defendants' assertions, there is no reason to believe that denial of class certification will terminate this litigation."); cf. Kelleher v. Fred Meyer Stores Inc., 302 F.R.D. 596, 599 (E.D. Wash. 2014) (granting motion to compel that sought personnel files of allegedly similarly situated employees, the identities of employees who requested leave or disability accommodation so that plaintiff could "attempt to demonstrate inconsistent treatment"); Lyoch v. Anheuser–Busch Companies, Inc., 164 F.R.D. 62, 70 (E.D. Mo. 1995) ("evidence of a pattern and practice of discrimination is relevant to an individual claim of discrimination").

**\*4** In short, "[t]he decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the trial court." True Health Chiropractic Inc., 2015 WL 273188, at \*1; Mbazomo, 2017 WL 2346981, at \*2 ("the Court is fully within its discretion to set either bifurcated

**Ahmed v. HSBC Bank USA, National Association, Not Reported in Fed. Supp. (2018)**

2018 WL 501413

or non-bifurcated discovery schedules in class action cases"). The court does not believe that bifurcation of discovery is warranted in this case. See, e.g., True Health Chiropractic Inc., 2015 WL 273188, at *3 (declining to bifurcate discovery in TCPA class action); Charvat v. Plymouth Rock Energy, LLC, 2016 WL 207677, *2–3 (E.D. N.Y. 2016) (same). Finally, the court has again reviewed the Magistrate Judge's Order of September 25, 2017, (Dkt. 101), and finds that it is neither clearly erroneous nor contrary to law, see Fed. R. Civ. P. 72, and, therefore, the court did not err in denying the Discovery Motions.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT Defendants' Motion for Reconsideration (**Document No. 121**) is **denied**.

## All Citations

Not Reported in Fed. Supp., 2018 WL 501413

Footnotes

1   In their reply brief, defendants indicate they are withdrawing the request for certification. (See Dkt. 127, Reply in Support of Defendant's Motion [ ] at 5). Therefore, the court only addresses defendants' arguments with respect to reconsideration.

2   Indeed, one of the Discovery Motions, defendants' Motion for Review (Dkt. 106) directly challenged the Magistrate Judge's discovery order.

3   In denying the Motion to Strike Class Allegations, the court noted that defendants had failed to explain the basis for their standing argument and that such an argument was not properly raised in a Rule 12(f) motion. (See Dkt. 118, Court's Order of November 6, 2017, at 3–4).

4   Similarly, defendants' reliance on Harris v. comScore, Inc., 2012 WL 686709, *3 (N.D. Ill. 2012) is misplaced. First, this is non-binding authority. More importantly, the concerns that led the Harris court to bifurcate discovery are not present here. For example, in Harris, the court found that "it is possible to draw general lines in this case" severing class certification issues from merits issues. See Harris, 2012 WL 686709, at *4. Here, merits issues and class certification issues are "enmeshed" with one another. See Wal–Mart Stores, Inc. v. Dukes, 564 U.S. 338, 351, 131 S.Ct. 2541, 2552, 180 L.Ed.2d 374 (2011). Whether plaintiff is an adequate class representative, whether there is an agent/principal relationship, or other relationship giving rise to liability between HSBC and PHH, whether HSBC had knowledge of PHH's actions, and whether defendant HSBC and/or PHH used automatic telephone dialing systems to place calls, are all factual and legal issues that must be considered in determining whether Rule 23's requirements have been satisfied, i.e., it is very difficult in this case to draw a line between class certification and merits issues. (See Dkt. 27, FAC at ¶¶ 8–22, 53–54, 58–73); see also Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) ("The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.").

5   The Federal Judicial Center's "Manual for Complex Litigation cautions that '[d]iscovery relevant only to the merits delays the certification decision and may ultimately be unnecessary.' " In re Groupon, Inc. Securities Litig., 2014 WL 12746902, *2 (N.D. Ill. 2014); see Manual for Complex Litigation, Fourth § 21.14 (2004).

6   Bifurcation of discovery also enables a defendant to challenge the adequacy of plaintiff's counsel during the class certification proceedings. For example, in Moore v. Ulta Salon, Cosmetics & Fragrance, Inc., 311 F.R.D. 590 (C.D. Cal. 2015), a wage and hour class action, defense counsel challenged the adequacy of plaintiff's counsel, asserting that plaintiff's counsel had "done little to investigate the claims in this action—while they seek to certify a class of over 8,000 members, their motion is supported by 6 declarations covering 3 stores in one county." Id. at 607. Although plaintiff's counsel sought classwide discovery, defendant objected on a number of grounds, stating that plaintiff's discovery "seeks to elicit information that is beyond the scope of issues pertaining to class certification" and that "plaintiff should not be allowed to engage in class-wide merits discovery because discovery is limited to those issues necessary to establish class certification." Id. (internal quotation marks omitted). The Magistrate Judge limited the discovery plaintiff could receive, and required defendant to provide discovery responses only with respect to the stores where the named plaintiffs worked. This court rejected defendant's adequacy of counsel challenge, stating that "defendant's assertion that plaintiff's counsel

2018 WL 501413

is inadequate because of their inability to obtain the very discovery defense counsel refused to provide—because it was supposedly irrelevant to class certification—is utterly meritless, disingenuous, and not well-taken." Id.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.