Case 3:24-cv-01866-JKM     Document 52-12     Filed 03/25/25     Page 1 of 2
MARGO SIMMONS, individually and on behalf of all others..., Slip Copy (2025)
2025 WL 863601

2025 WL 863601
Only the Westlaw citation is currently available.
United States District Court, D. Massachusetts.

MARGO SIMMONS, individually and on behalf of all others similarly situated, Plaintiff,

v.

AUTHOR REPUTATION PRESS LLC, Defendant.

Civil Action No. 24-12330-BEM
|
Filed 03/18/2025

## MEMORANDUM AND ORDER

Brian E. Murphy Judge, United States District Court

 *1  For the reasons stated herein, the Court DENIES Defendant Author Reputation Press LLC's request to bifurcate and ADOPTS Plaintiff Margo Simmons's proposed case schedule.

## I. Introduction

Plaintiff Margo Simmons alleges that Defendant Author Reputation Press LLC violated the Telephone Consumer Protection Act of 1991 ("TCPA") by telemarketing to phone numbers on the National Do Not Call Registry. Dkt. 1 ¶ 3. Plaintiff makes these allegations individually and on behalf of a putative class of other individuals similarly situated. *Id.* ¶¶ 31–38.

Defendant asks the Court to bifurcate the issues in this case so that it can "address the viability of Plaintiff's individual TCPA claim before engaging in costly and time-consuming class discovery." Dkt. 15 at 5–6. In its briefing, Defendant identifies a non-exhaustive list of seven defense-related "issues" to be explored during the first phase of litigation. *See id.* at 6. Defendant's proposed schedule contemplates that this phase will take approximately four months, with motions for summary judgment and trial to follow on the individual claim. *Id.* at 9–10.

## II. Legal Standard

Federal Rule of Civil Procedure 26 affords district courts "broad discretion" in managing the timing and sequencing of discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also* Local Rule 16.3(a)(3)(B) (providing for courts' ability to "sequence discovery into two or more stages"). Likewise, the decision to segregate certain claims for separate disposition under Federal Rule of Civil Procedure 42 "is a matter peculiarly within the discretion of the trial court." *Gonzalez-Marin v. Equitable Life Assur. Soc. of U.S.*, 845 F.2d 1140, 1145 (1st Cir. 1988).[1]

Notwithstanding this authority, "[b]ifurcation is ordinarily the exception and not the rule." *Hewlett-Packard Co. v. Genrad, Inc.*, 882 F. Supp. 1141, 1158 (D. Mass. 1995); *see also Wilson v. Quest Diagnostics, Inc.*, 2019 WL 7560932, at *4 (D.N.J. Aug. 22, 2019) (highlighting potential unfairness and inefficiency of bifurcation).

 *2  Faced with similar requests, "[c]ourts in this district have bifurcated individual merits and class discovery where doing so served the interests of justice given the allegations and circumstances of particular cases." *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) (granting bifurcation in TCPA case); *Osidi v. Assurance IQ, LLC*, 2022 WL 623733, at *1 (D. Mass. Mar. 3, 2022) (same).

## III. Discussion

Defendant has not shown here that bifurcation would "serve[ ] the interests of justice." *Katz*, 2019 WL 957129, at *2; *Osidi*, 2022 WL 623733, at *1. *Katz* and *Osidi*—two cases wherein the court granted bifurcation of individual TCPA claims—are both distinguishable. In each of those cases, the court was presented with a clear, documented deficiency in the plaintiff's individual claim.[2] *See* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery at 5–7, *Katz*, Civ. No. 18-10506 (demonstrating, with record evidence, reasonable suspicion that the plaintiff's phone number would not qualify for TCPA protection); Local Rule 16.1(d) Joint Statement at 6–7, *Osidi*, Civ. No. 21-11320 (highlighting "pure legal" issue of TCPA consent, made salient and relevant by the defendant's record evidence, requiring "minimal, if any, additional discovery" before summary judgment).

Here, by contrast, Defendant has provided the Court no specific basis on which to conclude that Plaintiff's individual claims are particularly vulnerable to early defeasance. Rather, Defendant has merely pointed out that individual claims are

subject to individual defenses, but that is true for all putative class-action plaintiffs.

## IV. Conclusion

For these reasons, Defendant's request for bifurcation is DENIED. The Court ADOPTS Plaintiff's proposed pretrial schedule. *See* Dkt. 15 at 7–8.

**So Ordered.**

**All Citations**

Slip Copy, 2025 WL 863601

## Footnotes

1   Defendant frames its proposal as a plan for discovery, Dkt. 15 at 5–6, but that plan also contemplates separate summary judgment briefings and trials on the individual claims, Dkt. 15 at 9–10, implicating Rule 42. *See Wilson v. Quest Diagnostics, Inc.*, 2019 WL 7560932, at *2 (D.N.J. Aug. 22, 2019) (framing a similar dispute under Rule 42); *cf. DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 678–82 (N.D. Ga. 2007) (ordering pure sequencing of discovery in a trade secret case). At bottom, both rules place the decision squarely within the discretion of the trial court. *See Crawford-El*, 523 U.S. at 598; *Gonzalez-Marin*, 845 F.2d at 1145. However, courts have expressed particular concern against "routine[ ] order[ing]" of separate trials. *Abbott Biotechnology Ltd. v. Centocor Ortho Biotech, Inc.*, 55 F. Supp. 3d 221, 222 (D. Mass. 2014) (quoting *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 795 F. Supp. 501, 503 (D. Mass. 1992), *aff'd*, 36 F.3d 1147 (1st Cir. 1994), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)); *see also Chapman ex rel. Est. of Chapman v. Bernard's Inc.*, 167 F. Supp. 2d 406, 417 (D. Mass. 2001) (placing burden on party seeking bifurcation under Rule 42).

2   The Court does not intend to suggest that a "clear, documented deficiency" is either a necessary or sufficient condition for bifurcation, only that the circumstances here are unlike those in *Katz* or *Osidi.*

---

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.