Case 3:24-cv-01866-JKM    Document 52-13    Filed 03/25/25    Page 1 of 2

Saleh v. Crunch, LLC, Not Reported in Fed. Supp. (2018)
2018 WL 11264884

2018 WL 11264884
Only the Westlaw citation is currently available.
United States District Court, S.D. Florida.

Bilal SALEH, individually and on behalf of a class of others similarly situated, Plaintiff,
v.
CRUNCH, LLC, a Delaware limited liability company, Crunch Franchising, LLC, a Delaware limited liability company and DeLiu, LLC, a Delaware limited liability company doing business as Crunch Fitness Oakland Park, Defendants.

Case No. 17-62416-Civ-COOKE/HUNT
|
Signed 02/28/2018

**Attorneys and Law Firms**

Jibrael Jarallah Said Hindi, The Law Offices of Jibrael S. Hindi, Fort Lauderdale, FL, Bret Leon Lusskin, Jr., Bret Lusskin, P.A., Aventura, FL, Sean Martin Holas, Scott David Owens, Scott D. Owens, P.A., Hollywood, FL, for Plaintiff.

Ian C. Ballon, Pro Hac Vice, Lori Chang, Pro Hac Vice, Valerie W. Ho, Pro Hac Vice, Greenberg Traurig LLP, Los Angeles, CA, Ian M. Ross, Stumphauzer Foslid Sloman Ross & Kolaya, PLLC, Miami, FL, Paul K. Silverberg, Silverberg & Weiss, P.A., Weston, FL, for Defendants Crunch, LLC, Crunch Franchising, LLC.

David K. Markarian, Markarian & Hayes, Palm Beach Gardens, FL, Paul K. Silverberg, Silverberg & Weiss, P.A., Weston, FL, for Defendant DeLiu, LLC c/o Marc Delisle, Managing Member 4801 Peregrine Point Circle West Sarasota, FL 34231.

## ORDER DENYING MOTION TO STAY PROCEEDINGS

MARCIA G. COOKE, United States District Judge

*1 THIS CAUSE came before the Court on Defendants Crunch, LLC's and Crunch Franchising, LLC's Motion to Stay Proceedings Pending a Decision by the Ninth Circuit Court of Appeals (ECF No. 35), which Defendant DeLiu, LLC has since joined. See Notice of Adoption/Joinder, ECF No. 40. Plaintiff filed a Response in Opposition (ECF No. 43), and Defendants subsequently filed a Reply (ECF No. 45). I have reviewed the pertinent portions of the record, and am otherwise fully advised in the premises. For the reasons stated below, Defendants Motion to Stay is denied.

Defendants move to stay the instant proceedings pending a decision by the Ninth Circuit Court of Appeals in *Marks v. Crunch San Diego, LLC*, Appeal No. 14-56834 (9th Cir.). According to Defendants, the Ninth Circuit in *Marks* is set to rule on whether the Texmunication platform is an automatic telephone dialing system ("ATDS") within the meaning of the Telephone Consumer Protection Act ("TCPA"),[1] an appeal from a district court ruling in *Marks v. Crunch San Diego, LLC*, 55 F. Supp. 3d 1288, 1292 (S.D. Cal. 2014) which found that Textmunication did not constitute an ATDS. In Plaintiff's Complaint (ECF No. 1), Plaintiff alleges Defendants sent texts through the Textmunication platform; Defendants therefore argue this case should be stayed pending the Ninth Circuit's decision because "an affirmance of that case would be authoritative of Crunch's liability in this case." Motion, 2.

A district court has broad discretion in determining whether a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A stay is "based on a balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others." *Dunn v. Air Line Pilots Ass'n*, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993), *aff'd*, 193 F.3d 1185 (11th Cir. 1999) (citing *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. I find that a stay in this matter is not appropriate at this time.

First, a decision in *Marks v. Crunch San Diego, LLC*, Appeal No. 14-56834 (9th Cir.) would not necessarily be authoritative. The ruling on appeal in *Marks* was made on a motion for summary judgment, after the parties had developed a factual record. While the texting platform at issue may be the same in both cases, it is possible that the Plaintiff in the instant case may discover or present different facts than the parties in *Marks*. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Further, a decision in *Marks* will not define the

rights of both parties nor will it automatically moot this case. While the Ninth Circuit's affirmance or rejection of the district court's finding might be persuasive in the instant matter, it is not binding on this Court. *See* McGinley v. Houston, 361 F.3d 1328, 1331 (11th Cir. 2004) ("A circuit court's decision binds the district courts sitting within its jurisdiction...."). Nor would there be a preclusive effect, as "[Plaintiff] was not a party to the [California] action, [his] interests were not adequately represented, and [he] did not have the opportunity to litigate the issues presented in the [California] action." *Int'l Ship Repair & Marine Servs., Inc. v. N. Assur. Co. of Am.*, 503 F. App'x 681, 683 (11th Cir. 2013). After a ruling by the Ninth Circuit, the parties would still need to litigate the applicability of the *Marks* decision to the facts of the instant case. As such, Plaintiff should be allowed to litigate this matter and develop his own factual record. Defendants can argue the correctness and applicability of the Ninth Circuit's ruling once it has been made.

 **\*2** Second, if the D.C. Circuit's and Ninth Circuit's decisions are imminent, as Defendants argue, then there is a good chance the decisions will be issued in time to shape the parties' discovery and/or any motions for summary judgment. Third, and last, Defendants have not shown that a denial of the stay will result in any undue prejudice to them other than that they *may* have more favorable caselaw to bolster their position at a later date. These are not sufficient reasons to warrant a stay of this matter, especially where a stay would prolong this matter on the Court's docket and could conceivably prejudice Plaintiff by the fading memory of any witnesses. *See* Yong v. Peraza, 2015 WL 4639736, \*2 (S.D. Fla. Aug. 4, 2015).

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Stay Proceedings (ECF No. 35) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of February 2018.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 11264884

## Footnotes

1     The Ninth Circuit is, in turn, awaiting a ruling from the D.C. Circuit in *ACA Int'l v. F.C.C.*, Appeal No. 15-1211 (D.C. Cir.) on the validity of the Federal Communication Commission's 2015 Regulations, which, the petitioners in the case argue, expanded the statutory definition of an ATDS impermissibly. *See* Marks v. Crunch San Diego, LLC, No. 14-56834 (9th Cir.) ECF No. 62.

---

**End of Document**      © 2025 Thomson Reuters. No claim to original U.S. Government Works.