2009 WL 980383
Only the Westlaw citation is currently available.
United States District Court, D. Colorado.

Emmanuel SANAAH, Plaintiff,
v.
Nurse Debb HOWELL, Warden Arellano, Major Scott Grover, Life Safety Coordinator and Maintenance Supervisor, and Maintenance Worker Lt. Bosley, Defendants.

Civil Action No. 08–cv–02117–REB–KLM.
|
April 9, 2009.

**Attorneys and Law Firms**

Emmanuel Sanaah, Crowley, CO, pro se.

**ORDER**

KRISTEN L. MIX, United States Magistrate Judge.

**\*1** This matter is before the Court on Defendants' **Motion to Stay Discovery** [Docket No. 33; Filed April 8, 2009] (the "Motion"). The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises.

Defendants request that the above-captioned case be stayed until resolution of their pending Motion to Dismiss [Docket No. 32; Filed April 8, 2009]. *Motion* [# 33] at 1. As grounds, Defendants argue that they have raised the defense of qualified immunity in their Motion to Dismiss, and that all discovery should be stayed until the Court makes a legal determination on Defendants' entitlement to qualified immunity. *Id.*

IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth below.

Stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla* (unpublished decision). However, a stay may be appropriate in certain circumstances, and the Court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.,* No. 02–cv–01934, 2006 WL 894955, at \*2 (D.Colo. Mar. 30, 2006) (unpublished decision) (denoting a five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.* Here, those factors weigh against entry of a stay.

Although Plaintiff's position on this issue is not known, the Court has generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. As such, delay may diminish Plaintiff's ability to proceed. By contrast, Defendants do not suggest any undue burden in proceeding with the case, other than the ordinary burdens associated with defending a case. While Defendants do contend that their assertion of a qualified immunity defense entitles them to a stay, a review of the Motion to Dismiss reveals that success on the merits of such a defense is not assured.[1] On balance, the Court finds that the consideration of these two factors weighs against the imposition of a stay in this case.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors prompts the Court to reach a different result. The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable. This is particularly true where there is a pending Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), for which ultimate success is not guaranteed. While the Court identifies no particular interest of persons not parties to the litigation, the Court identifies a strong interest held by the public in general regarding the prompt and efficient handling of all litigation. Under these circumstances, the Court finds that a stay of the case is not warranted.

**\*2** The parties are reminded of their obligation to comply with my Order of February 11, 2009 [Docket No. 24] setting a Preliminary Scheduling Conference in this matter for **April 21, 2009 at 10:30 a.m.**

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 980383

Footnotes

1   The Court expresses no opinion about the merits of the Motions to Dismiss, but merely notes that Defendants' qualified immunity defense is not particularly well developed or compelling on its face.

---

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.