Case 3:24-cv-01866-JKM   Document 53-8   Filed 03/25/25   Page 1 of 4
Johnson v. Ally Financial Inc., Not Reported in Fed. Supp. (2017)
2017 WL 3433689

2017 WL 3433689
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

Jayla JOHNSON, Plaintiff
v.
ALLY FINANCIAL INC., Defendant

CIVIL ACTION NO. 1:16-CV-1100
|
Signed 08/10/2017

**Attorneys and Law Firms**

[Arthur Stock](), [Lane L. Vines](), [Shanon J. Carson](), Berger & Montague, P.C., Philadelphia, PA, [Jarrett L. Ellzey](), [W. Craft Hughes](), Hughes Ellzey, LLP, Houston, TX, for Plaintiff.

[Divya S. Gupta](), [Eric J. Troutman](), [Scott D. Goldsmith](), Dorsey & Whitney LLP, Costa Mesa, CA, [John F. Yaninek](), [Matthew Clayberger](), Thomas Thomas & Hafer LLP, Harrisburg, PA, for Defendant.

## MEMORANDUM

[Christopher C. Conner](), Chief Judge

 *1  Plaintiff Jayla Johnson ("Johnson") commenced this action against defendant Ally Financial Inc. ("Ally Financial") under the Telephone Consumer Protection Act, [47 U.S.C. § 227](). Before the court is Ally Financial's motion (Doc. 17) to strike the class allegations in Johnson's amended complaint. (Doc. 12). For the reasons that follow, the court will deny the motion.

### I. Factual Background & Procedural History

Ally Financial is a debt collection company. (Doc. 12 ¶¶ 1, 5). Johnson contends that Ally Financial called her cell phone number at least 34 times to collect a consumer debt she never incurred. (Id. ¶¶ 16-17). When Johnson answered Ally Financial's calls, its representatives asked to speak with "William" instead of Johnson. (Id. ¶ 23). Johnson consistently told Ally Financial that it had called the incorrect party and asked representatives to stop calling her, but Ally Financial ostensibly persisted in its pursuit of Johnson's purported debt. (Id. ¶ 27). Johnson never granted Ally Financial consent to call her cell phone number. (Id. ¶ 25).

Johnson initiated this action with the filing of a complaint on June 9, 2016. (Doc. 1). She filed an amended complaint on August 8, 2016. (Doc. 12). Johnson's amended complaint contains class action allegations. (Id. ¶¶ 34-50). She avers that Ally Financial violated the Telephone Consumer Protection Act when it contacted putative class members' cell phone numbers using an automatic telephone dialing system and/or an artificial or prerecorded voice without the members' prior express consent. (Id. ¶¶ 34, 36).

Johnson's proposed class contains two subclasses, to wit: an autodialer subclass and a wrong number subclass. (Id. ¶ 34). The autodialer subclass consists of all persons in the United States who received a call from Ally Financial with the aid of an automatic telephone dialing system when Ally Financial's business records do not indicate it received prior express consent. (Id.) The wrong number subclass includes all individuals in the United States whose phone numbers Ally Financial dialed more than once using an automated telephone dialing system when it had intended to call a different person. (Id.) Johnson advances two claims in her complaint, *viz.*: standard violations of the Telephone Consumer Protection Act (Count 1) and knowing or willful violations of the Act (Count 2). (Id. ¶¶ 51-60).

### II. Legal Standard

Under [Federal Rule of Civil Procedure 12(f)](), the court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." [Fed. R. Civ. P. 12(f)](). District courts have "considerable discretion" in resolving a [Rule 12(f)]() motion. [Krisa v. Equitable Life Assurance Soc'y, 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000)]() (quoting [N. Penn. Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa. 1994)]()). In general, such a motion will be denied unless the allegations are severely prejudicial to one of the parties and unrelated to the plaintiff's claims. Id.; see also [5C Charles Alan Wright et al., Federal Practice & Procedure § 1382 (3d ed. 2016)](). A party is prejudiced when the challenged pleading "confuses the issues" or places an undue burden on the responding party. [Karpov v. Karpov, 307 F.R.D. 345, 348 (D. Del. 2015)]().

### III. Discussion

 *2  Ally Financial contends that the court should strike Johnson's class allegations from her amended complaint because her proposed subclasses are *prima facie* uncertifiable. (Doc. 18 at 1-2). As a threshold matter, Johnson

disputes whether the court may strike class allegations in this procedural posture. (See Doc. 29 at 2-4). Johnson alternatively asserts that both subclasses are facially certifiable and satisfy the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3). (See Doc. 29 at 7-10; Doc. 12 ¶ 34). The court will consider each argument *seriatim.*

### A. Propriety of Motion to Strike

Johnson argues that Ally Financial's motion to strike is an improper procedural device and that the court cannot consider arguments concerning class qualifications until Johnson submits a motion for class certification. (Doc. 29 at 2-4). Courts grant motions to strike "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Wirt v. Bon-Ton Stores, Inc., 134 F. Supp. 3d. 852, 857 (M.D. Pa. 2015) (quoting Goode v. LexisNexis Risk & Info. Analytics Grp., 284 F.R.D. 238, 243 (E.D. Pa. 2012)). However, striking class allegations is a "drastic remedy to be used sparingly because of the difficulty of deciding a case without a factual record." Id. (quoting Dann v. Lincoln Nat. Corp., 274 F.R.D. 139, 142-43 (E.D. Pa. 2011)).

The United States Court of Appeals for the Third Circuit counsels against striking class allegations if discovery may reveal a certifiable class. See Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93-94 (3d Cir. 2011) (quoting Weiss v. Regal Collections, 385 F.3d 337, 347-48 & n.17 (3d Cir. 2004)), opinion reinstated in part, No. 09-3105, 2012 WL 2052685 (3d Cir. Apr. 17, 2012). The Third Circuit has nevertheless noted that there are a "rare few" instances in which "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." Id. at 93 n.30 (citing Rios v. State Farm Fire & Cas. Co., 469 F. Supp. 2d 727, 740 (S.D. Iowa 2007)). The court concludes that Ally Financial's motion is not an improper litigation device *per se* and that we may consider the merits of Ally Financial's motion to strike.

### B. Autodialer Subclass

Ally Financial contends that the court should strike Johnson's allegations regarding the proposed autodialer subclass because the class is defined through the lens of consent. (Doc. 18 at 12-14). The description of the subclass adopts a legal element of the Telephone Consumer Protection Act. (Id.) Such a subclass, according to Ally Financial, is facially uncertifiable because it is defined without reference to factual, objective criteria. (Id.) Ally Financial argues that the court would need to adjudicate each individual subclass member's claim on the merits to determine membership, rendering the subclass impermissibly "fail-safe." (Id. at 13-14).

Johnson remonstrates that the proposed autodialer subclass is not fail-safe. (Doc. 29 at 5-6). Her subclass specifically limits its members to those consumers who received calls from Ally Financial with the aid of an autodialer. (Doc. 12 ¶ 34). The proposed subclass further limits membership to those who Ally Financial called without prior express consent. (Id.) Johnson intends to test members' claims using Ally Financial's business records. (Id.) Johnson posits that these records constitute objective criteria which provide a mechanism for the court to identify subclass members. (Doc. 29 at 6-7).

**\*3** A fail-safe class bases its membership upon the validity of putative members' legal claims. Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 825 (7th Cir. 2012). Fail-safe classes are not ascertainable until the end of litigation, as a finding of liability is a necessary condition for membership in the class. See, e.g., Zarichny v. Complete Payment Recovery Servs., Inc., 80 F. Supp. 3d 610, 623-24 (E.D. Pa. 2015) (citing Slapikas v. First Am. Title Ins. Co., 250 F.R.D. 232, 250-51 (W.D. Pa. 2008)). The Third Circuit has not explicitly considered whether fail-safe classes are permissible, but has cited approvingly to cases in other circuits that have categorically disallowed fail-safe classes. See Byrd v. Aaron's Inc., 784 F.3d 154, 167 (3d Cir. 2015) (quoting *In re* Nexium Antitrust Litig., 777 F.3d 9, 22 (1st Cir. 2015); Messner, 669 F.3d at 825). Two recent decisions in the Eastern District of Pennsylvania conclude that fail-safe classes are not certifiable. See O.P. Schuman & Sons, Inc. v. DJM Advisory Grp., LLC, No. 16-3563, 2017 WL 634069, at *4 (E.D. Pa. Feb. 16, 2017); Zarichny, 80 F. Supp. 3d at 623-24.

The principal concern with fail-safe classes is ascertainability. Ascertainability is an "essential prerequisite" for class actions brought under Federal Rule of Civil Procedure 23(b)(3).[1] Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 592-93 (3d Cir. 2012) (citations omitted). The ascertainability inquiry requires plaintiffs to demonstrate that a proposed class is "defined with reference to objective criteria," and that there is "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 355 (3d Cir. 2013) (citing Marcus, 687 F.3d at 593-94).

Case 3:24-cv-01866-JKM    Document 53-8    Filed 03/25/25    Page 3 of 4

Johnson v. Ally Financial Inc., Not Reported in Fed. Supp. (2017)
2017 WL 3433689

The court may not certify a class if it cannot identity class members "without extensive and individualized fact-finding or 'mini-trials.' " Marcus, 687 F.3d at 593. But the ascertainability analysis is exceedingly narrow and wholly distinct from other class certification requirements. Byrd, 784 F.3d at 165. The requirement demands only that courts be able to identify putative class members; it does not require exacting precision and the ability to find *all* class members at the moment of class certification. Id. at 163 (citing Carrera v. Bayer Corp., 727 F.3d 300, 308 n.2 (3d Cir. 2013)).

Ally Financial relies heavily upon Zarichny in support of its argument. (Doc. 18 at 5-7, 10; Doc. 33 at 4, 7). The plaintiff in Zarichny defined a putative class as those " 'who received one or more telephone calls from [d]efendants on the individual's cellular telephone that was initiated using an automatic telephone dialing system' without prior consent" in violation of the Telephone Consumer Protection Act. Zarichny, 80 F. Supp. 3d at 614 (citation omitted). The court held that the plaintiff pleaded a fail-safe class which *ipso facto* failed to satisfy the ascertainability requirement. Id. at 625-26 (quoting Erin L. Geller, *The Fail-Safe Class as an Independent Bar to Class Certification*, 81 FORDHAM L. REV. 2769, 2782 (2013)). The court concluded that it could not provide notice to potential class members without conducting "extensive fact-finding" which the ascertainability requirement seeks to quell. Id. The putative class also required the court to identify class members using only their "say so." Id. at 625 (quoting Marcus, 687 F.3d at 594).

*4 Another recent case from the Eastern District of Pennsylvania is instructive with respect to the issue *sub judice*. The defendant in Abella v. Student Aid Center, Inc., No. 15-3067, 2015 WL 6599747 (E.D. Pa. Oct. 30, 2015), also sought to strike class allegations relating to violations of the Telephone Consumer Protection Act. Abella, 2015 WL 6599747, at *3-4. The court noted several distinctions between the proposed class therein and the class allegations in Zarichny. The putative class definition in Abella did not reference the existence or use of an automated telephone dialing system like the proposed class in Zarichny, eliminating the risk that the class was fail-safe. Id. at *4 (citation omitted). The plaintiff also defined class membership by the defendant's business records—as opposed to putative class member's "say so"—satisfying the ascertainability requirement by providing objective criteria and a feasible identification mechanism. Id. (citing *In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, 795 F.3d 380, 397 (3d Cir. 2015)).

We conclude that Ally Financial has not demonstrated Johnson's autodialer subclass is facially uncertifiable. The subclass is properly "defined with reference to objective criteria." Hayes, 725 F.3d at 355 (citing Marcus, 687 F.3d at 593-94). The subclass specifically references Ally Financial's business records which may (with discovery) reveal an ascertainable subclass. The records constitute factual criteria outside of the legal requirements of the Telephone Consumer Protection Act. The records also allow Johnson to identify potential subclass members without relying exclusively on member "say so." Hence, Ally Financial's records may allow Johnson to identify putative subclass members. See Carrera, 727 F.3d at 308 n.2.

The court also finds that there is "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." Hayes, 725 F.3d at 355 (citing Marcus, 687 F.3d at 593-94). Ally Financial's business records may very well obviate the need for a series of "mini-trials" or extensive, individualized findings of fact. See Marcus, 687 F.3d at 594. Notwithstanding Johnson's reference to consent in terms of her subclass definition, discovery will demonstrate whether Ally Financial's records explain how, if at all, it obtained consent from consumers. The court will accordingly deny Ally Financial's motion (Doc. 17) to strike Johnson's autodialer class allegations.

### C. Wrong Number Subclass

Ally Financial asserts that the wrong number subclass is also *prima facie* uncertifiable because it "is facially overbroad and lacks commonality." (Doc. 18 at 2). Commonality requires plaintiffs to demonstrate that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Courts generally require "class members [to] 'have suffered the same injury' " to satisfy Rule 23's commonality analysis. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350-51 (2011) (quoting Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 157 (1982)). In other words, a plaintiff must raise a claim that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. at 350. The commonality requirement is not especially arduous. The Third Circuit has acknowledged commonality "even when not all members of the plaintiff class suffered an actual injury[,] ... when class members did not have identical claims[,] ... and, most dramatically, when some members'

Case 3:24-cv-01866-JKM   Document 53-8   Filed 03/25/25   Page 4 of 4

Johnson v. Ally Financial Inc., Not Reported in Fed. Supp. (2017)
2017 WL 3433689

claims were arguably not even viable." *In re* Cmty. Bank, 795 F.3d at 397 (citations omitted).

Ally Financial contends that "there are significant factual differences among class members." (Doc. 18 at 16). But Ally Financial's arguments fail to consider the primary question underlying the commonality inquiry, to wit: whether members of Johnson's putative subclass "have suffered the same injury." Dukes, 564 U.S. at 349-50 (quoting Falcon, 457 U.S. at 157). We conclude that discovery is necessary to determine whether Johnson's proposed subclass satisfies Rule 23's commonality threshold. Johnson alleges a subclass whose members share a common, essential injury, namely receiving telephone calls from Ally Financial yet not the person Ally Financial intended to call. (Doc. 12 ¶ 34). Discovery may reveal that Johnson's proposed wrong number subclass contains members with disparate injuries. The court cannot, however, conclude that this subclass is facially uncertifiable at this juncture. The court will accordingly deny Ally Financial's motion (Doc. 17) to strike Johnson's wrong number class allegations.[2]

### IV. Conclusion

**\*5** For the foregoing reasons, the court will deny Ally Financial's motion (Doc. 17) to strike Johnson's class allegations. An appropriate order shall issue.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 3433689

Footnotes

1     Johnson also cites Federal Rule of Civil Procedure 23(b)(2) to support her proposed subclasses. (Doc. 12 ¶ 34). Ascertainability is not a certification requirement for Rule 23(b)(2) classes in which class members seek only injunctive and declaratory relief. Shelton v. Bledsoe, 775 F.3d 554, 559-63 (3d Cir. 2015). Both parties' filings discuss ascertainability at length without distinguishing between Johnson's proposed subclass types or discussing the applicability of Shelton in Rule 23(b)(2) classes where plaintiffs seek statutory damages. The Third Circuit limited its holding in Shelton to Rule 23(b)(2) classes where plaintiffs seek only non-monetary damages. See id. We accordingly analyze ascertainability with respect to both putative subclasses.

2     Ally Financial provided supplemental authority to the court on March 30, 2017. (Doc. 34); see Davis v. AT&T Corp., No. 15-2342, 2017 WL 1155350 (S.D. Cal. Mar. 28, 2017). The court concludes that this authority undergirds our conclusion, namely, that any ruling regarding class certification must wait until Johnson submits a motion for class certification.

---

**End of Document**     © 2025 Thomson Reuters. No claim to original U.S. Government Works.