# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH FRIEL**, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**LINE 5, LLC, HEADSTART WARRANTY GROUP LLC and JEA MANAGEMENT SERVICES d/b/a COVERED AUTO,**<br><br>Defendants. | CASE NO. 3:24-cv-01866-JKM<br><br>Judge: Hon. Julia K. Munley |

## DECLARATION OF JOSEPH COHEN

I, Joseph Cohen, declare:

1. I am over the age of eighteen (18) years and am competent to testify in this matter.

2. I make this declaration based on my personal knowledge and review of business records maintained in the regular course of business by JEA Management Services d/b/a Covered Auto ("JEA"), as well as admissions made to me by other parties involved in this matter.

3. I am the Chief Executive Officer ("CEO") of JEA, a position I have held at all times relevant to the matters discussed herein.

1

4. In my role as CEO, I oversee JEA's business operations, including outbound calling operations.

5. As part of my duties, I have access to and have the ability to review JEA's business records, including call logs, lead source documentation, outbound calling policies, and contractual agreements, which are created and maintained in the ordinary course of JEA's business.

6. JEA is authorized to sell warranties offered by Headstart Warranty Group LLC ("Headstart").

7. Before the lawsuit was filed, Logan Newell, a Headstart employee, informed me he would be transferring calls from Headstart to one of my employees at JEA.

8. JEA's account through Line5 was used for the purpose of processing Plaintiff's Vehicle Service Agreement, which is why JEA's name appears on the Vehicle Service Agreement.

9. My agreement to accept these transfers was simply doing Logan Newell a favor based on his request.

10. Line5 is a third-party financing platform used by JEA solely for processing customer financing. JEA utilizes Line5 for handling customer payments, providing email and phone confirmations to customers.

11. Line5 also manages financing agreements related to any customer purchases.

12.  After this lawsuit was filed, I called Tim Schurr, the CEO of Headstart, who informed me that the call to Plaintiff Joseph Friel ("Plaintiff") was one of the calls transferred from Logan Newell to JEA.

13.  Plaintiff's contract was processed through JEA's Line5 account.

14.  The only information JEA possesses in its records associated with Plaintiff is the information on its Line5 account.

15.  JEA has no call logs, call recordings, or lead data related to the calls to Plaintiff or other calls made by Headstart on the campaign at issue.

16.  The telephone numbers used to contact Plaintiff do not belong to JEA.

17.  JEA makes telemarketing calls as part of its relationship with Headstart and Line5, but did not call the Plaintiff.

18.  JEA has record of all transfers Logan Newell made to JEA and will preserve that data.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on  3/21/2025  at  25755 Hood Way Stevenson Ranch Ca 91381 .

**Joseph Cohen**
CEO of JEA Management Services