IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated, | : <br> : Case No. 3:24-cv-01866-JKM <br> : <br> : (Judge Julia K. Munley) |
| Plaintiff(s), | : |
| v. | : <br> : |
| LINE 5, LLC; HEADSTART WARRANTY GROUP LLC; and JEA MANAGEMENT SERVICES d/b/a COVERED AUTO, | : <br> : <br> : <br> : |
| Defendant(s). | : |

**DEFENDANT LINE 5, LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY**

Defendant Line 5, LLC ("Line 5") submits this Reply Brief in Support of the pending Motion to Bifurcate Discovery, ECF 33, and in response to Plaintiff's Brief in Opposition to said motion, ECF 52.

As an initial matter, Line 5 argues only for the *bi*furcation of discovery, not the *tri*furcation of discovery originally requested by JEA Management Services d/b/a Covered Auto ("JEA"). Specifically, Line 5 requests that discovery be bifurcated as to (a) individual merits discovery with respect to Plaintiff's claims against

1

defendants and, if necessary, (b) class discovery for purposes of a class certification motion.

"Notwithstanding the general difficulty and potential drain on judicial resources in managing bifurcated discovery in class action litigation, 'determining whether the advantage of bifurcation outweighs its disadvantages is a factual inquiry assessed on a case-by-case basis.'" *Wesley v. Samsung Elecs. Am., Inc.*, 2022 U.S. Dist. LEXIS 129432, at *6, 2022 WL 2870200 (D.N.J. July 21, 2022), *quoting Hanover 3201 Realty, LLC v. Vill. Supermarkets, Inc.*, 2016 U.S. Dist. LEXIS 116970, 2016 WL 4541870, at *2 (D.N.J. Aug. 31, 2016).[1]

> Courts look to balance the extent to which bifurcation 'will allow the Court to address a narrow, potentially dispositive issue in a timely and cost effective manner with' any potential prejudice to the opposing party.

*Hanover 3201 Realty, LLC*, 2016 WL 4541870, at *2, *quoting Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, No. CIV.A. 12-2132 FLW, 2014 U.S. Dist. LEXIS 13523, 2014 WL 413534, at *5 (D.N.J. Feb. 4, 2014).[2] "Bifurcating discovery may be appropriate where the Court finds a 'narrow, potentially dispositive issue' that is 'totally distinct from class issues.'" *MacLean v. Wipro LTD*, 2023 U.S. Dist. LEXIS

---

[1] A true and correct copy of the *Wesley* opinion is attached hereto as Exhibit 1.
[2] A true and correct copy of the *Hanover* opinion is attached hereto as Exhibit 2.

94359, at *6, 2023 WL 3742832 (D.N.J. May 31, 2023), *quoting Physicians Healthsource*, 2014 WL 413534, at *4.[3]

Bifurcation of discovery makes sense in this case because individual merits discovery will focus on the "narrow, potentially dispositive issue" of whether Line 5 has any liability under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Line 5 asserted in its Answer with Affirmative Defenses that it does not make, authorize, supervise, or have any control over any other party to make any telephone solicitation calls—either to Plaintiff or any other consumer. In other words, there is a clear, discrete issue with respect to TCPA liability that must first be resolved. Unlike the products liability and consumer protection issues present in *Wesley*, bifurcation in this case presents a distinct advantage because Line 5 has repeatedly asserted that it is not liable to Plaintiff because it neither made any telephone solicitation calls to Plaintiff (or any other person) nor authorized, supervised, or controlled any telephone solicitation calls to Plaintiff (or any other person).

By focusing on this narrow, threshold issue of liability, the parties will save significant time and expense, not only for themselves but also the Court. Additionally, it will assist with determining whether Plaintiff is an adequate class

---

[3] A true and correct copy of the *MacLean* opinion is attached hereto as Exhibit 3.

3

representative. For instance, if Line 5 is not liable to Plaintiff for any alleged violations, then Plaintiff is an inadequate class representative based the putative class definitions in his own Complaint. Even if Line 5 is liable to Plaintiff, the individual merits discovery conducted will not preclude Plaintiff from then requesting the necessary documentation and information to assess class liability or viability.

Line 5 understands that bifurcation should be the exception, not the rule; however, since there is a narrow, threshold issue as to liability, specifically with respect to Line 5, this case presents a unique opportunity where bifurcation should be granted.

WHEREFORE, Defendant Line 5, LLC respectfully requests that this Court grant the Motion to Bifurcate Discovery and extend its relief to Defendant Line 5, LLC.

        Respectfully submitted,

        **BARRON & NEWBURGER, P.C.**

    By:   /s/ Brit J. Suttell
           BRIT J. SUTTELL, ESQUIRE
           PA Id. No. 204140
           6100 219th St. SW
           Suite 480
           Mountlake Terrace, WA  98043
           (484) 999-4232
           britjsuttell@bn-lawyers.com
           Counsel for Defendant Line 5, LLC

Dated:  April 7, 2025

## CERTIFICATE OF SERVICE

I certify that on April 7, 2025, a true copy of the foregoing document was served on all counsel of record via CM/ECF.

                        **BARRON & NEWBURGER, P.C.**

By:   /s/ Brit J. Suttell
       BRIT J. SUTTELL, ESQUIRE
       PA Id. No. 204140
       6100 219th St. SW
       Suite 480
       Mountlake Terrace, WA  98043
       (484) 999-4232
       britjsuttell@bn-lawyers.com
       Counsel for Defendant Line 5, LLC