## Wesley v. Samsung Elecs. Am., Inc.

United States District Court for the District of New Jersey

July 21, 2022, Decided; July 21, 2022, Filed

Civil Action No. 20-18629-JMV-AME

**Reporter**
2022 U.S. Dist. LEXIS 129432 *; 2022 WL 2870200

KATHY WESLEY, et al., individually and on behalf of all others similarly situated, Plaintiffs, v. SAMSUNG ELECTRONICS AMERICA, INC., Defendant.

**Notice:** NOT FOR PUBLICATION

**Counsel:** [*1] For KATHY WESLEY, ALESIA CHARLES, STEPHANIE FREEMAN-MUHAMMAD, MALEIA PORTER, individually, and on behalf of all others similarly situated, STEPHEN KALPIN, JOSEPH D'ANDREA, JO PEACOCK, DONALD DAVIS, GARY OWENS, Plaintiffs: Amey J. Park, Berger Montague, Berger Montague, PHILADELPHIA, PA.

For SAMSUNG ELECTRONICS AMERICA, INC., Defendant: DAVID JAY, LEAD ATTORNEY, GREENBERG TAURIG, LLP, FLORHAM PARK, NJ; ERIC W. MORAN, LEAD ATTORNEY, EPSTEIN BECKER & GREEN, NEW YORK, NY; JAMES LEWIS RYERSON, TODD LAWRENCE SCHLEIFSTEIN, LEAD ATTORNEYS, GREENBERG TRAURIG LLP, FLORHAM PARK, NJ.

**Judges:** ANDRÉ M. ESPINOSA, United States Magistrate Judge.

**Opinion by:** ANDRÉ M. ESPINOSA

## Opinion

**OPINION & ORDER**

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on the informal application by defendant Samsung Electronics America, Inc. ("SEA") for an order directing that fact discovery be conducted in two phases. Specifically, SEA proposes that discovery in this putative consumer class action initially focus solely on the claims brought by the four named plaintiffs,[1] in their individual capacities, and then proceed to the issues pertinent to class certification under *Federal Rule of Civil Procedure 23* only if the individual claims survive a motion for summary judgment [*2] pursuant to *Federal Rule of Civil Procedure 56*. Plaintiffs oppose the application to limit discovery. The parties initially raised this dispute in their joint letter of April 19, 2022, submitted prior to a pretrial status conference held in the ordinary course of pretrial management. [ECF 53]. Pursuant to the Court's order requiring concise briefing on this discrete issue [ECF 54], Plaintiffs and SEA filed simultaneous letter briefs on April 29, 2022 [ECF 55, 56]. The Court has considered the written submissions and, in its discretion, rules without oral argument. *See Fed. R. Civ. P. 78*. For the following reasons, SEA's request is denied.

**I. BACKGROUND**

---

[1] The named plaintiffs pursuing claims in the currently operative Second Amended Complaint are Kathy Wesley, Alesia Charles, Joseph D'Andrea, and Jo Peacock (collectively "Plaintiffs"). The Court notes there is a pending motion, filed July 8, 2022, to substitute the Estate of Joseph J. D'Andrea III for named plaintiff Joseph D'Andrea. [ECF 61] The outcome of that motion does not affect this discovery-related application.

As the Court writes only for the parties, an extensive summary of the facts and procedural history of this action is not necessary. Briefly, this consumer fraud and unfair trade practices action concerns SEA's marketing and sale of certain allegedly defective ranges, the home appliances that combine an oven and a cooktop. The case was filed on December 9, 2020, as a putative class action on behalf of a nationwide class of persons who purchased the ranges. According to Plaintiffs, the ranges' oven temperature sensor contains a latent defect that causes the control boards to fail and renders **[*3]** ranges unable to maintain an appropriate temperature. This defect, the Plaintiffs allege, deprives consumers of the ability to cook food as intended and/or poses a safety risk. They further allege that SEA was aware of this defect when it placed the ranges in the stream of commerce, selling products it knew were unfit for their ordinary and intended purpose.

On December 3, 2021, the District Court dismissed various claims in the First Amended Complaint pursuant to *Federal Rule of Civil Procedure 12(b)(6)* but permitted others to proceed. It also granted Plaintiffs leave to amend, and they accordingly filed their Second Amended Complaint on April 5, 2022. A motion to dismiss the Second Amended Complaint is currently pending.

**II. DISCUSSION**

The discovery dispute now before the Court concerns whether class discovery should proceed simultaneously with merits discovery as to the individual Plaintiffs' claims. As an initial matter, the Court notes that written discovery in this action commenced upon or shortly after entry of the August 9, 2021 Pretrial Scheduling Order, in which the Court adopted the parties' agreed-upon deadlines. Here, SEA states that discovery thus far provided by Plaintiffs indicates that "the few remaining claims **[*4]** are meritless" (ECF 56 at 1) and thus, it maintains, unlikely to survive a motion for summary judgment. In the interest of efficiency, SEA asks that, going forward, the Court limit discovery to the Plaintiffs' individual claims against SEA and authorize an early motion for summary judgment, that is, prior to a class certification motion. SEA essentially seeks a stay of class discovery until the District Court rules on a pre-certification summary judgment motion, arguing that the weakness of Plaintiffs' claims signals that such costly and complex discovery will likely be unnecessary following the dispositive motion. Plaintiffs argue that SEA's proposal to bifurcate merits and class discovery is not only generally disfavored but particularly unjustified where, as here, class and merits issues are intertwined. Postponing class discovery, Plaintiffs contend, would delay resolution of this case and curtail their ability to gather information needed to meet their *Rule 23* class certification burden.

Although SEA does not expressly ask to "bifurcate" merits and class discovery, its application to focus discovery on the claims brought by Plaintiffs in their individual capacities only, and postpone **[*5]** if not altogether avoid class discovery, seeks the same outcome. The Court, in its discretion, may bifurcate discovery under *Federal Rule of Civil Procedure 42(b)*, upon a demonstration by the moving party that bifurcation will promote judicial economy and not prejudice the non-moving parties. *Cephalon, Inc. v. Sun Pharm. Indus., Ltd., Civ. No. 11-5474, 2013 U.S. Dist. LEXIS 94575, 2013 WL 3417416, at *3 (D.N.J. July 8, 2013)*. However, this approach is the exception in managing cases rather than the rule. See *Hanover 3201 Realty LLC v. Village Supermarkets, Inc., Civ. No. 14-1327, 2016 U.S. Dist. LEXIS 116970, 2016 WL 4541870, at *2 (D.N.J. Aug. 31, 2016)*. Indeed, in the context of class action litigation, bifurcating merits and class discovery is particularly disfavored, in view of the Supreme Court's holding in *Wal-Mart Stores, Inc. v. Dukes*, which is rooted in the premise that the class certification analysis under *Rule 23* "'generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Singh v. Lenovo (United States) Inc., Civ. No. CCB-20-1082, 2021 U.S. Dist. LEXIS 73837, 2021 WL 1516032, at *1 (D.Md. Apr. 16, 2021)* (quoting *Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011)*). This overlap between merits issues and class certification requirements, together with the challenge of distinguishing whether any given discovery falls into one category versus the other, and the likelihood that disputes over such distinctions will arise, has left courts "reluctant to bifurcate class-related discovery from discovery on the merits." *Ahmed v. HSBC Bank USA, Nat'l Ass'n, Civ. No. 15-2057, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413, at * 3 (C.D.Cal. Jan. 5, 2018)*; see also *Singh, 2021 U.S. Dist. LEXIS 73837, 2021 WL 1516032, at *1*; *Cardenas v. Resort Sales by Spinnaker, Inc., Civ. No. 20-376, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *2-3 (D.S.C. Feb. 24, 2021)*; *Chen-Oster v. Goldman, Sachs & Co., 285 F.R.D. 294, 300 (S.D.N.Y. 2012)*; cf. *Physicians Healthsource, Inc. v Janssen, Civ. No. 12-2132, 2014 U.S. Dist. LEXIS 13523, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014)* (granting motion to bifurcate discovery in a putative class action asserting claims under the *Telephone Consumer Protection Act ("TCPA")*, with **[*6]** an initial phase focused on whether the subject communications were actionable under the TCPA, reasoning that resolution of that "narrow, potentially dispositive issue" could obviate the need for costly class discovery). Even when bifurcation of class and merits discovery is warranted, "the frequent

overlap between merits and class certification inquiries may make its enforcement fraught with difficult line-drawing disputes." 1 McLaughlin on Class Actions § 3:10 (18th ed. 2021) (observing so in the context of staying merits discovery in favor of an early class certification motion). Notwithstanding the general difficulty and potential drain on judicial resources in managing bifurcated discovery in class action litigation, "determining whether the advantages of bifurcation outweigh its disadvantages is a factual inquiry assessed on a on a case-by-case basis." *Hanover 3201 Realty, 2016 U.S. Dist. LEXIS 116970, 2016 WL 4541870, at \*2*.

Here, that balancing between potential efficiency gains SEA maintains will be realized against any potential prejudice to Plaintiffs weighs against bifurcation. In this unfair trade practices and consumer class action, merits issues concerning the allegedly latent defect in the ranges sold to Plaintiffs and SEA's alleged knowledge **[\*7]** of this malfunction are intertwined with questions concerning whether the putative class shares common issues of law or fact, whether Plaintiffs' claims are typical of the class claims, and whether Plaintiffs' interests are aligned with the class they purport to represent, i.e. the bedrock class certification requirements of commonality, typicality, and adequacy of *Rule 23(a)*. As Plaintiffs have argued, a thorough and fair investigation of whether the subject ranges were defective and whether SEA was aware of this alleged fact requires discovery of not only the products purchased by Plaintiffs and their individual experience with those products but also SEA's internal communications, documents, analyses, and other records concerning the alleged product defect. In other words, for Plaintiffs to be afforded a fair opportunity to explore merits discovery on their individual warranty claims, they will necessarily have to explore matters bearing on class certification. This situation presents exactly the unclear merits and class discovery distinctions that threaten to bog down the Court with discovery disputes requiring near-impossible line-drawing. *See Singh, 2021 U.S. Dist. LEXIS 7383, 2021 WL 733393, at \*1* ("Given that the distinction between class **[\*8]** certification and merits discovery is murky at best and impossible to determine at worst, separating merits and class discovery raises a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.") (quotations and citations omitted).

SEA's request is premised on its contention that fact discovery thus far reveals Plaintiffs' individual claims to be so weak that efficiency would be maximized if, before Plaintiffs move for class certification, SEA were given leave to move for summary judgment. SEA points to discovery indicating that "Plaintiffs ranges worked fine, or, if they had an issue, it did not involve a thermistor [the temperature sensor component]." (ECF 56 at 1.) Although *Rule 23(c)(1)* provides that certification decisions should be made "at an early practicable time" during litigation, this language leaves open the possibility that, in some circumstances, it may be appropriate to rule on a summary judgment motion before reaching the question of class certification, to avoid costly and/or needless litigation on class issues. *See, e.g., Cowen v. Bank of Texas, FSB, 70 F.3d 937, 941-42 (7th Cir 1995)* (observing *Rule 23* does not preclude a motion **[\*9]** for summary judgment before a suit is certified as a class action and noting this approach may be a cost-effective way to avoid the expense of defending a class action); *Thompson v. County of Medina, Ohio, 29 F.3d 238, 241 (6th Cir. 1994)* (finding district court acted within its discretion in ruling on defendants' motion for summary judgment before addressing plaintiffs' class certification motion); *Wright v. Schock, 742 F.2d 541, 544 (9th Cir. 1984)* ("It is reasonable to consider a *Rule 56* motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation"); *but see Wiesmueller v. Kosobucki, 513 F.3d 784, 787 (7th Cir. 2008)* (observing that typically, class certification is decided before summary judgment, and noting that "in this case, the plaintiff, as well as the district judge, put the cart before the horse, by moving for class certification after moving for summary judgment.").

SEA cites non-binding authority indicating that pre-certification dispositive motions may be warranted, in the interest of efficiency, "when there is sufficient doubt regarding the likelihood of success on the merits of a plaintiff's claims." 1 McLaughlin on Class Actions § 3:3; 3 Newberg on Class Actions § 7:10 (6th ed. 2022); *see also Saroza v. Lyons, Doughty & Veldhuis, P.C., Civ. No. 17-523, 2021 U.S. Dist. LEXIS 116000, 2021 WL 2549273, at \*4-5 (D.N.J. June 22, 2021)* (ruling on a motion for summary judgment that rendered **[\*10]** the class certification moot, citing non-binding authority from circuits that "have permitted trial courts to decide a motion for summary judgment prior to ruling on a certification motion.") (appeal pending). SEA posits that such doubt as to the merits of Plaintiffs' claims exists here, predicting it will prevail on a motion for summary judgment because the facts presented by Plaintiffs' experiences with the ranges will not substantiate their assertions that their ranges malfunctioned due to a defective temperature sensor. These are precisely the circumstances, SEA argues, that justify avoiding the potentially needless expense of class discovery.

However, SEA's proposed plan would have this Court authorize a pre-certification motion for summary judgment while also foreclosing Plaintiffs from an entire line of discovery prior to that motion practice. This puts Plaintiffs at a double disadvantage. It precludes Plaintiffs, in their capacity as representatives of the putative class, from taking discovery as to the class claims, and forces them to oppose a dispositive motion as to their individual claims with a limited set of facts, given the inevitable overlap between merits and class **[*11]** issues. Moreover, as Plaintiffs have pointed out, their claims have already survived a dispositive motion, SEA's *Rule 12(b)(6)* motion to dismiss the First Amended Complaint. Although another motion to dismiss, directed at the Second Amended Complaint, is currently pending, curtailing discovery when claims have been reviewed and found to be sufficiently pled inflicts an unduly harsh constraint for which there must be a more compelling justification.

In sum, the Court is not persuaded that class and merits discovery are sufficiently distinct in this case to warrant the limitation SEA asks the Court to order. The efficiency gains are dubious, particularly in light of the difficulty in parsing class and merits discovery. Worse, the phased discovery proposed by SEA hampers Plaintiffs from adequately gathering the facts they need to prosecute their individual claims, oppose any motion for summary judgment, and attempt to meet their *Rule 23* burden for class certification. Accordingly, the Court finds that bifurcating discovery would not further judicial economy and would result in prejudice to Plaintiffs.

In light of this ruling, the Court encourages the parties to meet and confer concerning the several outstanding **[*12]** discovery demands identified by Plaintiffs in their letter brief of April 29, 2022, including their notice to produce SEA's internal documents and communications regarding the alleged defect and warranty claims and other customer complaints SEA received concerning the ranges.

### III. ORDER

For the reasons set forth above,

**IT IS** on this 21st day of July 2022,

**ORDERED** that SEA's application to limit discovery to matters pertaining to the claims brought by the Plaintiffs in their individual capacities, as set forth in ECF 56, is denied; and it is further

**ORDERED** that the parties shall meet and confer concerning Plaintiffs' outstanding discovery requests with the aim of responding to the requests and resolving any disputes consistent with the foregoing ruling.

/s/ *André M. Espinosa*

ANDRÉ M. ESPINOSA

United States Magistrate Judge

**End of Document**