## *MacLean v. Wipro LTD*

United States District Court for the District of New Jersey

May 31, 2023, Decided; May 31, 2023, Filed

Civil Action No. 20-03414 (GC)(JBD)

**Reporter**
2023 U.S. Dist. LEXIS 94359 *; 2023 WL 3742832

GREGORY MACLEAN, et al., Plaintiffs, v. WIPRO LIMITED, Defendant.

**Prior History:** *MacLean v. Wipro Ltd., 2020 U.S. Dist. LEXIS 227886, 2020 WL 7090746 (D.N.J., Dec. 4, 2020)*

**Counsel:** **[*1]** For GREGORY MACLEAN, INDIVIDUALLY AND IN HIS REPRESENTATIVE CAPACITIES, RICK VALLES, INDIVIDUALLY AND IN HIS REPRESENTATIVE CAPACITIES, ARDESHIR PEZESHKI, INDIVIDUALLY AND IN HIS REPRESENTATIVE CAPACITIES, JAMES GIBBS, INDIVIDUALLY AND IN HIS REPRESENTATIVE CAPACITIES, RONALD HEMENWAY, INDIVIDUALLY AND IN HIS REPRESENTATIVE CAPACITIES, Plaintiffs: JONATHAN RUDNICK, The Law Offices of Jonathan Rudnick LLC, Tinton Falls, NJ.

For WIPRO LIMITED, Defendant: STEPHANIE LYNN SILVANO, LEAD ATTORNEY, GIBSON DUNN & CRUTCHER LLP, NEW YORK, NY.

**Judges:** J. BRENDAN DAY, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** J. BRENDAN DAY

## Opinion

**MEMORANDUM ORDER**

Before the Court is a dispute concerning the timing and scope of discovery. Defendant Wipro Limited ("Wipro") requests that the Court bifurcate discovery into individual and class phases, with the first phase limited to discovery on Plaintiffs' individual claims and relevant defenses. [Dkt. 34.] Plaintiffs oppose Wipro's request and seek individual and class-wide discovery now. [Dkts. 33, 35-1 (corrected version).] The Court has considered the parties' submissions and, pursuant to *Federal Rule of Civil Procedure 78* and Local Civil Rule 78.1, decides the motion without oral argument. For the reasons set forth below, the Court denies Wipro's **[*2]** request to bifurcate discovery.

**I. BACKGROUND**

In 2020, five former Wipro employees filed this putative class action alleging that Wipro had engaged in a pattern or practice of intentional race and national origin discrimination against non-South Asians and non-Indians, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and *42 U.S.C. § 1981*. *See generally* Am. Compl. [Dkt. 6.] Plaintiffs also alleged that Wipro's employment practices resulted in a disparate impact on non-South Asians and non-Indians, also in violation of Title VII. [*Id.*]

In December 2020, the Court stayed this action pending a class certification decision in *Phillips v. Wipro Limited, et al.*, Civ. No. 18-00821 (S.D. Tex.), which pre-dated this case and contained substantially similar allegations. [Dkt. 18.] When the court in *Phillips* denied class certification, this Court lifted the stay and Wipro thereafter sought to dismiss all of Plaintiffs' claims. [Dkts. 21, 22.] The Court granted Wipro's motion to dismiss Plaintiffs' disparate impact claims under Title VII. [Dkts. 25, 26.] The Court, however, denied Wipro's motion to dismiss Plaintiff's disparate treatment claims which, again, allege that Wipro

engaged in a pattern or practice of intentional race and national origin **[*3]** discrimination in violation of Title VII and § 1981. [*Id.*] The dispute presently before the Court is how the parties should proceed with discovery on the remaining claims. Plaintiffs have not yet moved for class certification.

In this posture, Wipro asks the Court to bifurcate discovery into individual and class phases. Specifically, Wipro seeks to limit the first phase of discovery to the named Plaintiffs' individual claims and any relevant defenses, and then proceed to dispositive motions on Plaintiffs' individual claims. [Dkt. 34 at 1.] After the Court's decision on the dispositive motions, Wipro says the parties can then proceed, if necessary, to class discovery. [*Id.*] Wipro contends that bifurcation of discovery in this manner would promote efficiency and judicial economy by postponing or limiting the scope of expensive class discovery. [*Id.*] Furthermore, Wipro argues that *International Brotherhood of Teamsters v. United States, 431 U.S. 324, 97 S. Ct. 1843, 52 L. Ed. 2d 396 (1977)*, does not preclude this Court from bifurcating discovery. [*Id.* at 6.] According to Wipro, because the pattern-or-practice evidentiary framework in *Teamsters* is only available in class actions—and no class has been certified here and likely never will be—the Court should reject Plaintiffs' intent to rely on the *Teamsters* **[*4]** pattern-or-practice framework. [*Id.* at 7.]

Plaintiffs disagree with Wipro's proposed approach. They argue that Wipro's request to bifurcate discovery is unworkable and contrary to the evidentiary framework established in *Teamsters*, and what they say is the usual practice in this District. [Dkt. 35-1 at 1.] Plaintiffs contend that under the *Teamsters* framework, the parties must litigate the pattern-or-practice issue before the individual claims, because if they succeed in proving a pattern or practice of discrimination, a rebuttable presumption of discrimination would attach to the individual claims. [*Id.* at 2-3.] Consequently, Plaintiffs believe that bifurcating discovery would prejudice them by forcing them prematurely to litigate the individual claims without the benefit of pattern-or-practice discovery. [*Id.* at 6.]

## II. DISCUSSION

This Court has broad discretion to resolve discovery disputes, including whether to bifurcate discovery. *See, e.g., Richards v. Johnson & Johnson, Inc., Civ. No. 05-3663 (KSH), 2007 U.S. Dist. LEXIS 52595, 2007 WL 2123697, at \*1 (D.N.J. July 20, 2007)*; *Physicians Healthsource, Inc. v. Janssen Pharms., Inc., Civ. No. 12-2132 (FLW), 2014 U.S. Dist. LEXIS 13523, 2014 WL 413534, at \*4 (D.N.J. Feb. 4, 2014)* (Bongiovanni, J.) (explaining that "broad discretion afforded courts in handling discovery disputes extends to decision over bifurcating discovery" as part of the courts' "wide discretion in trial management"). Rule 42(b) provides that a court may exercise **[*5]** its discretion to bifurcate discovery "[f]or convenience, to avoid prejudice, or to expedite and economize." *Fed. R. Civ. P. 42(b)*. But courts in this District have made clear that "bifurcation is the exception rather than the rule in managing cases." *Webstaurant Store, Inc. v. Everything Is In Stock LLC, Civ. No. 20-02558 (CCC), 2020 U.S. Dist. LEXIS 126083, 2020 WL 4040842, at \*1 (D.N.J. July 15, 2020)*; *see also Cephalon, Inc. v. Sun Pharm. Indus. Ltd., Civ. No. 11-5474 (FLW), 2013 U.S. Dist. LEXIS 94575, 2013 WL 3417416, at \*3 (D.N.J. July 8, 2013)* ("Courts in this district do not routinely grant motions to bifurcate discovery, unless there is some showing on the part of the moving party as to why bifurcation is appropriate."). Consequently, Wipro bears the burden to establish that bifurcating discovery is warranted. *Cephalon, 2013 U.S. Dist. LEXIS 94575, 2013 WL 3417416, at \*3*.

Moreover, the Third Circuit has instructed that in putative class actions, district courts should address class certification "at an early practicable time," noting that such an inquiry "requires a thorough examination of the factual and legal allegations" and, at times, a "preliminary inquiry into the merits." *In re Hydrogen Peroxide Antitrust Lit., 552 F.3d 305, 317-18 (3d Cir. 2008)*. Yet the Third Circuit also has observed that district courts should not inquire into the merits of the case before a motion for class certification, except insofar as is necessary to determine whether class certification is appropriate. *Id. at 317*. Accordingly, in putative class actions, courts in this District—whether they formally bifurcate or not—often have focused discovery **[*6]** first on class certification and then on the merits. *See, e.g., Conner v. Perdue Farms, Inc., Civ. No. 11-888 (MAS), 2013 U.S. Dist. LEXIS 162105, 2013 WL 5977361, at \*7 (D.N.J. Nov. 7, 2013)* (bifurcating discovery into two phases, with the first phase limited to issues necessary to address whether class certification is appropriate and the second phase on substantive issues regarding the merits of the parties' claims and defenses); *Bell v. Lockheed Martin Corp., 270 F.R.D. 186, 199 (D.N.J. 2010)*, *aff'd, Civ. No. 08-6292 (RBK), 2010 U.S. Dist. LEXIS 96864, 2010 WL 3724271 (D.N.J. Sept. 15, 2010)* (in a putative class

action alleging gender discrimination, declining formally to bifurcate discovery into class and merits phases, but allowing the defendant to object to specific discovery requests unrelated in any way to class certification issues).

Wipro argues that conducting discovery first on Plaintiffs' individual claims will promote efficiency and judicial economy because early summary judgment on several "dispositive, threshold issues" will eliminate or substantially narrow the need for class discovery. [Dkt. 34 at 3.] Bifurcating discovery may be appropriate where the Court finds a "narrow, potentially dispositive issue" that is "totally distinct from class issues." *Janssen Pharms., Inc., 2014 U.S. Dist. LEXIS 13523, 2014 WL 413534, at \*4* (bifurcating discovery in an action alleging two unsolicited faxes sent by defendants to plaintiff violated the Telephone Consumer Protection Act ("TCPA") to focus the first phase of discovery on whether the faxes are informational only, [*7] therefore exempt from the TCPA, because it was a narrow, potentially dispositive issue and "totally distinct from class issues"). Wipro fails to persuade the Court that that is the case here. Wipro argues that Plaintiffs lack standing to challenge Wipro's external hiring practices, and that Plaintiffs cannot establish a *prima facie* case on their failure-to-promote and termination theories. [Dkt. 34 at 3-4.] On the whole, however—and particularly in respect of the failure-to-promote and termination theories—these issues do not strike the Court as narrow or discrete. At this early stage of the proceeding, the Court thinks it unlikely that discovery on these asserted individual issues will be totally divorced from pattern-or-practice discovery potentially relevant to the putative classes. *See, e.g., Lucas v. Vee Pak, Inc., Civ. No. 12-9672, 2014 U.S. Dist. LEXIS 205586, 2014 WL 12932245, at \*3 (N.D. Ill. Nov. 13, 2014)* (denying defendant's request to bifurcate discovery in Title VII and *§ 1981* case alleging both disparate treatment and disparate impact claims; determining that defendants failed to meet their burden of showing a lack of significant overlap in class and individual discovery; and explaining that policies and practices at issue would apply to all of the potential plaintiffs).

Moreover, "the merits [*8] of the case is not an appropriate consideration for bifurcation." *Lennox Int'l, Inc. v. Ethical Prods. Inc., Civ. No. 21-12437 (SRC), 2021 U.S. Dist. LEXIS 231742, 2021 WL 5757409, at \*3 (D.N.J. Dec. 2, 2021)* ("EPI's belief that it has a strong summary judgment case—which Lennox disputes—is not a basis for bifurcation of discovery."). The Court's ruling on the named Plaintiffs' individual claims—and/or the Court's ruling on class certification—may reject or narrow Plaintiffs' putative classes as currently defined, or may dispose of the case entirely. But maybe not. Those ultimate issues are not presently before the Court. So it is premature to engage with the merits of the parties' substantive legal positions at this time. *See McPherson v. Canon Bus. Solutions, Inc., Civ. No. 12-7761 (JBS), 2014 U.S. Dist. LEXIS 21081, 2014 WL 654573, at \*5 (D.N.J. Feb. 20, 2014)* (finding it premature to resolve the merits of *Rule 23* issues before a motion for class certification); *Lucas, 2014 U.S. Dist. LEXIS 205586, 2014 WL 12932245, at \*2* (finding it premature for defendant to argue that plaintiffs' putative class is untenable in its request to bifurcate class and merits discovery). Wipro's own belief that it will prevail in summary judgment on individual issues does not warrant bifurcation of discovery.[1]

Wipro also argues that proceeding with class discovery at this time will substantially prejudice it yet threatens no such harm to Plaintiffs. This argument also is not persuasive.[2] To be sure, class discovery [*9] can be expensive and burdensome, but the Court must balance that cost and burden against Plaintiffs' right to reasonable discovery to support their pursuit of class-wide relief. *See McPherson, 2014 U.S. Dist. LEXIS 21081, 2014 WL 654573, at \*5* (finding that defendant's motion for partial summary judgment or to strike the class definition is premature and that plaintiff is entitled to reasonable discovery to support her class claims). Here, Plaintiffs allege that Wipro engaged in a pattern or practice of discriminating against non-South Asians and non-Indians. To prevail on their disparate-treatment discrimination claim under *Teamsters*, Plaintiffs must establish that Wipro had a regular procedure or policy of discriminating against non-South Asians and Non-Indians. *See Teamsters, 431 U.S.*

---

[1] In the same regard, Wipro emphasizes that the court in *Phillips* denied class certification, and Wipro asserts that the same will happen in this case. [Dkt. 34 at 7.] Plaintiffs, for their part, argue that the class certification analysis in *Phillips* was governed by Fifth Circuit law that does not apply in the Third Circuit. [Dkt. 35-1 at 2 n.1.] Just as it does not assess the merits, the Court does not weigh in on class certification here, as that issue is not before the Court. More saliently for present purposes, the Court takes note that the court in *Phillips* declined Wipro's request to bifurcate discovery. [*See id.* at 1.]

[2] Plaintiffs assert—and Wipro does not dispute—that Plaintiffs' counsel and Wipro already have accumulated discovery from the *Phillips* case that "directly bears on Plaintiffs' discrimination claims here." [Dkt. 35-1 at 6.] The availability of the prior discovery from the *Phillips* case further diminishes Wipro's assertion that the costs of class discovery would be "particularly enormous for [Wipro]" in this case. [Dkt. 34 at 5.]

*at 336* (plaintiff was required to demonstrate that the alleged discrimination has been "standard operating procedure" rather than unusual practice). Moreover, insofar as they seek class-wide relief, "it is [Plaintiffs'] burden to show that a class action is a proper vehicle for [the] lawsuit." *Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 354 (3d Cir. 2013)*. Plaintiffs therefore should be afforded a reasonable opportunity to develop evidence in support of both their individual claims and the claims asserted on behalf of putative class members—particularly **[*10]** as it pertains to class certification.

At the same time, however, the Court emphasizes that Plaintiffs' right to class-wide discovery is not boundless. Pursuant to *Federal Rule of Civil Procedure 26*, the "[C]ourt must limit the frequency or extent of discovery" if the discovery sought is not proportional to the needs of the case or if the burden or expense of the proposed discovery outweighs its likely benefit. In the present posture, the Court recognizes the potential that Plaintiffs' requested class discovery will be overbroad or unduly burdensome. As another district court considering similar issues has observed:

> [T]he Court recognizes that the scope of discovery called for by plaintiff's requests—especially because the proposed classes are defined on a nation-wide basis—appears likely to be time-consuming, expensive, and burdensome. "Discovery is not to be used as a weapon, nor must discovery on the merits be completed precedent to class certification." As other courts have held, "responding to class-wide discovery before the plaintiffs have demonstrated the requirements for class certification frequently presents an undue burden on the responding party." "As applied to class actions," moreover, *Rule 23* **[*11]** 's proportionality standard "supports the notion that pre-certification discovery should not exceed what is necessary to permit the Court to make an informed decision on class certification."
>
> The Court is also mindful that "the distinctions between class discovery and merits discovery are not always obvious or easily discernable, and a consideration of the merits, to a certain extent, is inextricably intertwined with the *Rule 23* requirements of commonality and typicality, so certification and class-wide merits discovery will likely overlap to some degree." In a case like this one—where plaintiff has not yet moved for class certification—"discovery may be used to help determine whether the class can properly be certified, particularly with respect to the threshold requirements of numerosity, common questions, and adequacy of representation." Pre-certification discovery "must be sufficiently broad to give the plaintiff a realistic opportunity to meet the requirements of class certification, but at the same time, a defendant should be protected from overly burdensome or irrelevant discovery."

*Bilek v. Fed. Ins. Co., Civ. No. 21-1651, 2022 U.S. Dist. LEXIS 239484, 2022 WL 18912277, at *3 (N.D. Ill. Dec. 12, 2022)* (internal citations omitted); *see also Bell, 2010 U.S. Dist. LEXIS 96864, 2010 WL 3724271, at *4* (approving plan in which "discovery [w]ould be staged and that **[*12]** Defendant could object to any substantive discovery that is not related to class certification issues").

Here, this Court agrees with the court in *Bilek* and believes that pre-certification discovery should be "sufficiently broad" to allow a thorough examination of the factual and legal allegations pertaining to class certification. But at the same time, pre-certification discovery concerning merits issues largely should be limited to determining whether class certification requirements can be met. *Bilek, 2022 U.S. Dist. LEXIS 239484, 2022 WL 18912277, at *3*; *In re Hydrogen Peroxide Antitrust Lit., 552 F.3d at 316-18*; *Bell, 270 F.R.D. at 199*. The Court recognizes that there will be overlap in class certification and merits issues, and the Court does not intend to prohibit individual discovery requests just because they may touch the merits. It may well be, however, that individual discovery requests that delve too heavily into merits issues cross the line. Plaintiffs will be permitted to obtain necessary class discovery, but they must remain mindful of the cost and burden that class discovery in this pre-certification stage will impose on Wipro.

For these reasons, the Court denies Wipro's request to bifurcate discovery. Plaintiffs may obtain discovery relating to their putative classes, but the parties are directed—during **[*13]** the pre-certification stage—to focus on factual and legal issues pertaining to class certification to enable a decision under *Rule 23* at an early practicable time. *See Hydrogen Peroxide Antitrust Lit., 552 F.3d at 317-18*; *Bell, 270 F.R.D. at 199*. To the extent that disputes arise regarding individual discovery requests that cannot be resolved through good faith meet-and-confers, the parties may bring them to the Court's attention pursuant to Local Civil Rule 37.1 and this Court's case management order. The parties are directed to meet and confer and submit a revised discovery schedule consistent with the discussion above.

### III. CONCLUSION

**IT IS** on this **31st** day of **May, 2023**,

**ORDERED** that Wipro's request to bifurcate discovery **[Dkt. 34]** is denied; and it is further

**ORDERED** that the parties shall meet and confer as to how discovery should proceed in this case in light of this Order; and it is further

**ORDERED** that no later than **June 21, 2023**, the parties shall file via CM/ECF a joint proposed schedule; and it is further

**ORDERED** that the Court will conduct a telephone status conference on **June 29, 2023 at 2:00 p.m**.

/s/ J. Brendan Day

J. BRENDAN DAY

UNITED STATES MAGISTRATE JUDGE

**End of Document**