IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated, : : : : | Case No. 3:24-cv-01866-JKM |
| Plaintiff : : | Judge: Hon. Julia K. Munley |
| vs. : : | |
| LINE 5, LLC, HEADSTART WARRANTY GROUP LLC : : : | |
| Defendants. : : | |

**JOINT CASE MANAGEMEN PLAN**

Having complied with the meet and confer requirements set forth in FED. R. CIV. P. 26(f) and LR 16.3(a), or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1. Principal Issues**

   1.1 **Separately for each party, please give a statement summarizing this case:**
       **By plaintiff(s):**

The Plaintiff Joseph Friel alleges that telemarketing calls were made for the benefit of Line 5, LLC and Headstart Warranty Group LLC ("Defendants")

benefitted from unsolicited telemarketing calls to residential telephone numbers that are listed on the National Do Not Call Registry, including the use of robocalls. Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

**By Defendant Line 5, LLC:**

Defendant Line 5, LLC ("Line 5") denies that it made, authorized, supervised, or had any control over any alleged telemarketing calls. Line 5 does not make any telemarketing calls nor does Line 5 authorize any telemarketing calls to be made on its behalf either by other defendants or other unnamed parties.  Line 5's sole involvement is to provide financing to consumers who purchase a car warranty and who have applied for such credit through Line 5.

**By Defendant Headstart Warranty Group:**

Defendant Headstart Warranty Group ("HWG")  HWG decided to run a test marketing campaign and acquired a list of telephone numbers toward this end.  HWG utilized AIM AI, LLC, to place calls from this list.  Line 5 was not employed by HWG to make any telemarketing calls on behalf of HWG.  The list of contacts was a test list of individuals with lapsing extended warranty policies.  The marketing test proved unsuccessful and HWG ceased this test.

1.2 **The facts the parties <u>dispute</u> are as follows:**

The parties dispute if the Defendants made or benefitted from any violative calls. Specifically, Line 5 disputes that it made, authorized, or supervised any telemarketing calls.

**<u>agree</u> upon are as follows:**

The Plaintiff received telemarketing calls and entered into a contract as a result of the telemarketing calls, including a financing agreement for the contract.

1.3 **The legal issues the parties <u>dispute</u> are as follows:**

Whether class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) or (b)(3)

Whether defendants violated the Telephone Consumer Protection Act of 1991.

**agree upon are as follows:**

This matter is a putative class action brought pursuant to Fed. R. Civ. P. 23 subject to certification by the Court.

1.4 **Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**
None.

1.5 **Identify any named parties that have not yet been served:**

None.

1.6 **Identify any additional parties that:**

**plaintiff(s) intends to join:**

None, although the Plaintiff may re-evaluate that position if discovery reveals that a third party physically dialed the call.

**defendant(s) intends to join:**

None at this time. To be evaluated upon written discovery being exchanged.

1.7 **Identify any additional claims that:**

**plaintiff(s) intends to add:**

None.

**defendant(s) intends to add:**

None at this time.

**2.0 Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

  2.1 **Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

None at this time.

### 3.0 Early Motions

**Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:**

After sufficient discovery, the Plaintiff intends to file a motion for class certification.

### 4.0 Discovery

  **4.1** **Briefly describe any discovery that has been completed or is in progress:**

  **By plaintiff(s):**

Plaintiff intends to commence discovery following the Rule 26(f) conference, including serving interrogatories and document requests on Defendants.

  **By defendant(s):**

Defendants will propound discovery on Plaintiff and any necessary third parties following the Rule 16 conference.

  **4.2**  Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

  Each party will be deposed, and each party will respond to interrogatories and document requests, which will include discovery related to the propriety of class certification.

  **4.3**  Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which</u> <u>another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

  None to date.

**4.4**  Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

  None.

**4.5** For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by

**defendant(s)):**

**4.5.1. depositions (excluding experts) to be taken by:**

**plaintiff(s):7**         **defendant(s):    7**

**4.5.2 interrogatories to be served by:**

**plaintiff(s):25**         **defendant(s): 25**

      **4.5.3  document production requests to be served by:**

          **plaintiff(s):    30        defendant(s): 30**

      **4.5.4  requests for admission to be served by:**

          **plaintiff(s):    20        defendant(s): 20**

**4.6           Discovery of Electronically Stored Information**

      **X Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.**

      ☐ **Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:**

**5.0     Protective Order**

    **5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

    **5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

The parties do not dispute entry of a protective order.

6

**6.0  Scheduling**

    6.1      Final date for joining additional parties:

            December 19, 2025    Plaintiff(s)

            December 19, 2025   Defendants(s)

    6.2      Final date for amending pleadings:

            December 19, 2025    Plaintiff(s)

            December 19, 2025 Defendants(s)

    6.3    All fact discovery commenced in time to be completed by:

            May 15, 2026

    6.4    All potentially dispositive motions motion should be filed by:

            June 26, 2026

    6.5    Reports from retained experts due:

from plaintiff(s) by June 5, 2026

from defendant(s) by June 5, 2026

6.6   Supplementations due June 26, 2026

6.7   All expert discovery commenced in time to be completed by July 23, 2026.

6.8   This case may be appropriate for trial in approximately:

___ 240 Days from the filing of the action in this court

___ 365 Days from the filing of this report.

500  Days from the filing of this report.

6.9   Suggested Date for the final Pretrial Conference:

December 2026   (month/year)

6.10  Trial

6.10.1 Suggested Date for Trial:

<u>January 2027</u>   (month/year)

**7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

_____

Name

_____Joseph Friel_____

Title

Plaintiff
_____

Mr. Friel can be contacted through Plaintiff's counsel.

_____

Name

_____David Litt,_____

Title

_____General Counsel, Line 5, LLC____

Address:

David Litt can be contacted through counsel for Line 5, LLC.Name

<u>                Tim Schuur                </u>

Title

<u>   Managing Member, Headstart Warranty Group, LLC   </u>

Address:

Mr. Schuur may be contacted through counsel for HWG.

**8.0   Alternative Dispute Resolution ("ADR")**

8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

The parties agree to engage in mediation at the appropriate time, which they submit is at the close of discovery. As early discovery has revealed that HWG hired a 3rd party to make the calls at issue, the Plaintiff disagrees that private mediation is ripe until that party is at issue. The Plaintiff has sent meet and confer correspondence to HWG regarding the relationship HWG had with that third party.

HWG believes that private mediation at the earliest stages of this litigation is warranted.  This is particularly the case where the same claim, involving the same putative class in the matter Abramson v. HWG and Line 5, in the USDC for the Western District of Pennsylvania, Case 2:25-cv-00288, is currently subject to private mediation (There is currently a Rule 12 motion pending in Abramson under a First Filed Argument (Friel was filed before Abramson and the

class allegations are substantially similar).

8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ‗ 636I(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit: Defendant would agree.

All parties agree to jurisdiction by a magistrate judge of this court: _____ Y __X_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

        _____ Scranton/Wilkes-Barre
        _____ Harrisburg
        _____ Williamsport

**10.0   Other Matters**

    Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

The parties agree that a deadline should be set for the Plaintiff to file a motion for class certification and that the deadline should be July 31, 2026

**11.0 Identification of Counsel**

    Counsel shall be registered users of the court=s Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

    Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:           _/s/ Anthony I. Paronich_

                  Attorney(s) for Plaintiff(s)

    G ECF User(s)

    G Waiver requested (as separate document)

    G Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:    _/s/ Brit J. Suttell_

Attorneys(s) for Defendant Line 5, LLC

    ☐ ECF User(s)

    ☐ Waiver requested (as separate document)

    ☒ Fed.R.Civ.P.7.1 (statement filed if necessary)

Dated: 9/9/ 2025   _/s/  Barry S. Gaugliardi   & Andrew M. Schwartz_

Attorneys for Defendant, Headstart Warranty Group, LLC

    ☒ ECF User(s)

    ☐ Waiver requested (as separate document)

    ☒ Fed.R.Civ.P.7.1 (statement filed if necessary)