

**2657 Mount Carmel Avenue**
**Glenside, PA 19038**

a@perronglaw.com                                      Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com                                                Fax (888) 329-0305

November 21, 2025

*Via ECF*

Chambers of Hon. Julia K. Munley
United States District Court for the Middle District of Pennsylvania

Re:   Request For Discovery Conference,
*Friel v. Line 5 LLC et. al.*, No. 3:24-cv-01866-JKM

Dear Judge Munley:

We write to respectfully request a discovery conference with the Court on the following discovery the Plaintiff seeks to compel from Defendant HeadStart Warranty Group LLC. The Plaintiff informed Defendant of these disputes by letter dated August 25, 2025, Defendant HeadStart promised supplementations on multiple occasions throughout September and October. No supplementations have been forthcoming, and Defendant's counsel has now been completely unresponsive to inquiries regarding this dispute.

Plaintiff therefore requests that the Court compel the following responses and objections contained herein as Exhibit A.

## Deficiencies in HeadStart's Interrogatory Responses

**Interrogatories 2, 3, and 4:** With respect to identification of any company, HeadStart was instructed to provide "the entity's full name, address, telephone number, state of incorporation or organization and web address." The responses simply name "AIM Now," which does not appear to be a legitimately registered entity in any state or jurisdiction, nor does the response provide the requisite information to contact this entity. Please do so. This is particularly problematic in that the subpoena responses in this litigation identified Safeguard My Car LLC d/b/a Aim AI as the registrant of record for some of the telephone numbers at issue. It is not clear whether or not this entity is the same as "AIM Now," if it is an affiliate company, or a different company entirely. Moreover, it is unclear what is meant by a "test marketing campaign," referenced in Interrogatory 4.

**Interrogatory 7:** Defendant's response to this Interrogatory is deficient. The way this Interrogatory response is worded, it appears that only four persons were sold HeadStart policies as a result of the HeadStart-AIM relationship and associated marketing conduct. Defendant has not identified these four individuals. Moreover, it is highly improbable that only four individuals were contacted as a result of a prerecorded calling campaign, which raises questions as to whether HeadStart appropriately interpreted or responded to this interrogatory

## Deficiencies in HeadStart's Document Responses and Production

**RFP 4:** Despite naming "AIM Now" as an entity involved in the calling conduct, HeadStart has not produced any agreements with AIM, but instead only produced documents between HeadStart and former Defendant JEA. Defendant should produce any agreements with AIM.

**RFP 7, 9, and 11:** Defendant refuses to confirm that it has have no written agreements, contracts, statements of work, email correspondences, or otherwise, between Defendant and AIM.

**RFP 8 and 12:** Defendant refuses to confirm that it has no internal communications, documents, or correspondences, at its company regarding AIM, including any communications discussing finding them, evaluating them, retaining them, paying them, working with them, initially searching for them, outlining the terms of the so-called "test marketing campaign," or similar correspondences. Implicit in Defendant's denial is a contention that it possesses no record of how AIM could possibly have connected the call to JEA for the provision of HeadStart's services. This stretches credulity.

**RFP 17:** Defendant refuses to disclose whether AIM has agreed to indemnify HeadStart in this action.

**RFP 19:** Defendant's claim it possesses no documents responsive to this Request is belied its interrogatory responses, where it identified at least four individuals who were transferred to and sold a HeadStart policy as a result of the campaign that HeadStart hired AIM to make. It should produce calling records that it has or those which it has the ability to obtain, including from AIM.

I look forward to a conference on these issues and are available if questions arise.

Respectfully Yours,

Andrew R. Perrong, Esq.