8. HWG objects to the interrogatories served to the extent any seek information from entities which are not parties to the instant litigation.

9. HWG objects to the interrogatories served to the extent any seek information more easily obtainable from other sources than HWG and/or by a search of public records.

10. HWG objects to the request for admissions served to the extent any seek legal conclusion that is not able to be answered by a lay person.

11. Each specifically placed objection herein is made upon the advice of counsel and not based on any expertise or special knowledge of the law or Rules of Court of Plaintiff.

12. In providing any responses to the interrogatories, HWG does not waive and expressly reserves all objections as to competency, relevancy, materiality and admissibility of the responses or subject matter thereof as well as all objections to any other discovery request. HWG also hereby reserves the right to supplement or amend any and all responses herein as continuing discovery or investigation reveals new information.

## ANSWER TO INTERROGATORIES

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:** These answers to interrogatories were prepared by undersigned counsel with the assistance of Tim Schuur.

2. Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make

3

telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER:** No HWG employee was involved in placing outbound calls with respect to the subject test marketing campaign. AIM Now, a vendor marketing company generated and placed the test telemarketing calls at issue.

3. Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER**: AIM NOW, an independent contractor, coordinated the test marketing campaign for HWG.

4. Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER:** AIM NOW was the third party who conducted the test marketing campaign. HWG is not a telemarketer. HWG tested telemarketing through AIM NOW, which gave rise to the subject claims. In instances where a consumer accepted the "pitch" presented by AIM NOW on behalf of HWG and solicited premium financing, Line 5, a broker, would confer with the consumer and with the consumer's express consent, Line

4

5 would gather relevant information and connect the consumer with a premium finance company.

5. Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER**: No employees spoke with the Plaintiff.

6. If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:** HWG has no information with which to respond to this Interrogatory.

7. If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:** Aim Now placed all calls in this test marketing campaign. In four instances, where consumers expressed interest in an HWG warranty, and consented to receiving premium financing information, communications were made by Line 5 to secure premium financing.

8. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

5

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:** HWG object to this request as it calls for legal conclusions that are not able to be answered by a lay person. Without waiving any objections, none at this time. HWG reserves the right to supplement this answer during the course of discovery.

3. Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:** HWG produced the Vehicle Service Agreement between HWG and Joseph Friel, HWG 001 to HWG 018, as fully responsive to this request.

4. Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:** HWG produced the Producer Agreement between HWG and Plaintiff, marked HWG 001 to HWG 018, as fully responsive to this request.

2

5. Please provide documents sufficient to ascertain the ownership of the following telephone numbers: 610-987-7826, 610-424-6854, 267-338-4647, 610-537-7100, 267-329-8297, 610-665-3944, 610-440-0343, 610-898-3992, 267-947-6287, 267-220-6347, 272-304-2756, 272-301-4734, 267-703-3851, 267-878-3165, and 800-853-7773.

**RESPONSE:** HWG responses, that following a reasonable search, HWG is not a telemarketing company and possesses no documents responsive to this Request.

6. Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:** Following a reasonable and diligent search, HWG has no documents responsive to this Request.

7. All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number.

**RESPONSE:** HWG possesses no agreements with the vendor that placed calls during this telemarketing test.

8. All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information regarding telemarketing or lead generation.

**RESPONSE:** Following a reasonable and diligent search, HWG has no documents responsive to this Request.

9. All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** HWG possesses no agreements with the vendor that placed calls during this telemarketing test.

10. All contracts or documents representing agreements with former Defendant JEA d/b/a Covered Auto.

**RESPONSE:** HWG produces the Contract between HWG and Covered Auto (JEA), as HWG-035 to HWG-047, as fully responsive to this request.

11. All communications with any third party that dialed the calls to the Plaintiff regarding telemarketing or lead generation.

**RESPONSE:** Following a reasonable and diligent search, HWG has no documents responsive to this Request.

12. All internal communications at your company regarding any third party that dialed the calls to the Plaintiff regarding telemarketing or lead generation.

**RESPONSE:** Following a reasonable and diligent search, HWG has no documents responsive to this Request.

13. All contracts or documents representing agreements with Line5.

**RESPONSE:** HWG produces the Contract between Line5 and HWG, as HWG-060 to HWG-078, as fully responsive to this request.

14. All communications with Line5 regarding telemarketing or lead generation.

**RESPONSE:** Following a reasonable and diligent search, HWG has no documents responsive to this Request.

15. All internal communications at your company regarding Line5 and telemarketing or lead generation.

**RESPONSE:** Following a reasonable and diligent search, HWG has no documents responsive to this Request. Further, Line5 is not a lead generator or a telemarketer for HWG.

16. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts

alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:** HWG does not have insurance coverage for the claims asserted by Plaintiff. HWG produces its Hiscox General Liability Policy, HWG 048 to HWG 059 and the claim rejection letter, HWG 079 to HWG 82.

17. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:** Following a reasonable and diligent search, HWG has no documents responsive to this Request.

18. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

   a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b) obtaining or verifying prior express consent;

c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:** As HWG does not engage in telemarketing, and following a reasonable and diligent search, HWG has no documents responsive to this Request.

19. Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors, including those sent to the Plaintiff:

      a) the date and time;

      b) the caller ID;

      c) any recorded message used;

      d) the result;

      e) identifying information for the recipient; and

      f) any other information stored by the call detail records.

**RESPONSE:** HWG is not a telemarketing company and does not conduct outbound calling or store information regarding the test calls by vendors. Such information would be in the possession of its vendor, Aim Now.

20. All communications with any third party concerning this litigation other than your attorney.