## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOSEPH FRIEL and STEWART ABRAMSON, *individually and on behalf of a class of all persons and entities similarly situated,*<br><br>        Plaintiffs,<br><br>    v.<br><br>HEADSTART WARRANTY GROUP LLC and AIM AI LLC d/b/a SAFEGUARD MY CAR, LLC,<br><br>        Defendants. | **Case No. 3:24-cv-01866-JKM**<br><br>**The Hon. Julia K. Munley** |

## ANSWER OF DEFENDANT HEADSTART WARRANTY GROUP, LLC, TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant Headstart Warranty Group, LLC ("HWG") submits its Answer with Affirmative Defenses to the First Amended Class Complaint of Plaintiffs Joseph Friel and Steward Abramson in the above captioned matter as follows:

### Answer to Preliminary Statement

1.  Denied. HWG denies the allegations in this paragraph because they attempt to state a legal conclusion. To the extent that the allegations in this paragraph purport to provide excerpts from the Telephone Consumer Protection Act of 1991 ("TCPA"), the statute speaks for itself. To the extent a response is required, HWG denies that the quoted language is applicable to the conduct of HWG.

2.      Denied. HWG denies the allegations in this paragraph because they attempt to state a legal conclusion. HWG refers all questions of law to the Court.

3.      Denied. HWG denies the allegations in this paragraph because they attempt to state a legal conclusion. To the extent that the allegations in this paragraph purport to provide excerpts from the TCPA, the statute speaks for itself. To the extent a response is required, HWG denies that the quoted language is applicable to the conduct of HWG.

4.      Denied. HWG denies the allegations in this paragraph to the extent that the allegations purport to provide excerpts from *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019), as the court's opinion speaks for itself. The remaining allegations in this paragraph express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, HWG denies that the quoted language is applicable to its conduct.

5.      Admitted in part and denied in part. HWG admits that Plaintiffs Joseph Friel and Stewart Abramson ("Plaintiffs") assert claims under the TCPA against AIM AI LLC d/b/a Safeguard My Car, LLC ("AIM") concerning AIM's alleged placement of pre-recorded telemarketing calls ostensibly on behalf of HWG, including the placement of calls to telephone numbers on the National Do Not Call Registry, contending that these calls were placed without the called party's prior express written consent. HWG denies these allegations. To the extent the allegations in this paragraph are directed to AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations,

and, therefore, denies these allegations. A factual basis for these allegations is demanded of Plaintiffs.

6.      Denied. To the extent the allegations in this paragraph are directed to HWG, HWG denies these allegations and leaves Plaintiff to his burden of proof. To the extent the allegations in this paragraph are directed to AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

7.      Denied. HWG denies that class treatment is warranted or appropriate premised on the facts in this lawsuit and denies that a class action is the best means of obtaining redress to the purported class.

**Answer to Parties**

8.      Denied. HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, that Plaintiff Friel was and remains a resident in this District at all times relevant to the allegations in his complaint, and, therefore, denies these allegations.

9.      Denied. HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, that Plaintiff Abramson was and remains a resident of Pennsylvania at all times relevant to the allegations in the complaint, and, therefore, denies these allegations.

10.      Admitted in part and denied in part. HWG admits that independent contractor AIM AI LLC d/b/a Safeguard My Car, LLC, is the company that placed calls.  Unless otherwise admitted, HWG denies these allegations.

11.    Admitted in part and denied in part. HWG admits that it is a limited liability company.  HWG denies that it conducts business in this District, except, and exclusively, through means of interstate commerce.

## Answer to Jurisdiction and Venue

12.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

13.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

14.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

15.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

## Answer to The Telephone Consumer Protection Act

16.    Denied. The TCPA is a writing that speaks for itself. HWG denies the allegations of this paragraph to the extent that they misconstrue the contents of that writing.

## Answer to The National Do Not Call Registry

17.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

18.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

19.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

### Answer to Plaintiff's Factual Allegations

20.    Admitted in part and denied in part. HWG admits that it is a guarantor of vehicle service contracts and that, as warranted, HWG pays for covered repairs under contracts with consumers. Unless otherwise admitted, HWG denies the allegations in this paragraph.

21.    Admitted in part and denied in part. HWG admit that, at times, it outsources lead generation, intake, customer service and financing portions of its business. HWG admits that it paid AIM to place the lawful and compliant calls. HWG denies the remaining allegations in this paragraph.

22.    Admitted in part and denied in part. HWG admits that it directed AIM to place lawful calls on its behalf. HWG denies all remaining allegations of this paragraph.

23.    Admitted in part and denied in part. HWG admits that it directed AIM to place lawful calls on its behalf and that some of the calls placed were pre-recorded. HWG denies all remaining allegations of this paragraph.

24.    Denied. HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

25.    Denied. HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

26.    Denied. HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

27.    Denied. HWG denies that serial litigant Plaintiffs were not customers of HWG (or that they did not ask or inquire to be a customer of HWG), as they entered into agreements with HWG, and then cancelled their agreements. To the extent the allegations in this paragraph are directed to AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

28.    Admitted in part and denied in part. HWG admits that AIM's records reflect that AIM placed calls to Friel on its behalf. HWG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the same.

29.    Denied. HWG denies these allegations and leaves Plaintiff Friel to his proofs.

30.    Denied. HWG denies these allegations and leaves Plaintiff Friel to his proofs.

31.    Denied. The allegations of this paragraph are directed to co-defendant AIM such that no response is required. To the extent that a response is required, denied.

32.    Denied. HWG denies the allegations of this paragraph and leaves Plaintiffs to their proofs.

33.     Denied. HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

34.     Denied. HWG denies these allegations and leaves Plaintiff Friel to his proofs.

35.     Denied. HWG denies these allegations and leaves Plaintiff Friel to his proofs.

36.     Denied. HWG denies these allegations and leaves Plaintiffs to their proofs.[1]

37.     Admitted in part and denied in part. HWG admits that Plaintiff Friel conferred with a live agent of HWG in the course of entering into a contract for extended warranty services through HWG. Unless otherwise admitted, HWG denies the allegations of this paragraph.

38.     Admitted in part and denied in part. HWG admits that Plaintiff Friel conferred with a live HWG agent in the course of entering a contract for extended warranty services through HWG. Unless otherwise admitted, HWG denies the allegations of this paragraph.

39.     Admitted. HWG admits these allegations upon information and belief.

---

[1] The telephone number set forth in paragraph 36 is a non-working number (and has been since December 2024) such that injunctive relief is unwarranted.

40.    Denied. HWG lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

41.    Denied. HWG lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.[2]

42.    Denied. HWG lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

43.    Denied. HWG denies these allegations and leaves Plaintiff Abramson to his proofs.

44.    Denied. HWG denies these allegations and leaves Plaintiff Abramson to his proofs.

45.    Admitted in part and denied in part. HWG admits that Plaintiff Abramson received telemarketing calls from AIM in October 2024 but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

46.    Denied. HWG denies these allegations and leaves Plaintiff Abramson to his proofs.

---

[2] Plaintiff Abramson is a serial litigant who has filed approximately 50 TCPA lawsuits. Therefore, it is an open question as to whether Plaintiff Abramson's telephone line is non-commercial or primarily used for personal purposes.

8

47.    Denied. HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

48.    Denied. HWG denies these allegations and leaves Plaintiffs to their proofs.

49.    Denied. HWG denies these allegations and leaves Plaintiffs to their proofs.

50.    Denied. HWG denies these allegations and leaves Plaintiffs to their proofs.

51.    Denied. HWG denies these allegations and leaves Plaintiffs to their proofs.

52.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

53.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

54.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

55.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

56.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

57.    Denied. HWG denies these allegations and leaves Plaintiffs to their proofs.

58.     Denied. HWG denies these allegations and leaves Plaintiffs to their proofs.

59.     Denied. HWG denies these allegations and leaves Plaintiffs to their proofs.

60.     Admitted in part and denied in part. HWG admits that it was interested in hiring a lead generator that could make phone calls to potential customers, vet potential clients and only send them the interested potential customers. HWG denies that it wanted to hire a lead generator that used AI technology.

61.     Admitted in part and denied in part. HWG admits that it hired AIM to conduct a telemarketing test campaign by calling consumers. HWG denies all remaining allegations not otherwise admitted.

62.     Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

63.     Denied. The agreement at issue is a writing that speaks for itself. HWG denies the allegations of this paragraph to the extent that they misconstrue the contents of that writing.

64.     Denied. The agreement at issue is a writing that speaks for itself. HWG denies the allegations of this paragraph to the extent that they misconstrue the contents of that writing.

65.     Denied. The agreement at issue is a writing that speaks for itself. HWG denies the allegations of this paragraph to the extent that they misconstrue the contents of that writing.

66.     Denied. The agreement at issue is a writing that speaks for itself. HWG denies the allegations of this paragraph to the extent that they misconstrue the contents of that writing.

67.     Denied. The agreement at issue is a writing that speaks for itself. HWG denies the allegations of this paragraph to the extent that they misconstrue the contents of that writing.

68.     Denied. The agreement at issue is a writing that speaks for itself. HWG denies the allegations of this paragraph to the extent that they misconstrue the contents of that writing.

69.     Denied. The agreement at issue is a writing that speaks for itself. HWG denies the allegations of this paragraph to the extent that they misconstrue the contents of that writing.

70.     Denied. The agreement at issue is a writing that speaks for itself. HWG denies the allegations of this paragraph to the extent that they misconstrue the contents of that writing.

71.     Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

72.     Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

73.     Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

74.     Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

75.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

76.    Denied. HWG denies these allegations as HWG terminated the services of AIM.

77.    Admitted in part and denied in part. HWG admits that it identified the leads they would accept but denies that it directed the conduct and other indicia of the calls at issue and further denies that it directed AIM as to the content, method and criteria of communications that AIM would use in their calling.

78.    Admitted in part and denied in part. HWG admits that it strives to assure that its vendors abide by the TCPA and that they observe the limitations imposed by the national Do Not Call Registry. HWG denies that AIM placed illegal calls and denies all remaining allegations of this paragraph.

79.    Denied. HWG denies the allegations of this paragraph and leaves Plaintiffs to their proofs.

80.    Denied. HWG denies the allegations of this paragraph and leaves Plaintiffs to their proofs.

81.    Denied. HWG denies the allegations of this paragraph and leaves Plaintiffs to their proofs.

82.    Denied. HWG denies the allegations of this paragraph and leaves Plaintiffs to their proofs.

83.    Denied. HWG denies these allegations because they consist of conclusions of law. Further, HWG denies the allegations in this paragraph to the

extent that they purport to provide excerpts from *In re DISH Network*, 28 FCC Rcd. 6592-93 ¶ 46, as it is a writing that speaks for itself.

84.    Denied. HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

85.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

86.    Denied. HWG denies the allegations in this paragraph.

87.    Denied. HWG denies the allegations in this paragraph.

88.    Denied. HWG denies that the calls at issue violated Plaintiffs' privacy.

89.    Denied. HWG denies the allegations of this paragraph and leaves Plaintiffs to their proofs.

90.    Denied. HWG denies that Plaintiffs or any other call recipients incurred any harm premised on the conduct of HWG and denies the remaining allegations of this paragraph. A factual basis for the alleged harm claimed by Plaintiffs and each member of the putative class is demanded of Plaintiffs.

91.    Denied. HWG denies that Plaintiffs incurred any injury as a result of the conduct of HWG and denies the remaining allegations of this paragraph. HWG leaves Plaintiffs to their burden of proof as to each alleged harm claimed arising from the alleged acts or omissions of HWG.

## Answer to Class Action Allegations

92.    No response is necessary to this paragraph as Plaintiff merely repeats and re-alleges the prior paragraphs of his complaint. To the extent a response is required, HWG incorporates by reference its response to paragraphs 1-91.

93.    Admitted in part and denied in part. HWG admits that Plaintiff asserts individual and class claims. HWG denies that Plaintiff has asserted viable individual or class claims against HWG.

94.    Admitted. HWG admits that Plaintiff defines two class claims in this paragraph:

> **Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of AIM AI LLC d/b/a Safeguard My Car, LLC, or Headstart Warranty Group LLC, or Line 5, LLC, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiffs.

and

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

95.    Denied. HWG denies that Plaintiffs could fairly and adequately represent the interests of the two theoretical classes. A factual basis for these allegations is demanded of Plaintiffs.

96.    Admitted in part and denied in part. HWG admits that Plaintiffs excludes individuals from their putative classes in this paragraph.

97.    Denied. HWG denies there are members of Plaintiffs' theoretical classes or that Plaintiffs can serve as representatives as to classes to which they are not members. HWG denies that it engaged in any conduct that could reasonably or rationally be construed as harming Plaintiffs or any member of their alleged classes. HWG denies the remaining allegations in this paragraph and leaves Plaintiffs to their burden of proof. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

98.    Admitted in part and denied in part. HWG admits that Plaintiffs seek both injunctive relief and money damages. HWG denies that either proposed class is entitled to injunctive relief or money damages against HWG. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

99.    Denied. HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

100.  Denied. HWG denies sufficient numerosity with respect to either class and leaves Plaintiffs to their proofs. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

101.  Denied. HWG denies that joinder is impracticable to the extent either class has any membership. HWG leaves Plaintiffs to their proofs. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

102.  Denied. HWG denies any purported efficiencies in pursuing Plaintiffs' claims as a class action. A factual basis for these conclusory allegations is demanded of Plaintiffs. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

103.  Denied. HWG denies typicality and commonality. A factual basis for these conclusory allegations is demanded of Plaintiffs. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

104.  Denied. HWG denies commonality. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or

information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

105.   Denied. HWG denies that Plaintiffs can adequately or fairly represent and protect the interests of their theoretical classes where they are not members of the class or classes they seek to represent.

106.   Denied. HWG lacks sufficient knowledge or belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

107.   Denied. HWG denies that common questions of law and fact predominate over questions impacting individual class members. HWG further denies that class treatment is superior to individual prosecution of the claims.[3]

108.   Admitted in part and denied in part. HWG admits, in the absence of violative conduct, individual members of the classes, if any, will not prosecute claims against HWG. To the extent that these allegations are directed to AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

109.   Denied. HWG lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

---

[3] Further, the fact that the TCPA does not provide for fee-shifting demonstrates that Congress anticipated simple claims brought on an individual basis, and not the establishment of a cottage industry for attorneys in the class arena. Compare with the FDCPA and the FCRA, which specifically provide for attorneys' fees. 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. §§ 1681n(a)(3) & 1681o(a)(2).

## Answer to Count I

### Alleged Violation of 47 U.S.C. § 227(b)
### on behalf of the putative Robocall Class

110. No response is necessary to this paragraph as Plaintiff merely repeats and re-alleges the prior paragraphs of his complaint. To the extent a response is required, HWG incorporates by reference its response to paragraphs 1-109.

111. Denied. HWG denies violating the TCPA, 47 U.S.C. § 227(b), and leaves Plaintiffs to their proofs. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

112. Denied. HWG denies that it violated 47 U.S.C. § 227(b) and denies all liability to Plaintiffs or their theoretical Robocall class. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

113. Denied. HWG denies that Plaintiffs or their Robocall class members, if any, are entitled to an award under 47 U.S.C. § 227(b)(3)(B), let alone an award of treble damages. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

114. Denied. HWG denies that Plaintiffs or their purported Robocall class members are entitled to any recovery or relief, including injunctive relief against HWG. To the extent that these allegations are directed to co-defendant AIM, HWG

lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

**Answer to Count II**

**Alleged Violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. §64.1200(c)**

115.   No response is necessary to this paragraph as Plaintiff merely repeats and re-alleges the prior paragraphs of his complaint. To the extent a response is required, HWG incorporates by reference its response to paragraphs 1-114.

116.   Denied. HWG denies violating 47 U.S.C. § 227 and denies liability to Plaintiffs or their putative DNC class. HWG denies that the alleged DNC class is entitled to statutory relief. A factual basis for these conclusory allegations is demanded of Plaintiffs. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

117.   Denied. HWG denies violating the TCPA, negligently or otherwise and leaves Plaintiffs to their burden of proof. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

118.   Denied. HWG denies that Plaintiffs or their DNC class members, if any, are entitled to an award under 47 U.S.C. § 227, let alone an award of treble damages. To the extent that these allegations are directed to co-defendant AIM,

HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

119.    Denied. HWG denies that Plaintiffs or their purported DNC class members are entitled to any recovery or relief, including injunctive relief against HWG. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

## Answer to Prayer for Relief

Admitted in part and denied in part. HWG admits that Plaintiff prays for injunctive relief, statutory recovery, class certification and unspecified relief. Additionally, HWG admits that Plaintiffs seek to be designated as class representatives for a class to which they are not members, for Plaintiffs' counsel to be appointed as class counsel, but denies that Plaintiffs or their putative classes are entitled to any such relief in the absence of any violations of the TCPA. To the extent that these allegations are directed to co-defendant AIM, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

## Answer to Demand for Jury Trial

HWG admits that Plaintiffs demand a jury trial but denies that any such trial is available in the absence of any violation of the law.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim under which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

Any violation of the law or damage suffered by Plaintiffs, which HWG denies, was due to the affirmative actions and/or omissions of Plaintiffs or others and does not give rise to any liability of HWG or damages attributable to HWG.

**FOURTH AFFIRMATIVE DEFENSE**

Class treatment is not only grossly inferior to individual treatment in this case, class treatment is inappropriate based on the over-inclusive, fail-safe class definitions.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not adequate class representatives.

**SIXTH AFFIRMATIVE DEFENSE**

Common questions of law or fact do not exist and do not outweigh the individual issues and preclude class treatment in this matter.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are atypical of the putative classes. The claims of Plaintiffs are not typical of the classes that they seek to represent.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs have expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiffs are barred from pursuing claims alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

The damages Plaintiffs seek against HWG violate the Due Process Clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

Because it would require a distinct separate and individualized factual inquiry into each putative class member of the "Do Not Call" class to determine whether they registered their own telephone number on the National Do Not Call Registry more than thirty-one (31) days prior to any alleged call, class treatment is inappropriate.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against HWG are barred because the calls about which he complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on HWG for such calls would violate its First Amendment rights.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages sustained by Plaintiff are the result of conduct of a person or persons over whom HWG exercised no control.

## TWELFTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor any putative DNC class member may recover on a claim pursuant to 47 U.S.C. § 227(c)(5) unless they registered their own telephone number on the National Do Not Call Registry for more than 31 days prior to the alleged call. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of putative class members are barred, in whole or in part, by the terms and conditions and/or limitations of liability contained in any applicable agreements.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims on behalf of the putative classes are barred because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23 because the proposed classes do not satisfy the requirements described therein, including, but not limited to, class definition, ascertainability, numerosity, commonality, typicality, predominance, adequacy of representation, superiority, and manageability.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to offer any facts evincing a demonstrated threat of continuing irreparable harm by HWG. Therefore, Plaintiff's Prayer for Relief, to the extent that it seeks injunctive relief should be stricken or withdrawn. *See Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1974).

## SIXTEENTH AFFIRMATIVE DEFENSE

This Court is not bound by, nor must it give any deference to, any interpretation, regulation, or regulatory determinations taken by the FCC. *See Loper Bright v. Raimondo*, 144 S. Ct. 2244 (2024).

## RESERVATION OF RIGHTS

HWG reserves the right to raise any other affirmative defenses not previously asserted in this Answer as they may arise through further investigation and discovery.

**WHEREFORE**, Defendant Headstart Warranty Group, LLC requests that this answer be deemed sufficient; that the relief requested by Plaintiffs be denied; that all costs be taxed to Plaintiffs; and for such other and further relief as the Court may deem just and equitable.

**MESSER STRICKLER BURNETTE, LTD.**

By:    */s/ Andrew M. Schwartz*
Andrew M. Schwartz
935 E. Lancaster Ave., #1003
Downingtown, PA 19335
☎ : (320) 434-9664
✉ : aschwartz@messerstrickler.com

Barry S. Guaglardi
Admitted Pro Hac Vice
Guaglardi & Meliti, LLP
365 West Passaic Street, Suite 130
Rochelle Park, New Jersey 07662
Tel: (201) 947-4100
Fax: (201) 947-1010
www.adgmlaw.com

*Counsel for Defendant*
*Headstart Warranty Group, LLC*

24

## CERTIFICATE OF SERVICE

I certify that on March 9, 2026, a true copy of the foregoing Answer to the Amended Complaint with Affirmative Defenses, on behalf of Defendant Headstart Warranty Group, LLC, was served on all counsel of record by ECF.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD**

_/s/ Andrew M. Schwartz_

Andrew M. Schwartz

935 E. Lancaster Ave., #1003
Downingtown, PA 19335
☎: (320) 434-9664
✉: aschwartz@messerstrickler.com